PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
OK-HEE SHIM, ESQ. (STATE BAR NO. 240998)
PRICE AND ASSOCIATES
The Latham Square Building
1611 Telegraph Avenue, Ste. 1450
Oakland, CA  94612
Telephone:  (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
JOHN EARL CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL PASSENGER RAILROAD ) <br> CORPORATION dba AMTRAK, JOE ) <br> DEELY, and DOES 1 through 15 inclusive, ) <br> ) <br> Defendants. ) <br> ) | NO. C05-5434 MJJ <br><br> **FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff JOHN EARL CAMPBELL, by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under 42 U.S.C. Section 1981(a).  Plaintiff invokes jurisdiction over his federal claim pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The acts and practices complained of herein occurred in the County of Alameda,

California, within this judicial district.

2. Plaintiff invokes jurisdiction over his state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

**PARTIES**

3. Plaintiff JOHN EARL CAMPBELL, is a United States citizen and an African-American male. He resides in Alameda County, California. He was employed as a Conductor by Defendant NATIONAL PASSENGER RAILROAD CORPORATION in its Oakland Yard and other locations in the Bay Area for approximately six (6) years, from 1998 up until his termination on September 17, 2004.

4. Defendant NATIONAL PASSENGER RAILROAD CORPORATION (hereinafter "AMTRAK") is now and at all times mentioned herein was, a private entity, organized and created by the United States, to provide rail travel for hire for passengers and freight throughout the United States.

5. Defendant JOE DEELY (hereinafter "DEELY") is now, and at all times mentioned herein was, a manager and District Superintendent of Defendant AMTRAK with sufficient authority to bind AMTRAK with regard to employment decisions which adversely affected MR. CAMPBELL's employment and working conditions. He acted within the course and scope of his employment and agency at all times.

6. Mr. CAMPBELL is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by such fictitious names. MR. CAMPBELL is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged herein, and that his injuries were proximately caused by their conduct. MR. CAMPBELL will

amend this Complaint to allege their true names and capacities when ascertained.

7. At all times herein mentioned, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. MR. CAMPBELL believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others.

## FACTUAL ALLEGATIONS

8. MR. CAMPBELL is a veteran railroad worker. He commenced his employment with Defendant AMTRAK as a conductor in 1998. During his employment he applied for a promotion to the position of Engineer six (6) times. Each time his application was rejected and a lesser qualified, less senior Caucasian applicant was promoted to the position. MR. CAMPBELL is informed and believes and thereon alleges that Defendant AMTRAK has intentionally not hired or promoted an African-American to an Engineer position in Northern California since 1998.

9. In June 1999, MR. CAMPBELL applied for the Engineer position for the first time. His application was rejected on the grounds that he was not eligible to apply based on the length of his employment with AMTRAK. In 2000 and 2001, MR. CAMPBELL was interviewed for the Engineer position but other applicants with less seniority than he were selected. In 2002, his scheduled interview was cancelled.

10. In November 2003, MR. CAMPBELL applied for the Engineer position for the fifth time. Interviews were held in December 2003, but he was not scheduled for an interview at all. MR. CAMPBELL was qualified for the position. On or about January 8, 2004, he learned that two lesser qualified Caucasian applicants with less seniority were selected for the

position.

11.     On January 28, 2004, MR. CAMPBELL filed a Charge of Discrimination with the California Department of Fair Employment & Housing (DFEH) and the United States Equal Employment Opportunity Commission (EEOC) challenging his non-selection for the Engineer position and asserting that Defendant AMTRAK discriminated against African-Americans on the basis of race in promoting applicants to the Engineer position.

12.     In or about June 2004, while his Charge of Discrimination was pending, MR. CAMPBELL applied for the Engineer position for the sixth time. There were a total of seven (7) positions available in Oakland and Sacramento. MR. CAMPBELL was interviewed on July 7, 2004. Defendant AMTRAK uses a scoring system in which applicants are assigned a numerical value based upon their answers to the interviewer's questions. MR. CAMPBELL is informed and believes and thereon alleges that his overall score was among the highest scores of the approximately thirty (30) applicants interviewed over a three-day period. In August 2004, however, several lesser qualified Caucasian applicants with less seniority were selected for the positions. MR. CAMPBELL was not promoted or given any reason for his non-selection.

13.     On or about August 6, 2004, MR. CAMPBELL was accused of violating Defendant AMTRAK's Operating Rules and faced formal disciplinary charges arising out of an incident which allegedly occurred on July 24, 2004. MR. CAMPBELL was falsely accused of failing to properly secure the brakes on a locomotive inside the Oakland Yard prior to coupling it. An internal hearing was held on September 9, 2004, and Defendant AMTRAK's Hearing Officer sustained four (4) of the five (5) charges Defendant AMTRAK brought against MR. CAMPBELL.

14.     On September 17, 2004, Defendant AMTRAK terminated MR. CAMPBELL's employment, ostensibly for the rules violations. MR. CAMPBELL is informed

and believes that an alleged violation of these work rules, even if true, does not usually result in termination of employment.

15. Defendant AMTRAK's failure to promote MR. CAMPBELL is consistent with a pattern and practice of discrimination and promotion-bias against minority employees. Defendant AMTRAK's retaliatory termination of MR. CAMPBELL is consistent with a pattern and practice of retaliation against minority employees who challenge AMTRAK's discriminatory practices.

16. On August 17, 2005, MR. CAMPBELL filed a second Charge of Discrimination with the DFEH asserting that Defendants AMTRAK and DEELY discriminated against African-Americans on the basis of race in promoting applicants to the Engineer position and retaliated against him for filing his initial Charge of Discrimination. On August 29, 2005, DFEH issued MR. CAMPBELL a Notice of Closure, inclusive of a Right to Sue. (A true and correct copy of said Notice is attached hereto as Exhibit A.)

## DAMAGES

17. As a result of the Defendants' actions alleged herein, MR. CAMPBELL sustained and will continue to sustain substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, MR. CAMPBELL has suffered and will continue to suffer damages to his career and reputation, in an amount to be determined according to proof.

18. As a further proximate result of the Defendants' actions alleged herein, MR. CAMPBELL was humiliated, hurt and injured in his health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MR. CAMPBELL's damage in an amount to be shown according to proof.

19. Defendants' acts were willful, wanton, malicious and oppressive in that they knew or should have known that his conduct was unreasonable and illegal. Furthermore, Defendants' acts were carried out in wilful and conscious disregard of MR. CAMPBELL's rights and well-being, entitling MR. CAMPBELL to punitive damages in an amount appropriate to punish or make an example of them.

**FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1981
RACE DISCRIMINATION
(AGAINST DEFENDANT AMTRAK)**

20. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 19, as if fully set forth herein.

21. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived MR. CAMPBELL of the rights, privileges and immunities secured to him by the Constitution and laws of the United States, particularly his right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

22. In doing each and all of the acts alleged herein, Defendant AMTRAK acted in conformance with its official policy, custom and practice of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1981
RETALIATION
(AGAINST ALL DEFENDANTS)**

23. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. During the years of his employment with Defendant AMTRAK, MR. CAMPBELL has had a reasonable good faith belief that the actions of the Defendants constituted

racial discrimination in violation of his Constitutional rights as well as Title VII and the California Fair Employment & Housing Act. Based upon this belief, MR. CAMPBELL complained to FEHA and EEOC in February 2004 regarding AMTRAK's unlawful actions.

25. Defendants AMTRAK and DEELY were aware that MR. CAMPBELL engaged in protected activity, including but not limited to the Charge of Discrimination he filed with FEHA and EEOC in February 2004.

26. As a result of MR. CAMPBELL's protected activity, Defendants subjected MR. CAMPBELL to adverse treatment, including but not limited to his non-selection for the position of Engineer in August 2004 and his termination in September 2004.

27. In direct violation of FEHA, Defendants, their agents, representatives and employees retaliated against MR. CAMPBELL for exercising his statutorily protected rights.

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RETALIATION**
**(AGAINST ALL DEFENDANTS)**

28. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. By their conduct as alleged herein, Defendants AMTRAK and DEELY, their agents, representatives and employees retaliated against MR. CAMPBELL for exercising his statutorily protected rights in direct violation of FEHA.

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN**
**VIOLATION OF PUBLIC POLICY**
**(AGAINST DEFENDANT AMTRAK)**

30. Plaintiff hereby realleges and incorporates by reference Paragraphs 1

through 29, inclusive, as if fully set forth herein.

31. The right to discharge an employee under any contract of employment is limited by considerations of public policy.

32. There exists a fundamental anti-discrimination public policy in the state of California and in the United States as reflected in the California Constitution, Article I, Section 8, the Fair Employment and Housing Act, Government Code § 12940, *et seq.*, Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e, *et seq.*] and the Fourteenth Amendment to the U.S. Constitution expressing public hostility to employment discrimination, retaliation for opposing employment discrimination, and those who aid and abet such discrimination and other actions which disable African-Americans from full participation in the economic arena. This race-based employment discrimination and retaliation for opposing same which resulted in MR. CAMPBELL's termination as alleged herein thereby violates said public policy and had the effect of preventing MR. CAMPBELL from pursuing his vocation and continuing in the position from which he was terminated by Defendant AMTRAK.

33. There also exists a fundamental public policy in the state of California and in the United States as reflected in California Labor Code § 1102.5, subdivision (b), which prohibits employer retaliation against an employee who reports a reasonably suspected violation of the law. This statute reflects the broad public policy interest in encouraging workplace whistle blowers, who may without fear of retaliation, report concerns regarding an employer's illegal conduct. This public policy extends to employees who are not directly protected by the statute itself because Labor Code § 1102.5 evinces a strong public interest in encouraging employee reports of illegal activity in the workplace. An employer may not terminate an employee for disclosing to a government agency or management the employer's possible illegal conduct without violating fundamental public policy.

34. MR. CAMPBELL engaged in activity protected by the fundamental public policy set forth in Labor Code § 1102.5 when he filed a Charge of Discrimination with FEHA and EEOC. MR. CAMPBELL is informed and believes and thereupon alleges that this activity was a motivating factor behind the retaliation which subsequently led to his termination.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

35. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. In doing each and all of the acts alleged herein, Defendants engaged in a course of conduct which was intentional, extreme and outrageous. Defendants discriminated against MR. CAMPBELL with wanton and reckless disregard of the harm or injury that might result to MR. CAMPBELL, and then retaliated against MR. CAMPBELL for reporting their unlawful conduct.

37. As the proximate result of the acts above, MR. CAMPBELL suffered humiliation, mental anguish, and severe emotional and physical distress.

38. The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

39. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. Defendants had a statutory duty to take affirmative steps to prevent racial

harassment and/or hostile work environment from occurring, and to take proper remedial steps to end harassment and hostility once it became known to them (See 42 U.S.C. §2000e *et seq.* and California Government Code §12940, *et seq.*).

41. Defendants also had a duty to refrain from discriminating against any employee who has opposed any practices forbidden by Government Code § 12940 and to refrain from aiding, abetting, inciting, compelling, or coercing the doing of any of the acts forbidden by Government Code § 12940, *et seq.*

42. Defendants knew or should have known that their failure to exercise due care in their response to MR. CAMPBELL's complaints of unlawful conduct would cause MR. CAMPBELL severe emotional distress.

43. Defendants breached their duty of care to MR. CAMPBELL by failing to engage in fair, if any, investigation of MR. CAMPBELL's complaints of discrimination and then by retaliating against MR. CAMPBELL for complaining about the aforementioned discrimination.

44. In doing each and all of the acts alleged herein, Defendants engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to MR. CAMPBELL.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $10,000 to be determined at the time of trial;

2. Punitive and exemplary damages in an amount appropriate to punish and

make an example of all Defendants, to be determined at the time of trial;

       3.      Injunctive relief against Defendant AMTRAK, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African-American employees on the basis of race, and compelling Defendant AMTRAK to take affirmative steps to insure a safe and fair work environment for any African-American employees and re-instating Mr. CAMPBELL to his employment with retroactive seniority;

       4.      Costs of suit incurred herein, including reasonable attorneys' fees; and

       5.      Such other and further relief as the Court deems just and proper.

Dated:  February 22, 2006              PRICE AND ASSOCIATES

                                          /s/
                              PAMELA Y. PRICE, Attorney for Plaintiff
                              JOHN EARL CAMPBELL

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY    ARNOLD SCHWARZENEGGER, Govern

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
515 Clay Street, Suite 701, Oakland, CA 94612-2512
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



August 29, 2005

JOHN EARL CAMPBELL
2210 109th Avenue
Oakland, CA 94603

RE:   E200506M0250-00-c
      CAMPBELL/AMTRAK

Dear JOHN EARL CAMPBELL:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 17, 2005 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT A**

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*[signature]*

Dorothy Padilla
District Administrator

cc:   Case File

EEO Representative
Human Resource Department
AMTRAK
5041 Water Street 5th Fl
Oakland, CA 94607

DFEH-200-43 (04/03)