1   MICHAEL J. CHRISTIAN (SBN 173727)
    SCOTT OBORNE (SBN 191257)
2   ERIKA M. BARBARA (SBN 215702)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, California  94105
4   Telephone:  (415) 394-9400
    Facsimile:  (415) 394-9401
5
    Attorneys for Defendants
6   NATIONAL RAILROAD PASSENGER
    CORPORATION dba AMTRAK and JOE DEELY
7
8   PAMELA Y. PRICE (SBN 107713)
    P. BOBBY SHUKLA (SBN 229736)
9   PRICE AND ASSOCIATES
    The Latham Square Building
10  1611 Telegraph Avenue, Ste 1450
    Oakland, CA 94612
11  Telephone: (510) 452-0292
    Facsimile: (510) 452-5625
12
13  Attorneys for Plaintiff
    JOHN EARL CAMPBELL
14

15              UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17

18  JOHN EARL CAMPBELL,              Case No. C05-05434 MJJ

19           Plaintiff,              **JOINT CASE MANAGEMENT
                                     STATEMENT AND [PROPOSED]
20      v.                           CASE MANAGEMENT ORDER**

21  NATIONAL RAILROAD PASSENGER
    CORPORATION dba AMTRAK, JOE DEELY
22  and DOES 1 through 15 inclusive,

23           Defendants.

24

25      Plaintiff John Earl Campbell and Defendants National Railroad Passenger Corporation

26  ("Amtrak") and  Joe Deely ("Defendants") (Plaintiff and Defendants collectively referred to

27  herein as "the Parties") jointly submit this Joint Case Management Statement and [Proposed]

28

                                    1                    Case No. C05-05434 MJJ

1   Case Management Order and request the Court to adopt it as its Case Management Order in this

2   case.

### DESCRIPTION OF THE CASE

3   

4   **1.    A brief description of the events underlying the action**

5   A.    Plaintiff's brief description:

6   MR. CAMPBELL is a veteran railroad worker.  He commenced his employment with

7   Defendant AMTRAK as a conductor in 1998.  Between 1998 and 2004, he applied for a

8   promotion to the position of Engineer six (6) times.  Each time his application was rejected and a

9   less qualified, less senior Caucasian applicant was promoted to the position.  MR. CAMPBELL is

10  informed and believes that Defendant AMTRAK has intentionally not hired or promoted an

11  African-American to an Engineer position in Northern California since 1998.

12  In June 1999, MR. CAMPBELL applied for the Engineer position for the first time.  His

13  application was rejected on the grounds that he was not eligible to apply based on the length of

14  his employment with AMTRAK.  In 2000 and 2001, MR. CAMPBELL was interviewed for the

15  Engineer position but other applicants with less seniority were selected.  In 2002, his scheduled

16  interview was cancelled.

17  In November 2003, MR. CAMPBELL applied for the Engineer position for the fifth time.

18  Interviews were held in December 2003, but he was not scheduled for an interview at all.  On or

19  about January 8, 2004, he learned that two less qualified Caucasian applicants with less seniority

20  were selected for the position.

21  On January 28, 2004, MR. CAMPBELL filed a Charge of Discrimination with the

22  California Department of Fair Employment & Housing (DFEH) and the United States Equal

23  Employment Opportunity Commission (EEOC) challenging his non-selection for the Engineer

24  position and asserting that Defendant AMTRAK discriminated against African-Americans on the

25  basis of race in promoting applicants to the Engineer position.

26  In or about June 2004, while his Charge of Discrimination was pending, MR.

27  CAMPBELL applied for the Engineer position for the sixth time.  There were a total of seven (7)

28

1    positions available in Oakland and Sacramento. MR. CAMPBELL was interviewed on July 7,

2    2004. Defendant AMTRAK uses a scoring system in which applicants are assigned a numerical

3    value based upon their answers to the interviewer's questions. MR. CAMPBELL is informed and

4    believes that his overall score was among the highest scores of the approximately thirty (30)

5    applicants interviewed over a three-day period. In August 2004, however, several less qualified

6    Caucasian applicants with less seniority were selected for the positions. MR. CAMPBELL was

7    not promoted or given any reason for his non-selection.

8        On or about August 6, 2004, MR. CAMPBELL was accused of violating Defendant

9    AMTRAK's Operating Rules and faced formal disciplinary charges arising out of an incident

10   which allegedly occurred on July 24, 2004. MR. CAMPBELL was falsely accused of failing to

11   properly secure the brakes on a locomotive inside the Oakland Yard prior to coupling it. An

12   internal hearing was held on September 9, 2004, and Defendant AMTRAK's Hearing Officer

13   sustained four (4) of the five (5) charges Defendant AMTRAK brought against MR.

14   CAMPBELL.

15       On September 17, 2004, Defendant AMTRAK terminated MR. CAMPBELL's

16   employment, ostensibly for the rules violations. MR. CAMPBELL is informed and believes that

17   an alleged violation of these work rules, even if true, does not usually result in termination of

18   employment.

19       Mr. Campbell contends that Defendant AMTRAK's failure to promote MR. CAMPBELL

20   is consistent with a pattern and practice of discrimination and promotion-bias against minority

21   employees. Defendant AMTRAK's retaliatory termination of MR. CAMPBELL is consistent

22   with a pattern and practice of retaliation against minority employees who challenge AMTRAK's

23   discriminatory practices.

24       B.    Defendants' brief description:

25       Defendants took no action against Plaintiff because of his race and all of Defendants'

26   actions were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

27   Plaintiff was lawfully terminated in September 2004 for repeated rules violations. Plaintiff

28

1    repeated failed to properly move and secure trains, leading to damage and a derailment. Prior to

2    Plaintiff's termination, he was formally disciplined twice for similar misconduct, receiving a

3    lengthy unpaid suspension on one prior occasion. Plaintiff's discipline and eventual termination

4    were both upheld by a review board. In short, Campbell has absolutely no support for his

5    wrongful termination claim, including any discrimination or retaliation claims stemming from

6    his termination.

7         Campbell's allegation that he was unlawfully denied promotions to an engineer position

8    appear to be equally without merit. Defendants have already confirmed that Campbell's claims

9    surrounding his 1999 and 2003 "applications" are totally without merit. When Defendant

10   Amtrak attempted to investigate Plaintiff's promotion claims, Campbell hung up on the

11   Company's Case Intake Coordinator. Notwithstanding Campbell's obstructive behavior,

12   Defendants are confident Campbell's remaining promotion claims will quickly be established as

13   equally baseless.

14        Defendant Deely is an inappropriate Defendant in this action, as his remote limited

15   actions involving Plaintiff were purely supervisory. Defendant Deely intends to seek Rule 11

16   sanctions against Plaintiff and his counsel if Deely is not removed as a Defendant from the

17   Complaint within twenty-one days after Plaintiff's counsel receives formal notice.

18       **2.**     **The principal factual issues which the parties dispute:**

19           a.  Whether Plaintiff was performing satisfactorily and competently in his position

20              prior to and at the time he was terminated;

21           b.  Whether Defendants took any adverse action against Plaintiff, including any

22              failure to promote him to an engineer position, because of his race;

23           c.  Whether Defendants treated Plaintiff differently than similarly situated

24              employees after he complained of race discrimination;

25           d.  Whether Defendants terminated Plaintiff due to his complaint of racial

26              discrimination to Amtrak;

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER

e.  Whether Plaintiff appropriately applied for a promotion to an engineer position;

f.  Whether Plaintiff was qualified for a promotion to an engineer position, both in terms of meeting minimum qualifications and in terms of being more qualified than others not selected for an engineer position;

g.  The extent, if any, of Plaintiff's efforts to mitigate his damages;

h.  Whether Plaintiff has suffered severe emotional distress as a result of any conduct by Defendants;

i.  Whether Plaintiff has suffered any of the damages alleged in his Complaint, and if so, what is the extent of any such damages;

j.  Whether Plaintiff was treated differently by Defendants because of his race;

k.  Whether Plaintiff was subjected to any adverse employment action based on his race;

l.  Whether Defendant Amtrak has a history, pattern and practice of racial discrimination [Defendants do not concede this is a material factual issue in dispute in this case and reserve the right to contest such];

m.  Whether Defendants acted with malice, fraud, or oppression in their dealings with Plaintiff;

n.  Whether Defendants engaged in extreme and outrageous conduct with the intent to cause, or a reckless disregard of the probability of causing, Plaintiff emotional distress;

o.  The parties reserve the right to modify or supplement this list of disputed factual issues if and when additional or different issues become known to the parties.

**3.  The principal legal issues which the parties dispute:**

a.  Whether Plaintiff was discriminated against based on his race;

b.  Whether Defendants appropriately investigated Plaintiff's claim of racial

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER

1      discrimination;

2      c.   Whether Defendants' termination of Plaintiff was unlawful;

3      d.   Whether Amtrak's termination of Plaintiff violates public policy;

4      e.   Whether Plaintiff is time barred from alleging Amtrak's alleged failure to

5           promote him to an engineer position was unlawful.

6      f.   Whether Defendants had legitimate, non-discriminatory and non-retaliatory

7           reasons for their treatment of Plaintiff, including his termination;

8      g.   Whether Plaintiff can refute Defendants' legitimate, non-discriminatory and

9           non-retaliatory business reasons for their conduct and establish those reasons

10          were pretext for discrimination or retaliation;

11     h.   Whether Plaintiff exercised any statutorily protected rights during his

12          employment and whether there is any causal connection between the alleged

13          adverse action by Defendants and Plaintiff's exercise of those rights;

14     i.   Whether Plaintiff's alleged emotional distress was actually and proximately

15          caused by Defendants' conduct;

16     j.   Whether Plaintiff can establish a claim for punitive damages, including

17          whether Defendants acted with malice or reckless disregard to Plaintiff's

18          rights;

19     k.   Whether Plaintiff's Complaint states any claim upon which relief may be

20          granted against Defendants. Plaintiff does not concede this is a material legal

21          issue in this case and reserves the right to contest such.

22     l.   Whether Plaintiff's fails to state facts sufficient to constitute a cause of action

23          upon which relief can be granted against any Defendant.  Plaintiff does not

24          concede this is a material legal issue in this case and reserves the right to

25          contest such.

26     m.   Whether Plaintiff's damages should be barred or limited by his failure to

27          mitigate;

28

n.  Whether Plaintiff's Complaint is barred by section 301 of the National Labor Relations Act.  Plaintiff does not concede this is a material legal issue in this case and reserves the right to contest such.

o.  Whether some or all of Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. Section 151, et.seq.  Plaintiff does not concede this is a material legal issue in this case and reserves the right to contest such.

p.  Whether Plaintiff's causes of action for discrimination and retaliation as to individual defendants are barred because individual defendants may not be held personally liable under those causes of action.  Plaintiff does not concede this is a material legal issue in this case and reserves the right to contest such.

q.  Whether Plaintiff's Complaint is improperly brought in this Court, as Plaintiff is a party to an existing "first filed" complaint pending in another federal district court.  Plaintiff does not concede this is a material legal issue in this case and reserves the right to contest such.

r.  Whether Defendants can establish that Plaintiff is barred or otherwise limited under any of the affirmative defenses pled in their answer to Plaintiff's complaint;

s.  Whether evidence of a history, pattern or practice or race discrimination is relevant to Plaintiff's claims;

t.  Whether Plaintiff and his counsel are subject to sanctions under Federal Rule of Civil Procedure 11 for bringing claims against Joe Deely as an individually named Defendant.  Plaintiff does not concede this is a material legal issue in this case and reserves the right to contest such.

u.  Defendants dispute what legal claims are actually at issue in this action; and

v.  The parties reserve the right to modify or supplement this list of disputed legal issues if and when additional or different issues become known to the parties.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER

4.    **The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issue:**

None known at this time, although Defendants continue to investigate this matter and additional factual matters may arise during that investigation.

5.    **The parties which have not been served and the reasons:**

None.

6.    **The additional parties which the below-specific parties intend to join and the intended time frame for such joinder:**

None.

7.    **The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

Plaintiff declines assignment of this case to a United States Magistrate Judge for jury trial. Defendants decline assignment to a Magistrate Judge for trial.

### ALTERNATIVE DISPUTE RESOLUTION

8.    **The parties have already been assigned to the following ADR process**:

None.

9.    **The ADR process(es) to which the parties request referral:**

Plaintiff objects to referral to ADR because defense counsel's firm has recently asserted in another unrelated matter that fully executed settlement agreements are not enforceable by this Court.  Defendants request referral to Early Neutral Evaluation.  The parties have both filed a request for an ADR teleconference, which has been scheduled for March 30, 2006 at 3:00 p.m..

### DISCLOSURES

10.    **The parties certify that they have made the following disclosures:**

The parties certify that they will make the disclosures required under Federal Rule of Civil Procedure 26 on or before March 28, 2006.

1

**DISCOVERY**

2          **11.    The parties agree to the following discovery plan:**

3          The parties agree to the discovery rules and limitations set forth in the Federal Rules of

4   Civil Procedures and Northern District Local Rules, with the exception that Defendants request

5   up to 14 hours to depose Plaintiff, if needed.    Plaintiff objects to Defendants' request and

6   contends that 7 hours is ample time to depose Plaintiff.    In addition, the parties propose the

7   following deadlines:

8                  a.    Non-expert discovery cut-off: February 13, 2007.

9                  b.    Last day to disclose expert witnesses: February 22, 2007.

10                 c.    Last day to disclose rebuttal expert witnesses:  March 8, 2007.

11                 d.    Expert discovery cut-off: March 29, 2007.

12                 e.    Last day to file dispositive motions: April 2, 2007.

13                 f.    Last day to hear dispositive motions: May 9, 2007.

14                 g.    Pretrial conference: June 18, 2007.

15                              **TRIAL SCHEDULE**

16         **12.    Motions:**

17         Defendants intend to file a motion for summary judgment and/or summary adjudication.

18  Plaintiff intends to file a motion for summary judgment and/or summary adjudication.

19         **13.    Trial Date:**

20         The parties request a trial date on or after July 9, 2007.

21         **14.    Length of Trial:**

22         Defendants estimate trial will last 10 days.  Plaintiff estimates the trial will last 25 days.

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND
[PROPOSED] CASE MANAGEMENT ORDER

1

Dated:  March 28, 2006                    PRICE AND ASSOCIATES

2

3                                          By: /s/_____
                                               PAMELA Y. PRICE, Attorneys for Plaintiff
4                                              JOHN EARL CAMPBELL

5

Date:  March 28, 2006                      JACKSON LEWIS LLP
6

7

8                                          By: /s/_____
                                               MICHAEL J. CHRISTIAN
9                                              SCOTT OBORNE
                                               ERIKA M. BARBARA
10

11                                         Attorneys for Defendants
                                           NATIONAL RAILROAD PASSENGER
12                                         CORPORATION dba AMTRAK and
                                           JOE DEELY

13
                            **CASE MANAGEMENT ORDER**

14
       The Joint Case Management Statement and Proposed Order is hereby adopted by the

15
Court as the Case Management Order for the case and the parties are ordered to comply with this

16
Order.  In addition the Court orders: _____

17
_____

18
_____

19
_____

20
_____

21
Dated: _____, 2006        _____

22

23

24

25

26

27

28

                                           10                    Case No. C05-05434 MJJ