MICHAEL J. CHRISTIAN (SBN 173727)
SCOTT OBORNE (SBN 191257)
DANA R. BROWN (SBN 221011)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>Defendants. | Case No. C05-05434<br><br>**DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION AND JOE DEELY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** |

Defendants National Railroad Passenger Corporation (hereafter "Amtrak") and Joe Deely (hereafter "Deely") (collectively, hereafter "Defendants") by and through their attorneys, hereby answer the allegations contained in Plaintiff's First Amended Complaint for Employment Discrimination ("Complaint") as follows:

**JURISDICTION AND VENUE**

1. In answering paragraph 1 of Plaintiff's Complaint, Defendants deny any unlawful acts or practices took place. Defendants admit this court has jurisdiction over claims arising under 42 U.S.C. §§ 1981(a). Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

2.      In answering paragraph 2 of Plaintiff's Complaint, Defendants deny any unlawful acts or practices took place. Given the vague nature of allegations set forth in this paragraph, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

**PARTIES**

3.      In answering paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff is an adult African-American male and that he was employed by Amtrak from 1998 up until his termination effective September 17, 2004. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

4.      In answering paragraph 4 of Plaintiff's Complaint, Defendants admit that during Plaintiff's employment with Amtrak, Amtrak was a private entity, organized and created by the United States to provide rail travel for hire for passengers and freight throughout the United States.

5.      In answering paragraph 5 of Plaintiff's Complaint, Defendants admit Joe Deely was employed by Amtrak in a managerial capacity during some or all of Plaintiff's employment with Amtrak. Given the vague nature of the remaining allegations in this paragraph, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

6.      In answering paragraph 6 of Plaintiff's Complaint, Defendants deny each and every allegation set forth therein based on lack of information or belief.

7.      In answering paragraph 7 of Plaintiff's Complaint, Defendants deny any Defendant engaged in any unlawful acts or practices regarding Plaintiff. Given the vague nature of the allegations made in paragraph 7, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

## FACTUAL ALLEGATIONS

8. In answering paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff was hired by Amtrak in approximately 1998 as an Assistant Conductor. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

9. In answering paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff was interviewed for the Engineer Trainee position in 2001. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

10. In answering paragraph 10 of Plaintiff's Complaint, Defendants deny each and every allegation set forth therein based on lack of information or belief.

11. In answering paragraph 11 of Plaintiff's Complaint, Defendants admit that Amtrak received a Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH") purportedly signed by Plaintiff on January 28, 2004 and a Notice of Charge of Discrimination from the United States Equal Employment Opportunity Commission ("EEOC") dated February 9, 2004. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

12. In answering paragraph 12 of Plaintiff's Complaint, Defendants admit that Plaintiff applied for an Engineer Trainee position in or about May, 2004. Defendants also admit Plaintiff's Charge of Discrimination was pending in or about June, 2004. Defendants admit that Amtrak often uses a scoring system in which applicants are assigned a numerical value based upon their answers to the interviewer's questions. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

13. In answering paragraph 13 of Plaintiff's Complaint, Defendants admit that Amtrak issued Plaintiff a Notice of Investigation, dated August 6, 2004, in which charges brought against Plaintiff for alleged violations of Amtrak's Operating Rules, arising out of an incident which

occurred on or about July 24, 2004, were outlined. Defendants admit that an internal hearing was held on September 9, 2004 and Amtrak's Hearing Officer sustained four (4) of the five (5) charges brought against Plaintiff. Given the vague nature of any remaining allegations made in paragraph 13, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

14. In answering paragraph 14 of Plaintiff's Complaint, Defendants admit that Amtrak terminated Plaintiff's employment on September 7, 2004 based on Plaintiff's violation of the rules and previous Discipline Record. Given the vague nature of any remaining allegations made in paragraph 14, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

15. In answering paragraph 15 of Plaintiff's Complaint, Defendants deny any Defendant engaged in any unlawful acts or practices regarding Plaintiff. Given the vague nature of the allegations made in paragraph 15, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

16. In answering paragraph 16 of Plaintiff's Complaint, Defendants admit that Amtrak received a Notice of Case Closure letter, dated August 29, 2005, addressed to Plaintiff from the DFEH that references a Charge of Discrimination that was closed effective August 17, 2005 because an immediate right-to-sue notice was requested. Given the vague nature of any remaining allegations made in paragraph 16, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

## ALLEGED DAMAGES

17. In answering paragraph 17 of Plaintiff's Complaint, Defendants deny any unlawful acts or practices took place or that Plaintiff suffered any wage loss, emotional distress, or other recoverable damage based in whole or in part on any unlawful act engaged in by any named

Defendant in this action. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

18. In answering paragraph 18 of Plaintiff's Complaint, Defendants deny any unlawful acts or practices took place or that Plaintiff suffered any wage loss, emotional distress or other recoverable damage based in whole or in part on any unlawful act engaged in by any named Defendant in this action. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

19. In answering paragraph 19 of Plaintiff's Complaint, Defendants deny any unlawful acts or practices took place or that Plaintiff suffered any wage loss, emotional distress or other recoverable damage, including punitive damages, based in whole or in part on any unlawful act engaged in by any named Defendant in this action. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

**FIRST CAUSE OF ACTION**
**ALLEGED VIOLATION OF 42 U.S.C. § 1981**
**RACE DISCRIMINATION**
**(AGAINST DEFENDANT AMTRAK)**

20. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 19 of their answer above as though fully set forth inclusively herein.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**ALLEGED VIOLATION OF 42 U.S.C. § 1981**
**RETALIATION**
**(AGAINST ALL DEFENDANTS)**

23. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 22 of their answer above as though fully set forth inclusively herein.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**
**ALLEGED VIOLATION OF FEHA**
**RETALIATION**
**(AGAINST ALL DEFENDANTS)**

28. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 27 of their answer above as though fully set forth inclusively herein.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**
**ALLEGED WRONGFUL TERMINATION**
**IN VIOLATION OF PUBLIC POLICY**
**(AGAINST DEFENDANT AMTRAK)**

30. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 29 of their answer above as though fully set forth inclusively herein.

31. In answering paragraph 31 of Plaintiff's Complaint, Defendants assert this paragraph contains only legal conclusions, not material facts capable of admission or denial. To the extent this paragraph contains any material factual assertions, Defendants deny any unlawful

acts or practices took place.

32. In answering paragraph 32 of Plaintiff's Complaint, Defendants assert this paragraph contains primarily legal conclusions, not material facts capable of admission or denial. To the extent this paragraph contains any material factual assertions, Defendants deny any unlawful acts or practices took place, including any allegation that Plaintiff was subjected to race-based discrimination or retaliation for opposing same. Defendants also deny that Plaintiff was terminated based on his race or in retaliation for opposing alleged race discrimination. Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

33. In answering paragraph 33 of Plaintiff's Complaint, Defendants assert this paragraph contains primarily legal conclusions, not material facts capable of admission or denial. To the extent this paragraph contains any material factual assertions, Defendants deny any unlawful acts or practices took place, including any allegation that Plaintiff was retaliated against for reporting alleged violation of law. Given the vague nature of the allegations set forth in this paragraph, Defendants lack information or belief sufficient to answer any remaining allegations contained in said paragraph and therefore deny each and every other allegation set forth therein.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION
### ALLEGED INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

35. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 34 of their answer above as though fully set forth inclusively herein.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint, including any implied assertion that Defendants engaged in any unlawful conduct or act.

### SIXTH CAUSE OF ACTION
### ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

39. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 38 of their answer above as though fully set forth inclusively herein.

40. In answering paragraph 40 of Plaintiff's Complaint, Defendants assert the paragraph contains only legal conclusions, not material facts capable of admission or denial. To the extent this paragraph contains any material factual assertions, Defendants deny any unlawful acts or practices took place.

41. In answering paragraph 41 of Plaintiff's Complaint, Defendants assert the paragraph contains only legal conclusions, not material facts capable of admission or denial. To the extent this paragraph contains any material factual assertions, Defendants deny any unlawful acts or practices took place.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

Except as specifically admitted above, Defendants deny all other allegations contained in Plaintiff's complaint, including all Plaintiff's claims for relief.

### AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations contained in Plaintiff's Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all conduct of which Plaintiff complains and which is attributed to Defendants, or their agents or employees, was a just and proper exercise of management's discretion on the part of Defendants, or its agents or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under circumstances existing at the time.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff claims any acts of Defendants caused his emotional distress, the California Workers' Compensation Act provides Plaintiff's exclusive remedy. California Labor Code sections 3600, et seq. Moreover, such claims are barred by the Federal Employer Liability Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced, to the extent that Defendants would have taken the same action even if illegitimate motives had not been considered.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff should be barred from recovering damages for lost wages, or any such recovery should be reduced, by virtue of any failure on Plaintiff's part to exercise reasonable diligence to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, to the extent that Plaintiff has offset his alleged damages with any form of compensation, or to the extent Plaintiff was prevented from working based on some factor unrelated to his employment with Defendant Amtrak.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint is barred or his damages are limited to the extent that Plaintiff failed to take advantage of and exhaust the preventive or corrective opportunities provided by Defendant Amtrak, including any internal grievance procedure. Defendant Amtrak exercised reasonable care to prevent and correct promptly any acts of retaliation, discrimination or harassment. Defendant Amtrak maintains and enforces policies prohibiting discrimination, harassment and retaliation against its employees. These policies encourage employees to come forward with complaints of discrimination, harassment and retaliation and provide for discipline (including termination) of any employee (including supervisors) found to have violated Defendant's policy prohibiting discrimination, harassment and retaliation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has, or had, unclean hands with respect to the matters alleged in his Complaint, and on that ground he is barred from recovering any relief under his Complaint, or any purported cause of action alleged therein.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint, or each and every purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein is barred in whole or in part by the doctrine of release, waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein is barred in whole or in part by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

The Court has no jurisdiction over any claims premised on a violation of the California Fair Employment and Housing Act (hereafter "FEHA") or Title VII to the extent Plaintiff failed

to timely exhaust his administrative remedies under FEHA or Title VII by raising each act of alleged discrimination, retaliation, or harassment at an administrative level and identifying the alleged reasonable person(s).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Sixth Cause of Action is barred by the doctrine of at-will employment set forth in California Labor Code section 2922.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by section 301 of the National Labor Relations Act to the extent determination of his claims would require interpretation or application of any applicable collective bargaining agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are time-barred under FEHA or Title VII, in that Plaintiff failed to file a timely administrative charge and/or failed to file a timely lawsuit following receipt of a notice of right to sue. 42 U.S.C. 2000e-5(e); Cal. Gov. Code § 12965.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. Section 151, et. seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, assuming arguendo that Defendants knew or should have known Plaintiff was subjected to unlawful discrimination or harassment, Defendants took immediate and appropriate corrective action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress and Seventh Cause of Action for Negligent Infliction of Emotional Distress are barred by the exclusive remedy provisions of the California Workers' Compensation Act (California Labor Code sections 3600, et seq.) and Federal Employer Liability Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action for discrimination and retaliation as to individual defendants are barred. Individual defendants may not be held personally liable for personnel actions, even when those actions are alleged to be discriminatory or otherwise unlawful.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is improperly brought in this Court, as Plaintiff is a party to an existing "first filed" complaint pending in another federal district court.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For cost of suit incurred herein, including reasonable attorney's fees; and,
4. For such other and further relief as the Court deems just and equitable.

Date: March 30, 2006                              JACKSON LEWIS LLP


By: /s/ Scott Oborne
MICHAEL J. CHRISTIAN
SCOTT OBORNE
DANA R. BROWN

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and
JOE DEELY