1   PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
    PRICE AND ASSOCIATES
2   The Latham Square Building
    1611 Telegraph Avenue, Suite 1450
3   Oakland, CA 94612
    Telephone: (510) 452-0292
4   Facsimile: (510) 452-5625

5   Attorneys for Plaintiff
    JOHN CAMPBELL
6

7
                        UNITED STATES DISTRICT COURT
8
                      NORTHERN DISTRICT OF CALIFORNIA
9

10

11  JOHN EARL CAMPBELL,                    )   NO. C05-5434 MJJ (MEJ)
                                           )
12          Plaintiff,                     )   **DECLARATION OF PAMELA Y. PRICE**
                                           )   **IN SUPPORT OF PLAINTIFF'S MOTION**
13  v.                                     )   **TO COMPEL PRODUCTION OF**
                                           )   **DOCUMENTS AND TO ENLARGE TIME**
14  NATIONAL PASSENGER RAILROAD            )   **FOR NON-EXPERT WITNESS**
    CORPORATION dba AMTRAK, JOE            )   **DISCOVERY**
15  DEELY, and DOES 1-15, inclusive,       )
                                           )   DATE:      TBD
16          Defendants.                    )   TIME:      9:30 a.m.
    _____)   DEPT.:     Courtroom 11, 19th Floor

17                                             HON. JUDGE MARTIN J. JENKINS

18                                             DISCOVERY CUT-OFF:    March 23, 2007

19                                             TRIAL DATE:           July 23, 2007

20
                          **DISCOVERY MATTER**
21

22          I, PAMELA Y. PRICE, hereby declare:

23          1.      I am an attorney duly licensed to practice law in the State of California and

24  one of the attorneys of record for Plaintiff JOHN EARL CAMPBELL.  I make this Declaration on

25  personal knowledge in support of Plaintiff's Motion to Compel further discovery responses to

26  Plaintiff's First Request for Production of Documents and to Enlarge Time for Non-Expert

27  Witness Discovery.  Mr. CAMPBELL requires this order compelling further responses so that he

28  may complete his pretrial discovery and adequately prepare the case for trial.

1    2.    Mr. CAMPBELL seeks an order compelling the production of employment

2    records for the Superintendent that issued his termination letter, as well as the employment

3    records of two similarly situated AMTRAK employees and seven other AMTRAK employees

4    promoted over Mr. CAMPBELL in August 2004.  Mr. CAMPBELL also seeks an order

5    compelling the production of financial records of Defendant DEELY.

6    3.    A true and correct copy of  Vice Local Chairman of the BLET Division

7    144-Amtrak for Oakland Sacramento, Chad M. Skinner's e-mail to Mr. CAMPBELL is attached

8    hereto as Exhibit A.

9    4.    A true and correct copy of the Organization Member's Dissent To Award

10    No.120 Of Public Law Board No. 6478 is attached hereto as Exhibit B.

11    5.    Mr. CAMPBELL served his First Request for Production of Documents on

12    July 14, 2006.  Defendant AMTRAK's original responses were due on August 17, 2006.

13    6.    Mr. CAMPBELL agreed to a two-week extension of time, making the new

14    date of production August 31, 2006, after Defendant's counsel agreed to produce some responsive

15    documents by August 16, 2006.  No documents were produced on August 16, 2006.

16    7.    On August 31, 2006, Defendant AMTRAK delivered five (5) boxes of

17    unidentified documents, bates stamped 00001-10573.  The documents were not identified by case

18    number or name, nor was there even a cover letter included.  Based upon our review of the

19    documents, it appears that some of them were deliberately placed out of order before they were

20    bates-stamped.  For instance, in response to Request No. 3, Defendant supposedly produced

21    complaints of race discrimination or racial harassment by African-American employee(s) within

22    the last seven (7) years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay

23    Area locations where Mr. CAMPBELL was assigned.  In fact, only two complainants are

24    identified in these documents, one of them being Mr. Campbell and Defendant's response to the

25    DFEH for Mr. Campbell's complaint includes a three page document, bates-stamped D09915,

26    D09916 and D09927.  Otherwise, it does not include any documents regarding Mr. Campbell's

27    complaint.

28    8.    On September 12, 2006, Attorney Sanchez wrote to defense counsel Scott

1    Oborne in an attempt to meet and confer about Defendant AMTRAK's deficient response.  He

2    never responded.  (A true and correct copy of her letter is attached hereto as Exhibit C.)

3         9.    On October 5, 2006, Attorney Sanchez wrote to defense counsel Oborne in

4    a second attempt to meet and confer about Defendant AMTRAK's deficient response.  (A true and

5    correct copy of her letter is attached hereto as Exhibit D.)

6         10.    On October 10, 2006, Mr. Oborne left a message on for Attorney Sanchez

7    stating that he thought the responses had been served, but gave no explanation why he had not

8    contacted her in September.

9         11.    On **October 13, 2006**, we received Defendant Amtrak's initial responses,

10   which provided a list of general objections and an objection to each and every request.  Mr.

11   Oborne included a cover letter which stated that Defendant's responses were originally provided

12   in August, which is untrue.  (A true and correct copy of the letter and the initial discovery

13   response is attached hereto as Exhibit E.)

14        12.    On December 22, 2006, Attorney Sanchez sent a letter to Mr. Oborne

15   requesting that he supplement Defendant's responses by January 3, 2007.  Mr. Oborne did not

16   respond.  (A true and correct copy of her letter is attached hereto as Exhibit F.)

17        13.    On December 27, 28 and 29, 2006 Attorney Sanchez called Mr. Oborne at

18   his San Francisco and Portland offices multiple times in an attempt to meet and confer regarding

19   depositions and other outstanding discovery.  Attorney Sanchez did not get a response, or speak

20   with anyone from Mr. Oborne's office until January 2, 2007.

21        14.    On January 2, 2007, Mr. Oborne informed Ms. Sanchez that he would no

22   longer be the attorney on this case and referred her to a different attorney in San Francisco.

23        15.    On January 2, 2007, Attorney Sanchez spoke with Ms. Kathleen Maylin,

24   the new attorney assigned to this case.  Ms. Maylin stated that she had not yet received the file

25   from Mr. Oborne, and she was not in possession of our December 22, 2006 letter.  On January 3,

26   2006, Attorney Sanchez faxed the letter to Ms. Maylin.  On January 4, 2007, Attorney Sanchez

27   received a call from Associate John Ontiveros of Jackson Lewis.  The purpose of Mr. Ontiveros'

28   call was to inform her that Ms. Maylin was planning to respond to our December 22, 2006 letter

1  on January 9, 2007.  Mr. Ontiveros could not tell us whether Ms. Maylin planned on

2  supplementing Defendant's responses or removing objections, nor was he informed about

3  outstanding discovery or the deposition schedule.

4        16.    On January 22, 2007, Ms. Cara Ching-Senaha, a new Associate on the case,

5  forwarded Defendant AMTRAK's supplemental responses and objections.  (A true and correct

6  copy of Amtrak's Supplemental Response is attached hereto as Exhibit G.)

7        17.    Commencing in January 2007, Ms. Sanchez spent hours meeting and

8  conferring with defense counsel to schedule depositions and complete our written discovery.  In

9  light of the impending discovery deadlines, I have been compelled to commence depositions of

10 percipient witnesses and Defendant Deely without receiving most of the discovery requested.

11       18.    The Requests at issue are narrowly tailored and reasonably calculated to

12 lead to the discovery of admissible evidence and are within the meaning of the FRCP 26(b)(1)

13 which permits parties to obtain discovery regarding any matter that is relevant to the subject

14 matter involved in the pending action and not privileged.  Mr. CAMPBELL alleges that

15 Defendant AMTRAK discriminated against him  based on race: (1)  by terminating him for

16 alleged Rules violations and (2) failing to promote him.  The documents he seeks, namely the

17 personnel files of similarly situated employees, of those who were promoted over him and of the

18 supervisor charged with signing Mr. CAMPBELL's termination letter, all potentially have

19 discoverable evidence that Mr. CAMPBELL needs to prepare for trial.  Mr. CAMPBELL has no

20 other way of obtaining this information.

21       19.    Mr. CAMPBELL also has good cause to compel the production of

22 Defendant DEELY's financial records because he has the burden of proving Defendant DEELY's

23 net worth as a prerequisite to any award.

24       20.    Mr. CAMPBELL will suffer great prejudice to his case if Defendant

25 AMTRAK is not compelled to produce the personnel records and Defendant Deely's financial

26 records.  Good cause exists to compel further responses to this discovery in that the information is

27 relevant to the issues in this case, the requests are narrowly tailored and MR. CAMPBELL has no

28 other way to discover the information.  MR. CAMPBELL needs the documents sought in order to

1 complete pretrial discovery and adequately prepare his case for trial.

2         I declare under penalty of perjury under the laws of the State of California and the

3 United States of America that the foregoing is true and correct.  If called as a witness, I could and

4 would testify competently to the matters stated herein.

5         Executed this 2nd day of March 2007, at Oakland, California.

6

7                             /s/

8                    PAMELA Y. PRICE, Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PAMELA Y. PRICE (C05-5434 MJJ)



# Brotherhood of Locomotive Engineers and Trainmen
## *Local Committee of Adjustment*
### *DIVISION 144 - AMTRAK*

1390 Market Street – Suite 2228
San Francisco, CA 94102-5333
Telephone (415) 823-3564
Fax (415) 558-9509
E-Mail: ucms@sbcglobal.net

**Chad M. Skinner**
Vice Local Chairman

Mr. John E Campbell
2210 109th Avenue
Oakland, CA 94603

August 10, 2004

Dear Brother Campbell,

The Organization has received your grievance regarding your application to Engine Service with the National Railroad Passenger Corporation (Amtrak) and the subsequent denial of said application.

As you are aware, the Organization participates in the interview and hiring process for Amtrak Locomotive Engineers and was present at the time of your interview on July 7, 2004. The interview process has very strict guidelines for questioning potential applicants as to their abilities and qualifications which may not be deviated from in any way. Applicants are all asked a series of questions in which they may relate their past work experience and qualifications and how these qualifications relate to the position in which they are applying. Amtrak uses a scoring system in which a numerical value is assigned to the applicants answer based on how strongly the interviewer feels that the applicant answered the question. Questions are assigned a score between 1 and 3, one being the lowest score and 3 being the highest.

On July 7, 2004 I had the pleasure of participating in your interview for Engine Service with Amtrak. Your interview was conducted at Amtrak's Water Street offices where Larry Follis (Amtrak RFE) and Susan Venturelli (Amtrak HR) and myself were present. You were asked the same series of questions as all other applicants. We interviewed approximately 30 applicants for the seven positions in Oakland and Sacramento. Your interview was very enlightening and in my opinion ranked among the best. Your overall score ranked among the highest of all the applicants we interviewed over the three day period. It is unknown to the Organization why you were not selected however, it was later discovered that Mr Patrick Preusser had a meeting with Susan Venturelli (HR) on Monday July 11, 2004 to discuss the potential candidates that were to be selected. The Organization was never informed of this meeting nor asked to participate in any capacity despite our contractual right to partake.

*A Division of the Rail Conference of the International Brotherhood of Teamsters*

# EXHIBIT A

Mr. John E Cambell
August 10, 2004
Page 2

I hope this answers some of the questions you may have had with regard to this process and the means by which engineers were selected for the August 2004 Engineer Trainee class.

If we can be of any additional assistance, please contact my self or Rich Barnes at your convenience.

Fraternally,

C.M. Skinner
Vice Local Chairman
BLET Division 144 – Amtrak
Oakland / Sacramento

Cc: R.E. Barnes
    D.H. Hansen
    R.G. Negrete
    D.A. Carroll

## ORGANIZATION MEMBER'S DISSENT
## TO AWARD NO. 120
## OF PUBLIC LAW BOARD NO. 6478

It is obvious that the Majority maintains an unrealistic view regarding the application of operating rules in connection with moving railroad equipment. It is also apparent that the Majority was unable to give the Claimant the benefit of the doubt. The Neutral member was duped into believing that "if it was not for the quick action of the Supervisor, the outcome of this event could have been far more serious." The Organization's Member of the Board views this statement by the Carrier's Member to be an exaggeration intended to create the illusion of danger where none existed. Unfortunately, for the Claimant, the Neutral Member was not able to clear the unrealistic image of suggestive danger from his mind.

The Claimant emphatically stated that for the past 5 years, he switched in the same manner, employing the same safety practices as every other crew that switched in that territory. The record reveals that the physical characteristic of the territory is flat. The record supports the fact that there was no accident, no derailment, no damage and no train delay. The Claimant was in control of the move and made the "joint" about 2 miles an hour. The engine in questioned rolled approximately a "half engine length". The record reveals that the engine was coming to a stop even before the brakes were cut in. These facts were ignored and dismissed by the Majority.

In light of the Claimant's record, the discipline is harsh, excessive and not consistent with discipline assessed in similar cases, not just on Amtrak, but in the entire industry.

_(signature)_

Organization's Member

**EXHIBIT B**

# PRICE AND ASSOCIATES

### A PROFESSIONAL LAW CORPORATION

RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES

LATHAM SQUARE BUILDING
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612

VOICE: (510) 452-0292
FAX: (510) 452-5625
E-MAIL: pypesq@aol.com

September 12, 2006

**VIA FAX TRANSMISSION**

Scott Oborne, Esq.
Jackson Lewis, LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re: Campbell v. National Railroad Passenger Corporation d/b/a Amtrak, et al,
U.S. District Court Case No. C05-5434 MJJ

Dear Mr. Oborne:

We are in receipt of what seems to be Defendant's response to Plaintiff's Request for Production of Documents, Set One.[1] Please accept this letter as our good faith effort to meet and confer with you about Defendant Amtrak's deficient responses.

We had previously agreed to a two-week extension for Defendant's responses, which were due on August 17, 2006, making the new date of production Thursday, August 31, 2006. Also, on August 16, 2006, you agreed to produce some responsive documents by Thursday, August 17, 2006. We did not receive any responsive documents on August 17, 2006. After I called you, you agreed to bring responsive documents to our office on Tuesday, August 29, 2006. On Tuesday, August 29, 2006 we did not receive any responsive documents, nor did you call me to explain why we did not receive any documents on that day.

Defendant's responses are inadequate. The rules for responding to requests for production of documents are similar to those governing responses to interrogatories. It is customary for responses to include the identity of the responding party; the identity of the propounding party and the set number to which the response pertains. (The Rutter Group, *California Practice Guide, Federal Civil Procedure Before Trial*, 11-229.) Furthermore, according to Rule 34(b), each item in the response should bear the same number (or letter) and be in the same sequence as the item or category of the request to which it pertains; the request should be quoted in full before each response or objections and the party to whom the Rule 34 request is directed must respond separately to each item

---

[1] We received five boxes of documents on August 31, 2006, that were not identified by case number or name, nor were these documents directed to the appropriate associate. There was no cover letter included in any of these boxes.

**EXHIBIT C**

Scott Oborne, Esq.
September 12, 2006
Page -2-

in the request by one of the following: agreement to comply (stating with respect to *each* item or category that inspection and related activities will be permitted as requested; inability to comply or objections.)

Additionally, Rule 34-1 of the Local Rules, *Form of Responses to Requests for* Production and states: "A response to a request for production or inspection made pursuant to FRCP 34(a) must set forth each request in full before each response or objection." Finally, although a verification is not required, like all pleadings, the party's attorney must sign the responses, certifying that it is made in good faith. (FRCP 26(g).) Please immediately forward all of the required information as discussed and set forth above as soon as possible, and in any event, no later than September 18, 2006.

Lastly, according to the FRCP, failure to respond to a Rule 34 request within the time permitted *waives all objections* thereto-including claims of privilege and work product. (*Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F.2d 1468, 1473 ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; see also *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.* (E.D. PA 1999) 187 F.R.D. 528, 529.) Thus, Defendant AMTRAK has waived any and all responses to Plaintiff's First Request for Production of Documents.

Thank you for your prompt attention to this matter. Please feel free to call me if you have any questions or need additional information.

Very truly yours,

PRICE AND ASSOCIATES

RENEE SANCHEZ

cc:    John Campbell

RQS:rs/1143L207

# *PRICE   AND   ASSOCIATES*

### *A   PROFESSIONAL   LAW   CORPORATION*

*RESPONSIBLE,   RELIABLE   &   EXPERIENCED   LEGAL   SERVICES*

LATHAM SQUARE BUILDING
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612

VOICE:  (510) 452-0292
FAX:  (510) 452-5625
E-MAIL: pypesq@aol.com

October 5, 2006

**VIA FAX TRANSMISSION**

Scott Oborne, Esq.
Jackson Lewis, LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

   Re: <u>Campbell  v. National Railroad Passenger Corporation d/b/a Amtrak, et al</u>,
     U.S. District Court Case No. C05-5434 MJJ

Dear Mr. Oborne:

   On September 12, 2006, I wrote to you to meet and confer about the production of documents received in our office on August 31, 2006, that were not identified by case number or name, nor was there any cover letter included in any of these boxes.  This is my second attempt to meet and confer to request that you immediately forward all of the required information as discussed and set forth in my meet and confer letter of September 12, 2006.

   As you know, according to Rule 34(b), each item in your response to our request for production of documents should bear the same number (or letter) and be in the same sequence as the item or category of the request to which it pertains; and the request should be quoted in full before each response or objections.  The party to whom a Rule 34 request is directed must respond separately to each item in the request by one of the following: agreement to comply (stating with respect to *each* item or category that inspection and related activities will be permitted as requested; or inability to comply or objections.)  Your response did not comply with Rule 34(b) or the Local Rules.

   Your response was originally due on August 17, 2006, now over a month ago.  As you know, according to the FRCP, failure to respond to a Rule 34 request within the time permitted waives all objections, including claims of privilege and work product.  Additionally, your failure to identify which of the documents produced respond to each document request is a clear violation of Rule 34 and any continued failure to respond will leave Plaintiff no other

**EXHIBIT D**

Scott Oborne, Esq.
Jackson Lewis, LLP
October 5, 2006
Page -2-

option but to seek a motion to compel further responses to Plaintiff's first Request for Production of Documents.

Please immediately forward all of the required information as discussed and set forth above as soon as possible, and in any event, no later than October 9, 2006.

Thank you for your prompt attention to this matter. Please feel free to call me if you have any questions or need additional information.

Very truly yours,

PRICE AND ASSOCIATES

RENEE SANCHEZ

cc:    John Campbell

RQS:rs/1143L209

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis LLP**
121 SW Salmon Street
11th Floor
Portland, Oregon 97204
Tel 503 229-0404
Fax 503 229-0405
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY
LOS ANGELES, CA

MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR

PROVIDENCE, RI
RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

October 11, 2006

**VIA FACSIMILE
AND U.S. MAIL**

Renee Sanchez
Price and Associates
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

Re:   *John Earl Campbell v. Amtrak, et al.*; U.S. D.C.,
      Northern District of California, Case No. C05-
      05434 MJJ

Dear Ms. Sanchez:

Attached are Defendant's responses to Mr. Campbell's document production requests, originally provided in August. Please give me a call at your convenience to discuss the documents that were produced and the discovery our respective clients need moving forward. I will be in the office the remainder of this week.

Sincerely,

JACKSON LEWIS LLP

Scott Oborne

# EXHIBIT E

1　MICHAEL J. CHRISTIAN (SBN 173727)
　　SCOTT OBORNE (SBN 191257)
2　DANA R. BROWN (SBN 221011)
　　JACKSON LEWIS LLP
3　199 Fremont Street, 10th Floor
　　San Francisco, California 94105
4　Telephone: (415) 394-9400
　　Facsimile: (415) 394-9401
5

6　Attorneys for Defendants
　　NATIONAL RAILROAD PASSENGER
7　CORPORATION dba AMTRAK and JOE DEELY

8

9　　　　　　　　　UNITED STATES DISTRICT COURT

10　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 JOHN EARL CAMPBELL, | Case No. C05-05434 |
| 13　　　　　Plaintiff, | **DEFENDANT AMTRAK'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR** |
| 14　　v. | **PRODUCTION OF DOCUMENTS, SET ONE** |
| 15 NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, | |
| 16 and DOES 1-15, inclusive, | Complaint Filed: 12/30/05 |
| 17　　　　　Defendants. | FAC Filed: 2/23/06<br>Trial: None |
| 18 | |

19　**PROPOUNDING PARTY:**　　**Plaintiff JOHN EARL CAMPBELL**

20　**RESPONDING PARTY:**　　**Defendant AMTRAK**

21　**SET NUMBER:**　　　　**ONE**

22　　　　　　Defendant AMTRAK ("Responding Party" or "Defendant") responds to the

23　Request for Production of Documents, Set No. One, by Plaintiff JOHN EARL CAMPBELL

24　("Plaintiff") as follows:

25　　　　　　　　　　**GENERAL OBJECTIONS**

26　　　　Responding Party objects to this document request on the following grounds:

27

28　　　　　　　　　　　　　　　　I

1.      Responding Party has not completed its investigation of the facts of this case and has not completed discovery in this action. Therefore, all responses contained herein are based only upon such information and documents as are presently available to, and specifically known to, Responding Party and relate only to those documents and information which are presently in Responding Party's possession and control. Responding Party specifically anticipates further discovery, independent investigation and research which will supply additional facts and documents, some of which may be responsive to this document request. The following responses are given without prejudice to Responding Party's right to introduce subsequently discovered evidence at the trial of this action and objects to this document request to the extent that it - purports to demand otherwise.

2.      Responding Party objects to this document request to the extent that it may be construed to call for information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or right of privacy. In particular, and without limitation, Responding Party will not furnish any documents or information constituting or reflecting the mental impressions, conclusions, opinions, legal theories, or other work product of counsel; constituting, containing, or concerning communications between or among counsel, Responding Party and its consultants; or prepared in anticipation of or for use in this litigation.

3.      Responding Party objects to this document request to the extent that the request is burdensome, oppressive, onerous, argumentative, vague, ambiguous, overly broad, or constitutes an abuse of the discovery process.

4.      Responding Party objects to this document request to the extent that the request is compound, complex, and/or unintelligible.

5.      Responding Party objects to this document request to the extent that the request is unduly burdensome in light of the cost to investigate and respond to the propounded request.

6.      Responding Party objects to this document request to the extent that the request calls for a legal conclusion.

2

7. Responding Party objects to this document request to the extent that the request seeks information which is within the possession or control of Propounding Party or its agents or employees, or which is equally or more accessible to Propounding Party than to Responding Party.

8. Responding Party objects to this document request to the extent that the request may necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from documents which Responding Party has produced to Propounding Party and, as such, need not be answered. Responding Party also objects to this document request to the extent that it requires Responding Party to prepare summaries or compilations of information already made available through production of documents or any other means.

9. Responding Party objects to certain requests on the grounds that she has made or will make a substantial volume of materials available to Propounding Party, and, as a result, the information sought in the document request is equally available to Propounding Party.

10. In responding to this document request at this time, Responding Party does not concede the relevancy or materiality of these requests or the subject matter to which they refer. Each and every response by this Respondent is subject to, and does not waive; (1) all objections as to the competency, confidentiality, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the answers given, or the subject matter thereof, in any subsequent proceeding, including the trial of this action or any other action; and (2) the right to object to any discovery proceedings involving or related to the subject matter of the requests, whether or not such objections are separately set forth.

11. Responding Party objects to this document request to the extent it purports to seek the identification of each and every document that might conceivably contain information that is relevant to each request.

Without waiving said objections and subject thereto, Responding Party responds as follows:

3

**REQUEST FOR PRODUCTION NO. 1:**

Any and all **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO YOUR** promotional policies of employees to the position of Engineer as in effect in and as applied to employees at Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. **CAMPBELL** was assigned, including but not limited to handbooks, memoranda, rules, policies, guidelines and procedures, from January 1, 1998 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing, Defendant responds as follows: Defendant will produce any responsive documents within its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO YOUR** termination policies and procedures of **YOUR** employees as in effect in and as applied to employees at Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned, including but not limited to handbooks, memoranda, rules, policies, guidelines and procedures, from January 1, 1998 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing, Defendant responds as follows: Defendant will produce any responsive documents within its possession, custody or control relating to the

4

1   position(s) held by Plaintiff during the referenced period.

2   **REQUEST FOR PRODUCTION NO. 3:**

3

4       All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** complaints of race

5   discrimination or racial harassment by African-American employee(s) within the last seven (7)

6   years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations

7   where Mr. CAMPBELL was assigned.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9       Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

10  susceptible to a variety of interpretations. Defendant objects to this request as compound and

11  unduly burdensome. Defendant objects to this request as seeking information neither relevant to

12  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

13  evidence. Defendant objects to this request to the extent it seeks information protected from

14  disclosure by either the attorney-client privilege or the attorney work product doctrine. No

15  privileged or protected information will be produced.

16  **REQUEST FOR PRODUCTION NO. 4:**

17      All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Steve Shelton's

18  employment with Defendant AMTRAK, including but not limited to Shelton's personnel file or

19  files; the "folder," "jacket" or other container of each such file and any attachments thereto, any

20  discipline records, promotion applications to ANY and ALL positions held and all files

21  maintained by individual supervisors or others employed by Defendant AMTRAK.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

24  susceptible to a variety of interpretations. Defendant objects to this request as compound and

25  unduly burdensome. Defendant objects to this request as seeking information neither relevant to

26  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

27  evidence. Defendant also objects to this request to the extent it seeks to obtain information or

28

5

materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. <u>See</u> <u>Board of Trustees of Leland Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

## REQUEST FOR PRODUCTION NO. 5:

All **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO** Ray Clark's employment with Defendant AMTRAK, including but not limited to Clark's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. <u>See</u> <u>Board of Trustees of Leland Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an

6

action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

**REQUEST FOR PRODUCTION NO. 6:**

All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Mike Cecconi's employment with Defendant AMTRAK, including but not limited to Cecconi's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See <u>Board of Trustees of Leland Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the

7

claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v.</u> <u>Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

**REQUEST FOR PRODUCTION NO. 7:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Mike Yacovetti, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See <u>Board of Trustees of Leland Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v.</u> <u>Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

8

**REQUEST FOR PRODUCTION NO. 8:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Patrick Duncan, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," 'jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**REQUEST FOR PRODUCTION NO. 9:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Than Ly, to including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other

9

container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**REQUEST FOR PRODUCTION NO. 10:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of John Hanson, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

## REQUEST FOR PRODUCTION NO. 11:

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Wes Duvall, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or

materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**REQUEST FOR PRODUCTION NO. 12:**

All **DOCUMENTS THAT REFLECT, REFER or RELATE TO** the employment of Heidi Snyder, including but not limited to her personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

## REQUEST FOR PRODUCTION NO. 13:

ALL **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Brice Carroll, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. <u>See Board of Trustees of Leland Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v.</u>

13

Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

## REQUEST FOR PRODUCTION NO. 14:

ALL DOCUMENTS identified in your March 28, 2006 Initial Disclosures of Persons and Documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request to the extent it seeks information protected from disclosure by either the attorney-client privilege or the attorney work product doctrine. No privileged or protected information will be produced. Subject to and limited by the foregoing, Defendant responds as follows: Defendant will produce its personnel file for Plaintiff, as it was kept in the ordinary course of business. Defendant will also produce all records within its possession, custody or control pertaining to Plaintiff's asserted applications for promotion, including the applications for promotion and related application information for every person who applied for the positions in question.

## REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS which REFLECT, RELATE or REFER TO the financial condition of Defendant JOE DEELY, including but not limited to:

a.      Any AND all financial statements prepared by OR for DEELY at any time during the period from January 1, 2001 to the present, including but not limited to any loan or credit applications;

b.      All monthly statements reflecting DEELY's earnings, including but not limited to wages, salary, investment income and interest at any time during the period from January1,2001 to the present

c.      All monthly statements reflecting the account number and balance of any

14

**AND** all accounts held jointly or individually by DEELY, including savings, checking, annuities, or mutual, stock or bond funds, at any time during the period from January 1, 2001 to the present;

      d.    All monthly statements reflecting the account number and balance of any loans or indebtedness owned jointly or individually by DEELY, including but not limited to mortgages, car or boat loans, or tax liens, at any time during the period from January 1, 2001 to the present;

      e.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** any life insurance policy for DEELY, or if married, including any policies owned jointly or individually by DEELY and/or spouse, or if in a domestic partnership, then any policies owned jointly or individually by DEELY and/or DEELY'S domestic partner;

      f.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** DEELY'S monthly expenditures, including but not limited to, any mortgage payments, insurance payments, child support, spousal support, medical expenses, groceries, utilities, household expenses, and educational loan payments at any time during the period from January 1, 2001 to the present;

      g.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** DEELY'S ownership of any vehicles, including but not limited to, title to cars, trucks, motorcycles, other motorized vehicles, and/or mobile homes at any time during the period from January 1, 2001 to the present;

      h.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** DEELY'S ownership of any other vehicles, including but not limited to, title to boats, yachts, jet skis, airplanes or jets at any time during the period from January 1, 2001 to the present;

      i.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** DEELY'S ownership of any stocks, bonds, mutual funds, hedge funds or other investments at any time during the period from January 1, 2001 to the present.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

Date: August __, 2006

JACKSON LEWIS LLP

By: _____

MICHAEL J. CHRISTIAN
SCOTT OBORNE
DANA R. BROWN

Attorneys for Defendant
AMTRAK

H:\M\Amtrak\Campbell (89560)\Discovery\005 disc resp to RFP #1.doc

16

# PRICE AND ASSOCIATES

### A PROFESSIONAL LAW CORPORATION
#### RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES

LATHAM SQUARE BUILDING
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612

VOICE: (510) 452-0292
FAX: (510) 452-5625
E-MAIL: pypesq@aol.com

December 22, 2006

Scott Oborne, Esq.
Jackson Lewis, LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:    <u>Campbell v. National Railroad Passenger Corporation d/b/a Amtrak, et al,</u>
U.S. District Court Case No. C05-5434 MJJ

Dear Mr. Oborne:

This letter is regarding Defendant Amtrak's Objections and Responses To Plaintiff's Request For Production Of Documents, Set One. Mr. Campbell served his First Request for Production of Documents on July 14, 2006. Defendant Amtrak's Response was due on August 17, 2006. We agreed to a two-week extension, making the new date of production August 31, 2006. On August 16, 2006, Defendant agreed to produce some responsive documents by August 17, 2006. We did not receive any responsive documents that day.

It was not until August 31, 2006, that we received five boxes of unidentified documents. Presumably, these documents are responsive to our Request Nos. 1, 2 and 14, where Defendant Amtrak indicated that it would produce responsive documents. The documents, however, were not identified by case number or name, nor was there any cover letter or verification included.

On September 12, 2006, I sent you a letter informing you that Defendant Amtrak's responses were inadequate. I asked you to identify the documents produced in response to Plaintiff's First Request for Production of Documents, including which request each document is responsive to, pursuant to Rule 34(b) and the Local Rules. You never responded. On October 4, 2006, I sent a second meet and confer letter, requesting that you identify the produced documents, to which you again did not respond.

At the end of the business day on October 10, 2006, you contacted my office by telephone and left a message stating that you believed that the responses had been served. On October 13, 2006, we received Defendant Amtrak's actual response to Mr. Campbell's First Request for Production of Documents, which only provided a list of general objections and an objection to <u>each and every request</u>. This is an inadequate response.



**EXHIBIT F**

Scott Oborne, Esq.
December 22, 2006
Page -2-

As an initial matter, according to Rule 34(b), each item in Defendant Amtrak's response should bear the same number (or letter) and be in the same sequence as the item or category of the request to which it pertains; and the request should be quoted in full before each response or objections. The party to whom a Rule 34 request is directed must respond separately to each item in the request by one of the following: agreement to comply (stating with respect to *each* item or category that inspection and related activities will be permitted as requested; or inability to comply or objections.) **Your response did not comply with Rule 34(b) or the Local Rules.** Furthermore, according to the Federal Rules of Civil Procedure, failure to respond to a Rule 34 request within the time permitted waives all objections, including claims of privilege and work product. Therefore, Defendant Amtrak is not entitled to object to any request.

Notwithstanding Defendant's waiver, Defendant Amtrak's objections lack merit. I have briefly set forth below our concerns regarding the inadequacies of Defendant Amtrak's objections.

Defendant's Objections:

Defendant Amtrak has asserted the following five objections, in various combinations, to each of the requests:

(1)     vague, overbroad, ambiguous and susceptible to a variety of interpretations.

(2)     compound and unduly burdensome.

(3)     seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

(4)     seeks information protected from disclosure by either the attorney-client privilege or the attorney work product doctrine.

(5)     seeks materials protected from disclosure the California Constitutional right of privacy and/or the federally recognized right to privacy.

Defendant Amtrak provides a litany of general objections. Such objections will not alone constitute a successful objection, nor will a general objection fulfill the objecting party's burden to explain its objections. (*Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D.Cal. 2005).) General objections are not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request. (*In re Air Crash at Taipei, Taiwan*, 211 F.R.D. 374, 376 (C.D.Cal. 2002); *Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Taylor v. Los Angeles Police Department*, 1999 WL 33101661 (C.D.Cal. 1999).)

Scott Oborne, Esq.
December 22, 2006
Page -3-

Request No. 3.

        In Request No. 3, Mr. Campbell seeks complaints of race discrimination or racial harassment by African-American employee(s) within the last seven (7) years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. Campbell was assigned.

        This Request is relevant and goes to Defendant Amtrak's discriminatory treatment of its African-American employees. It is well settled that an employee may prove his or her claim of unlawful discrimination by evidence that other employees of different races or national origin were treated differently in similar circumstances.[1] Thus, since one of the main issues in any discrimination case is the pervasiveness of the conduct at issue, this request is proper. (*See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 2074 (2002), *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995), citing *United States Postal Service Bd. Of Governors v. Aikens* (1983) 411 U.S. 711, 716.)

Request Nos. 4-13.

        In Request Nos. 4-13, Mr. Campbell requests the personnel file or files, discipline records and promotion applications of the various Amtrak employees who were promoted over him. Defendant Amtrak makes a laundry list of objections, including relevancy, vague, overbroad, ambiguous, that the requests are unduly burdensome and privacy. Since one of Mr. Campbell's claims against Defendant Amtrak is failure to promote based on racial discrimination, his requests are clear and directly relevant and narrowly tailored to lead to further discoverable information. Additionally, Defendant Amtrak presumably keeps employment records and records pertaining to applications and promotions because in its response to Request No. 14, Defendant Amtrak agreed to produce these documents in regard to Mr. Campbell.

        While the California Constitution protects the right to privacy, Defendant Amtrak may not use this objection simply because it would rather not reveal something. Analysis of the privacy objection is more complicated. (*Narayan v. EGL, Inc., et al.* (N.D.Cal. 2006) 2206 WL 3507918.) The court must balance the privacy right at issue against the goals of civil discovery. (*Id.*, citing *Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 664 "one's constitutional right of privacy is not absolute and, upon a showing of some compelling public interest, the right of privacy must give way"); *Valley Bank v. Superior Court* (1975) 15 Cal.3d 652, 657 (courts are to engage in a "careful balancing of the right of civil litigants to discover relevant facts, on the one hand," and privacy rights, on the other.)

---

[1] See *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990).

Scott Oborne, Esq.
December 22, 2006
Page -4-

Another component of the balancing test is the public interest in discovery.  One compelling public interest, evidenced by California's broad discovery statutes, is "the historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings." (*Moskowitz v. Superior Court* (1982) 137 Cal.App.3d 313, 316.)  Here, Mr. Campbell is not seeking information pertaining to sexual matters and there is no danger in freedom of speech or freedom of association.  The information sought is about those employees who were promoted over Mr. Campbell, records that Mr. Campbell has no other way of obtaining.

Request No. 14.

In Request No. 14, Mr. Campbell requests the production of all of the documents identified in Defendants' Initial Disclosures on March 28, 2006.  This request is in accordance with the Federal Rules of Civil Procedure, Rule 26(a)(1)(B).  Your previous response appears to be partial and extremely incomplete.

Request No. 15.

In Request No. 15, Mr. Campbell requests documents regarding the financial condition of Defendant Joe Deely.  Joe Deely is a named defendant in this case.  Mr. Campbell's right to discover this information is outweighed by Mr. Deely's right to privacy.

Mr. Campbell's requests are narrowly tailored and relevant to this case.  Furthermore, in light of the scope and relevance of each of Mr. Campbell's requests, Defendant Amtrak's objections are baseless.  Please supplement your responses to Request Nos. 1, 2 and 14, by identifying the documents produced on August 31, 2006 and provide the number to which your response pertains and corresponding bates number along with your supplemental responses to Request Nos. 3 through 13, and 15 and produce the requested documents as soon as possible, and in any event, no later than January 3, 2007.

Thank you for your prompt attention to this matter.  Please feel free to call me if you have any questions or need additional information.  As I indicated in my telephone message left for you on December 22, 2007, I am available to discuss these matters anytime next week, between December 27 through 29, 2007.

Very truly yours,

PRICE AND ASSOCIATES

RENÉE SÁNCHEZ

cc:    John Campbell

RQS:rs/1143L211

1   Kathleen Maylin (SBN 155371)
2   Cara Ching-Senaha (SBN 209467)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, California 94105
4   Telephone: (415) 394-9400
    Facsimile: (415) 394-9401
5
6   Attorneys for Defendants
    NATIONAL RAILROAD PASSENGER
7   CORPORATION dba AMTRAK and JOE DEELY

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,                    Case No. C05-05434

12              Plaintiff,                 **DEFENDANT AMTRAK'S**
                                           ***SUPPLEMENTAL* OBJECTIONS AND**
13      v.                                 **RESPONSES TO PLAINTIFF'S**
                                           **REQUEST FOR PRODUCTION OF**
14  NATIONAL RAILROAD PASSENGER            **DOCUMENTS, SET ONE**
    CORPORATION dba AMTRAK, JOE DEELY,
15  and DOES 1-15, inclusive,
                                           Complaint Filed:  12/30/05
16              Defendants.                FAC Filed:        2/23/06
                                           Trial:            None
17

18

19
    **PROPOUNDING PARTY:**      **Plaintiff JOHN EARL CAMPBELL**
20
    **RESPONDING PARTY:**       **Defendant AMTRAK**
21
    **SET NUMBER:**             **ONE (*Supplemental*)**
22
            Defendant AMTRAK ("Responding Party" or "Defendant") hereby supplements
23
    its response to the Request for Production of Documents, Set No. One, by Plaintiff JOHN EARL
24
    CAMPBELL ("Plaintiff") as follows.
25
            Supplemental information is expressly identified below by the words,
26
    "**SUPPLEMENTAL RESPONSE**…"
27

28                                         1                      **EXHIBIT G**

    Defendant Amtrak's *Supplemental* Responses to Plaintiff's Request for Production of Documents, Set One
                            Case No. C05-05434

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## GENERAL OBJECTIONS

Responding Party objects to this document request on the following grounds:

1.    Responding Party has not completed its investigation of the facts of this case and has not completed discovery in this action.  Therefore, all responses contained herein are based only upon such information and documents as are presently available to, and specifically known to, Responding Party and relate only to those documents and information which are presently in Responding Party's possession and control.  Responding Party specifically anticipates further discovery, independent investigation and research which will supply additional facts and documents, some of which may be responsive to this document request. The following responses are given without prejudice to Responding Party's right to introduce subsequently discovered evidence at the trial of this action and objects to this document request to the extent that it - purports to demand otherwise.

2.    Responding Party objects to this document request to the extent that it may be construed to call for information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or right of privacy.  In particular, and without limitation, Responding Party will not furnish any documents or information constituting or reflecting the mental impressions, conclusions, opinions, legal theories, or other work product of counsel; constituting, containing, or concerning communications between or among counsel, Responding Party and its consultants; or prepared in anticipation of or for use in this litigation.

3.    Responding Party objects to this document request to the extent that the request is burdensome, oppressive, onerous, argumentative, vague, ambiguous, overly broad, or constitutes an abuse of the discovery process.

4.    Responding Party objects to this document request to the extent that the request is compound, complex, and/or unintelligible.

5.    Responding Party objects to this document request to the extent that the request is unduly burdensome in light of the cost to investigate and respond to the propounded request.

2

6.     Responding Party objects to this document request to the extent that the request calls for a legal conclusion.

7.     Responding Party objects to this document request to the extent that the request seeks information which is within the possession or control of Propounding Party or its agents or employees, or which is equally or more accessible to Propounding Party than to Responding Party.

8.     Responding Party objects to this document request to the extent that the request may necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from documents which Responding Party has produced to Propounding Party and, as such, need not be answered.  Responding Party also objects to this document request to the extent that it requires Responding Party to prepare summaries or compilations of information already made available through production of documents or any other means.

9.     Responding Party objects to certain requests on the grounds that she has made or will make a substantial volume of materials available to Propounding Party, and, as a result, the information sought in the document request is equally available to Propounding Party.

10.    In responding to this document request at this time, Responding Party does not concede the relevancy or materiality of these requests or the subject matter to which they refer. Each and every response by this Respondent is subject to, and does not waive; (1) all objections as to the competency, confidentiality, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the answers given, or the subject matter thereof, in any subsequent proceeding, including the trial of this action or any other action; and (2) the right to object to any discovery proceedings involving or related to the subject matter of the requests, whether or not such objections are separately set forth.

11.    Responding Party objects to this document request to the extent it purports to seek the identification of each and every document that might conceivably contain information that is relevant to each request.

3

Without waiving said objections and subject thereto, Responding Party responds as follows:

## REQUEST FOR PRODUCTION NO. 1:

Any and all **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO YOUR** promotional policies of employees to the position of Engineer as in effect in and as applied to employees at Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned, including but not limited to handbooks, memoranda, rules, policies, guidelines and procedures, from January 1, 1998 through the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing, Defendant responds as follows: Defendant will produce any responsive documents within its possession, custody or control.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its

4

production of documents, as appropriate:

Responsive documents to this request include but are not limited to: D00027, D00041-42, D00105, D00935, D02961-2969, D02975-2994, and D-05178-5179 and similarly titled documents.

## REQUEST FOR PRODUCTION NO. 2:

Any and all **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO YOUR** termination policies and procedures of **YOUR** employees as in effect in and as applied to employees at Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned, including but not limited to handbooks, memoranda, rules, policies, guidelines and procedures, from January 1, 1998 through the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and limited by the foregoing, Defendant responds as follows: Defendant will produce any responsive documents within its possession, custody or control relating to the position(s) held by Plaintiff during the referenced period.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

Responsive documents to this request include but are not limited to: D09701-9706 D00027 and similarly titled documents.

**REQUEST FOR PRODUCTION NO. 3:**

All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** complaints of race discrimination or racial harassment by African-American employee(s) within the last seven (7) years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks information protected from disclosure by either the attorney-client privilege or the attorney work product doctrine. No privileged or protected information will be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or

6

even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

Responsive documents to this request include but are not limited to: D09912-10273.

**REQUEST FOR PRODUCTION NO. 4:**

All **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO** Steve Shelton's employment with Defendant AMTRAK, including but not limited to Shelton's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v.

7

Defendant Amtrak's *Supplemental* Responses to Plaintiff's Request for Production of Documents, Set One
Case No. C05-05434

Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Steve Shelton applied for any such position, his application and supporting documentation were produced.

## REQUEST FOR PRODUCTION NO. 5:

All **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO** Ray Clark's employment with Defendant AMTRAK, including but not limited to Clark's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to

9

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Ray Clark applied for any such position, his application and supporting documentation have been produced.

**REQUEST FOR PRODUCTION NO. 6:**

All **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO** Mike Cecconi's employment with Defendant AMTRAK, including but not limited to Cecconi's personnel file or files; the "folder," 'jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the

10

claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Mike Cecconi applied for any such positions, his application and supporting documentation have been produced.

**REQUEST FOR PRODUCTION NO. 7:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Mike Yacovetti, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," 'jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to

12

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate: ·

As stated in its original response, Defendant has not produced documents responsive to this request.    However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.    To the extent Mike Yacovetti applied for any such positions, his application and supporting documentation have been produced.

## REQUEST FOR PRODUCTION NO. 8:

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Patrick Duncan, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," 'jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.    Defendant objects to this request as compound and unduly burdensome.    Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.    Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy.    See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the

claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Patrick Duncan applied for any such positions, his application and supporting documentation have been produced.

## REQUEST FOR PRODUCTION NO. 9:

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Than Ly, to including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to

15

supplement its response, subject to Defendant's right to further supplement this response and production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive this request. However, Defendant has produced applications and related records that it receiv in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Than applied for any such positions, his application and supporting documentation have been produce

**REQUEST FOR PRODUCTION NO. 10:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment John Hanson, including but not limited to his personnel file or files, discipline records, promoti application and including but not limited to the "folder," "jacket" or other container of each su file and any attachments thereto and all files maintained by individual supervisors or othe employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous an susceptible to a variety of interpretations. Defendant objects to this request as compound an unduly burdensome. Defendant objects to this request as seeking information neither relevant the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissib evidence. Defendant also objects to this request to the extent it seeks to obtain information o materials protected from disclosure by the California Constitutional right of privacy and/or th federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior Universit v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right o privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to a action may assert the privacy rights of third parties such as its employees.); Tylo v. Superic Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protecte information has the burden of establishing that the information sought is directly relevant to th claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v

16

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request.   However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Than Ly applied for any such positions, his application and supporting documentation have been produced.

**REQUEST FOR PRODUCTION NO. 10:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of John Hanson, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.  Defendant objects to this request as compound and unduly burdensome.  Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v.

16

Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent John Hanson applied for any such positions, his application and supporting documentation have been produced, e.g., D08855).

**REQUEST FOR PRODUCTION NO. 11:**

All **DOCUMENTS THAT REFLECT**, **REFER** or **RELATE TO** the employment of Wes Duvall, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request.    However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Wes Duvall applied for any such positions, his application and supporting documentation have been produced.

**REQUEST FOR PRODUCTION NO. 12:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Heidi Snyder, including but not limited to her personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.  Defendant objects to this request as compound and unduly burdensome.  Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the

19

claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request. However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Heidi Snyder applied for any such positions, her application and supporting documentation have been produced.

## REQUEST FOR PRODUCTION NO. 13:

ALL **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Brice Carroll, including but not limited to his personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business. Moreover, all of the produced documents are self-evident. Nevertheless, in the spirit of compromise, Defendant agrees to

21

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

As stated in its original response, Defendant has not produced documents responsive to this request.    However, Defendant has produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.    To the extent Brice Carroll applied for any such positions, his application and supporting documentation have been produced.

**REQUEST FOR PRODUCTION NO. 14:**

**ALL DOCUMENTS** identified in your March 28, 2006 Initial Disclosures of Persons and Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.    Defendant objects to this request as compound and unduly burdensome.    Defendant objects to this request to the extent it seeks information protected from disclosure by either the attorney-client privilege or the attorney work product doctrine.    No privileged or protected information will be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, all of which are incorporated herein by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request.    Defendant disagrees that such an itemization is required or even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were produced as they are kept in the usual course of business.    Moreover, all of the produced documents are self-evident.    Nevertheless, in the spirit of compromise, Defendant agrees to

supplement its response, subject to Defendant's right to further supplement this response and its production of documents, as appropriate:

Documents responsive to this request include: D00001-D01053. Discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 15:**

**ALL DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** the financial condition of Defendant JOE DEELY, including but not limited to:

       a.     Any AND all financial statements prepared by OR for DEELY at any time during the period from January 1, 2001 to the present, including but not limited to any loan or credit applications;

       b.     All monthly statements reflecting DEELY's earnings, including but not limited to wages, salary, investment income and interest at any time during the period from Januaryl,200l to the present

       c.     All monthly statements reflecting the account number and balance of any **AND** all accounts held jointly or individually by DEELY, including savings, checking, annuities, or mutual, stock or bond funds, at any time during the period from January 1, 2001 to the present;

       d.     All monthly statements reflecting the account number and balance of any loans or indebtedness owned jointly or individually by DEELY, including but not limited to mortgages, car or boat loans, or tax liens, at any time during the period from January 1, 2001 to the present;

       e.     Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** any life insurance policy for DEELY, or if married, including any policies owned jointly or individually by DEELY and/or spouse, or if in a domestic partnership, then any policies owned jointly or individually by DEELY and/or DEELY' S domestic partner;

       f.     Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO** DEELY'S monthly expenditures, including but not limited to, any mortgage payments, insurance payments, child support, spousal support, medical expenses, groceries, utilities, household

expenses, and educational loan payments at any time during the period from January 1, 2001 to the present;

g.    Any and all **DOCUMENTS** which **REFLECT**, **REFER** or **RELATE TO** DEELY'S ownership of any vehicles, including but not limited to, title to cars, trucks, motorcycles, other motorized vehicles, and/or mobile homes at any time during the period from January 1, 2001 to the present;

h.    Any and all **DOCUMENTS** which **REFLECT**, **REFER** or **RELATE TO** DEELY'S ownership of any other vehicles, including but not limited to, title to boats, yachts, jet skis, airplanes or jets at any time during the period from January 1, 2001 to the present;

i.    Any and all **DOCUMENTS** which **REFLECT**, **REFER** or **RELATE TO** DEELY'S ownership of any stocks, bonds, mutual funds, hedge funds or other investments at any time during the period from January 1, 2001 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v.

1

<u>Federal Express Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980)

2

88 FRD 518, 524.

3

Date:  January 19, 2007                    JACKSON LEWIS LLP

4

5

By:  _____

6

        KATHLEEN MAYLIN
        CARA CHING-SENAHA
7        Attorneys for Defendant
        AMTRAK

8

H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Discovery\CMC 011607 NPRCs amended resp to pltf 1st rfp.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

25

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, declare that:

3        I am employed in the County of San Francisco, State of California. I am over the

4  age of eighteen years and not a party to the within action; my business address is 199 Fremont

5  Street, 10th Floor, San Francisco, California, 94105. On January 19, 2007, I served the within:

6  **DEFENDANT AMTRAK'S *SUPPLEMENTAL* OBJECTIONS AND RESPONSES TO
   PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

7

8  <u>xxxxxxxx</u>        by placing a true and correct copy thereof enclosed in a sealed envelope with
                          postage thereon fully prepaid for deposit in the United States Post Office mail

9                         box, at my business address shown above, following Jackson Lewis LLP's
                          ordinary business practices for the collection and processing of mail, of which I

10                        am readily familiar, and addressed as set forth below.

11  _____           by depositing a true copy thereof enclosed in a sealed envelope with delivery
                         fees thereon fully prepaid in a box or other facility regularly maintained by

12                       Federal Express or delivering to an authorized courier or driver authorized by
                         Federal Express to receive documents on the same date that it is placed at

13                       Jackson Lewis LLP for collection, addressed as set forth below.

14  _____           by sending a copy by facsimile to the person(s) at the address(s) and facsimile
                         number(s) set forth below.

15

16  **Attorneys for Plaintiff**

17  PAMELA Y PRICE
    RENE SANCHEZ
18  PRICE & ASSOCIATES
    THE LATHAM SQUARE BUILDING
19  1611 TELEGRAPH AVE STE 1450
    OAKLAND CA 94612
20  TEL: (510) 452-0292
    FAX: (510) 452-5625
21

22        I declare under penalty of perjury under the laws of the United States of America

23  and the State of California that the foregoing is true and correct, and that this declaration was

24  executed on January 18, 2007, at San Francisco, California.

25                                              _____

26                                              Lynn Towne

27

28                                    26

---