1    PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
     RENEE SANCHEZ, ESQ. (STATE BAR NO. 242122)
2    PRICE AND ASSOCIATES
     The Latham Square Building
3    1611 Telegraph Avenue, Suite 1450
     Oakland, CA 94612
4    Telephone: (510) 452-0292
     Facsimile: (510) 452-5625
5
6    Attorneys for Plaintiff
     JOHN CAMPBELL

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOHN CAMPBELL,                    )    NO. C 05-5434 MJJ (MEJ)
                                       )
12              Plaintiff,             )
                                       )
13   v.                                )    **PLAINTIFF'S SEPARATE STATEMENT**
                                       )    **OF ITEMS IN DISPUTE**
14   NATIONAL PASSENGER RAILROAD       )
     CORP., dba AMTRAK, et al,         )
15                                     )    DATE:        TBD
                Defendants.            )    TIME:        9:30 a.m.
16   _____ )    DEPT.:       Courtroom 11, 19th Floor

17                                          HON. JUDGE MARTIN J. JENKINS

18                                          DISCOVERY CUT-OFF:    March 23, 2007

19                                          TRIAL DATE:           July 23, 2007

20              Pursuant to Local Rule 37-2, Plaintiff JOHN CAMPBELL submits the following

21   Requests for Production of Documents and Interrogatories verbatim propounded to Defendant

22   NATIONAL RAILROAD PASSENGER CORPORATION d.b.a. AMTRAK, and the responses

23   received verbatim.  The reason to compel disclosure of the requested documents and information

24   is detailed in Plaintiff's Memorandum of Points and Authorities and the Declaration of Pamela Y.

25   Price filed and served concurrently herewith.

26   **REQUEST NO. 3.**

27        All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** complaints of race

28   discrimination or racial harassment by African-American employee(s) within the last seven (7)

1   years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations

2   where Mr. CAMPBELL was assigned.

3   **RESPONSE TO REQUEST NO. 3. (10/11/06)**

4         Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

5   susceptible to a variety of interpretations.  Defendant objets to this request as compound and

6   unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

7   the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

8   evidence.  Defendant objects to this request to the extent it seeks information protected from

9   disclosure by either the attorney-client privilege or the attorney work product doctrine.  No

10  privileged or protected information will be produced.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3. (1/18/07)**

12        Subject to and without waiving the foregoing specific objections and the GENERAL

13  OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

14  set forth herein, Defendant Amtrak supplements its response, as follows:

15        Plaintiff has asked Defendant to supplement this response by identifying which documents

16  (by bates number) in Defendant's document production (received by Plaintiff on or about August

17  31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

18  even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

19  produced as they are kept in the usual course of business.  Moreover, all the produced documents

20  are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

21  response, subject to Defendant's right to further supplement this response and its production of

22  documents, as appropriate:

23        Responsive documents to this request include but are not limited to: D09912-10273.

24  **REQUEST NO. 4.**

25  All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Steve Shelton's employment

26  with Defendant AMTRAK, including but not limited to Shelton's personnel file or files; the

27  "folder," "jacket" or other container of each such file and any attachments thereto, any discipline

28  records, promotion applications to ANY and ALL positions held and all files maintained by

1    individual supervisors or others employed by Defendant AMTRAK.

2    **RESPONSE TO REQUEST NO. 4. (10/11/06)**

3        Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

4    susceptible to a variety of interpretations.  Defendant objects to this request as compound and

5    unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

6    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

7    evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

8    materials protected from disclosure by the California Constitutional right of privacy and/or the

9    federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

10   v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

11   privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

12   action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

13   (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

14   has the burden of establishing that the information sought is directly relevant to the claims.");

15   Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

16   Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

17   **REQUEST NO. 5.**

18   All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Ray Clark's employment with

19   Defendant AMTRAK, including but not limited to Clark's personnel file or files; the "folder,"

20   "jacket" or other container of each such file and any attachments thereto, any discipline records,

21   promotion applications to ANY and ALL positions held, and all files maintained by individual

22   supervisors or others employed by Defendant AMTRAK.

23   **RESPONSE TO REQUEST NO. 5. (10/11/06)**

24       Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

25   susceptible to a variety of interpretations.  Defendant objects to this request as compound and

26   unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

27   the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

28   evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

1   materials protected from disclosure by the California Constitutional right of privacy and/or the

2   federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

3   v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

4   privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

5   action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

6   (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

7   has the burden of establishing that the information sought is directly relevant to the claims.");

8   Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

9   Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5.  (1/18/07)**

11         Subject to and without waiving the foregoing specific objections and the GENERAL

12  OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

13  set forth herein, Defendant Amtrak supplements its response, as follows:

14         Plaintiff has asked Defendant to supplement this response by identifying which documents

15  (by bates number) in Defendant's document production (received by Plaintiff on or about August

16  31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

17  even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

18  produced as they are kept in the usual course of business.  Moreover, all the produced documents

19  are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

20  response, subject to Defendant's right to further supplement this response and its production of

21  documents, as appropriate:

22         As stated in its original response, Defendant has not produced documents responsive to

23  this request.  However, Defendant has produced applications and related records that it received in

24  response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Ray Clark

25  applied for any such position, his application and supporting documentation have been produced.

26  **REQUEST NO. 6.**

27  All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Mike Cecconi's employment

28  with Defendant AMTRAK, including but not limited to Cecconi's personnel file or files; the

1  "folder," "jacket" or other container of each such file and any attachments thereto, any discipline

2  records, promotion applications to ANY and ALL positions held, and all files maintained by

3  individual supervisors or others employed by Defendant AMTRAK.

4  **RESPONSE TO REQUEST NO. 6. (10/11/06)**

5  　　　Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

6  susceptible to a variety of interpretations.  Defendant objects to this request as compound and

7  unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

8  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

9  evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

10  materials protected from disclosure by the California Constitutional right of privacy and/or the

11  federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

12  v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

13  privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

14  action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

15  (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

16  has the burden of establishing that the information sought is directly relevant to the claims.");

17  Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

18  Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6.  (1/18/07)**

20  　　　Subject to and without waiving the foregoing specific objections and the GENERAL

21  OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

22  set forth herein, Defendant Amtrak supplements its response, as follows:

23  　　　Plaintiff has asked Defendant to supplement this response by identifying which documents

24  (by bates number) in Defendant's document production (received by Plaintiff on or about August

25  31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

26  even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

27  produced as they are kept in the usual course of business.  Moreover, all the produced documents

28  are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

1  response, subject to Defendant's right to further supplement this response and its production of

2  documents, as appropriate:

3  　　　　As stated in its original response, Defendant has not produced documents responsive to

4  this request.  However, Defendant has produced applications and related records that it received in

5  response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Mike

6  Cecconi applied for any such position, his application and supporting documentation have been

7  produced.

8  **REQUEST NO. 7.**

9  All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Mike

10  Yacovetti, including but not limited to his personnel file or files, discipline records, promotion

11  application and including but not limited to the "folder," "jacket" or other container of each such

12  file and any attachments thereto and all files maintained by individual supervisors or others

13  employed by Defendant AMTRAK.

14  **RESPONSE TO REQUEST NO. 7. (10/11/06)**

15  　　　　Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

16  susceptible to a variety of interpretations.  Defendant objects to this request as compound and

17  unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

18  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

19  evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

20  materials protected from disclosure by the California Constitutional right of privacy and/or the

21  federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

22  v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

23  privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

24  action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

25  (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

26  has the burden of establishing that the information sought is directly relevant to the claims.");

27  Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

28  Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7.  (1/18/07)**

2      Subject to and without waiving the foregoing specific objections and the GENERAL

3  OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

4  set forth herein, Defendant Amtrak supplements its response, as follows:

5      Plaintiff has asked Defendant to supplement this response by identifying which documents

6  (by bates number) in Defendant's document production (received by Plaintiff on or about August

7  31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

8  even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

9  produced as they are kept in the usual course of business.  Moreover, all the produced documents

10  are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

11  response, subject to Defendant's right to further supplement this response and its production of

12  documents, as appropriate:

13      As stated in its original response, Defendant has not produced documents responsive to

14  this request.  However, Defendant has produced applications and related records that it received in

15  response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Mike

16  Yacovetti applied for any such position, his application and supporting documentation have been

17  produced.

18  **REQUEST NO. 8.**

19  All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Patrick

20  Duncan, including but not limited to his personnel file or files, discipline records, promotion

21  application and including but not limited to the "folder," "jacket" or other container of each such

22  file and any attachments thereto and all files maintained by individual supervisors or others

23  employed by Defendant AMTRAK.

24  **RESPONSE TO REQUEST NO. 8. (10/11/06)**

25      Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

26  susceptible to a variety of interpretations.  Defendant objects to this request as compound and

27  unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

28  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

1  evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

2  materials protected from disclosure by the California Constitutional right of privacy and/or the

3  federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

4  v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

5  privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

6  action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

7  (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

8  has the burden of establishing that the information sought is directly relevant to the claims.");

9  Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

10 Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

11 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8.  (1/18/07)**

12          Subject to and without waiving the foregoing specific objections and the GENERAL

13 OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

14 set forth herein, Defendant Amtrak supplements its response, as follows:

15          Plaintiff has asked Defendant to supplement this response by identifying which documents

16 (by bates number) in Defendant's document production (received by Plaintiff on or about August

17 31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

18 even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

19 produced as they are kept in the usual course of business.  Moreover, all the produced documents

20 are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

21 response, subject to Defendant's right to further supplement this response and its production of

22 documents, as appropriate:

23          As stated in its original response, Defendant has not produced documents responsive to

24 this request.  However, Defendant has produced applications and related records that it received in

25 response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Patrick

26 Duncan applied for any such position, his application and supporting documentation have been

27 produced.

28 ///

1 **REQUEST NO. 9.**

2      All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of

3 Than Ly,  to including but not limited to his personnel file or files, discipline records, promotion

4 application and including but not limited to the "folder," "jacket" or other container of each such

5 file and any attachments thereto and all files maintained by individual supervisors or others

6 employed by Defendant AMTRAK.

7 **RESPONSE TO REQUEST NO. 9. (10/11/06)**

8      Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

9 susceptible to a variety of interpretations.  Defendant objects to this request as compound and

10 unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

11 the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

12 evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

13 materials protected from disclosure by the California Constitutional right of privacy and/or the

14 federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

15 v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

16 privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

17 action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

18 (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

19 has the burden of establishing that the information sought is directly relevant to the claims.");

20 Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express

21 Corp. (WD TN 1980) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

22 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7 (sic) (9).  (1/18/07)**

23      Subject to and without waiving the foregoing specific objections and the GENERAL

24 OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

25 set forth herein, Defendant Amtrak supplements its response, as follows:

26      Plaintiff has asked Defendant to supplement this response by identifying which documents

27 (by bates number) in Defendant's document production (received by Plaintiff on or about August

28 31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

1143P203PYP

1  even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

2  produced as they are kept in the usual course of business.  Moreover, all the produced documents

3  are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

4  response, subject to Defendant's right to further supplement this response and its production of

5  documents, as appropriate:

6          As stated in its original response, Defendant has not produced documents responsive to

7  this request.  However, Defendant has produced applications and related records that it received in

8  response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Than Ly

9  applied for any such position, his application and supporting documentation have been produced.

10  **REQUEST NO. 10.**

11  All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of John

12  Hanson, including but not limited to his personnel file or files, discipline records, promotion

13  application and including but not limited to the "folder," "jacket" or other container of each such

14  file and any attachments thereto and all files maintained by individual supervisors or others

15  employed by Defendant AMTRAK.

16  **RESPONSE TO REQUEST NO. 10. (10/11/06)**

17          Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

18  susceptible to a variety of interpretations.  Defendant objects to this request as compound and

19  unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

20  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

21  evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

22  materials protected from disclosure by the California Constitutional right of privacy and/or the

23  federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

24  v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

25  privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

26  action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

27  (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

28  has the burden of establishing that the information sought is directly relevant to the claims.");

-10-
PLAINTIFF'S SEPARATE STATEMENT (C-05-5434 MJJ(MEJ))

1    Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express</u>

2    <u>Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

3    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 10.  (1/18/07)**

4         Subject to and without waiving the foregoing specific objections and the GENERAL

5    OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

6    set forth herein, Defendant Amtrak supplements its response, as follows:

7         Plaintiff has asked Defendant to supplement this response by identifying which documents

8    (by bates number) in Defendant's document production (received by Plaintiff on or about August

9    31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

10   even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

11   produced as they are kept in the usual course of business.  Moreover, all the produced documents

12   are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

13   response, subject to Defendant's right to further supplement this response and its production of

14   documents, as appropriate:

15        As stated in its original response, Defendant has not produced documents responsive to

16   this request.  However, Defendant has produced applications and related records that it received in

17   response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent John Hanson

18   applied for any such position, his application and supporting documentation have been produced.

19   **REQUEST NO. 11.**

20   All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Wes

21   Duvall, including but not limited to his personnel file or files, discipline records, promotion

22   application and including but not limited to the "folder," "jacket" or other container of each such

23   file and any attachments thereto and all files maintained by individual supervisors or others

24   employed by Defendant AMTRAK.

25   **RESPONSE TO REQUEST NO. 11. (10/11/06)**

26        Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

27   susceptible to a variety of interpretations.  Defendant objects to this request as compound and

28   unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

1    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

2    evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

3    materials protected from disclosure by the California Constitutional right of privacy and/or the

4    federally recognized right to privacy.  <u>See Board of Trustees of Leland Stanford Junior University</u>

5    <u>v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

6    privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652, 657 (A party to an

7    action may assert the privacy rights of third parties such as its employees.); <u>Tylo v. Superior Court</u>

8    (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

9    has the burden of establishing that the information sought is directly relevant to the claims.");

10    <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express</u>

11    <u>Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

12    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11.  (1/18/07)**

13        Subject to and without waiving the foregoing specific objections and the GENERAL

14    OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

15    set forth herein, Defendant Amtrak supplements its response, as follows:

16        Plaintiff has asked Defendant to supplement this response by identifying which documents

17    (by bates number) in Defendant's document production (received by Plaintiff on or about August

18    31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

19    even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

20    produced as they are kept in the usual course of business.  Moreover, all the produced documents

21    are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

22    response, subject to Defendant's right to further supplement this response and its production of

23    documents, as appropriate:

24        As stated in its original response, Defendant has not produced documents responsive to

25    this request.  However, Defendant has produced applications and related records that it received in

26    response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Wes Duvall

27    applied for any such position, his application and supporting documentation have been produced.

28    ///

1143P203PYP

**REQUEST NO. 12.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Heidi Snyder, including but not limited to her personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST NO. 12. (10/11/06)**

Defendant objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Defendant objects to this request as compound and unduly burdensome. Defendant objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12. (1/18/07)**

Subject to and without waiving the foregoing specific objections and the GENERAL OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully set forth herein, Defendant Amtrak supplements its response, as follows:

Plaintiff has asked Defendant to supplement this response by identifying which documents (by bates number) in Defendant's document production (received by Plaintiff on or about August 31, 2006) respond to this request. Defendant disagrees that such an itemization is required or

1   even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

2   produced as they are kept in the usual course of business.  Moreover, all the produced documents

3   are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

4   response, subject to Defendant's right to further supplement this response and its production of

5   documents, as appropriate:

6          As stated in its original response, Defendant has not produced documents responsive to

7   this request.  However, Defendant has produced applications and related records that it received in

8   response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Heidi Snyder

9   applied for any such position, his application and supporting documentation have been produced.

10  **REQUEST NO. 13.**

11  **ALL DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of Brice

12  Carroll, including but not limited to his personnel file or files, discipline records, promotion

13  application and including but not limited to the "folder," "jacket" or other container of each such

14  file and any attachments thereto and all files maintained by individual supervisors or others

15  employed by Defendant AMTRAK.

16  **RESPONSE TO REQUEST NO. 13. (10/11/06)**

17         Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

18  susceptible to a variety of interpretations.  Defendant objects to this request as compound and

19  unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

20  the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

21  evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

22  materials protected from disclosure by the California Constitutional right of privacy and/or the

23  federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

24  v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

25  privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

26  action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

27  (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

28  has the burden of establishing that the information sought is directly relevant to the claims.");

1  <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v. Federal Express</u>

2  <u>Corp.</u> (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp.</u> (D HI 1980) 88 FRD 518, 524.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 13.  (1/18/07)**

4       Subject to and without waiving the foregoing specific objections and the GENERAL

5  OBJECTIONS stated hereinabove, (sic) all of which are incorporated by reference as though fully

6  set forth herein, Defendant Amtrak supplements its response, as follows:

7       Plaintiff has asked Defendant to supplement this response by identifying which documents

8  (by bates number) in Defendant's document production (received by Plaintiff on or about August

9  31, 2006) respond to this request.  Defendant disagrees that such an itemization is required or

10 even necessary under Fed.R.Civ.Proc. 34(b) because all documents that were produced were

11 produced as they are kept in the usual course of business.  Moreover, all the produced documents

12 are self-evident.  Nevertheless, in the spirit of compromise, Defendant agrees to supplement its

13 response, subject to Defendant's right to further supplement this response and its production of

14 documents, as appropriate:

15      As stated in its original response, Defendant has not produced documents responsive to

16 this request.  However, Defendant has produced applications and related records that it received in

17 response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent Brice Carroll

18 applied for any such position, his application and supporting documentation have been produced.

19 **REQUEST NO. 15.**

20 **ALL DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** the financial condition of

21 Defendant JOE DEELY, including but not limited to:

22      a.    Any AND all financial statements prepared by OR for DEELY at any time

23           during the period from January 1, 2001 to the present, including but not

24           limited to any loan or credit applications;

25      b.    All monthly statements reflecting DEELY's earnings, including but not

26           limited to wages, salary, investment income and interest at any time during

27           the period from January 1, 2001 to the present

28      c.    All monthly statements reflecting the account number and balance of any

1    **AND** all accounts held jointly or individually by DEELY, including

2    savings, checking, annuities, or mutual, stock or bond funds, at any time

3    during the period from January 1, 2001 to the present;

4    d.    All monthly statements reflecting the account number and balance of any

5    loans or indebtedness owned jointly or individually by DEELY, including

6    but not limited to mortgages, car or boat loans, or tax liens, at any time

7    during the period from January 1, 2001 to the present;

8    e.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO**

9    any life insurance policy for DEELY, or if married, including any policies

10    owned jointly or individually by DEELY and/or spouse, or if in a domestic

11    partnership, then any policies owned jointly or individually by DEELY

12    and/or DEELY'S domestic partner;

13    f.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO**

14    DEELY'S monthly expenditures, including but not limited to, any

15    mortgage payments, insurance payments, child support, spousal support,

16    medical expenses, groceries, utilities, household expenses, and educational

17    loan payments at any time during the period from January 1, 2001 to the

18    present;

19    g.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO**

20    DEELY'S ownership of any vehicles, including but not limited to, title to

21    cars, trucks, motorcycles, other motorized vehicles, and/or mobile homes at

22    any time during the period from January 1, 2001 to the present;

23    h.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO**

24    DEELY'S ownership of any other vehicles, including but not limited to,

25    title to boats, yachts, jet skis, airplanes or jets at any time during the period

26    from January 1, 2001 to the present;

27    i.    Any and all **DOCUMENTS** which **REFLECT, REFER** or **RELATE TO**

28    DEELY'S ownership of any stocks, bonds, mutual funds, hedge funds or

1    other investments at any time during the period from January 1, 2001 to the

2    present.

3    **RESPONSE TO REQUEST NO. 15. (10/11/06)**

4    Defendant objects to this request on the basis it is vague, overbroad, ambiguous and

5    susceptible to a variety of interpretations.  Defendant objects to this request as compound and

6    unduly burdensome.  Defendant objects to this request as seeking information neither relevant to

7    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

8    evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

9    materials protected from disclosure by the California Constitutional right of privacy and/or the

10   federally recognized right to privacy.  See Board of Trustees of Leland Stanford Junior University

11   v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of

12   privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an

13   action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court

14   (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information

15   has the burden of establishing that the information sought is directly relevant to the claims.");

16   Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497;

17   Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI

18   1980) 88 FRD 518, 524.

19   Dated:  March 2, 2007                              PRICE AND ASSOCIATES

20

21                                                            /s/
                                                     PAMELA Y. PRICE, Attorneys for Plaintiff
22                                                   JOHN CAMPBELL

23

24

25

26

27

28