1 | PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
  | PRICE AND ASSOCIATES
2 | The Latham Square Building
  | 1611 Telegraph Avenue, Suite 1450
3 | Oakland, CA 94612
  | Telephone: (510) 452-0292
4 | Facsimile: (510) 452-5625

5 | Attorneys for Plaintiff
  | JOHN CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>Defendants. | NO. C05-5434 MJJ (EDL)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES**<br><br>DATE:   May 1, 2007<br>TIME:   9:00 a.m.<br>DEPT.:  Courtroom E, 15th Floor<br><br>DISCOVERY CUT-OFF:   March 23, 2007<br><br>TRIAL DATE:   July 23, 2007 |

**DISCOVERY MATTER**

1143P208PYP

NOTICE OF MOTION AND MOTION (C05-5434 MJJ (EDL))

1  TO:     DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2  **PLEASE TAKE NOTICE** that on May 1, 2007, at 9:00 a.m. before the Honorable
3  Magistrate Judge Elizabeth D. LaPorte, Plaintiff JOHN EARL CAMPBELL (hereinafter "MR.
4  CAMPBELL") will move the Court for an order compelling Defendant NATIONAL
5  PASSENGER RAILROAD CORPORATION ("AMTRAK") to provide further answers to
6  Plaintiff's Interrogatories, Set One, forthwith, pursuant to the Federal Rules of Civil Procedure,
7  Rules 33 and 37 on the grounds that the information is relevant to the subject matter of this
8  dispute and reasonably calculated to lead to the discovery of admissible evidence.

9  This Motion shall be based upon this Notice, the Memorandum of Points and Authorities
10 and the Declaration of Pamela Y. Price, all filed concurrently herewith, the pleadings, records and
11 files herein, and upon such other and further matters as may be presented at the time of the
12 hearing.

13 Dated: March 21, 2007                    PRICE AND ASSOCIATES

15                                          _____/s/_____
16                                          PAMELA Y. PRICE, Attorneys for Plaintiff
                                            JOHN EARL CAMPBELL

18 **MEMORANDUM OF POINTS AND AUTHORITIES**
19 **INTRODUCTION**

20 MR. CAMPBELL is a veteran trainman who worked on the railroad for fourteen (14) years.
21 At the time of his termination, MR. CAMPBELL had worked as a Conductor for Defendant
22 AMTRAK for six years. MR. CAMPBELL thought he was a valued employee. His life dream
23 was to become an Engineer, but he was repeatedly passed over for promotion.

24 MR. CAMPBELL brings this Motion to Compel further answers to Plaintiff's First Set of
25 Interrogatories in order to obtain information that he needs to prepare for trial. The information
26 that MR. CAMPBELL seeks is directly relevant to the issues in dispute and reasonably calculated
27 to lead to the discovery of admissible evidence. Finally, MR. CAMPBELL has no other

## SUMMARY OF FACTS

MR. CAMPBELL began his work on the railroad at Southern Pacific Railroad in May 1984. He worked for Southern Pacific for eight (8) years as a Machine Operator. This job involved maintenance and repair of the tracks, including those caused by derailments. As a Machine Operator, he also maintained and repaired railroad right of ways and operated heavy track machinery. MR. CAMPBELL became very knowledgeable of railroad operations, learning virtually all of the rules of the railroad trade. He was well prepared for his work with Defendant AMTRAK.

MR. CAMPBELL was employed by Defendant AMTRAK from November 1998 to September 17, 2004. During his employment with AMTRAK, he applied for promotion to the position of Engineer six (6) times. Each time his application was rejected and lesser qualified, less senior Caucasian applicants were promoted to the position.

In June 1999, MR. CAMPBELL applied for the Engineer position for the first time. His application was rejected on the grounds that he was not eligible to apply based on the length of his employment with AMTRAK. In 2000 and 2001, MR. CAMPBELL applied again, and was interviewed for the Engineer position, but other applicants with less seniority than he were selected. In 2002, his scheduled interview was cancelled. MR. CAMPBELL was never given a reason why.

In November 2003, MR. CAMPBELL applied for the Engineer position for the fifth time.[1] Interviews were held in December 2003, but he was not scheduled for an interview, even though he was qualified for the position. In January 2004, MR. CAMPBELL learned that two less qualified Caucasian applicants with less seniority were selected for the position.

On January 28, 2004, MR. CAMPBELL filed a Charge of Discrimination with the

---

[1] This is the first discriminatory promotion that fall within the statute of limitations.

California Department of Fair Employment & Housing (DFEH) and the United States Equal Employment Opportunity Commission (EEOC), challenging his non-selection for the Engineer position and asserting that Defendant AMTRAK discriminated against African-Americans on the basis of race in promoting applicants to the Engineer position.

In June 2004, while his charge of discrimination was pending, MR. CAMPBELL applied for the Engineer position for the sixth time.[2] There were seven (7) positions available in Oakland and Sacramento. MR. CAMPBELL was willing and able to take any one of these positions. He was interviewed on July 7, 2004 by a panel which included the Vice Local Chairman of the BLET Division 144-Amtrak for Oakland Sacramento, Chad M. Skinner. Mr. Skinner reported to MR. CAMPBELL that:

> "Your interview was very enlightening and in my opinion ranked among the best. Your overall score ranked among the highest of all the applicants we interviewed over the three-day period. It is unknown to the Organization why you were not selected however, it was later discovered the Mr. Patrick Preusser had a meeting with Susan Venturelli (HR) on Monday, July 11, 2004 to discuss the potential candidates that were to be selected. The Organization was never informed of this meeting nor asked to participate in any capacity despite our contractual right to partake."
> (Exhibit A to the Declaration of Pamela Y. Price (hereinafter "Price DEN").)

In August 2004, seven (7) Caucasian applicants with less seniority were selected for the positions. MR. CAMPBELL was not promoted or given any reason for his non-selection.

On or about August 6, 2004, MR. CAMPBELL was accused of violating Defendant AMTRAK's Operating Rules. He was accused of failing to properly secure the brakes on a locomotive inside the Oakland Yard prior to coupling it on July 24, 2004. An internal hearing was held on September 9, 2004, and Defendant AMTRAK's Hearing Officer sustained four (4) of the five (5) charges against MR. CAMPBELL. On September 17, 2004, Defendant AMTRAK's District Superintendent for the Pacific Division-Bay District, Steve Shelton, terminated MR. CAMPBELL's employment, ostensibly for these rules violations.

---

[2] This is the second discriminatory promotion that falls within the statute of limitations.

1    MR. CAMPBELL's union vehemently objected to this termination, stating that: "the
2    discipline was harsh, excessive and not consistent with discipline assessed in similar cases, not
3    just on Amtrak, but in the entire industry."[3/]  MR. CAMPBELL contends that a violation of these
4    work rules did not usually result in termination, and that his termination is excessive and
5    inconsistent with discipline assessed in similar cases.  He intends to prove that he was fired in
6    September 2004 in retaliation for his complaints to DFEH and EEOC in February 2004.

7    **I.    MR. CAMPBELL IS ENTITLED TO ANSWERS TO HIS INTERROGATORIES**
8

9    Non-expert discovery cut-off was initially set by this Court for **February 16, 2007**.
10   MR. CAMPBELL served his First Set of Interrogatories on December 21, 2006.  Defendant
11   AMTRAK's response was due on January 23, 2007.  Following an extensive meet and confer and
12   coercion by defense counsel's various attorneys in this case and in an unrelated case pending before
13   the Honorable Judge Susan Illston entitled *Howard v. Amtrak*, U.S. District Court Case No. C05-
14   4069 SI, MR. CAMPBELL agreed to a lengthy extension, making the new due date for answers
15   March 7, 2007.  (Price DEN @ 2:21-3:9.)  On February 9, 2007, the parties submitted a stipulation
16   and proposed order to enlarge the time for non-expert discovery up to and including March 23,
17   2007.  The Court filed an Order approving the stipulation on February 14, 2007.
18   On March 7, 2007, Defendant Amtrak served its answers to Interrogatories.  It objected to
19   Interrogatory Nos. 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 and refused to answer them at
20   all.  (Price DEN @ 3:10-12.)  It provided a limited response to Interrogatory No. 1.  Pursuant to the
21   stipulation of the parties, MR. CAMPBELL had until March 21st to bring a motion to compel based
22   upon any deficient responses.

23   **II.   THE INFORMATION SOUGHT IS RELEVANT AND CRUCIAL TO THE PROSECUTION OF MR. CAMPBELL'S CASE**
24

25   Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding

---

[3/]  See Organization Member's Dissent To Award No.120 Of Public Law Board No. 6478. (Exhibit B to Price DEN.)

any matter, not privileged, that is relevant to the claim or defense of any party, including the identity and location of persons having knowledge of any discoverable matter. The burden is on the responding party to justify its objections or failure to provide complete answers to interrogatories.

### A. Defendant Amtrak's Boilerplate Objections Lack Merit

Defendant AMTRAK's blanket, boilerplate objections to each of MR. CAMPBELL's requests lack merit. Defendant AMTRAK provided a litany of general objections. Such objections will not alone constitute a successful objection, nor will a general objection fulfill the objecting party's burden to explain its objections. (*Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D.Cal. 2005).) General objections are not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request. (*In re Air Crash at Taipei, Taiwan,* 211 F.R.D. 374, 376 (C.D.Cal. 2002); *Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 587 (C.D.Cal. 1999); *Taylor v. Los Angeles Police Department,* 1999 WL 33101661 (C.D.Cal. 1999).)

In addition to its general objections, Defendant AMTRAK asserted the following five objections, in various combinations, to each of MR. CAMPBELL's Interrogatories:

(1) vague, overbroad, ambiguous and susceptible to a variety of interpretations

(2) compound and unduly burdensome

(3) seeking information neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence

(4) seeks information protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy.

### B. Defendant Amtrak Should Not Be Allowed to Hide Complaints of Racial Discrimination

Since one of MR. CAMPBELL's claims against Defendant AMTRAK is failure to promote based on racial discrimination, his requests for (1) other complaints of racial discrimination and/or (2) the identity of the decision makers in the promotion decisions (Interrogatory Nos. 13 - 17) are clear and directly relevant and narrowly tailored to lead to further discoverable information. With respect to Defendant's Answer to Interrogatory No. 1, it appears that a restrictive interpretation of

1   the term "complaint" informs the answer. It was not MR. CAMPBELL's intent, however, to limit
2   the Interrogatory to court cases.

3   Evidence of other complaints against Amtrak would be highly relevant, and admissible under
4   Rule 404 of the Federal Rules of Evidence. (*See Heyne v. Caruso*, 69 F.3d 1475, 1469-1481 (9th
5   Cir. 1994); *Morgan v. National Passenger Railroad Corporation*, 232 F.3d 1008, 1018 (9th Cir.
6   2000), *affirmed in part and reversed in part on other grounds* in *National Railroad Passenger
7   Corporation v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2074 (2002).)

8   Federal cases have often addressed the issue of the admissibility of evidence of other
9   complaints; those cases are persuasive authority for the proposition that discovery of such
10  information is allowed. (*See e.g.*, *Broderick v. Ruder* (D.D.C 1988) 685 F.Supp. 1269, 1277; *Hall
11  v. Gus Construction Company, Inc*. (8th Cir. 1988) 842 F.2d 1010, 1015; *Robinson v. Jacksonville
12  Shipyards, Inc*. (M.D.Fla. 1991) 760 F.Supp. 1486, 1499; *Lipsett v. University of Puerto Rico* (1st
13  Cir. 1988) 864 F.2d 881; *Priest v. Rotary* (N.D.Cal. 1986) 634 F.Supp. 571, 582; *Burns v.
14  McGregor Electronics Industries, Inc*. (8th Cir. 1992) 955 F.2d 559, 562; *Vance v. Southern Bell
15  Telephone and Telegraph Company* (11th Cir. 1989) 863 F.2d 1503, 1511.)

16            **C.    Defendant Amtrak Should Not Be Allowed to Hide
                     Evidence of Its Discriminatory Hiring Practices**
17
18  Interrogatory Nos. 5, 6, 9, 10, 11 and 12, sought certain information about the racial
19  composition of Amtrak's workforce in the Pacific Division. This information can be used to
20  demonstrate the context and the environment in which MR. CAMPBELL was employed, and
21  Amtrak's hiring and termination practices. It has long been held that the Defendants' hiring and
22  termination practices may be used to prove intentional discrimination. Indeed, in this District,
23  discovery of this nature is routinely allowed. (*See Stender v. Lucky's Stores*, 803 F.Supp. 259, 331-
24  332 (N.D.Cal. 1992); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988).)

25            **D.    Defendant Amtrak's Objections to Mr. Campbell's
                     Interrogatories As Exceeding the Permissible Number of
                     Interrogatories Is Unfounded**
26
27  It appears that the primary basis for Defendant Amtrak's refusal to answer Interrogatory Nos.
28

1143P208PYP                           -6-
                    NOTICE OF MOTION AND MOTION (C05-5434 MJJ (EDL))

1  9 through 18 is the assertion in the answers to Interrogatory Nos. 7 and 8 that "this interrogatory
2  shall count as six separate interrogatories and that Plaintiff has exceeded the permissible number of
3  interrogatories." It appears that Defendant Amtrak believes that the request to list the engineers by
4  year in Interrogatory Nos. 7 and 8 creates subparts which should be counted separately.[4/] There is
5  no legal authority to support this assertion. In fact, the discovery rules are clear that when an
6  Interrogatory addresses a single subject, it should be counted as a single Interrogatory, not subparts.
7  (*Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (D.NE 1993) 155 F.R.D. 189,
8  191; *Safeco of America v. Rawstrom* (C.D.CA 1998) 181 F.R.D. 441, 445).) Accordingly,
9  Defendant's refusal to answer Interrogatory Nos. 9 through 18 on this ground was totally
10 unjustified.

## CONCLUSION

For all of the reasons stated herein, Defendant Amtrak should be compelled to answer Interrogatory Nos. 1, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 forthwith.

Dated:  March 21, 2007                      Respectfully Submitted,

                                            PRICE AND ASSOCIATES


                                             /s/   *Pamela Y. Price*
                                            PAMELA Y. PRICE Attorneys for Plaintiff
                                            JOHN CAMPBELL

---

[4/]    Interrogatory No. 7 states: "State the total number of engineers hired in the Pacific Division by year between January 1998 to the present." Interrogatory No. 8 states "State the total number of African-American engineers hired in the Pacific Division by year between January 1998 to the present."