PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
JOHN CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>　　　　Defendants. | NO. C05-5434 MJJ (EDL)<br><br>**DECLARATION OF PAMELA Y. PRICE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>DATE:　　May 1, 2007<br>TIME:　　9:00 a.m.<br>DEPT.:　　Courtroom E, 15th Floor<br><br>DISCOVERY CUT-OFF:　March 23, 2007<br><br>TRIAL DATE:　July 23, 2007 |

**DISCOVERY MATTER**

I, PAMELA Y. PRICE, hereby declare:

　　1.　　I am an attorney duly licensed to practice law in the State of California and one of the attorneys of record for Plaintiff JOHN EARL CAMPBELL. I make this Declaration on personal knowledge in support of Plaintiff's Motion to Compel Answers to Interrogatories Mr. CAMPBELL requires this order compelling further answers so that he may complete his pretrial discovery and adequately prepare the case for trial.

　　2.　　A true and correct copy of Vice Local Chairman of the BLET Division 144-

1  Amtrak for Oakland Sacramento, Chad M. Skinner's e-mail to Mr. CAMPBELL is attached
2  hereto as Exhibit A.
3      3.    A true and correct copy of the Organization Member's Dissent To Award No.120
4  Of Public Law Board No. 6478 is attached hereto as Exhibit B.
5      4.    Mr. CAMPBELL served his First Set of Interrogatories to Defendant Amtrak on
6  December 21, 2006. Defendant AMTRAK's original responses were due on
7  January 23, 2007.
8      5.    Mr. CAMPBELL agreed to a six-week extension of time, making the new date of
9  production March 7, 2007, after an extensive meet and confer with several attorneys from defense
10 counsel's firm, including Attorney Scott Oborne. Mr. Oborne was the initial defense attorney
11 assigned to this case. In January 2007, Mr. Oborne advised my associate, Attorney Renee
12 Sanchez, that he would no longer be the attorney on this case and referred Ms. Sanchez to a
13 different attorney in his San Francisco office.
14     6.    On January 2, 2007, Ms. Sanchez spoke with Ms. Maylin, the attorney now
15 assigned to this case. Ms. Maylin stated that she had not yet received the file from Mr. Oborne.
16     On January 22, 2007, we became aware that there was another associate on the case, Ms.
17 Cara Ching-Senaha, who forwarded Defendant AMTRAK's supplemental responses and
18 objections to MR. CAMPBELL's First Request for Production of Documents.
19     7.    Commencing in January 2007, Ms. Sanchez spent hours meeting and conferring
20 with defense counsel to schedule depositions and complete our written discovery.
21 Simultaneously, we were attempting to schedule depositions and resolve discovery disputes in an
22 unrelated case pending before the Honorable Judge Susan Illston entitled *Howard v. Amtrak*, U.S.
23 District Court Case No. C05-4069 SI. That case involved negotiations between Mr. Oborne and
24 one of our associated counsel, Attorney Fania Davis.
25     8.    In February 2007, in the midst of what appeared to be an impasse regarding the
26 timing of depositions and discovery between my Firm and the attorneys representing Amtrak in
27 this case (Ching-Senaha & Maylin), Mr. Oborne indicated to Ms. Davis that he would not
28 produce certain witnesses in the *Howard* case unless we agreed to an extension for all of the

1  Defendant's discovery response in this case.  Based upon Mr. Oborne's threat of non-cooperation
2  in the *Howard* case, we were compelled to grant Defendant Amtrak a six-week extension for its
3  answers to Interrogatories, response to our second Request for Production of Documents and
4  responses to our Requests for Admissions.  Defendant Amtrak also insisted upon and received a
5  four-week extension of time to respond to our Second set of Requests for Admissions.

6      9.     On March 7, 2007, we received Defendant Amtrak's Answers to Interrogatories.
7  Defendant Amtrak refused to fully respond to Interrogatory No. 1, and refused to respond at all to
8  Interrogatory Nos. 5, 6, and 9 through 18.

9      10.    The interrogatories at issue are narrowly tailored and reasonably calculated to lead
10 to the discovery of admissible evidence and are within the meaning of the FRCP 26(b)(1) which
11 permits parties to obtain discovery regarding any matter that is relevant to the subject matter
12 involved in the pending action and not privileged.  Mr. CAMPBELL alleges that Defendant
13 AMTRAK discriminated against him  based on race: (1)  by terminating him for alleged Rules
14 violations and (2) failing to promote him.  The information he seeks regarding other
15 discrimination complaints, Amtrak's hiring of minorities in MR. CAMPBELL's job
16 classification, the identity of other African-Americans who may have been similarly treated, and
17 the identities of the decision-makers in the promotions where MR. CAMPBELL was passed over,
18 is discoverable evidence that Mr. CAMPBELL needs to prepare for trial.  Mr. CAMPBELL has
19 no other way of obtaining this information.  Mr. CAMPBELL will suffer great prejudice to his
20 case if Defendant AMTRAK is not compelled to provide this information.

21     11.    I attempted to meet and confer with defense counsel regarding Defendant
22 Amtrak's deficient Answers to Interrogatories prior to bringing the instant motion.  The
23 stipulation and Order filed on February 14, 2007 provided that MR. CAMPBELL would file his
24 motion to compel on or before March 21, 2007.   Although we received Defendant Amtrak's
25 discovery responses, including answers to interrogatories, a response to the Plaintiff's Second
26 Request for Production of Documents, and responses to our First and Second set of Request for
27 Admissions on March 8, 2007, the first opportunity I had to address Defendant's refusal to
28 answer the interrogatories was March 20, 2007.

1      12.    On March 20th, I sent a detailed letter by fax, e-mail and U.S. mail to defense
2  counsel. I was informed that neither Ms. Maylin nor Ms. Ching-Senaha were available to meet
3  and confer on these issues. Ms. Maylin left for vacation on or about March 9th; I left for vacation
4  on March 17th; Ms. Ching-Senaha was out of the office on March 20th, and left for vacation on
5  March 21st. I offered to extend the time for us to file our Motion to Compel. I did not receive any
6  response to my letter prior to filing this Motion.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. If called as a witness, I could and would testify competently to the matters stated herein.

    Executed this 21st day of March 2007, at Scottsdale, Arizona.

                             /s/ *Pamela Y. Price*
                            PAMELA Y. PRICE, Declarant