PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
JOHN EARL CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL, | NO. C05-5434 MJJ (EDL) |
| Plaintiff, | **PLAINTIFF'S SEPARATE STATEMENT OF INTERROGATORIES IN DISPUTE** |
| v. | DATE: May 1, 2007 |
| NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive, | TIME: 9:00 a.m. |
| | DEPT.: Courtroom E, 15th Floor |
| Defendants. | DISCOVERY CUT-OFF: March 23, 2007 |
| | TRIAL DATE: July 23, 2007 |

**DISCOVERY MATTER**

Pursuant to Local Rule 37-2, Plaintiff JOHN CAMPBELL submits the following Interrogatories verbatim propounded to Defendant NATIONAL RAILROAD PASSENGER CORPORATION d.b.a. AMTRAK, and the responses received verbatim.  The reason to compel disclosure of the information is detailed in Plaintiff's Memorandum of Points and Authorities and the Declaration of Pamela Y. Price filed and served concurrently herewith.

**INTERROGATORY NO. 1.**

State the total number of complaints of race discrimination by African-American employee(s) within the last seven (7) years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned**.**

**RESPONSE TO INTERROGATORY NO. 1.**

Objection.  Defendant objects to the request as vague, ambiguous, overbroad in time and scope, lacking the requisite specificity, compound and violative of the rights of privacy. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing, Amtrak responds as follows:

Within the last seven years, there have been four court cases filed in Northern California in which an African-American employee has alleged race discrimination.

**INTERROGATORY NO. 5**.

State the total number of assistant conductors hired in the Pacific Division by year between January 1998 to the present.

**RESPONSE TO INTERROGATORY NO. 5.**

Objection.  Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, and compound.  Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

///

1  **INTERROGATORY NO. 6**.

2        State the total number of African-American assistant conductors hired in the Pacific

3  Division by year between January 1998 to the present.

4  **RESPONSE TO INTERROGATORY NO. 6**.

5        Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking

6  the requisite specificity, and compound. Moreover, Defendant objects to the request as calling for

7  information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery

8  of admissible evidence.

9  **INTERROGATORY NO. 9.**

10        State the total number of African-American assistant conductors employed in the

11  Pacific Division by year from January 1998 to the present.

12  **RESPONSE TO INTERROGATORY NO. 9.**

13        Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking

14  the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant

15  objects to the request as calling for information that is neither relevant to the litigation nor reasonably

16  calculated to lead to the discovery of admissible evidence. Defendant hereby gives notice that this

17  interrogatory sets forth six separate interrogatories and that Plaintiff has exceeded the permissible

18  number of interrogatories.

19  

20  **INTERROGATORY NO. 10.**

21        **IDENTIFY** each African-American conductor who applied for a position as engineer

22  in the Pacific Division from January 1998 to the present.

23  **RESPONSE TO INTERROGATORY NO. 10**.

24        Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking

25  the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant

26  objects to the request as calling for information that is neither relevant to the litigation nor reasonably

27  calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this

28  interrogatory as calling for private information that is guaranteed under the United States and

1  California Constitutions.  Defendant hereby gives notice that Plaintiff has exceeded the permissible
2  number of interrogatories.

3  **INTERROGATORY NO. 11**.

4  List, by race only, all assistant conductors terminated in the Pacific Division from
5  January 1, 1995 to the present, including involuntary terminations.

6  **RESPONSE TO INTERROGATORY NO. 11**.

7  Objection.  Defendant objects to the request as vague, ambiguous, overbroad, lacking
8  the requisite specificity, compound, and unduly burdensome and oppressive.  Moreover, Defendant
9  objects to the request as calling for information that is neither relevant to the litigation nor reasonably
10 calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to this
11 interrogatory as calling for private information that is guaranteed under the United States and
12 California Constitutions.  Defendant hereby gives notice that Plaintiff has exceeded the permissible
13 number of interrogatories.

14 **INTERROGATORY NO. 12**

15 **IDENTIFY** all African-American engineers terminated in the Pacific Division from
16 January 1998 to the present, including involuntary terminations.

17 **RESPONSE TO INTERROGATORY NO. 12**.

18 Objection.  Defendant objects to the request as vague, ambiguous, overbroad, lacking
19 the requisite specificity, compound, and unduly burdensome and oppressive.  Moreover, Defendant
20 objects to the request as calling for information that is neither relevant to the litigation nor reasonably
21 calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to this
22 interrogatory as calling for private information that is guaranteed under the United States and
23 California Constitutions.  Defendant hereby gives notice that Plaintiff has exceeded the permissible
24 number of interrogatories.

25 ///

26

27

28

**INTERROGATORY NO. 13**.

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2000:

    E.A. Ohman

    S.L. McLauchlin

    D.A. Milburn

    J.R. Kyles

    G. B. Santos

    B. Wilson

**RESPONSE TO INTERROGATORY NO. 13**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**INTERROGATORY NO. 14**.

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2001:

    J. Waterhouse

    R. Ward

    C.M. Skinner

    K. Powell

    T. Evans

    W. Giddings

**RESPONSE TO INTERROGATORY NO. 14**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**INTERROGATORY NO. 15**.

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2002:

D.W. Klitzing

K. Hanson

D.G. Sell

**RESPONSE TO INTERROGATORY NO. 15**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**INTERROGATORY NO. 16.**

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2003:

K. Marty

F. J. Caron

**RESPONSE TO INTERROGATORY NO. 16**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**INTERROGATORY NO. 17**.

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2004:

Mike J. Yacovetti

Patrick Duncan

Than Ly

John Hanson

Wes M. Duvall

Heidi J. Snyder

Brice Carroll

**RESPONSE TO INTERROGATORY NO. 17**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**INTERROGATORY NO. 18.**

**IDENTIFY** all of the decision-makers involved in deciding the discipline imposed on each employee involved in the July 24, 2004 incident inside the Oakland Yard where Mr. CAMPBELL was accused of failing to properly secure the brakes on a locomotive.

**RESPONSE TO INTERROGATORY NO. 18**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

Dated: March 20, 2007                                    PRICE AND ASSOCIATES


                                          /s/ *Pamela Y. Price*
                                     PAMELA Y. PRICE, Attorneys for Plaintiff
                                     JOHN EARL CAMPBELL

1143P207PYP

-8-
SEPARATE STATEMENT OF INTERROGATORIES (C05-5434 MJJ (EDL))