1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
   PRICE AND ASSOCIATES
2  The Latham Square Building
   1611 Telegraph Avenue, Suite 1450
3  Oakland, CA 94612
   Telephone: (510) 452-0292
4  Facsimile: (510) 452-5625

5  Attorneys for Plaintiff
   JOHN CAMPBELL
6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | JOHN EARL CAMPBELL,              ) NO. C05-5434 MJJ (EDL)
                                      )
13 |         Plaintiff,                ) **EXHIBITS TO DECLARATION OF**
                                      ) **PAMELA Y. PRICE IN SUPPORT OF**
14 | v.                                ) **PLAINTIFF'S MOTION TO COMPEL**
                                      ) **ANSWERS TO INTERROGATORIES**
15 | NATIONAL PASSENGER RAILROAD      )
     CORPORATION dba AMTRAK, JOE     ) DATE:   May 1, 2007
16 | DEELY, and DOES 1-15, inclusive, ) TIME:   9:00 a.m.
                                      ) DEPT.:  Courtroom E, 15th Floor
17 |         Defendants.               )
                                      )
18 |_____  ) DISCOVERY CUT-OFF:   March 23, 2007

19                                      TRIAL DATE:          July 23, 2007

20
                          **DISCOVERY MATTER**
21

22     1.    A true and correct copy of Vice Local Chairman of the BLET Division 144-

23 Amtrak for Oakland Sacramento, Chad M. Skinner's e-mail to Mr. CAMPBELL is attached

24 hereto as Exhibit A.

25     2.    A true and correct copy of the Organization Member's Dissent To Award No.120

26 Of Public Law Board No. 6478 is attached hereto as Exhibit B.

27

28

1143P210PYP
                                    - 1 -
              EXHIBITS TO DECLARATION OF PAMELA Y. PRICE (C05-5434 MJJ (EDL))



# Brotherhood of Locomotive Engineers and Trainmen
## Local Committee of Adjustment
### DIVISION 144 - AMTRAK

**Chad M. Skinner**
Vice Local Chairman

1390 Market Street – Suite 2228
San Francisco, CA 94102-5333
Telephone (415) 823-3564
Fax (415) 558-9509
E-Mail: ucms@sbcglobal.net

Mr. John E Campbell
2210 109th Avenue
Oakland, CA 94603

August 10, 2004

Dear Brother Campbell,

The Organization has received your grievance regarding your application to Engine Service with the National Railroad Passenger Corporation (Amtrak) and the subsequent denial of said application.

As you are aware, the Organization participates in the interview and hiring process for Amtrak Locomotive Engineers and was present at the time of your interview on July 7, 2004. The interview process has very strict guidelines for questioning potential applicants as to their abilities and qualifications which may not be deviated from in any way. Applicants are all asked a series of questions in which they may relate their past work experience and qualifications and how these qualifications relate to the position in which they are applying. Amtrak uses a scoring system in which a numerical value is assigned to the applicants answer based on how strongly the interviewer feels that the applicant answered the question. Questions are assigned a score between 1 and 3, one being the lowest score and 3 being the highest.

On July 7, 2004 I had the pleasure of participating in your interview for Engine Service with Amtrak. Your interview was conducted at Amtrak's Water Street offices where Larry Follis (Amtrak RFE) and Susan Venturelli (Amtrak HR) and myself were present. You were asked the same series of questions as all other applicants. We interviewed approximately 30 applicants for the seven positions in Oakland and Sacramento. Your interview was very enlightening and in my opinion ranked among the best. Your overall score ranked among the highest of all the applicants we interviewed over the three day period. It is unknown to the Organization why you were not selected however, it was later discovered that Mr Patrick Preusser had a meeting with Susan Venturelli (HR) on Monday July 11, 2004 to discuss the potential candidates that were to be selected. The Organization was never informed of this meeting nor asked to participate in any capacity despite our contractual right to partake.

*A Division of the Rail Conference of the International Brotherhood of Teamsters*          **EXHIBIT A**

Mr. John E Cambell
August 10, 2004
Page 2

I hope this answers some of the questions you may have had with regard to this process and the means by which engineers were selected for the August 2004 Engineer Trainee class.

If we can be of any additional assistance, please contact my self or Rich Barnes at your convenience.

Fraternally,


C.M. Skinner
Vice Local Chairman
BLET Division 144 – Amtrak
Oakland / Sacramento


Cc: R.E. Barnes
    D.H. Hansen
    R.G. Negrete
    D.A. Carroll

## ORGANIZATION MEMBER'S DISSENT
## TO AWARD NO. 120
## OF PUBLIC LAW BOARD NO. 6478

It is obvious that the Majority maintains an unrealistic view regarding the application of operating rules in connection with moving railroad equipment. It is also apparent that the Majority was unable to give the Claimant the benefit of the doubt. The Neutral member was duped into believing that "if it was not for the quick action of the Supervisor, the outcome of this event could have been far more serious." The Organization's Member of the Board views this statement by the Carrier's Member to be an exaggeration intended to create the illusion of danger where none existed. Unfortunately, for the Claimant, the Neutral Member was not able to clear the unrealistic image of suggestive danger from his mind.

The Claimant emphatically stated that for the past 5 years, he switched in the same manner, employing the same safety practices as every other crew that switched in that territory. The record reveals that the physical characteristic of the territory is flat. The record supports the fact that there was no accident, no derailment, no damage and no train delay. The Claimant was in control of the move and made the "joint" about 2 miles an hour. The engine in questioned rolled approximately a "half engine length". The record reveals that the engine was coming to a stop even before the brakes were cut in. These facts were ignored and dismissed by the Majority.

In light of the Claimant's record, the discipline is harsh, excessive and not consistent with discipline assessed in similar cases, not just on Amtrak, but in the entire industry.

_[signature]_
Organization's Member

**EXHIBIT B**