Kathleen Maylin (SBN 155371)
Cara Ching-Senaha (SBN 209467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>           Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>           Defendants. | Case No. C05-05434 MJJ (EDL)<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENLARGE TIME FOR NON EXPERT WITNESS DISCOVERY**<br><br>Complaint Filed:   12/30/05<br>FAC Filed:              2/23/06<br>Trial:                       7/23/2007<br><br>Hearing Date:  April 17, 2007<br>Hearing Time: 9:00 a.m.<br>Dept.:  Courtroom E, 15th Floor<br><br>Magistrate Judge Elizabeth D. Laporte |

**DISCOVERY MATTER**

---

1

DEF. AMTRAK'S OPP TO PL'S MTC AND ENLARGE DISCOVERY        Case No. C05-05434 MJJ (EDL)

I. **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff's motion seek to compel further responses to discovery served over eight months ago and to extend the March 23, 2007 non-expert discovery cut-off date which has already passed. Plaintiff's motion is not reasonably brought and should be denied.

Plaintiff's motion is based on significantly stale events. Plaintiff served the original Request for Documents on July 14, 2006. Defendant timely produced five boxes of approximately 10,000 responsive documents on August 31, 2006. Plaintiff's counsel alerted Defense counsel for the first time on September 12, 2006 that she had not received any written responses with the documents. Defendant served Plaintiff's counsel with written responses on October 11, 2006. Plaintiff's counsel waited *more than two additional months*, until December 22, 2006 to raise concerns she had with Defendants' responses. On January 22, 2007, Defendant produced supplemental responses in a good faith effort to meet and confer with Plaintiff's counsel to avoid the instant motion. Knowing full well that the discovery cut off date was March 23, 2007, Plaintiff's counsel waited *another five weeks* before filing the instant motion.

Plaintiff had more than eight months to attempt resolution of the discovery dispute now at issue. Any delay and prejudice caused to Plaintiff by Defendant's inadvertent mistake of not sending written responses with the initially produced documents is equal to, if not exceeded by, Plaintiff's counsel own delay, first in bringing the issue to Defense counsel's attention, but more importantly now to the Court's attention.

Plaintiff's own dilatory tactics in fact unduly prejudice Defendants, as defense counsel is in the midst of preparing Defendants' motion for summary judgment, currently due April 3, 2007. Because Plaintiff waited until the very last moment to file his motion to compel, the hearing is not scheduled until April 19, almost two weeks after Defendants must file their motion for summary judgment.

Plaintiff therefore does not have good cause to extend the discovery cut off date to conduct discovery that she carelessly ignored for almost eight months. However, even if Plaintiff had filed her motion to compel discovery in a timely manner, she would not be entitled to the documents she seeks which include personnel files of non-parties and the private financial

information of an individual defendant because that information is protected by those individuals' Constitutional right to privacy and because Plaintiff cannot demonstrate a sufficiently compelling need for that information to overcome those privacy rights.

Defendants respectfully request that the Court deny Plaintiff's motion in its entirety on the grounds it is untimely, made in bad faith, not legally supported, and causes undue prejudice and hardship to Defendants.

II. **DEFENDANT HAS ALREADY PROVIDED A FULL AND COMPLETE RESPONSE TO PLAINTIFF'S REQUEST FOR SIMILAR DISCRIMINATION COMPLAINTS (REQUEST NO. 3)**

Plaintiff's Request No. 3 asks for complaints of race discrimination or harassment by African-American employees within the last seven years at Defendant's Oakland and Sacramento yards and any other Bay Area locations where Plaintiff was assigned. Defendant responded by producing and identifying over 350 documents to Plaintiff. No further response is required.

III. **PLAINTIFF IS NOT ENTITLED TO THE PRIVATE PERSONNEL FILE INFORMATION OF DEFENDANT AMTRAK'S NON-PARTY EMPLOYEES (REQUEST NOS. 4-13)**

Plaintiff's requests seek production of non-party personnel files. Plaintiff seeks personnel files of non-party employees by merely asserting these individuals are "similarly situated" employees treated more favorably than Plaintiff, but provides no factual support for these contentions other than Plaintiff's belief that they were hired before Plaintiff or were somehow less qualified than Plaintiff.

> [D]iscovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination.

*Suggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D. N.Y. 1988) (quoting *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 619 (D.D.C. 1983)). To establish a claim of disparate treatment, the plaintiff has the burden of showing that he was treated differently from persons

1  situated similarly in all relevant aspects." *Smith v. Stratus Computer*, 40 F.3d 11, 17 (1st Cir. 1994), cert denied, 115 S. Ct. 1958, 131 L. Ed. 2d 850 (1995). Discovery in disparate treatment cases has been limited to employees within certain work units and who have suffered similar treatment as the plaintiff. *Robbins v. Camden City Bd. of Education*, 105 F.R.D. 49 (D.N.J. 1985). Here, Plaintiff's mere speculation that the personnel files of supervisors and co-workers who worked in different departments during different time-periods does not establish relevance. *See United States v. Concemi*, 957 F.2d 942, 949 (1st Cir. 1992).

Moreover, California courts have recognized that employment records and personnel files fall within the constitutionally protected right to privacy. *See Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy). In this case, these privacy rights apply to non-parties who are not involved in the litigation. *See Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656. In balancing the right of privacy against the interest in discovery, the party seeking disclosure must meet a high standard, even when discovery of private information is found directly relevant to the litigation, it will not be automatically allowed; there must be a careful balancing of the compelling public need for discovery against the fundamental right of privacy. *Board of Trustees*, 119 Cal.App.3d at 525. Indeed, "the initiation of a lawsuit does not, by itself, grant [a plaintiff] the right to rummage unnecessarily and unchecked through the private affairs of anyone he chooses." *Cook v. Yellow Freight Systems, Inc.* 132 F.R.D. 548, 551 (E.D. Cal. 1990).

For these reasons, Plaintiff is not entitled to the private personnel information in Request Nos. 4 through 13, and Plaintiff should be precluded from reopening discovery to address these matters.

### IV. PLAINTIFF IS NOT ENTITLED TO DOCUMENTATION REGARDING INDIVIDUAL DEFENDANT JOE DEELY'S FINANCIAL INFORMATION (REQUEST NO.15)

First, Plaintiff's motion to compel documents regarding the individual Defendant Joe Deely's financial information is improperly directed to Defendant Amtrak. Amtrak does not have access to the personal and private financial information of its individual employees and therefore cannot produce the requested information. Plaintiff did not serve a request to Defendant Deely

4

1 | pursuant to Rule 34, and may not obtain his private financial information via a request to his employer. Moreover, to the extent Amtrak has any responsive information in its possession, custody, or control regarding Defendant Deely's financial, Plaintiff's request violates Deely's right to privacy, is premature, and is not supported by law.

Plaintiff contends that the financial information of the individual defendant is relevant to Plaintiff's request for punitive damages. An employee who brings an employment discrimination action against an employer and supervisor is not entitled to collect damages from a supervisor under 42 U.S.C. Section 1981, because a supervisor, as an employee, may not be held liable for monetary damages under Title VII and remedies authorized by 42 U.S.C. § 1981a are parallel to Title VII remedies. *See, Sattar v. Unocal Corporation et al.*, 829 F.Supp. 331, 336 (N.D. Cal 1993). Moreover, 42 U.S.C §1981 does not, either expressly or impliedly, create additional causes of action for employment discrimination plaintiffs. The statute solely provides for compensatory and punitive damages as authorized by Section 1981a against a respondent who violates the provisions of Title VII. *See Sattar*, 829 F.Supp at 333.

For purposes of Title VII claims, the Ninth Circuit determined plaintiffs cannot recover damages from individual officers or employees, but only from the employer. *See Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587-588 (9th Cir. 1993) cert. denied, sub nom *Miller v. La Rosa*, 114 S. Ct. 1049 (1994) and reh'g denied, sub nom *Miller v. La Rosa*, 114 S. Ct. 1585 (1994). The *Miller* court reasoned that in drafting 42 U.S.C. § 1981a of the Civil Rights Act of 1991, which permits compensatory and punitive damages for intentional discrimination, Congress specifically limited the damages available depending upon the size of the respondent employer. *Miller*, 991 F.2d at 588. Therefore, if Congress had envisioned individual liability under Title VII for compensatory or punitive damages, it would have included individuals in this litany of limitations and would have discontinued the exemption for small employers. *Id*.

Plaintiff cites *Oakes v. Halvorsen Marine LTD*, 179 F.R.D. 281 (C.D. Cal. 1998) for the proposition that disclosure of an individual's financial information is relevant to punitive damages claims under the Federal Rules of Civil Procedure and the privacy safeguards set forth under California law are inapplicable in federal cases.

In *Oakes*, the issue of punitive damages was raised in the context of defendants' counterclaims against plaintiff (trustee of a family trust) for defamation and trade libel. Before compelling production of the trustee's financial information, the court concluded defendants had a substantial punitive damages claim by granting defendants' preliminary injunction based on a preliminary finding plaintiff had libeled defendants in several instances. *Oakes*, at 286. Although the court recognized privacy as a valid objection to discovery under Rule 26(b)(5), it determined that the privacy interests of the individual in that case were outweighed by the probative value of disclosing the financial information. *Id*. The same reasoning does not apply here where Plaintiff simply identifies Defendant Deely as the agent through whom Plaintiff attributes the alleged discriminatory and retaliatory conduct *to the Company*. Plaintiff has made no effort to show he is likely to obtain punitive damages against Defendant Deely for the purpose of compelling disclosure of his private and sensitive financial information at this juncture of the litigation.

Moreover, in *Oakes*, the court stated that "to the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery." *Oakes* at 284. The court also recognized the need to balance the responding party's privacy rights against a party's need for discovery. Here, Plaintiff argues he must have this information now to assess the amount of punitive damages he may be awarded after Plaintiff makes the requisite showing of malicious or oppressive conduct. Unlike Oakes, there has been no determination on the validity of Plaintiff's punitive damages claims in this case. In fact, Plaintiff is precluded as a matter of law from seeking punitive damages against the individual defendants under Section 1981 and Title VII. Moreover, in light of Defendants' upcoming motion for summary judgment, it is likely that the individual defendants will be dismissed from many, if not all, of Plaintiff's claims.

Accordingly, Defendant respectfully submits that the Court consider the extreme invasion of the privacy rights of the individual defendant if disclosure of his financial condition is ordered prior to Plaintiff establishing liability that may entitle him to punitive damages. The only way Plaintiff could ever make a showing sufficient to overcome the privacy interest would be to demonstrate punitive damages would likely be awarded against the individual defendant. Here,

not only has Plaintiff failed to make the showing, his punitive damage claims against the defendants are barred as a matter of law.

V. **DEFENDANT DID NOT WAIVE ITS OBJECTIONS AND IS NOT REQUIRED TO IDENTIFY DOCUMENTS PRODUCED WITH PARTICULARITY**

Objections to a set of discovery are not waived where a responding party has responded to some, but not all of the discovery. *Cahela v. James D. Bernard, D.O., P.C.*, 155 F.R.D. 221 (N.D. Ga. 1994). In *Cahela*, the party responding to discovery served timely responses with unmeritorious objections. *Id.* at 227, n.4. After the time to respond to the discovery had elapsed, the responding party served further responses, adding in objections. *Id.* The propounding party contended that the objections contained in the supplemental responses had been waived. *Id.* at 227. The *Cahela* court disagreed. The Court found case law unpersuasive that held waiver of objections for responses that were not served at all. *Id.* Additionally, the Court noted that given the responding party's service of supplemental responses, upon realization of its error, it was only equitable to find that the objections were not waived. *Id.*

The instant case is even more compelling than *Cahela*. Here, it is undisputed Defendants served over 10,000 documents in a timely manner. Additionally, assuming Plaintiff's contention that written responses and objections were not served with documents is true, Defendants remedied that deficiency immediately. Counsel for Defendants was under the impression that the written responses had been served with the documents that had been produced. Since Plaintiff insisted that such responses had not been served with the documents, counsel for Defendant re-served the responses. Thus, like the *Cahela* case, Defendants in this matter corrected any errors as soon as possible. Accordingly, this Court, like the *Cahela* court, should find that objections have not been waived.

Moreover, Defendant is not required as requested by Plaintiff to identify the documents it produced by Bates number or in any other sort of itemized form. Defendant produced documents as they are kept in the usual course of business pursuant to Fed.R.Civ.Proc. 34(b).

VI. **PLAINTIFF DOES NOT HAVE GOOD CAUSE TO MODIFY THE COURT'S DISCOVERY ORDER**

A pre-trial order can only be modified upon a showing of good cause. Fed. R. Civ. P.

7

16(f). Rule 16(b)'s 'good cause' standard focuses on the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R. Civ.P.16 advisory committee's notes (1983 amendment) [citations omitted]. Moreover carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union* 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed. 2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same). *Johnson v. Mammoth Recreations Inc.* (9th Cir. 1992) 975 F.2d 604, 609. If the party seeking the modification is not diligent, the inquiry regarding good cause "should end." *Id.*

Plaintiff here has not been diligent. Plaintiff has been in possession of 10,000 responsive documents since August, 2006. After receiving the documents, she waited two weeks to inform Defense counsel that she did not receive written responses. On October, 11, 2006, written responses were served. Almost two-and-half months later, on December 22, 2006, after having been in possession of the documents for almost four months, Plaintiff raised concerns regarding the responses to the request for production of documents. In a good faith attempt to meet and confer, Defendants served supplemental responses on January 22, 2007. Over one month later, Plaintiff brought this motion to compel and enlarge the time for discovery, which will not be heard until approximately three weeks after the discovery deadline. This is dilatory, not diligent behavior. Consequently, there is no good cause to modify the order of the court and enlarge discovery cut-off.

///
///
///
///
///
///

8

## VII. CONCLUSION

For all of the foregoing responses, Defendant respectfully requests this Court to deny Plaintiff's motion to compel further responses to Request for Production of Documents and to deny Plaintiff's motion to extend the non-expert discovery deadline.

Respectfully submitted,

Date: March 27, 2007                                JACKSON LEWIS LLP


By: /s/ Kathy Maylin
Kathleen Maylin
Cara Ching-Senaha
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and
JOE DEELY