1     KATHLEEN MAYLIN (SBN (SBN 155371)
      CARA CHING-SENAHA (SBN 298467)
2     JACKSON LEWIS LLP
      199 Fremont Street, 10th Floor
3     San Francisco, California 94105
      Telephone: (415) 394-9400
4     Facsimile: (415) 394-9401

5     Attorneys for Defendants
      NATIONAL RAILROAD PASSENGER
6     CORPORATION dba AMTRAK and JOE DEELY

7

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   JOHN EARL CAMPBELL, | Case No. C05-05434 MJJ |
| 12         Plaintiff, | **DEFENDANT JOSEPH DEELY'S** |
| 13     v. | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL** |
| 14   NATIONAL RAILROAD PASSENGER | **SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND** |
| 15   CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive, | **AUTHORITIES** |
| 16         Defendants. | [Declarations and Evidence in Support of Motion concurrently filed] |

Date:         May 8, 2007
Time:         9:30 a.m.
Courtroom:   11
Floor:         19
Judge:        The Hon. Martin J. Jenkins

Complaint Filed:     12/30/05
FAC Filed:        2/23/06
Trial:          7/23/07

**[Fed.R.Civ.Proc. 56]**

**Table Of Contents**

Page

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR
    ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT ............................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 3

I.      INTRODUCTION ................................................................................................ 3

II.     STATEMENT OF FACTS .................................................................................... 4

III.    LEGAL ARGUMENT ........................................................................................... 5

        A.      Summary Judgment is Proper In This Case Because There are No Genuine
                Issues of Disputed Material Facts ............................................................. 5

        B.      Campbell's Claim for Retaliation in Violation of 42 U.S.C. § 1981 is
                Barred as Matter of Law .......................................................................... 6

        C.      Campbell's Retaliation Claim Under FEHA Fails as a Matter of Law ................. 6

                1.      Campbell's FEHA Retaliation Claim is Barred by Campbell's
                        Failure to Exhaust His Mandatory Administrative Remedies
                        Against Defendant ...................................................................... 6

                2.      Campbell's FEHA Retaliation Claim based on Failure to Promote is
                        Time-Barred ............................................................................. 8

                3.      Campbell Cannot State a Prima Facie Case of Retaliation under the
                        FEHA ...................................................................................... 8

                        a.      Deely Was not Aware of Campbell's Complaint to the
                                EEOC ............................................................................. 9

                        b.      The Temporal Proximity Between Campbell's Complaint to
                                the EEOC and His Termination of Employment Is
                                Insufficient as a Matter of Law to Prove Retaliation ................. 9

                4.      Even if Campbell Could State a Prima Facie Case of Retaliation
                        under the FEHA, He Cannot Rebut Amtrak's Legitimate Reasons
                        for Terminating His Employment ................................................. 10

        D.      Campbell's Emotional Distress Claims Fail as a Matter of Law ..................... 11

                1.      Campbell's Intentional Infliction of Emotional Distress ("IIED")
                        Claim is Barred Because Personnel Decisions Are Not Sufficiently
                        Extreme or Outrageous As a Matter of Law .................................... 11

                2.      Campbell's Negligent Infliction of Emotional Distress Claim
                        ("NIED") Is Barred Because the Act of Termination or Failure to
                        Hire Campbell Involves No Negligence ......................................... 12

3. Campbell's Intentional and Negligent Infliction of Emotional Distress Claims Are Preempted by Federal Law ...................................... 12

E. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS BARRED ................... 13

1. California Law Bars Campbell's Claim for Punitive Damages................. 13

2. Federal Law Bars Campbell's Claim for Punitive Damages.................... 14

IV. CONCLUSION.................................................................................................. 15

1

## Table Of Authorities

2

Page

3

<u>FEDERAL CASES</u>

4

Anheuser-Busch, Inc. v. Natural Beverage Distributors
   69 F.3d 337, 343 (9th Cir. 1995) ................................................................ 6

5

Beanland v. Chicago, Rock Island and Pacific Railroad Co.
   480 F.2d 109, 113 (8th Cir. 1973) .............................................................. 13

6

Brooks v. City of San Mateo
   229 F.3d 917 (9th Cir. 2000) ................................................................. 8, 10

7

8

Buscemi v. McDonnell Douglas Corp.
   736 F.2d 1348 (9th Cir. 1984) .................................................................. 11

9

Celotex Corp. v. Catrett
   477 U.S. 317, 106 S.Ct. 2548 (1986) .......................................................... 5

10

11

Clark Co. School Dist. v. Breeden
   532 U.S. 268 (2001) ................................................................................. 9

12

Cohen v. Fred Meyer, Inc.
   686 F.2d 793, 796 (9th Cir. 1982) .............................................................. 9

13

14

Coleman v. Quaker Oats Co.
   232 F.3d 1271, 1282 (9th Cir. 2000) ........................................................ 10

15

Consolidated Rail Corp. v. Gottshall Consolidated Rail Corp.
   512 U.S. 532 (1994) ............................................................................... 13

16

17

Edwards v. U.S. Fid. & Guar. Co.
   848 F.Supp. 1460, 1466 (N.D. Cal. 1994) ................................................. 12

18

Filipovic v. K & R Express Sys., Inc.
   176 F.3d 390, 399 (7th Cir. 1999) ............................................................ 10

19

20

Grenell v. UPS Health & Welfare Package (C.D. Cal. 2005)
   390 F.Supp.932, 934-36 .......................................................................... 7

21

Higgins v. Metro-North Railroad Co., 143 F.Supp.2d 353, 361
   (S.D.N.Y. 2001) .................................................................................... 13

22

23

Jamison v. Encarnacion, 281 U.S. 635
   (1949) .................................................................................................. 13

24

Kolstad v. Am. Dental Ass'n
   527 U.S. 526,119 S. Ct. 2118 (1998) ........................................................ 14

25

26

Persons v. United Postal Service, Inc.
   502 F.Supp.1176, 1777 (N.D. Ga. 1980) .................................................... 6

27

28

///

iii

DEF. JOSEPH DEELY'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MPA        Case No. C05-05434 MJJ

Slaughter v. Atlantic Coast Line Railroad
   302 F.2d 912 (D.C. Cir. 1962)................................................................. 13

Teague v. National Railroad Passenger Corp.
   708 F.Supp. 1344 (D. Mass. 1989) ........................................................ 13

Toscano v. Burlington Northern Railroad Co.
   678 F.Supp. 1477, 1479 (D. Mont. 1987).............................................. 12

Villiarimo v. Aloha Island Air
   281 F.3d 1054, 1065 (9th Cir. 2002) ...................................................... 9

White v. Burlington Northern & Santa Fe Rv. Co.
   364 F.3d 789, 805 (6th Cir. 2004) (en banc) ........................................ 14

STATE CASES

Alcorn v. Anbro Engineering, Inc.
   2 Cal.3d 493, 499 (1970) ..................................................................... 11

Basich v. Allstate Ins. Co.
   87 Cal.App.2d 1112, 1118-19 (2001) ................................................... 13

Cole v. Fair Fire Protection Dist.
   43 Cal.3d 148, 155 (1987) ................................................................... 11

Cucuzza v. City of Santa Clara
   104 Cal.App.4th 1031 (2002) ................................................................ 8

Dyna-Med, Inc. v. Fair Employment & Hous. Comm'n
   43 Cal.3d 1379, 1392 (1987) ............................................................... 13

Hersant v. Dept of Social Srvs.
   57 Cal.App.4th 997, 1004-05 (1997)..................................................... 10

Hollon v. Pierce
   257 Cal.App.2d 468, 475 (1967) ............................................................ 7

Martin v. Lockheed Missiles & Space Co.
   29 Cal.App.4th 1718, 1724 (1994) ......................................................... 6

Miller v. United Airlines. Inc.
   174 Cal.App.3d 878, 890 (1985) ............................................................ 7

Morgan v. Regents of University of California
   88 Cal.App.4th 52, 70 (2000) ................................................................ 9

Okoli v. Lockheed Technical Operations Co.
   36 Cal.App.4th 1607, 1613 (1995) ......................................................... 7

Rojo v. Kliger
   52 Cal.3d 65, 83 (1990) ......................................................................... 7

///

Semore v. Pool
    217 Cal.App.3d 1087, 1105 (1990) ..................................................................... 12

Taylor v. Superior Court
    24 Cal.3d 890, 895 (1979) ................................................................................. 14

Trerice v. Blue Cross of California
    209 Cal.App.3d 878, 883 (1989) ....................................................................... 12

White v. Ultramar, Inc.
    21 Cal.4th 563, 569 (1999) ............................................................................... 13

Yanowitz v. L'Oreal USA, Inc.
    36 Cal.4th 1028, 1042 (2005) ............................................................................. 8

## FEDERAL STATUTES

42 U.S.C. § 1981 ................................................................................... i, 1, 3,6

42 U.S.C. § 1981a(b)(1) ................................................................................. 14

45 U.S.C. § 51 ............................................................................................... 13

Civ. Code § 3294(b) ...................................................................................... 14

Civ. Code § 3294(c)(1) .................................................................................. 14

## STATE STATUTES

Cal. Civ. Code § 3294(a) ............................................................................... 13

Cal. Gov't. Code § 12960 ................................................................................ 6

Cal. Gov't. Code §12960 .............................................................................. 6, 7

Cal. Gov't. Code §12960(d) ............................................................................. 8

## FEDERAL RULES

Fed.R.Civ.Proc. 56 .......................................................................................... 1

1  **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR**

2  **ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

3  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

4  PLEASE TAKE NOTICE THAT on May 8, 2007, at 9:30 a.m. in Courtroom 11 of the

5  above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant

6  JOSEPH DEELY will move this Court for an order granting summary judgment in favor of

7  Defendant and against Campbell JOHN CAMPBELL ("Campbell") as to Campbell's First

8  Amended Complaint in its entirety, or alternatively, partial summary judgment as to each claim

9  for relief and on the claim for punitive damages.

10  Defendant brings this motion on the following grounds:

11  1.    Campbell's second claim for relief for retaliation under 42 U.S.C. § 1981 is barred

12  as a matter of law because there is no viable claim for retaliation under the statute.

13  3.    Campbell's third claim for relief for retaliation in violation of California's Fair

14  Employment and Housing Act (FEHA) fails as a matter of law because it is time-barred as to

15  Campbell's failure to promote claims, Campbell did not exhaust his mandatory administrative

16  remedies, and because plaintiff cannot establish a causal link between his alleged complaints

17  during his employment and any alleged adverse action sufficient as a matter of law to state a

18  prima facie case for retaliation under the FEHA.

19  4.    Campbell's fifth and sixth claims for intentional and negligent infliction of

20  emotional distress, respectively, are barred because personnel decisions are not sufficiently

21  extreme or outrageous as a matter of law and because such claims are preempted by federal law.

22  6.    If the Court does not grant summary judgment on all claims, Campbell's claim for

23  punitive damages must fail as a matter of law because Campbell cannot establish that Deely acted

24  with the requisite intent or disregard of plaintiff's rights.

25  This motion is made pursuant to Federal Rules of Civil Procedure, Rule 56, and is based

26  on the grounds that no genuine fact issues exist and that Defendants are entitled to prevail on

27  Campbell's First Amended Complaint or the issues set forth above as a matter of law.

28  This motion is based on this Notice and Memorandum of Points and Authorities and

1  concurrently filed Declarations and Evidence in Support of Motion for Summary Judgment or

2  Partial Summary Judgment, the Declarations of Steve Shelton, Joseph Deely, and Cara Ching-

3  Senaha, together with such oral and documentary evidence as may be permitted.  The Parties

4  through their counsel are in the process of meeting and conferring regarding submission of a joint

5  separate statement, in accordance with the Hon. Martin J. Jenkins' Standing Order.  A joint

6  separate statement will be filed on or before the tenth court day preceding the hearing on

7  Defendants' motion.

8                                         Respectfully Submitted,

9  Date: _April 3_, 2007          JACKSON LEWIS LLP

10

11                                      By: _Cara Chng-s_

12                                          KATHLEEN MAYLIN
                                            CARA CHING-SENAHA
13                                          Attorneys for Defendants
                                            NATIONAL RAILROAD PASSENGER
14                                          CORPORATION dba AMTRAK and JOE
                                            DEELY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Defendant Amtrak terminated John Campbell's employment because of Campbell's

4    history of serious safety violations.   Not surprisingly, Defendant Amtrak denied Campbell

5    promotions to an Engineer trainee position—a safety-sensitive position—during the same time

6    frame.   Deely had no involvement in the decisions not to promote Campbell to the Engineer

7    position.   Individually-named Defendant Joseph Deely had no involvement in the decision to

8    terminate Campbell's employment other than perhaps approving the recommendation from

9    Campbell's supervisor.     Deely is Amtrak's General Superintendent with responsibility for the

10    Company's Pacific Division, including several departments and approximately 1,250 employees.

11    Deely is an inappropriate Defendant in this action based solely on his remote, limited, and purely

12    high-level supervisory position over Campbell.

13    Campbell alleges the following four claims for relief against Deely: (1) retaliation in

14    violation of 42 U.S.C. § 1981; (2) retaliation in violation of the Fair Employment and Housing

15    Act (FEHA); (3) intentional infliction of emotional distress; and (4) negligent infliction of

16    emotional distress.  Deely asks the court to summarily adjudicate all of the claims in Campbell's

17    First Amended Complaint in his favor because each fails to state a triable issue of material fact.

18    Campbell's second and third claims, for retaliation under 42 U.S.C. § 1981 and under

19    FEHA are without merit.  Retaliation is not a viable claim under 42 U.S.C. § 1981.  Campbell's

20    FEHA claim for retaliation based on failure to promote is time barred because he did not file it

21    within one year of his last failure to promote claim.  His termination claim is barred because he

22    failed to name Deely individually and therefore failed to exhaust his mandatory, administrative

23    remedies.  Lastly, even if Campbell can proceed with his retaliation claim, he cannot state a prima

24    facie case because he cannot prove the necessary causal link between his charge of discrimination

25    and his termination of employment or his failure to promote claims; and he cannot rebut Amtrak's

26    legitimate, non-retaliatory reasons for terminating his employment.

27    Campbell's claims for intentional and negligent infliction of emotional distress also are

28    without merit because personnel decisions are not sufficiently extreme or outrageous as a matter

1  of law and because Campbell has no other evidence of conduct by Deely at all, let alone extreme

2  or outrageous to cause him emotional distress.

3        Campbell cannot establish any competent evidence to support any of his causes of action.

4  Therefore, Deely respectfully requests this Court grant this motion in its entirety.

5  **II.    STATEMENT OF FACTS**

6        Deely has been employed as General Superintendent for Amtrak with responsibility for

7  the Company's Pacific Division since November 2002.  *See* Declaration of Joseph Deely in

8  Support of Motion for Summary Judgment ("Deely Decl.") ¶ 1.)  As General Superintendent of

9  the Pacific Division, he is ultimately responsible for supervising all of the departments in the

10 Division, including transportation, mechanical, on-board service, and station, which includes

11 approximately 1,250 employees. (Deely Decl. ¶ 2.)  Deely has five direct reports including three

12 District Superintendents, a Manager of Business Operations, and an Administrator.  (Deely Decl.

13 ¶ 2.)

14       As General Superintendent, Deely routinely reviews and approves the written

15 recommendations of his District Superintendents via written Discipline Assessment Worksheets

16 with respect to their evaluations and assessments of employee discipline. (Deely Decl. ¶ 3.)  He

17 also routinely reviews and approves any such Discipline Assessment Worksheet by one of his

18 Superintendents that recommends an employee for termination for violating Amtrak rules and

19 policies.  (Deely Decl. ¶ 3.)

20       Steve Shelton was the Bay District Superintendent at the time of Campbell's termination

21 of employment on September 17, 2004.  (Deely Decl. ¶ 4.)  As District Superintendent of the

22 Pacific Division, Shelton is ultimately responsible for supervising all engineers, conductors,

23 station personnel, and on board service employees in the District (approximately 450 employees)

24 and also responsible for the safe and efficient operation of 2,000 miles of railroad. (Shelton Decl.

25 ¶ 2.)  Shelton's responsibilities include evaluating and assessing discipline, up to and including

26 termination, on Amtrak employees who violate Amtrak rules and policies. (Shelton Decl. ¶ 2.)

27 His duties also include ensuring Amtrak employees observe and comply with railroad safety and

28 operations rules and policies. (Shelton Decl. ¶ 2.)

1     Deely does not recall receiving a Discipline Assessment Worksheet from Shelton

2  recommending Campbell's termination of employment, nor does Deely recall speaking with

3  Shelton regarding Campbell's termination in September 2004.  (Deely Decl. ¶ 4.)  However,

4  Deely believes he would have approved Shelton's recommendation to terminate Campbell's

5  employment based on Campbell's history of safety violations.  (Deely Decl. ¶ 4.)

6     At the time Amtrak terminated Campbell's employment, Deely had no information that

7  Campbell had filed an EEOC charge some eight months before (on January 28, 2004), charging

8  that he was passed by for a promotion to Engineer because of his race.  (Deely Decl. ¶ 5.)  Indeed,

9  Deely did not learn of the EEOC or any charge until after Campbell filed his lawsuit on

10  December 30, 2005.  (Deely Decl. ¶ 5.)

11     Deely does not recall ever speaking to or having any interaction with Campbell during his

12  employment with Amtrak.  (Deely Decl. ¶ 6.)  Indeed, Deely did not know who Campbell was

13  and thus also had no awareness of his race during his employment with Amtrak.  (Deely Decl. ¶

14  6.)

15  **III.**  **LEGAL ARGUMENT**

16    **A.**  **Summary Judgment is Proper In This Case Because There are No Genuine**

17       **Issues of Disputed Material Facts**

18     Summary judgment is appropriate where no genuine issues of material fact exist and the

19  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(b); *Celotex Corp. v.*

20  *Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  The moving party bears the initial burden of

21  identifying those facts which it believes demonstrate the absence of a genuine issue of material

22  fact, but the burden is on the party opposing a motion for summary judgment to designate

23  "specific facts showing that there is a genuine issue for trial."  *Celotex, supra,* at 324.  To sustain

24  his burden of proof, Campbell must adduce relevant, admissible evidentiary matter setting forth

25  specific facts based upon personal knowledge.  Fed. R. Civ. P. 56(e).

26     The existence of an alleged factual dispute does not defeat summary judgment; there must

27  be a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A

28  material fact is one which might affect the outcome of the case under governing law.  *Anheuser-*

1   *Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 343 (9th Cir. 1995) (citing *Anderson*

2   *v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*).  To preclude summary judgment, the dispute

3   about a material fact must also be "genuine," such that a reasonable jury could find in favor of

4   Campbell. *Id.*

5      Where, as here, Campbell cannot meet this burden, Defendant's summary judgment

6   motion must be granted.

7     **B.** **Campbell's Claim for Retaliation in Violation of 42 U.S.C. § 1981 is Barred as**

8       **Matter of Law**

9      Unlike Title VII, Section 1981 does not include a provision prohibiting retaliation for

10  engaging in protected acts.  Courts considering the issue have concluded there is no private right

11  of action for retaliation under Section 1981.  In *Walton v. Rockwell International, No.* CV 77-

12  8875-FW, 1980 U.S. Dist. LEXIS 14389 (C.D. Cal.), 24 Fair Empl. Prac. Cas. (BNA) 9555, a

13  plaintiff brought a retaliatory discharge claim under Section 1981.  *Id.*  The *Walton* court

14  dismissed plaintiff's Section 1981 claim, holding "the question of a retaliatory layoff as

15  mentioned hereinabove cannot [be based on] a suit under Title 42, U.S.C. § 1981." *Id.*; *see also*

16  *Persons v. United Postal Service, Inc.*, 502 F.Supp.1176, 1777 (N.D. Ga. 1980) (retaliation is not

17  an independent cause of action under Section 1981).  Accordingly, Campbell's retaliation claim

18  under Section 1981 is barred as a matter of law.

19    **C.** **Campbell's Retaliation Claim Under FEHA Fails as a Matter of Law**

20      1. Campbell's FEHA Retaliation Claim is Barred by Campbell's Failure to
       Exhaust His Mandatory Administrative Remedies Against Defendant

21

22     A plaintiff alleging a statutory violation of FEHA must file an administrative charge with

23  the DFEH within one year of the last allegedly unlawful act. Cal. Gov't. Code §12960.  The

24  timely filing of an administrative complaint and exhaustion of administrative remedies are

25  prerequisites to maintaining a civil action for damages under the California Fair Employment and

26  Housing Act ("FEHA").  Cal. Gov't. Code § 12960; 12965 (b); *Martin v. Lockheed Missiles &*

27  *Space Co.*, 29 Cal.App.4th 1718, 1724 (1994).

28     Campbell never filed a DFEH or an EEOC charge against Deely (Pl. Dep. 134:25-135:6.)

6

DEF. JOSEPH DEELY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MPA  Case No. C05-05434 MJJ

1  Since Campbell did not file a complaint against Deely at all, much less within the one-year time

2  limit, he failed to exhaust his administrative remedies. Cal. Gov't. Code §12960 ("No complaint

3  may be filed [with the DFEH] after the expiration of one year from the date upon which the

4  alleged unlawful practice or refusal to cooperate occurred").

5      FEHA's exhaustion of administrative remedies requirement fulfills a critical policy.

6          The exhaustion requirement serves the important policy interests
           embodied in [FEHA] of resolving disputes and eliminating
7          unlawful employment practices by conciliation . . . as well as the
           salutary goals of easing the burden on the court system, maximizing
8          the use of administrative agency expertise, and capability to order
           and monitor corrective measures, and providing a more economical
9          and less formal means of resolving the dispute . . .

10

11  *Rojo v. Kliger*, 52 Cal.3d 65, 83 (1990).    A plaintiff, like Campbell, who fails to exhaust his

12  administrative remedies, deprives the DFEH of any opportunity to pursue these vital policy

13  interests.  Allowing Campbell to go forward with his retaliation claim against Deely, which was

14  not timely raised at the administrative level, would frustrate the DFEH's investigative and

15  conciliatory role.

16      "The failure to exhaust an administrative remedy is a jurisdictional, not a procedural

17  defect.  *Miller v. United Airlines. Inc.*, 174 Cal.App.3d 878, 890 (1985).  "Judicial review is

18  unavailable until all administrative remedies have been exhausted . . ." *Hollon v. Pierce*, 257

19  Cal.App.2d 468, 475 (1967). (*See also Grenell v. UPS Health & Welfare Package* (C.D. Cal.

20  2005) 390 F.Supp.932, 934-36 (per defendant's Rule 12(b)(6) motion, the court dismissed

21  plaintiff's entire complaint, with prejudice, because plaintiff had not exhausted his administrative

22  remedies); *Koel v. Ashcroft* (N.D.Cal. 2004) 2004 U.S. Dist. LEXIS 20362    (court granted

23  defendant's 12 (b)(6) motion and dismissed, with prejudice, the claims for which plaintiff had

24  failed to exhaust her administrative remedies).  The failure to exhaust administrative remedies

25  deprives the court of jurisdiction over such claims. *Okoli v. Lockheed Technical Operations Co.*,

26  36 Cal.App.4th 1607, 1613 (1995).

27      Since Campbell failed to exhaust his administrative remedies with respect to his claim of

28  retaliation against Deely, he has deprived this Court of jurisdiction over the claim. *Id.*

2.    Campbell's FEHA Retaliation Claim based on Failure to Promote is Time-Barred

Campbell claims he was retaliated against by being denied a promotion as a result of his complaints to the DFEH and EEOC in February 2004 regarding Amtrak's failure to promote him and other African-American employees. Campbell's last attempt to apply for promotion to an engineer position was in July 2004. Campbell was on notice that Amtrak had denied his application for that promotion on or before August 10, 2005 based on a letter to Campbell from his Union to that effect on the same date. (Pl. Dep. 229:14-22.) Campbell did not file a complaint for retaliation with the DFEH until August 16, 2005. Therefore, Campbell's last failure to promote claim predated the filing of his DFEH Complaint by more than one year.

The court in *Cucuzza v. City of Santa Clara,* 104 Cal.App.4th 1031 (2002) held plaintiff's gender discrimination claim was barred by the statute of limitations where the statute began running as soon as the employer refused her request to transfer out of the department. *See id.* at 1042-2043 ("We can conceive of little that would be a more definitive denial of plaintiff's request to perform certain job duties than an offer to transfer her out of the job altogether.").

Therefore, the one-year limitations period in Government Code Section 12960(d) began running on or before August 10, 2004 when Campbell was on notice of the Amtrak's denial of his last attempt at promotion to the Engineer position. Campbell did not file a Complaint with the DFEH until August 16, 2005, more than one year later. His retaliation claim premised on failure to promote is therefore time-barred.

3.    Campbell Cannot State a Prima Facie Case of Retaliation under the FEHA

Even if Campbell had timely filed an administrative complaint of retaliation with the DFEH against Deely, and even if the Court thereby had jurisdiction to enforce the claim, Campbell still cannot state a prima facie case of retaliation.

To state a prima facie case of retaliation, Campbell must show he engaged in protected activity, he was subjected to an adverse employment action, and a causal link exists between the protected activity and adverse action. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005); *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) (plaintiff must demonstrate a

1    causal relationship between protected complaints and an adverse employment action).

2                    a.    Deely Was not Aware of Campbell's Complaint to the EEOC

3            An employer cannot be liable for retaliation if it was unaware of the plaintiff's protected

4    activities. "Essential to a causal link is evidence that the employer was aware that the plaintiff

5    had engaged in the protected activity." *Morgan v. Regents of University of California*, 88

6    Cal.App.4th 52, 70 (2000) (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.

7    1982). Campbell was one of 1,250 employees for whom Deely was ultimately responsible.

8    (Deely Decl. ¶ 2). Deely was not only unaware that Campbell complained to the EEOC regarding

9    his failure to promote claims, he was unaware that Campbell even existed until he filed this

10   Complaint. (Deely Decl. ¶ 6.)    Campbell has absolutely no evidence that Deely had any

11   influence whatsoever on the decision to terminated Campbell's employment. He has only rumor.

12                    16    Q.    Okay. All right. What information do you

13                    17 have, Mr. Campbell, that Mr. Deely had any influence on

14                    18 your termination?

15                    19    A.    All I have is word of mouth, you know.

16

17   (Pl. Dep. 212:16-19.)

18           Therefore, there is no evidence of a causal connection between Campbell's termination

19   and his complaints to the EEOC sufficient to establish a prima facie case against Deely.

20                    b.    The Temporal Proximity Between Campbell's Complaint to the
                            EEOC and His Termination of Employment Is Insufficient as a
21                          Matter of Law to Prove Retaliation

22           The cases that accept "mere temporal proximity" between an employer's knowledge of a

23   protected activity and an adverse action as sufficient evidence of causality to establish a *prima*

24   *facie* case uniformly hold that the temporal proximity must be "very close." *Clark Co. School*

25   *Dist. v. Breeden*, 532 U.S. 268 (2001). "[I]n order to support an inference of retaliatory motive,

26   the termination must have occurred 'fairly soon after the employee's protected expression.'"

27   *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002) (quoting *Paluck v. Gooding*

28   *Rubber Co.*, 221 F.3d 1003, 1009-10 (7th Cir. 2000).) On the other hand, "[a] substantial time

1  lapse between the protected activity and the adverse employment action 'is counter-evidence of

2  any causal connection.'" *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 399 (7th Cir. 1999)

3  (holding that a four-month delay between the protected activity and the Campbell's termination

4  precluded plaintiff from establishing a causal nexus).

5       In this case, Campbell filed an EEOC complaint alleging race discrimination and

6  retaliation in February 2004. Campbell's employment was not terminated until September 2004,

7  eight months later. This substantial time lapse "is counter-evidence of any causal connection"

8  between Campbell's filing of the EEOC complaint and his termination. *Id.* Furthermore, this

9  eight-month lag is longer than the four-month delay that precluded the plaintiff in *Filipovic* from

10  establishing a causal nexus between his protected activity and his termination. *Id.* Thus,

11  Campbell cannot establish a causal nexus between his termination and his participation in a

12  protected activity in order to maintain his retaliation claim.

13       4.    Even if Campbell Could State a Prima Facie Case of Retaliation under the
            FEHA, He Cannot Rebut Amtrak's Legitimate Reasons for Terminating
14          His Employment

15       Even if Campbell could establish a prima facie case, Amtrak need only articulate a

16  legitimate, non-retaliatory reason for the adverse employment decision. *Brooks v. City of San*

17  *Mateo*, 229 F.3d 917 (9th Cir. 2000) (plaintiff must demonstrate a causal relationship between

18  protected complaints and an adverse employment action). Thereafter, Campbell has the ultimate

19  burden of proving Amtrak's rationale is pretextual. Evidence of pretext must be "specific [and]

20  substantial." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000); *Hersant v. Dept*

21  *of Social Srvs.*, 57 Cal.App.4th 997, 1004-05 (1997). (plaintiff must rebut employer's reasons

22  with substantial evidence, not by speculation and conjecture).

23       Amtrak terminated Campbell's employment consistent with its progressive discipline

24  guidelines after he had three serious rules violations. The final straw was broken when Campbell

25  was charged with cutting the brakes on a locomotive and failing to properly secure it prior to

26  coupling it with other cars in July 2004. Cutting out the brakes is strictly prohibited and

27  egregiously violates Amtrak's written rules and procedures. Campbell was charged with five

28

DEF. JOSEPH DEELY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MPA        Case No. C05-05434 MJJ

1   violations of portions of Amtrak's Service Standards for Train Service Employees, Amtrak's

2   General Code of Operating Rules, and Amtrak Air Brake and Train Handling Rules and

3   Instructions.  Given the seriousness of the charges and the District Superintendent's review of

4   Campbell's prior safety record which showed he had two prior disciplinary actions in his file

5   based on either admitted or adjudicated violations (and the last one resulted in a twenty-day

6   suspension of ten actual days and ten held in abeyance), the Superintendent concluded that the

7   appropriate and just discipline was termination.    Campbell appealed the charge up two tiers to

8   the Public Law Board where an impartial hearings officer determined Campbell had committed

9   the offenses as charged.

10      The foregoing evidence establishes that Amtrak's decision to terminate Campbell's

11  employment, even if approved by Deely, was based on legitimate, non-retaliatory business

12  reasons.  Campbell cannot rebut Amtrak's evidence with competent evidence, and therefore

13  Deely is entitled to summary judgment on this claim

14      **D.    Campbell's Emotional Distress Claims Fail as a Matter of Law**

15          1.    Campbell's Intentional Infliction of Emotional Distress ("IIED") Claim is
                  Barred Because Personnel Decisions Are Not Sufficiently Extreme or
16                Outrageous As a Matter of Law

17      To establish an IIED claim, Campbell must show that (1) Defendant engaged in extreme

18  and outrageous conduct; (2) Defendant had the intention to cause or recklessly disregarded the

19  probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and

20  proximate cause of the emotional distress. *See Cole v. Fair Fire Protection Dist.*, 43 Cal.3d 148,

21  155 (1987).   More specifically, Campbell must prove that Defendant's actions were "so extreme

22  and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious,

23  and utterly intolerable in a civilized community." *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d

24  493, 499 (1970).

25      Employment terminations do not constitute "outrageous" conduct as a matter of law. *See*

26  *e.g., Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348 (9th Cir. 1984) (in applying California

27  law, the Court held plaintiff's allegation that he was terminated in a "callous and insensitive

28

1  manner" without cause and for pretextual reasons, was insufficient to establish IIED); *Trerice v.*

2  *Blue Cross of California*, 209 Cal.App.3d 878, 883 (1989) (retracting a severance package and

3  forcing an employee to work in a menial job until she was terminated insufficient as a matter of

4  law).

5      Deely was not responsible for deciding whether Campbell would be promoted to an

6  Engineer position (Deely Dep. 85:14-19), and Campbell has no evidence to the contrary (Pl.

7  Dep.214:6-22). Deely cannot recall ever reviewing Campbell's performance or approving his

8  termination of employment.  Even if he had, Deely approving Plaintiff's termination, which was

9  upheld after two levels of appeal and finally adjudicated as valid by a neutral, cannot support an

10  IIED claim against Defendant as a matter of law.

11              2.    <u>Campbell's Negligent Infliction of Emotional Distress Claim ("NIED") Is</u>

12                  <u>Barred Because the Act of Termination or Failure to Hire Campbell</u>
                <u>Involves No Negligence</u>

13      Employment terminations and failures to hire are inherently intentional acts.  As such,

14  they cannot possibly support NIED claims.  *Semore v. Pool*, 217 Cal.App.3d 1087, 1105 (1990)

15  ("It is clear...that there was no duty not to discharge plaintiffs and that any actions by the

16  employer were intentional, not negligent."); *Edwards v. U.S. Fid. & Guar. Co.*, 848 F.Supp.

17  1460, 1466 (N.D. Cal. 1994) (applying California law) ("where the conduct is intentional, it

18  cannot be used as the basis for a negligent infliction of emotional distress claim.").

19      Therefore, Defendant is entitled to judgment as a matter of law on Campbell's NIED

20  claim.

21              3.    <u>Campbell's Intentional and Negligent Infliction of Emotional Distress</u>

22                  <u>Claims Are Preempted by Federal Law</u>

23      The "FELA presents the exclusive remedy in all actions falling within the ambit of the

24  Act, to the exclusion of the common and statutory law of the several states." *Toscano v.*

25  *Burlington Northern Railroad Co.*, 678 F.Supp. 1477, 1479 (D. Mont. 1987).    The FELA

26  provides: "Every common carrier by railroad while engaging in [interstate] commerce...shall be

27  liable in damages to any person suffering injury while he is employed by such carrier in such

28  commerce. For such injury...resulting in whole or in part from the *negligence* of any of the

1   officers, agents, or employees of such carrier.....''  45 U.S.C. § 51 (emphasis added).  Thus,

2   Campbell's claims for negligent infliction of emotional distress are preempted by the FELA,

3   codified at 45 U.S.C. § 51; *Consolidated Rail Corp. v. Gottshall Consolidated Rail Corp.*, 512

4   U.S. 532 (1994).

5        FELA has also been extended to intentional torts. *Jamison v. Encarnacion*, 281 U.S. 635

6   (1949); *Slaughter v. Atlantic Coast Line Railroad*, 302 F.2d 912 (D.C. Cir. 1962).  Emphasizing

7   only intentional infliction of emotional distress claims, the "majority of courts...have held there

8   can be no recovery under FELA for intentional infliction of emotional distress, absent physical

9   contact or threat of physical contact." *Higgins v. Metro-North Railroad Co.*, 143 F.Supp.2d 353,

10   361 (S.D.N.Y. 2001); *see also Teague v. National Railroad Passenger Corp.*, 708 F.Supp. 1344

11   (D. Mass. 1989) (holding that FELA preempts state law claims for intentional infliction of

12   emotional distress).  In this case, Campbell is alleging intentional infliction of emotional distress

13   arising from allegations of wrongful termination and failure to promote.  Wrongful discharge is

14   not cognizable under FELA. *Beanland v. Chicago, Rock Island and Pacific Railroad Co.*, 480

15   F.2d 109, 113 (8th Cir. 1973).  For these reasons, Campbell's negligent and intentional infliction

16   of emotional distress claims must be dismissed.

17        **E.**   **PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS BARRED**

18           1.   California Law Bars Campbell's Claim for Punitive Damages

19        Punitive damages are awarded not to compensate a tort victim but to punish persons

20   "guilty of recklessness or wickedness." *White v. Ultramar, Inc.*, 21 Cal.4th 563, 569 (1999).

21   California law "codifies the universally recognized principle that '[t]he law does not favor

22   punitive damages and they should be granted with the greatest caution.'" *Dyna-Med, Inc. v. Fair*

23   *Employment & Hous. Comm'n*, 43 Cal.3d 1379, 1392 (1987) (citation omitted).)  Therefore, the

24   Legislature has established a greater standard of proof, "clear and convincing evidence," as the

25   predicate to such damages. (Cal. Civ. Code § 3294(a); *Basich v. Allstate Ins. Co.*, 87 Cal.App.2d

26   1112, 1118-19 (2001) (upholding grant of summary adjudication on punitive damages where

27   plaintiff failed to show evidence sufficient to raise a triable issue of fact on malice under this

28

1    standard; "Summary judgment should be granted, 'unless it appears that actual malice may be

2    proven at trial by clear and convincing evidence. . . . .'").)

3          To prove his claim for punitive damages, Campbell must prove Deely acted with malice,

4    oppression, or fraud. (Civ. Code § 3294(b).     To show malice, Campbell must establish that

5    Deely intended to cause injury to him or despicable conduct by Deely with a willful and

6    conscious disregard of the rights or safety of others. Civ. Code § 3294(c)(1). Put another way,

7    Campbell must show Deely's conduct was motivated by "spite or....fraudulent or evil motive."

8    *Taylor v. Superior Court*, 24 Cal.3d 890, 895 (1979).

9          Deely never spoke or interacted with Campbell during Campbell's employment with

10   Amtrak. (Deely Decl. ¶ 6.) As explained above, Deely was not involved in any of Campbell's

11   applications for promotion to the Engineer position.   To the extent Deely was involved in

12   approving Campbell's termination of employment, Campbell has no evidence that Deely did so

13   with any ill will, much less the requisite malice necessary to support a claim for punitive

14   damages.

15                2.    Federal Law Bars Campbell's Claim for Punitive Damages

16         Under Title VII, a complaining party may recover punitive damages "if the complaining

17   party demonstrates that the respondent engaged in a discriminatory practice or discriminatory

18   practices with malice or with reckless indifference to the federally protected rights of an

19   aggrieved individual ." 42 U.S.C. § 1981a(b)(1); *see also Kolstad v. Am. Dental Ass'n*, 527 U.S.

20   526,119 S. Ct. 2118 (1998); *White v. Burlington Northern & Santa Fe Rv. Co.*, 364 F.3d 789, 805

21   (6th Cir. 2004) (en banc) (applying preponderance of the evidence standard to punitive damages

22   claim under 42 U.S.C. 2000e et seq.)

23         For the same reasons already stated with respect to Campbell's state law claims for

24   punitive damages, Campbell's claim for punitive damages under federal law must also be

25   dismissed.

26   ///

27   ///

28

DEF. JOSEPH DEELY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MPA          Case No. C05-05434 MJJ

1

**IV.**     <u>**CONCLUSION**</u>

2        Based on the foregoing, Joseph Deely respectfully requests that the Court grant the instant

3    motion for summary judgment in its entirety.    Alternatively, to the extent the Court finds any

4    triable issue of material fact, Deely requests partial summary judgment of each cause of action.

5

6                                    Respectfully submitted,

7    Dated: April 3, 2007                JACKSON LEWIS LLP

8

9                                    By: _Cara Ching-e_____
                                         Kathleen Maylin
10                                       Cara Ching-Senaha
                                         Attorneys for Defendants
11                                       NATIONAL RAILROAD PASSENGER
                                         CORPORATION dba AMTRAK and JOE
12                                       DEELY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEF. JOSEPH DEELY'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MPA        Case No. C05-05434 MJJ