P4.4

KATHLEEN MAYLIN (SBN (SBN 155371)
CARA CHING-SENAHA (SBN 298467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>　　　　Defendants. | Case No. C05-05434 MJJ<br><br>**DECLARATION OF CARA CHING-SENAHA IN SUPPORT OF DEFENDANTS' NATIONAL RAILROAD PASSENGER CORPORATION'S AND JOE DEELY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[Notice of Motion, Memorandum of Points and Authorities, and Declarations in Support of Motion concurrently filed]<br><br>Date:　　　May 8, 2007<br>Time:　　　9:30 a.m.<br>Courtroom:　11<br>Floor:　　　19<br>Judge:　　　The Hon. Martin J. Jenkins<br><br>Complaint Filed:　12/30/05<br>FAC Filed:　　　2/23/06<br>Trial Date:　　　7/23/2007<br><br>[Fed.R.Civ.Proc. 56] |

I, Cara Ching-Senaha, declare on the basis of personal knowledge:

　　1.　　I am an attorney with the law firm of Jackson Lewis LLP, counsel of record for Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK and JOE

1 DEELY. I am licensed to practice law in the above-referenc       rt. I make the
2 following statements based on personal knowledge.

3     2. I have reviewed in its entirety the transcript for Mr. John Campbell's deposition,
4 taken February 26, 2007. Attached hereto as <u>Exhibit A</u> are true and correct copies of select pages
5 from Mr. Campbell's deposition and select deposition exhibits, as referenced in Defendants'
6 Memorandum of Points and Authorities.

7     3. I have reviewed in its entirety the transcript for Susan Venturelli's deposition,
8 taken March 23, 2007. Attached hereto as <u>Exhibit B</u> are true and correct copies of select pages
9 from Ms. Venturelli's deposition, as referenced in Defendants' Memorandum of Points and
10 Authorities.

11     4. I have reviewed in its entirety the transcript for Joseph Deely's deposition, taken
12 February 15, 2007. Attached hereto as <u>Exhibit C</u> are true and correct copies of select pages from
13 Mr. Deely's deposition, as referenced in Defendants' Memorandum of Points and Authorities.

14 Executed this 3rd day of April, 2007 in San Francisco, California. I declare under penalty
15 of perjury under the laws of California and the United States of America that the foregoing is true
16 and correct.

*[signature]*
CARA CHING-SENAHA

```
 1  though, sir, shouldn't you have gone back and checked         02:56:43
 2  yourself, regardless of the flag?
 3          MS. PRICE:  Objection.  Vague and ambiguous as
 4  to the "yard conductor protocol," something;
 5  unintelligible.                                               02:56:54
 6          THE WITNESS:  That's true.
 7          MS. MAYLIN:  Q.  Okay.  And after that, I bet
 8  you double-checked to make sure, right?
 9      A.  For the record, my A/C did the move.  I was
10  standing at the switch so -- but like earlier, I'm in         02:57:08
11  charge, so I get the blame, but I chewed him out.
12               (Whereupon, Defendants' Exhibit No.
13               14 was marked for identification.)
14          MS. MAYLIN:  Q.  All right.  What I've marked
15  now is -- I think we're back to the '02 incident.  I've      02:57:18
16  marked as Exhibit 14 -- well, it is -- here we go.
17  March 28, 2002.  There you go -- a letter addressed to
18  you, Mr. Campbell, where it details the charges that
19  we've already talked about on the record here.  And the
20  bottom line is that a boxcar became derailed.  You            02:58:00
21  received this letter, sir?
22      A.  Yes.
23      Q.  Okay.  And the hearing officer of the Western
24  Region, Roger Butler, found you guilty of the charges,
25  correct?                                                      02:58:18
```

DEPOSITION OF JOHN EARL CAMPBELL

|   |   |   |
|---|---|---|
| 1 | A. Correct. | 02:58:19 |
| 2 | Q. Okay. And -- well, let's go on. Sir, was | |
| 3 | there another time when you were charged with a rules | |
| 4 | infraction? | |
| 5 | A. The one that got me terminated. | 02:58:54 |
| 6 | Q. Okay. Well, before we talk about that, sir, | |
| 7 | we talked a little bit about the Province, Terry | |
| 8 | Province, situation. Were you counseled about that | |
| 9 | incident, Mr. Campbell? | |
| 10 | A. Not counseled. Not charged. | 02:59:13 |
| 11 | Q. Okay. Well, do you know whether or not | |
| 12 | Mr. Province filed a complaint about that? | |
| 13 | A. Yes. | |
| 14 | Q. Okay. And you submitted a response, correct? | |
| 15 | A. Probably. I don't remember. | 02:59:31 |
| 16 | Q. All right. Do you recall what Mr. Province | |
| 17 | said you did? | |
| 18 | A. No. | |
| 19 | Q. Do you recall that Mr. Province alleged that | |
| 20 | you threw a lantern at his head? | 02:59:41 |
| 21 | A. Yes, I recall that. | |
| 22 | Q. Okay. Mr. Campbell, did you throw a lantern | |
| 23 | at Mr. Province? | |
| 24 | A. No. | |
| 25 | Q. Did you toss a lantern in his direction? | 02:59:52 |

DEPOSITION OF JOHN EARL CAMPBELL

| | | |
|---|---|---|
| 1 | A. No. | 02:59:56 |
| 2 | Q. Okay. Did your hand come into contact with a | |
| 3 | lantern at all during the time you and Mr. Province were | |
| 4 | having this altercation? | |
| 5 | MS. PRICE: Objection. Lacks foundation; | 03:00:07 |
| 6 | assumes facts. It's also vague and ambiguous as to, | |
| 7 | quote, alterca- -- "this altercation." | |
| 8 | THE WITNESS: Three questions. | |
| 9 | MS. MAYLIN: Q. Sir, did you have any contact | |
| 10 | with a lantern? | 03:00:17 |
| 11 | A. It was night. I had my lantern in my hand. | |
| 12 | Q. Okay. Did the lantern leave your hand during | |
| 13 | the time you and Mr. Province were having this | |
| 14 | discussion? | |
| 15 | A. No. | 03:00:28 |
| 16 | Q. All right. Sir, it is true, though, that you | |
| 17 | screamed at him? | |
| 18 | MS. PRICE: Objection. Argumentative. | |
| 19 | THE WITNESS: Yes. | |
| 20 | MS. MAYLIN: Q. Okay. And it is true -- | 03:00:39 |
| 21 | MS. PRICE: It's also vague and ambiguous. | |
| 22 | MS. MAYLIN: Q. It is true that you berated | |
| 23 | him? | |
| 24 | MS. PRICE: Objection. Lacks foundation; | |
| 25 | calls for speculation. It's also vague and ambiguous. | 03:00:48 |

DEPOSITION OF JOHN EARL CAMPBELL

|    |                                                                          |          |
|----|--------------------------------------------------------------------------|----------|
| 1  | just make your objections as to form -- you have this                    | 03:09:54 |
| 2  | running stream of consciousness going on that is really                  |          |
| 3  | improper, and you're the one who's confusing the                         |          |
| 4  | interrogation.  I asked Mr. Campbell, because it says                    |          |
| 5  | right here in his statement, "Did I scream?  Yes.  Did I                 | 03:10:09 |
| 6  | berate him?  Probably."                                                  |          |
| 7  |     Q.   My question is:  What do you remember saying                    |          |
| 8  | during this communication with Mr. Province?                             |          |
| 9  |     A.   This was three years ago.  I don't know what                    |          |
| 10 | I said.  All I know is the screaming and yelling.                        | 03:10:22 |
| 11 | That's --                                                                |          |
| 12 |     Q.   Okay.  So you don't remember what you said,                     |          |
| 13 | but just you were screaming and yelling?                                 |          |
| 14 |     A.   We both were.                                                   |          |
| 15 |          MS. PRICE:  Okay.  That's it.  We need to                       | 03:10:32 |
| 16 | take --                                                                  |          |
| 17 |          MS. MAYLIN:  Okay.  We'll go ahead and take a                   |          |
| 18 | five-minute break.                                                       |          |
| 19 |          MS. PRICE:  Oh, ten minutes, please.                            |          |
| 20 |          THE VIDEOGRAPHER:  It is 3:10.  We are going                    | 03:10:42 |
| 21 | off the record.                                                          |          |
| 22 |          (Recess taken:  3:10 p.m. until 3:31 p.m.)                      |          |
| 23 |          THE VIDEOGRAPHER:  We are back on the record.                   |          |
| 24 | It is 3:31.                                                              |          |
| 25 |          MS. MAYLIN:  Q.  Okay.  Mr. Campbell, you                       | 03:31:01 |

DEPOSITION OF JOHN EARL CAMPBELL

| | | |
|---|---|---|
| 1 | recall earlier we looked at that DFEH charge and the | 03:31:03 |
| 2 | EEOC charge, and you've still got it in front of you | |
| 3 | there. Sir, it is true, isn't it, that you never filed | |
| 4 | either a DFEH or an EEOC charge against Joe Deely, | |
| 5 | correct? | 03:31:23 |
| 6 |     A.    Correct. | |
| 7 |     Q.    Okay. | |
| 8 |     MS. PRICE:  I'm sorry.  I meant to object.  It | |
| 9 | calls for a legal conclusion, and I'm sorry are we -- | |
| 10 | Counsel, sorry.  You just misstated the document so -- | 03:31:31 |
| 11 | are you referring the witness to Exhibit 5 or -- | |
| 12 |     MS. MAYLIN:  I wasn't referring him to either | |
| 13 | one.  I just asked a question, Counsel. | |
| 14 |     MS. PRICE:  I'm sorry, then I misunderstood. | |
| 15 | Maybe the witness did, too. | 03:31:51 |
| 16 |     Could I have the question read back, please? | |
| 17 |     MS. MAYLIN:  You know, Counsel, why on earth | |
| 18 | are you having every question read back?  If you could | |
| 19 | just listen.  He's already answered.  I'm going to move | |
| 20 | on to another question. | 03:32:01 |
| 21 |     MS. PRICE:  Well, I object.  Your question, | |
| 22 | once again, was misleading.  As I -- and I'm having it | |
| 23 | read back because you refuse to acknowledge the record. | |
| 24 |     MS. MAYLIN:  Oh, boy. | |
| 25 |     MS. PRICE:  You changed the record, and I | 03:32:11 |

DEPOSITION OF JOHN EARL CAMPBELL

135

| | | |
|---|---|---|
| 1 | MS. MAYLIN: Q. Mr. Campbell, take a look, | 03:33:25 |
| 2 | please, I've just marked a document as Exhibit 17. | |
| 3 | Sir, is this the fax that you sent to Paul Ho in regard | |
| 4 | to your November 2003 application for an engineer | |
| 5 | position? | 03:33:44 |
| 6 | A.   Yes. | |
| 7 | Q.   And at the bottom of Bates-stamped D09960 and | |
| 8 | D09961, at the bottom there, that's your fax | |
| 9 | transmission line, is it, Mr. Campbell? | |
| 10 | A.   Correct. | 03:34:03 |
| 11 | Q.   Okay.  And it shows that it was faxed from | |
| 12 | your phone or your fax machine to Mr. Ho, correct? | |
| 13 | A.   Correct. | |
| 14 | Q.   Okay.  And you did indeed then send Mr. Ho an | |
| 15 | old resume, correct, Mr. Campbell? | 03:34:19 |
| 16 | A.   Correct. | |
| 17 | Q.   Okay.  Did you ever send Mr. Ho an updated | |
| 18 | resume for that November 2003 position? | |
| 19 | A.   I don't recall. | |
| 20 | Q.   Well, I understand that you don't recall doing | 03:34:48 |
| 21 | it or not, sir, but do you have any recollection that | |
| 22 | you did? | |
| 23 | MS. PRICE:  The question is argumentative.  I | |
| 24 | object. | |
| 25 | THE WITNESS:  No. | 03:35:00 |

DEPOSITION OF JOHN EARL CAMPBELL

|  |  |  |
|---|---|---|
| 1 | (Whereupon, Defendants' Exhibit No. | 04:48:10 |
| 2 | 16 was marked for identification.) | |
| 3 | MS. MAYLIN: Q. Okay. And what I've marked | |
| 4 | now as Exhibit 18 is a -- did I do it again? I sure | |
| 5 | did. I take that back. What I have marked as Exhibit | 03:35:25 |
| 6 | 16 is a multiple-page document dated January 27, 2003, | |
| 7 | three pages long, signed by Rickie Donofrio. There you | |
| 8 | go, Mr. Campbell. Did you receive this letter from | |
| 9 | Ms. Donofrio? | |
| 10 | A. (Reviewing document.) Okay. | 03:37:11 |
| 11 | Q. Did you receive that from Ms. Donofrio? | |
| 12 | A. I received it. | |
| 13 | Q. Okay. And did you ever respond to that | |
| 14 | letter, Mr. Campbell? | |
| 15 | A. No. | 03:37:19 |
| 16 | (Whereupon, Defendants' Exhibit No. | |
| 17 | 18 was marked for identification.) | |
| 18 | MS. MAYLIN: Q. Okay. And what I've marked | |
| 19 | now as Exhibit 18 is a one-page document. There you go. | |
| 20 | A letter dated February 7, 2003, addressed to you, | 03:37:26 |
| 21 | signed from Ms. -- signed by Ms. Donofrio again. Did | |
| 22 | you receive this letter, Mr. Campbell? | |
| 23 | A. Yes. | |
| 24 | Q. Okay. And did you ever respond to this | |
| 25 | letter, Mr. Campbell? | 03:37:41 |

DEPOSITION OF JOHN EARL CAMPBELL

```
 1        A.   No.                                           03:37:43
 2        Q.   Okay. All right. Mr. Campbell, do you have
 3   any reason to think that your supervisors, during
 4   December 2002, that's the Province altercation time
 5   frame -- do you have any reason to think that your     03:37:56
 6   supervisors did not know about that altercation?
 7        A.   No.
 8        MS. PRICE:  Objection. Vague as to "that
 9   altercation"; assumes facts.
10        MS. MAYLIN:  Q.  Okay. And is there any           03:38:09
11   reason, sir, that -- that you think that your
12   supervisors didn't know about the January 2002 car
13   derailment?
14        A.   No.
15        Q.   Is there any reason that you think that your 03:38:33
16   supervisors wouldn't know about the 2000 equipment
17   damage and failure to report equipment damage?
18        A.   No.
19        Q.   Okay. All right. When is the next time you
20   were charged with a rules infraction?                  03:38:50
21        A.   I think the July 2004 incident.
22        Q.   Okay. What incident was that?
23        A.   I was accused of cutting the brakes out of a
24   locomotive.
25        Q.   What does that mean, "cutting the brakes out"? 03:39:08
```

DEPOSITION OF JOHN EARL CAMPBELL