1  KATHLEEN MAYLIN (SBN 155371)
   CARA CHING-SENAHA (SBN 298467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL              Case No. C05-05434 MJJ

12            Plaintiff,           **DECLARATION OF GREGG BAXTER
                                   IN SUPPORT OF DEFENDANT
13       v.                        NATIONAL RAILROAD PASSENGER
                                   CORPORATION'S MOTION FOR
14  NATIONAL RAILROAD PASSENGER    SUMMARY JUDGMENT, OR IN THE
    CORPORATION dba AMTRAK, JOE DEELY  ALTERNATIVE, PARTIAL
15  and DOES 1-15, inclusive,      SUMMARY JUDGMENT**

16            Defendants.          Date:    May 8, 2007
                                   Time:    9:30 a.m.
17                                 Ctrm.:   11
                                   Judge:   The Hon. Martin K. Jenkins
18
                                   Complaint Filed: 12/30/05
19                                 FAC Filed:       2/23/06
                                   Trial:           7/23/2007
20

21

22

23  I, Gregg Baxter, hereby declare:

24       1.    I was employed by NATIONAL RAILROAD PASSENGER CORPORATION

25  dba AMTRAK from January 2001 to February 2005, in the position of Assistant Superintendent

26  Road Operations.  If called to testify, I could and would competently testify to the matters set

27  forth below, which are within my personal knowledge.

28       2.    I was the Charging Officer in connection with the investigative hearing concerning

                                    1

1    charges for rules violations against John Campbell with respect to a derailment and equipment

2    damage on January 10, 2002. Mr. Campbell was charged with violating Amtrak's General Code

3    of Operating rules, Rule 6.28 (Movement on Other than Main Track), Rule 7.1 (Switching Safely

4    and Efficiently), Rule 7.4 (Precautions for Coupling or Moving Cars or Engines), and Rule 7.12

5    (Movements into Spur Tracks). Attached hereto as Exhibit A is a true and correct copy of the

6    January 17, 2002 letter I sent to Mr. Campbell notifying him of the Formal Investigation hearing.

7            3.    A full hearing took place on March 15, 2002 where Mr. Campbell was allowed to

8    call witnesses and submit documentation in his defense. On March 28, 2002, the Hearing Officer

9    notified Mr. Campbell that the charges against him were sustained primarily by his own

10   testimony and omission. Mr. Campbell was given 20 days suspension as discipline, with ten days

11   to be served and ten days to be held in abeyance. A true and correct copy of the March 28, 2002

12   letter is attached as Exhibit B, which I received in the normal course of my duties as a Charging

13   Officer.

14           4.    The decision was appealed by the union to the Director of Labor Relations on

15   April 12, 2002. The appeal was denied on June 30, 2002.

16           5.    The dispute was submitted to the Public Law Board for a decision. In the normal

17   course of my duties, I was notified that the Board dismissed the appeal and the discipline against

18   Mr. Campbell was to stand.

19           6.    I also am aware through my duties as a Charging Officer that Mr. Campbell has

20   been charged with other rules infractions that have not gone to hearing. Specifically, on January

21   25, 2001, Mr. Campbell was charged with failing to follow the instructions of the Yard Foreman

22   and violating Amtrak's General Code of Operating Rules 1.6 and 1.13 (insubordination and

23   failing to comply with instructions from supervisors). Attached as Exhibit C is a true and correct

24   copy of the January 31, 2001 letter to Mr. Campbell notifying him of a Formal Investigation

25   hearing which I received in the normal course of my duties. Additionally, on January 17, 2002, it

26   came to my attention via and email from Patrick Duncan that he claimed Mr. Campbell had again

27   been insubordinate and had referred to Mr. Duncan on the open radio as "the white guy in the

28   office with a bad gene pool." I forwarded the email to Ray Belluomini, the Union Representative,

1    and suggested that formal action may be taken.  A true and correct copy of the February 2002

2    emails are attached as Exhibit D.

3        I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing is true and correct.  Executed this 30th day of March 2007 in Stockton, California.

5

6

7                                        GREGG BAXTER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GREGG BAXTER IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT
MOTION, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT    CASE NO. C05-05434 MJJ

# EXHIBIT A

# Notice of Formal Investigation
### Fed Ex Tracking # 7917 5568 9868

January 17, 2002

Mr. John E. Campbell
2210 109th Avenue
Oakland, CA 94603

**Case No. 019.02**

Dear Mr. Campbell:

You are hereby directed to appear for a Formal Investigation to be conducted as follows:

| | |
|---|---|
| **Date:** | January 25, 2002 |
| **Time:** | 3:00 PM |
| **Location:** | Amtrak's Jack London Station |
| | 245 2nd Street, 2nd Floor |
| | Oakland, CA 94607 |

The purpose of this investigation is to develop the facts and determine your responsibility, if any, in connection with the following:

**Charge 1:** Your alleged violation of the **General Code of Operating – Fourth Edition – April 2, 2000 – Rule 6.28 – Movement on Other than Main Track,** which reads, "Except when moving on a track where a block system is in effect, trains or engines must move at a speed that allows them to stop within half the range of vision short of:

- ❖ Train.
- ❖ Engine.
- ❖ Railroad car.
- ❖ Men or equipment fouling the track.
- ❖ Stop Signal or Derail or switch lined improperly."

**Charge 2:** Your alleged violation of the **General Code of Operating Rules – Fourth Edition – April 2, 2000 – Rule 7.1, Switching Safely and Efficiently,** which reads in part… "While switching, employees must work safely and efficiently and avoid damage to contents of cars, equipment, structures, or other property."

Mr. John Campbell
Case No. 019.02
Page 2

**Charge 3:** Your alleged violation of the **General Code of Operating Rules – Fourth Edition – April 2, 2000 – Rule 7.4 Precautions for Coupling or Moving Cars or Engines,** which reads, "Before coupling to or moving cars or engines, verify that the cars or engines are properly secured and can be coupled and moved safely.

Make couplings at a speed of not more than 4 MPH. Stretch the slack to ensure that all couplings are made."

**Charge 4:** Your alleged violation of the **General Code of Operating Rules – Fourth Edition – April 2, 2000 – Rule 7.12 Movements into Spur Tracks,** which reads in part... "When shoving into a spur track, control movement to prevent damage at the end of track...."

**Specifications:** It is alleged that while working as the Conductor on Yard Job CYO-4 on January 10, 2002, while shoving into Fume track in the Oakland Yard with 17 cars and 3 units, you were directing the movement when an alleged hard coupling resulted in equipment damage and the derailment of a box car.

You may produce any witnesses you desire and may be accompanied by a representative as provided in your current and governing agreement, without expense to the National Railroad Passenger Corporation.

All requests for postponements of this investigation must be handled through the Hearing Office at (818) 547-2519.

Sincerely,


Gregg Baxter
Assistant General Manager
California Corridor

cc:     L. J. Commer - GM
        S. Birckett – AGM
        R. Wood – Labor Relations
        R. Butler – Hearing Office
        R. Belluomini – UTU Local Chairman
        L. Bellotti – Facility Manager
        D. Roberts – General Foreman
        M. McBride – Manager Operating Rules
        R. Robusto – Senior Director OPS

# EXHIBIT B

National Ra    Passenger Corporation, Law Department, 344 Mira    venue, Glendale, California 91204

*DECISION*



March 28, 2002
File #LAX-UTU-02/DISC
Case #019.02

FedEx Tracking #8313 2752 9178

Mr. John Campbell
2210 109th Avenue
Oakland, CA 94603

Dear Mr. Campbell:

By letter, dated January 17, 2002, you were charged with the following misconduct:

**Charge 1**: Your alleged violation of the _General Code of Operating - Fourth Edition - April 2, 2000 - Rule 6.28 - Movement on Other than Main Track_, which reads, "Except when moving on a track where a block system is in effect, trains or engines must move at a speed that allows them to stop within half the range of vision short of:

  ♦    Train.
  ♦    Engine.
  ♦    Railroad car.
  ♦    Men or equipment fouling the track.
  ♦    Stop Signal or Derail or switch lined improperly."

**Charge 2**: Your alleged violation of the _General Code of Operating Rules - Fourth Edition - April 2, 2000 - Rule 7.1, Switching Safely and Efficiently_, which reads in part... "While switching, employees must work safely and efficiently and avoid damage to contents of cars, equipment, structures, or other property."

**Charge 3**: Your alleged violation of the _General Code of Operation Rules - Fourth Edition - April 2, 2000 - Rule 7.4 Precautions for Coupling or Moving Cars or Engines_, which reads "Before coupling to or moving cars or engines, verify that the cars or engines are properly secured and can be coupled and moved safely.

Make couplings at a speed of not more than 4 MPH. Stretch the slack to ensure that all couplings are made."

**Charge 4**: Your alleged violation of the _General Code of Operation Rules - Fourth Edition - April 2, 2000 - Rule 7.12 Movements into Spur Tracks_, which reads in part... "When shoving into a spur track, control movement to prevent damage at the end of track..."

**Carrier's Exhibit No.** 2

**D09685**



Decision Letter
Mr. John Campbell
Case #019.02
Page Two

**Specifications**: It is alleged that while working as the Conductor on Yard Job CYO-4 on January 10, 2002, while shoving into Fume track in the Oakland yard with 17 cars and 3 units, you were directing the movement when an alleged hard coupling resulted in equipment damage and the derailment of a boxcar.

After one postponement, the Hearing Officer conducted a disciplinary investigation into the above-quoted charges. The investigation was conducted on March 15, 2002, in which your representative were in attendance. The following findings are based on the evidence and testimony presented at the investigation:

> The rule cited was in effect and applicable to you at the time of the alleged wrongdoing, as it is applicable to all Amtrak employees in your job category.

> The charges were sustained primarily, although not exclusively, by your own testimony and omission, and the testimony of Mr. Sid Birckett.

Based on the foregoing findings and the hearing record as a whole, I find that you are guilty of the above-quoted charges. The transcript of the aforementioned investigation will be forthcoming per the agreement with the union.

Sincerely,

*Roger R Butler*

Roger R. Butler
Hearing Officer
Western Region

D09686

Decision Letter
Mr. John Campbell
Case #019.02
Page Three


Based on the decision of Hearing Officer Butler, you are hereby assessed discipline of:

* TEN DAYS SUSPENSION TO INCLUDE THE FOLLOWING:

* 4 Days Time Served from January 12, 2002 – January 15, 2002
and 6 Days Suspension to be served between April 3, 2002 and to
include April 8, 2002, and Ten Days to be held in abeyance.

Sincerely,

Jay Commer
General Manager
California Corridor


cc:    G. Baxter
R. Belluomini-FedEx Tracking #8313 2752 1969
Personnel
Labor Relations

D09687

# EXHIBIT C

# Notice of Formal Investigation

John Campbell                                    Date: January 31, 2001
2210 109th Ave                                   Case:  041.01
Oakland, CA 94603

Federal Express Tracking # 7904 6189 1084
(Signature Required)
US Mail

Dear Mr. Campbell:

You are hereby directed to appear for a Formal Investigation to be conducted as follows:

| | | |
|---|---|---|
| Date: | February 7th, 2001 | |
| Time: | 10:00am | |
| Location: | Oakland Mechanical Facility | |
| | 250 Wood St. | |
| | Oakland, CA 94607 | |

The purpose of this investigation is to develop the facts and determine your responsibility, if any, in connection with the following:

Charges 1: Violation of "General Code of Operating Rules, 4th Edition, April 2, 2000."

**1.6.    Conduct:**

Employees must not be....

3.  Insubordinate

Charge 2:     **1.13.    Reporting and Complying with Instructions.**

Employees will report to and comply with instructions from supervisors who have the proper jurisdiction. Employees will comply with instructions issued by managers of various departments when the instructions apply to their duties.

1

John Campbell
2/1/2001
Page 2

**Specifications:** It is alleged that: while working as conductor on 3rd shift switch crew on January 25, 2001, you allegedly failed to follow the instructions of yard Foreman Nate Givens. Mr. Givens instructed you to add an express car off 2 track to the rear of train #6 on 4 track. Both you and the Engineer Anthony Onisko were given these instructions.

You may produce any witnesses you desire and may be accompanied by a representative as provided in your current and governing agreement, without expense to the National Railroad Passenger Corporation.

All requests for postponements of this investigation must be handled through the Hearing Officer at (213) 683-6704.

Sincerely,

*Sid Birckett*

Sid Birckett
Assistant General Manager-Customer Services
Oakland, CA

Cc:     R. Belloumini (UTU)
        G. Baxter
        R. Butler

2

# EXHIBIT D

## Ray Belluomini

**From:** "Baxter, Gregg" <baxterg2@Amtrak.com>
**To:** "Ray Belluomini (E-mail)" <RAYUTU1732@ATTBI.COM>
**Sent:** Friday, February 22, 2002 6:39 AM
**Subject:** FW: 3rd shift yard job

We might take formal action on this.
-----Original Message-----
**From:** Duncan, Patrick
**Sent:** Sunday, February 17, 2002 9:53 AM
**To:** Baxter, Gregg
**Cc:** Bellotti, Lou; Denton, Jerry; Commer, Jay
**Subject:** 3rd shift yard job

To: Gregg Baxter
From: Patrick Duncan
Subject: 3rd shift yard job
2/17/02

### *Statement of events*

     At 7:05am we had the diner, a sleeper, and the mail car on C-7 due to the fact that sleeper 32055 needed to have a wheel changed. The third shift Carmen were busy with an air problem on #723 when the third shift conductor asked Mr. Givens about the wheel on #6. Mr. Givens replied they were busy on the air problem on #723 and the conductor replied that "Mr. Duncan better get his butt in motion" referring to my day light conductor informed me he did not have an assistant conductor, I than informed Mr. Givens to inform the third shift crew of this situation and to ask them to stay to put #6 back together. The third shift conductor replied "My crew dies in half an hour so you better get on it." I than asked the conductor what time he died and he replied "In a half hour", I replied, "what actual time do you die on the law" Mr. Campbell replied "half hour". I stated to Mr. Campbell that I would make some phone calls and find out what time they died on the law.

     I called the crew dispatcher and asked her the time the third shift crew died, after some searching she informed me that the third shift yard job was good until 10:00am. I called Mr. Campbell on the radio and said "I understand you guys are good until 10:00am so you will have time to put #6 together after the wheel is changed." Mr. Campbell replied "you can only ask us to stay for overtime and we are denying it." I than told Mr. Campbell "I am giving you a direct order to stay because if you do not make #6 it will be late, do you understand the situation." Mr. Campbell than replied "we are leaving in a half hour." I told Mr. Campbell "I want him to understand the situation so that when I inform his boss we all have the facts straight." Mr. Campbell than asked "do you have somebody on the wheel?" I did not reply. Mr. Campbell than asked "do you have enough brain cells to answer the question, do you have any body on the wheel?" I told him I did not appreciate him talking to me in that manner on the radio but to answer his question "yes I do have people working on the wheel." Mr. Campbell's reply was "yeah, you win a cookie"

     Later the Carmen called and informed me that the wheel was not correctly spotted and it needed to be respotted. My Carmen also told me he asked the conductor and got no response. I than called the conductor and asked him to respot the wheel on the sleeper, the conductor replied "if you drop the flags I will, duh?"

     Upon spotting the car the conductor made a reference to the "the white guy in the office with a bad gene pool" the engineer, Lars, responded in a joking manner "I don't appreciate you talking to me like that on the radio." Mr. Campbell replied "I love my engineer." I than asked both of them to come to

the office to discuss the matter at which time Mr. Campbell replied " why its much funnier on the radio so everyone can hear us"

                    Thank you,
                    Patrick Duncan

2/22/02