P4.7

KATHLEEN MAYLIN (SBN (SBN 155371)
CARA CHING-SENAHA (SBN 298467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>Defendants. | Case No. C05-05434 MJJ<br><br>**DECLARATION OF CARA CHING-SENAHA IN SUPPORT OF DEFENDANTS' NATIONAL RAILROAD PASSENGER CORPORATION'S AND JOE DEELY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[Notice of Motion, Memorandum of Points and Authorities, and Declarations in Support of Motion concurrently filed]<br><br>Date:       May 8, 2007<br>Time:       9:30 a.m.<br>Courtroom:  11<br>Floor:      19<br>Judge:      The Hon. Martin J. Jenkins<br><br>Complaint Filed:   12/30/05<br>FAC Filed:         2/23/06<br>Trial Date:        7/23/2007<br><br>**[Fed.R.Civ.Proc. 56]** |

I, Cara Ching-Senaha, declare on the basis of personal knowledge:

1.      I am an attorney with the law firm of Jackson Lewis LLP, counsel of record for

Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK and JOE

1    DEELY.  I am licensed to practice law in the above-referenced district court.  I make the

2    following statements based on personal knowledge.

3        2.    I have reviewed in its entirety the transcript for Mr. John Campbell's deposition,

4    taken February 26, 2007.  Attached hereto as <u>Exhibit A</u> are true and correct copies of select pages

5    from Mr. Campbell's deposition and select deposition exhibits, as referenced in Defendants'

6    Memorandum of Points and Authorities.

7        3.    I have reviewed in its entirety the transcript for Susan Venturelli's deposition,

8    taken March 23, 2007.  Attached hereto as <u>Exhibit B</u> are true and correct copies of select pages

9    from Ms. Venturelli's deposition, as referenced in Defendants' Memorandum of Points and

10    Authorities.

11        4.    I have reviewed in its entirety the transcript for Joseph Deely's deposition, taken

12    February 15, 2007.  Attached hereto as <u>Exhibit C</u> are true and correct copies of select pages from

13    Mr. Deely's deposition, as referenced in Defendants' Memorandum of Points and Authorities.

14        Executed this 3rd day of April, 2007 in San Francisco, California.  I declare under penalty

15    of perjury under the laws of California and the United States of America that the foregoing is true

16    and correct.

17

18                              *Cara Ching*

19                          CARA CHING-SENAHA

20

21

22

23

24

25

26

27

28

```
 1   instruct the witness again.                              05:50:04

 2            You have to filter it.  Do not answer --

 3   disclose any conversations or information that you've

 4   learned from talking to anyone in my office.

 5            THE WITNESS:  Okay.  The question again?        05:50:18

 6            MS. MAYLIN:  Q.  Sure.  Do you have any reason

 7   to believe, Mr. Campbell, that the fact that you filed

 8   an EEOC charge in January '04 had any bearing on

 9   Amtrak's decision to terminate you in September '04?

10            MS. PRICE:  Same objections.                    05:50:38

11            THE WITNESS:  Coincident, maybe.

12            MS. MAYLIN:  Q.  Okay.  Other than your

13   feeling that it's coincidence, any other reason?

14       A.   Nothing I can prove.

15       Q.   Well, is there anything you can talk about      05:50:53

16   other than just your feeling that there might be some

17   connection?

18       A.   I can say, word through the grapevine is

19   Mr. Deely did not like me because I was outspoken, and

20   within months -- two months after I heard that, I was   05:51:15

21   fired.

22       Q.   Okay.

23       A.   So...

24       Q.   All right.  But now let's get back to my

25   question.  I appreciate the information, but back to my  05:51:20
```

DEPOSITION OF JOHN EARL CAMPBELL

```
 1   question:  Do you have any information that there was    05:51:22
 2   any connection between a January '04 PROC change and a
 3   September '04 decision to terminate you?
 4            MS. PRICE:  Same objection.
 5            MS. MAYLIN:  Q.  Other than what you've told    05:51:34
 6   me.
 7            MS. PRICE:  Other than what you've already
 8   testified to, and subject to the same objection.
 9            MS. MAYLIN:  Right.
10            THE WITNESS:  I have no information.            05:51:41
11            MS. MAYLIN:  Q.  Okay.  Same question now, a
12   little different, do you have any information, sir, that
13   your race had any bearing on Amtrak's decision to
14   terminate you in September '04?
15            MS. PRICE:  Same objection.  Same instruction.  05:52:00
16            THE WITNESS:  I compared my record against the
17   other gentlemen that we talked about earlier, and they
18   did stuff that caused more and more damage than I got
19   accused of, and they're still working, so that's my gut
20   feeling.                                                 05:52:20
21            MS. MAYLIN:  Q.  Okay.  And we're talking
22   about Ray, Bill, and John?
23       A.   Yes.
24       Q.   Okay.  Other than your belief that Ray, Bill,
25   and John had more rules infractions than you did, or     05:52:29
```

DEPOSITION OF JOHN EARL CAMPBELL

```
 1          MS. MAYLIN:  Q.  Do you know --                06:23:38
 2          MS. PRICE:  He is available in ten minutes, so
 3     we'll have to take a break then.
 4          MS. MAYLIN:  Q.  Do you know if Dan Roberts
 5     had ever been issued a 20-day suspension for a rules  06:23:45
 6     infraction?
 7          A.   Again, I don't know.
 8          Q.   Do you know if Dan Roberts had a formal
 9     reprimand in his file?
10          A.   I do not know.                            06:23:56
11          Q.   And do you know any of those things about
12     Alfonso Bell?
13          A.   No, I do not.
14          Q.   Okay.  Okay.  If you could go down to page
15     000019.  This August 10, 2004 letter, Mr. Campbell.  06:24:20
16          A.   Uh-huh.
17          Q.   Did you receive that from the Local Committee
18     of Adjustment?
19          A.   Let me read it.
20          Q.   Okay.                                     06:24:37
21          A.   (Reviewing document.)  Yes, I remember
22     receiving this.
23          Q.   Okay.  Sir, do you have any information that
24     Amtrak considers additional information above and beyond
25     the ranking after the panel interview?              06:25:34
```

DEPOSITION OF JOHN EARL CAMPBELL

1    Q.   All right.  Okay.  All right.  Sir, you --    08:03:37

2    well, in 2000 -- well, we've been talking a little bit

3    here, sir.  Earlier you'd listed three people for me who

4    you think had equal to or greater than numbers of rules

5    infractions -- can you -- and yet they were promoted.    08:04:14

6    Can you recall anyone else, now that we've been talking

7    for a bit, quite a long bit?

8         A.   No.

9              (Whereupon, Defendants' Exhibit No.

10             31 was marked for identification.)    04:48:10

11             MS. MAXLIN:  Q.  Okay.  What I'm attaching now

12    as Exhibit 31 -- I'm going to bunch these together.

13    Exhibit 31, Bates-stamped D01794, 95, 96, 97, and 98.

14    Now, I can't remember if we put this in as '01 or not,

15    are these all the exhibits?  Oh, you've got some here,    08:05:28

16    too?

17         A.   Yes

18         Q.   Let me take a quick look.  We may have done

19    this, and then we can move on.  Here we go.  8/6/01.

20    Yeah.  Okay.  I think we got that.    08:05:46

21             All right.  What I have marked, though, as

22    Exhibit 31 then -- I'm going to make it a shorter

23    version -- and that is D01794.

24             Sir, we talked earlier about an '01

25    application.  Was this the posting that you applied for?    08:06:27

DEPOSITION OF JOHN EARL CAMPBELL

291

```
 1        A.    Yes.                                          08:06:49
 2        Q.    Okay.  If you take a look back at Exhibit 24,
 3   sir, you'll take a look on -- right above your signature
 4   on Bates-stamped D01798, under "Applicant's
 5   Qualifications," it says, "17 years of railroad          08:07:06
 6   experience started in the S.P. track department, coupled
 7   with three years of T&E experience with Amtrak West."
 8   Sir, did you have 17 years of railroad experience in
 9   August '01?
10        A.    It was combined with -- not 17, no.           08:07:26
11        Q.    Okay.  How many years railroad experience did
12   you have in August '01?  I think you had eight years at
13   the prior job, right?
14        A.    Uh-huh.  And three years at Amtrak.
15        Q.    Okay.  So that's 11 years, right?             08:07:50
16        A.    Yeah.
17        Q.    So you were off by six years; is that true?
18        A.    Yeah.  Where does it say "17" at?
19        Q.    Where does it say that, sir?
20        A.    The 17, yes.                                  08:08:02
21        Q.    Here.  If you -- here.  D01798.  You see where
22   you signed here?  Do you see it now?
23        A.    Yeah.  I think that's more than seven.
24        Q.    Okay.  Well, in any event, 17 years is not
25   true, correct?                                           08:08:28
```

DEPOSITION OF JOHN EARL CAMPBELL

1    San Francisco, California 94105.    415/624-1300.    The        08:31:57

2    time is 8:32, and we are off the record.

3            (Whereupon, the deposition was concluded at

4    8:32 p.m.)

5                        --oOo--                                    08:32:09

6        I declare under penalty of perjury that the

7    foregoing is true and correct.    Subscribed at

8    _____, California, this ____ day of

9    _____ 2007.

10                                                                  08:32:09

11

12                        _____

13                        JOHN EARL CAMPBELL

14

15

16

17

18

19

20

21

22

23

24

25

DEPOSITION OF JOHN EARL CAMPBELL

CERTIFICATE OF REPORTER

1

2

3       I, SHARON TRUJILLO, a Certified Shorthand

4  Reporter, hereby certify that the witness in the

5  foregoing deposition was by me duly sworn to tell the

6  truth, the whole truth, and nothing but the truth in the

7  within-entitled cause;

8       That said deposition was taken in shorthand by

9  me, a disinterested person, at the time and place

10  therein stated, and that the testimony of the said

11  witness was thereafter reduced to typewriting, by

12  computer, under my direction and supervision;

13       I further certify that I am not of counsel or

14  attorney for either or any of the parties to the said

15  deposition, nor in any way interested in the event of

16  this cause, and that I am not related to any of the

17  parties thereto.

18                    Dated:   March 7, 2007

19

20

21

22           SHARON TRUJILLO, CSR No. 6120

23

24

DEPOSITION OF JOHN EARL CAMPBELL



# APPLICATION FOR EMPLOYMENT

IT IS THE POLICY OF THE **NATIONAL RAILROAD PASSENGER CORPORATION** TO PROVIDE EMPLOYMENT, TRAINING, COMPENSATION, PROMOTION AND OTHER CONDITIONS OF EMPLOYMENT IN A MANNER WHICH IS IN ACCORDANCE WITH ALL LEGAL REQUIREMENTS REGARDING RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, AGE, DISABILITY, OR VETERAN STATUS.



### Please read carefully. Pre-Employment Statement

I certify that the information contained in this application is correct to the best of my knowledge. I understand that falsification of this information or failure to provide complete and accurate information are grounds for dismissal. I authorize the Employment/Professional/Personal references listed to give you any and all information concerning my previous employment and any pertinent information they may have. I voluntarily give Amtrak the right to make a thorough investigation of my past employment and activities, and I agree to cooperate in such investigation. I release from all liability or responsibility all persons, companies or corporations supplying any information to Amtrak. NOTE: **In accordance with the FAIR CREDIT REPORTING ACT (Pre-Notification),** I understand that as part of Amtrak's procedure for processing my application, an investigative report may be made whereby information is obtained through personal interviews with third parties, such as family members, business associates, financial sources, friends, neighbors, or others with whom I am acquainted. I understand that my employment with Amtrak is conditioned on successfully passing a physical examination, which will include a test to detect the presence of drugs and/or alcohol, and any future physical examinations as may be required by the Company. In consideration of my employment, I agree, if employed in a non-agreement position, that my employment and compensation can be terminated with or without cause, and with or without notice, at any time, at the option of either the Company or myself. I understand that no representative of Amtrak, other than the President or Assistant Vice President of Personnel, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to terms of this Pre-Employment Statement, or any Amtrak Policy.

APPLICANT'S SIGNATURE
*John Campbell*

DATE
9-1-98

LAST NAME
*CAMPBELL, John*

FIRST
*John*

M.I.
*E*

JOB APPLYING FOR
*ASST. Conductor*

DATE OF APPLICATION
*8-6-98*

EXHIBIT 2
PLT/DEFT
WITNESS: *I Campbell* for identification
DATE: *2-26-07*
SHARON TRUJILLO, CSR 6120

D10282

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 376-2004-00295 |

| California Department Of Fair Employment & Housing | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Mr. John E. Campbell** | **(510) 632-4260** | **11-20-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2210-109th Avenue,  Oakland, CA 94603** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **AMTRAK** | **Under 15** | **(415) 591-7839** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ~~5th and Townsend,  San Francisco, CA 94111~~ | 1351 ~~39~~ STH ST,  Bldg M, OAN-94 ~~606~~ 60 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: **01-08-2004**   Latest: **01-08-2004**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

"HIRED OOAKLAND"

I was hired in 1998 and am a Conductor in the ~~San Francisco~~, California crew base.  In November 2003 I faxed my application for Engineer to Respondent's Human Resources office in Los Angeles.  Interviews were held in December 2003, but I was not called.  I learned on or about January 8, 2004 that the selectees were Jason Garmon and Michael Poirier, both Caucasian.

I am senior to both selectees and believe I am better qualified for promotion.  To the best of my knowledge and belief, Respondent has not promoted any Black employee to Engineer since 1998.

I believe I have been discriminated against because of my race, Black, in violation of the statute.

**RECEIVED**

FEB 09 2004

EEOC - OLO

EXHIBIT (DEFT) 3   for identification
WITNESS: J. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 1-28-04   x *John E. Campbell*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

D09919

Please list all employment starting with your present or most recent employer. A include relevant voluntary and /or part-time work experience.   Use additional sheet(s) if necessary.

PRESENT COMPANY *DEW TRANSPORTATION*

STREET ADDRESS *1338 S Rowan Ave*  CITY *Los Angeles*  STATE *Ca*  ZIP CODE *90023*

DATES EMPLOYED FROM *5-98*  TO *PRESENT*  SUPERVISOR'S NAME *Cornell Thompson*

TELEPHONE NO *(800) 444-0471*  YOUR JOB TITLE *Truck driver*  PRESENT SALARY *10.00 p. H.*

MAJOR DUTIES: *driving & delivering Around the Bay Area*

WHY DO YOU WISH TO CHANGE? *Benefits & A Bump in pay.*

MAY WE CONTACT THE ABOVE NOW?    YES ☐   NO ☐   IF NOT, WHEN?

PRIOR COMPANY *County of Alameda*

STREET ADDRESS *8000 Edgewater Drive*  CITY *Oakland, Ca*  STATE  ZIP CODE *94621*

DATES EMPLOYED FROM *4-97*  TO *PRESENT*  SUPERVISOR'S NAME *Marcelin Vasquez*

TELEPHONE NO. *(510) 639-1321*  YOUR JOB TITLE *Care-giver*  SALARY *5.75 p. Hour*

MAJOR DUTIES: *Care for the disable*

REASON FOR LEAVING *Still with there*

PRIOR COMPANY *Via Messenger Service*

STREET ADDRESS *1226 6th St.*  CITY *San Francisco*  STATE *Ca*  ZIP CODE *94111*

DATES EMPLOYED FROM *3-92*  TO *4-97*  SUPERVISOR'S NAME *Mike Goodman*

TELEPHONE NO. *( )*  YOUR JOB TITLE *Courier*  SALARY *6.75 p. H.*

MAJOR DUTIES: *Delivered inter-office mail through-out Nor-Cal.*

REASON FOR LEAVING: *Company went Bankrupt.*

PRIOR COMPANY *Southern Pacific Trans.*

STREET ADDRESS *1357 5th Ave*  CITY *Oakland*  STATE *Ca*  ZIP CODE *94607*

DATES EMPLOYED FROM *5-84*  TO *2-92*  SUPERVISOR'S NAME *Jim Smith*

TELEPHONE NO. *(510) 891-7759*  YOUR JOB TITLE *Machine Operator*  SALARY *14.95 p. H.*

MAJOR DUTIES: *Maintain & Repair Railroad Right-of-Way*

REASON FOR LEAVING: *Furlough*

D10284

DO YOU HAVE ANY RELATIVES EMPLOYED ☐ AMTRAK?    YES ☐    NO ☑ 

A RELATIVE IS A:

MOTHER, FATHER, MOTHER-IN-LAW, FATHER-IN-LAW, HUSBAND, WIFE, SON, DAUGHTER, SON-IN-LAW, DAUGHTER-IN-LAW, GRANDPARENT, GRANDCHILD, BROTHER, SISTER, BROTHER-IN-LAW, SISTER-IN-LAW, AUNT, UNCLE, NIECE, NEPHEW, STEPPARENT, STEPCHILD OF AN EMPLOYEE OR AN EMPLOYEE'S SPOUSE

IF YES, PLEASE LIST:

| NAME | RELATIONSHIP | POSITION | LOCATION |
|------|--------------|----------|----------|
|      |              |          |          |
|      |              |          |          |
|      |              |          |          |

PROFESSIONAL/PERSONAL REFERENCES

| NAME | ADDRESS | TELEPHONE NO. | OCCUPATION |
|------|---------|---------------|------------|
| Zelma Lollie | 305 N. Alvin BASTROP, LA 71220 | (318) 281-0677 | MOTEL MANAGER |
| Cornell Thompson DEW TRANS | 1338 S. Rowan Ave Los Angeles, Ca 90023 | (800) 444-0471 | DISPATCHER |
| Wade Henderson | 8823 D. St. Oakland, Ca | (510) 636-8844 | CITY WORKER |

HAVE YOU EVER:

BEEN CONVICTED OF A CRIME WHICH HAS NOT BEEN EXPUNGED OR REMOVE FROM YOUR RECORD?    ☐ YES  ☑ NO

BEEN DISCIPLINED OR DISCHARGED FOR ABSENTEEISM, TARDINESS, FAILURE TO NOTIFY YOUR COMPANY WHEN ABSENT, OR ANY OTHER ATTENDANCE-RELATED REASON?    ☐ YES  ☑ NO

BEEN DISCIPLINED OR DISCHARGED FOR THEFT, UNAUTHORIZED REMOVAL OF COMPANY PROPERTY, OR RELATED OFFENSES?    ☐ YES  ☑ NO

BEEN DISCIPLINED OR DISCHARGED FOR FIGHTING, ASSAULT, OR RELATED OFFENSES?    ☐ YES  ☑ NO

BEEN DISCIPLINED OR DISCHARGED FOR INSUBORDINATION?    ☐ YES  ☑ NO

BEEN DISCIPLINED OR DISCHARGED FOR POSSESSION OR USE OF ALCOHOL OR DRUGS AT WORK?    ☐ YES  ☑ NO

BEEN TERMINATED OR ASKED TO RESIGN FROM EMPLOYMENT FOR ANY REASON?    ☐ YES  ☑ NO

IF YOU ANSWERED YES TO ANY OF THE ABOVE QUESTIONS, PLEASE EXPLAIN.

D10285

PLEASE DESCRIBE ANY OTHER EXPERIENCES, SKILLS, LANGUAGES OR QUALIFICATIONS WHICH YOU CONSIDER RELEVANT TO YOUR ABILITY TO PERFORM THE JOB FOR WHICH YOU ARE APPLYING

Prior Railroad Exp. Know about D.T.C. Track Warrants, When a Switch is Properly Lined, How to couple-uncouple car; Can operate a locomotive.

NAPC 2187 (7/94)

WE APPRECIATE YOUR INTEREST IN AMTRAK AND THE TIME YOU HAVE TAKEN TO PREPARE THIS APPLICATION.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA<br>☒ EEOC | 376-2004-00295 |

| California Department Of Fair Employment & Housing | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. John E. Campbell | Home Phone No. *(Incl Area Code)*<br>(510) 632-4260 | Date of Birth<br>11-20-1961 |
|---|---|---|

| Street Address                    City, State and ZIP Code |
|---|
| 2210-109th Avenue, Oakland, CA 94603 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>AMTRAK | No. Employees, Members<br>Under 15 | Phone No. *(Include Area Code)*<br>(415) 591-7839 |
|---|---|---|

| Street Address                    City, State and ZIP Code |
|---|
| ~~5th and Townsend, San Francisco, CA 94111~~  1351 *20* ST H  ST.  Bldg A. OAN-94***60* |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address                    City, State and ZIP Code |
|---|
| |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|
| Earliest | Latest |
| 01-08-2004 | 01-08-2004 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

"AMeda OAKLAND"

I was hired in 1998 and am a Conductor in the ~~San Francisco~~, California crew base. In November 2003 I faxed my application for Engineer to Respondent's Human Resources office in Los Angeles. Interviews were held in December 2003, but I was not called. I learned on or about January 8, 2004 that the selectees were Jason Garmon and Michael Poirier, both Caucasian.

I am senior to both selectees and believe I am better qualified for promotion. To the best of my knowledge and belief, Respondent has not promoted any Black employee to Engineer since 1998.

I believe I have been discriminated against because of my race, Black, in violation of the statute.

RECEIVED

FEB 09 2004

EEOC - OLO

EXHIBIT, *PLT* 3 *DEFT*  *for identification*
WITNESS: *J. Campbell*
DATE: *2-26-07*
SHARON TRUJILLO, CSR 6120

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x *1-28-04*   x *John E. Campbell*<br>*Date*        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

D09919

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: John E. Campbell
2210 109th Avenue
Oakland, CA 94603

From: Oakland Local Office
1301 Clay Street
Suite 1170-N
Oakland, CA 94612

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 376-2004-00295 | Julian F. Melendres, Investigator Support Asst | (510) 637-3242 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Joyce Hendy*

Joyce A. Hendy,
Director

10/15/04

*(Date Mailed)*

Enclosure(s)

cc: Elias Munoz
EEO Compliance Manager
NATIONAL RR PASSENGER COR

EXHIBIT (PLT) (DEFT) 4 for identification
WITNESS: J. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

000008

# * * * EMPLOYMENT * * *

OMPLAINT OF DISCRIMINATION UNDER     DFEH #    E-200506-M-0250-00-c

HE PROVISIONS OF THE CALIFORNIA

AIR EMPLOYMENT AND HOUSING ACT                    DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

UR NAME (Indicate Mr. or Ms.)  JOHn EARL Campbell        TELEPHONE NUMBER (INCLUDE AREA CODE) 810-652-4266

DRESS  2210 109TH AvE.

TY/STATE/ZIP  OAKLAnd  CA  94603       COUNTY  Alimeda    COUNTY CODE

AMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
OMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

ME  AmTRAK

DRESS  5040 WATER ST. 5TH FLOOR       TELEPHONE NUMBER (Include Area Code)     DFEH USE ONLY

TY/STATE/ZIP  OAKLAnd  CA  94607       COUNTY  94607       COUNTY CODE

. OF EMPLOYEES/MEMBERS (if known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION
                                    TOOK PLACE (month, day, and year)          RESPONDENT CODE

E PARTICULARS ARE:

n  SEPT. 17, 2004  I was   ☑ fired          ___ denied employment              ___ denied family or medical leave
                          ___ laid off      ___ denied promotion               ___ denied pregnancy leave
                          ___ demoted       ___ denied transfer                ___ denied equal pay
                          ___ harassed      ___ denied accommodation           ___ denied right to wear pents
                          ___ genetic characteristics testing  ___ impermissible non-job-related inquiry   ___ denied pregnancy accommodation
                          ___ forced to quit                    ___ other (specify)

r  JOE dEELY                    Division SupT.
   Name of Person              Job Title (supervisor/manager/personnel director/etc.)

ecause of my:  ___ sex        ___ national origin/ancestry   ___ physical disability   ___ cancer              (Circle one) filing;
               ___ age        ___ marital status             ___ mental disability     ___ genetic characteristic   Protesting; participating in
               ___ religion   ___ sexual orientation                                                            investigation (retaliation for)
               ☑ race/color   ___ association                ___ other (specify)

e reason given by  JOE dEELY - Division SupT
                   Name of Person and Job Title

Vas          RETAliERTion FOR Filing An EEOC discRiminATion
ecause of    Complain AgAinST AmTRAK FOR NOT PRomoTing
lease state
hat you      BlAcKS TO THE EngineER positioN in OAKLAnd
elieve to be
ason(s)]

n to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I
t a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the
H "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

e not been coerced in making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair
loyment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

lare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to
ers stated on my information and belief, and as to those matters I believe it to be true.

d  8-16-05

OAKLAnd                        _____ John Earl Campbell _____
City                               COMPLAINANT'S SIGNATURE

EXHIBIT (PLT) (DEFT) 5 for identification
WITNESS: J. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

-300-63 (01/05)                 DATE FILED: 08/17/0 AUG 1 7 2005        000015
MENT OF FAIR EMPLOYMENT AND HOUSING                                    STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                   ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612-2512
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



August 29, 2005

JOHN EARL CAMPBELL
2210 109th Avenue
Oakland, CA 94603

RE:    E200506M0250-00-c
       CAMPBELL/AMTRAK

Dear JOHN EARL CAMPBELL:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
August 17, 2005 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

EXHIBIT    PLT
           (DEFT)    6
                     for identification
WITNESS: J. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

EXHIBIT A

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Dorothy Padilla
District Administrator

cc:    Case File

EEO Representative
Human Resource Department
AMTRAK
5041 Water Street 5th Fl
Oakland, CA  94607

DFEH-200-43 (04/03)

## NEW- HIRE CHECKLIST - AGREEMENT COVERED POSITION

| YES | NO | N/A | |
|---|---|---|---|
| ( ✓ ) | ( ) | ( ) | NRPC 2525 STANDARDS OF EXCELLENCE |
| ( ) | ( ✓ ) | ( ) | HEALTH & WELFARE BENEFITS - AMPLAN |
| ( ✓ ) | ( ) | ( ) | NATIONAL DENTAL PLAN - AETNA GP12000 |
| ( ✓ ) | ( ) | ( ) | BUSINESS TRAVEL ACCIDENT INSURANCE (CG0386430-06) |
| ( ) | ( ✓ ) | ( ) | APPLICABLE LABOR AGREEMENT |
| ( ✓ ) | ( ) | ( ) | EEO INTERNAL COMPLAINT PROCEDURES HANDOUT |
| ( ✗ ) | ( ✓ ) | ( ) | AFFIRMATIVE ACTION PROGRAM |
| ( ✓ ) | ( ) | ( ) | EQUAL EMPLOYMENT OPPORTUNITY POLICY |
| ( ✓ ) | ( ) | ( ) | ATTENDANCE POLICY |
| ( ✓ ) | ( ) | ( ) | FEDERAL/STATE W4 FORMS |
| ( ✓ ) | ( ) | ( ) | EMPLOYEE INFORMATION FORM - NRPC 2001 |
| ( ) | ( ) | ( ) | AUTHORIZATION FOR DIRECT DEPOSIT - NRPC 2032 |
| ( ✓ ) | ( ) | ( ) | SAVINGS BOND APPLICATION FORM |
| ( ✓ ) | ( ) | ( ) | EMPLOYEE ASSISTANCE PROGRAM BOOKLET |
| ( ✓ ) | ( ) | ( ) | EDUCATIONAL ASSISTANCE POLICY |
| ( ✓ ) | ( ) | ( ) | RAILROAD RETIREMENT & SURVIVOR BENEFITS BOOKLET |
| ( ✓ ) | ( ) | ( ) | EMPLOYEE ELIGIBILITY VERIFICATION (INS FORM - I-9) |
| ( ✓ ) | ( ) | ( ) | SEXUAL HARASSMENT INFORMATION |
| ( ✓ ) | ( ) | ( ) | FLASH PASS |

DATE: 9-30-98   SIGNATURE: ~~John Earl Campbell~~ - John E Campbell

SS #: 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   NAME: John Earl Campbell
(PLEASE PRINT)

POSITION: ASST. Conductor                D10275

PERSONNEL DEPARTMENT REPRESENTATIVE: Denise H. Sargeant

EXHIBIT ___ for identification
WITNESS: L. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

# Receipt

My signature indicates that I have received a copy
of the *Service Standards Reference Manual for
Train Service and On-Board Service Employees.*
I understand that I am responsible for reading and
updating my manual and that I must follow the
procedures outlined. I also understand that this
receipt will be placed in my personnel file.

Name: _John Campbell_
(please print)

Signature: _John Campbell_

Date: _5-14-04_

Issuing Location: _Oakland_

Service Standards Manual No 2

EXHIBIT _11_
PLT.
DEFT.              for identification

WITNESS: _J. Campbell_
DATE: _2-26-07_
SHARON TRUJILLO, CSR 6120

D10498

# ACKNOWLEDGEMENT OF RECEIPT OF AMTRAK STANDARDS OF EXCELLENCE

I have received a copy of the booklet entitled "Amtrak Standards of Excellence." I understand that I should read the booklet carefully and that I will be expected to follow the standards of excellence outlined in it. I understand that failure to follow these standards will result in appropriate corrective or disciplinary action.

Employee Signature: *John Earl Campbell*

Print Name: *JOHN EARL CAMPBELL*

Date: *9-30-98*

Signature of Company Representative: *Denise H Sargeant*

Print name: *DENISE H. SARGEANT*

Date: *9/30/98*

*Please detach this form and give to company representative for your employee file.*

ii

EXHIBIT *12*
PLT. DEPT. for identification
WITNESS: *J. Campbell*
DATE: *2-26-07*
SHARON TRUJILLO, CSR 6120

D10292





National Railroad Passenger Corporation. California Corridor, 1851-A 5th Street, Oakland, CA 94607

**Amtrak**
**West**

## WAIVER OF RIGHT TO FORMAL INVESTIGATION

Date: April 12, 2000

I hereby waive my right to the Formal Investigation originally scheduled for April 12, 2000, 2:00 p.m., at Mechanical Facility, 250 Wood St., Oakland, California in connection with the following:

**Charges**: "Your alleged failure to follow the General Code of Operating Rules, Third Edition, 1.1.3, 6.28, 7.1, 7.3, & 7.5; Safety rule: 5316(e); and AMT-3 rule 16.2.2.

**Specifications**: Damage to equipment during the 11PM yard assignment of March 24, 2000. Damage to the cables occurred when 8804 was cut from car 8030 on 2 track. And further damage was done when 8804 was moved to 8 track. The 8027 and 8020 were in the 8 track. The 8020 was shoved into the 8027 by the move of the 8804. Damages were unreported.

I further hereby agree to accept the following discipline assessed by the National Railroad Passenger Corporation:

A letter of reprimand will be issued to you and placed in your file.

<u>John Campbell</u>
Employee Name (Print)

_____
Employee Signature

_____4-13-00_____
Date

_____
Witness Signature

_____4-13-00_____
Witness Signature

Cc: B. Barnes
R. A. Wood
Roger Butler - File # 0161.00
R. Belloumini-UTU Local Chairman

EXHIBIT ___13___
WITNESS: J. Campbell
DATE: 2-26-07
SHARON TRUJILLO, CSR 6120

AN EQUAL OPPORTUNITY EMPLOYER    EXHIBIT ___B___



National Railroad Passenger Corporation, Law Department, 344 Mira Loma Avenue, Glendale, California 91204

**DECISION**



March 28, 2002
File #LAX-UTU-02/DISC
Case #019.02

FedEx Tracking #8313 2752 9178

Mr. John Campbell
2210 109th Avenue
Oakland, CA 94603

Dear Mr. Campbell:

> EXHIBIT ___ PLF. ____ 14
> DEFT. ____ for identification
> WITNESS: _J. Campbell_
> DATE: _2-26-07_
> SHARON TRUJILLO, CSR 6120

By letter, dated January 17, 2002, you were charged with the following misconduct:

**Charge 1**: Your alleged violation of the _**General Code of Operating - Fourth Edition - April 2, 2000 - Rule 6.28 - Movement on Other than Main Track**_, which reads, "Except when moving on a track where a block system is in effect, trains or engines must move at a speed that allows them to stop within half the range of vision short of:

- ♦ Train.
- ♦ Engine.
- ♦ Railroad car.
- ♦ Men or equipment fouling the track.
- ♦ Stop Signal or Derail or switch lined improperly."

**Charge 2**: Your alleged violation of the _**General Code of Operating Rules - Fourth Edition - April 2, 2000 - Rule 7.1, Switching Safely and Efficiently**_, which reads in part... "While switching, employees must work safely and efficiently and avoid damage to contents of cars, equipment, structures, or other property."

**Charge 3**: Your alleged violation of the _**General Code of Operation Rules - Fourth Edition - April 2, 2000 - Rule 7.4 Precautions for Coupling or Moving Cars or Engines**_, which reads "Before coupling to or moving cars or engines, verify that the cars or engines are properly secured and can be coupled and moved safely.

Make couplings at a speed of not more than 4 MPH. Stretch the slack to ensure that all couplings are made."

**Charge 4**: Your alleged violation of the _**General Code of Operation Rules - Fourth Edition - April 2, 2000 - Rule 7.12 Movements into Spur Tracks**_, which reads in part... "When shoving into a spur track, control movement to prevent damage at the end of track..."

Decision Letter
Mr. John Campbell
Case #019.02
Page Two

**Specifications**: It is alleged that while working as the Conductor on Yard Job CYO-4 on January 10, 2002, while shoving into Fume track in the Oakland yard with 17 cars and 3 units, you were directing the movement when an alleged hard coupling resulted in equipment damage and the derailment of a boxcar.

After one postponement, the Hearing Officer conducted a disciplinary investigation into the above-quoted charges. The investigation was conducted on March 15, 2002, in which your representative were in attendance. The following findings are based on the evidence and testimony presented at the investigation:

> The rule cited was in effect and applicable to you at the time of the alleged wrongdoing, as it is applicable to all Amtrak employees in your job category.

> The charges were sustained primarily, although not exclusively, by your own testimony and omission, and the testimony of Mr. Sid Birckett.

Based on the foregoing findings and the hearing record as a whole, I find that you are guilty of the above-quoted charges. The transcript of the aforementioned investigation will be forthcoming per the agreement with the union.

Sincerely,

*Roger R Butler*

Roger R. Butler
Hearing Officer
Western Region