1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
   PRICE AND ASSOCIATES
2  A Professional Law Corporation
   The Latham Square Building
3  1611 Telegraph Avenue, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 452-0292
   Facsimile: (510) 452-5625
5
6  Attorneys for Plaintiff
   JOHN EARL CAMPBELL

7
8
9
10                    UNITED STATES DISTRICT COURT
11                   NORTHERN DISTRICT OF CALIFORNIA
12
13
14
15  JOHN EARL CAMPBELL,                )  NO. C05-5434 MJJ (EDL)
                                       )
16          Plaintiff,                 )  **PLAINTIFF'S SEPARATE STATEMENT OF**
                                       )  **DOCUMENT REQUESTS IN DISPUTE IN**
17  v.                                 )  **SUPPORT OF MOTION TO COMPEL**
                                       )  **DISCOVERY**
18  NATIONAL RAILROAD PASSENGER        )
    CORPORATION dba AMTRAK, JOE        )  DATE:      May 8, 2007
19  DEELY, and DOES 1-15, inclusive,   )  TIME:      9:00 a.m.
                                       )  DEPT.:     Courtroom E, 15th Floor
20          Defendants.                )
    _____    )  HON. ELIZABETH D. LAPORTE
21
22                                        DISCOVERY CUT-OFF:   March 23, 2007
23                                        TRIAL DATE:          July 23, 2007
24
25                         **DISCOVERY MATTER**
26
27
28

1143P215PYP

-1-
SEPARATE STATEMENT OF DOCUMENT REQUESTS (C05-5434 MJJ (EDL))

Pursuant to Local Rule 37-2, Plaintiff JOHN CAMPBELL submits the following Requests for Production of Documents verbatim propounded to Defendant NATIONAL RAILROAD PASSENGER CORPORATION d.b.a. AMTRAK, and the responses received verbatim. The reason to compel disclosure of the information is detailed in Plaintiff's Memorandum of Points and Authorities and the Declaration of Pamela Y. Price filed and served concurrently herewith.

**REQUEST NO. 17.**

All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Defendant Joe DEELY's employment with Defendant AMTRAK, including but not limited to DEELY's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.

**REQUEST NO. 18.**

All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Jason Garmon's employment with Defendant AMTRAK, including but not limited to Garmon's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. Subject to and without waiving the foregoing, Amtrak responds as follows: Notwithstanding Amtrak's objections above, Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Jason Garmon applied for any such position, his application and supporting documentation were produced.

**REQUEST NO. 19.**

All **DOCUMENTS** which **REFLECT, RELATE** or **REFER TO** Michael Poirier's employment

with Defendant AMTRAK, including but not limited to Poirier's personnel file or files; the "folder," "jacket" or other container of each such file and any attachments thereto, any discipline records, promotion applications to ANY and ALL positions held, and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. Subject to and without waiving the foregoing, Amtrak responds as follows: Notwithstanding Amtrak's objections above, Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent Michael Poirier applied for any such position, his application and supporting documentation were produced.

**REQUEST NO. 20.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of K. Marty's including but not limited to Marty's personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any

attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution.  See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.  Subject to and without waiving the foregoing, Amtrak responds as follows: Notwithstanding Amtrak's objections above, Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent K. Marty applied for any such position, his application and supporting documentation were produced.

**REQUEST NO. 21.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the employment of F.J. Caron, including but not limited to Caron's personnel file or files, discipline records, promotion application and including but not limited to the "folder," "jacket" or other container of each such file and any attachments thereto and all files maintained by individual supervisors or others employed by Defendant AMTRAK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution.  See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.  Subject to and without waiving the foregoing, Amtrak responds as follows: Notwithstanding Amtrak's objections above, Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied.  To the extent F.J. Caron applied for any such position, his application and supporting documentation were produced.

**REQUEST NO. 22.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the identification of each African-American conductor who applied for an engineer position in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. Subject to and without waiving the foregoing, Amtrak responds as follows: Notwithstanding Amtrak's objections above, Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent any African-American conductor applied for any such position, such application and supporting documentation were produced.

**REQUEST NO. 23.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the race of all conductors who were voluntarily or involuntarily terminated in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject

to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REQUEST NO. 24.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of African-American engineers hired in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents

1143P215PYP

-8-
SEPARATE STATEMENT OF DOCUMENT REQUESTS (C05-5434 MJJ (EDL))

protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REQUEST NO. 25.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of engineers hired in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REQUEST NO. 26.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of conductors employed in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REQUEST NO. 27.**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of African-American conductors employed in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally

1  protected information has the burden of establishing that the information sought is directly relevant
2  to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v.</u>
3  <u>Federal Express Corp</u>. (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp</u>. (D HI 1980) 88
4  FRD 518, 524.  In addition, Amtrak objects to this request to the extent it calls for documents
5  protected from disclosure by the attorney-client privilege and the attorney work product doctrine.
6  **REQUEST NO. 28.**
7  All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of African-
8  American conductors who applied for engineer position(s) in the Pacific Division of Defendant
9  AMTRAK from January 1998 to the present.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:
11 Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome.
12 Defendant further objects to this request as seeking information neither relevant to the claim or
13 defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.
14 Defendant also objects to this request to the extent it seeks to obtain information or materials
15 protected from disclosure by the California Constitutional right of privacy and/or the federally
16 recognized right to privacy under the United States Constitution.  See <u>Board of Trustees of Leland</u>
17 <u>Stanford Junior University v. Superior Court</u> (1981) 119 Cal.App.3d 516 (personnel records subject
18 to Constitutional right of privacy); <u>Valley Bank of Nevada v. Superior Court</u> (1975) 15 Cal.3d 652,
19 657 (A party to an action may assert the privacy rights of third parties such as its employees.); <u>Tylo</u>
20 <u>v. Superior Court</u> (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally
21 protected information has the burden of establishing that the information sought is directly relevant
22 to the claims."); <u>Johnson by Johnson v. Thompson</u> (10th Cir. 1992) 971 F.2d 1487, 1497; <u>Miller v.</u>
23 <u>Federal Express Corp</u>. (WD TN 1999) 186 FRD 376, 384; <u>Matter of Hawaii Corp</u>. (D HI 1980) 88
24 FRD 518, 524.  In addition, Amtrak objects to this request to the extent it calls for documents
25 protected from disclosure by the attorney-client privilege and the attorney work product doctrine.
26 Subject to and without waiving the foregoing, Amtrak responds as follows:
27 Amtrak previously produced applications and related records that it received in response to the jobs/
28

1  vacancies to which Plaintiff contends he applied. To the extent any Amtrak conductor applied for
2  any such position, such application and supporting documentation have been produced.

**REQUEST NO. 29.**

Any and all **DOCUMENTS** which **REFLECT**, **RELATE** or **REFER TO** derailments in the Pacific Division of Defendant AMTRAK between January 1, 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Dated: April 3, 2007                    PRICE AND ASSOCIATES


　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Pamela Y. Price*
　　　　　　　　　　　　　　　　　　　　　　　PAMELA Y. PRICE, Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　JOHN EARL CAMPBELL