PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
JOHN CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>    Defendants. | NO. C05-5434 MJJ (EDL)<br><br>**DECLARATION OF PAMELA Y. PRICE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>DATE:    May 8, 2007<br>TIME:    9:00 a.m.<br>DEPT.:    Courtroom E, 15th Floor<br><br>HON. ELIZABETH D. LAPORTE<br><br>DISCOVERY CUT-OFF:    March 23, 2007<br><br>TRIAL DATE:    July 23, 2007 |

**DISCOVERY MATTER**

I, PAMELA Y. PRICE, hereby declare:

1. I am an attorney duly licensed to practice law in the State of California and one of the attorneys of record for Plaintiff JOHN EARL CAMPBELL. I make this Declaration on personal knowledge in support of Plaintiff's Motion to Compel Responses to Mr. Campbell's Third Request for Production of Documents and Defendant Deely's testimony regarding his financial condition.

1    2.      A true and correct copy of Vice Local Chairman of the BLET Division 144-
2  Amtrak for Oakland Sacramento, Chad M. Skinner's e-mail to Mr. CAMPBELL is attached
3  hereto as Attachment 1.
4    3.      A true and correct copy of the Organization Member's Dissent To Award No.120
5  Of Public Law Board No. 6478 is attached hereto as Attachment 2.
6    4.      On February 9, 2007, the parties submitted a stipulation and proposed order to
7  enlarge the time for non-expert discovery up to and including March 23, 2007.  The Court filed an
8  order approving the stipulation on February 14, 2007.  Mr. CAMPBELL served his Third Request
9  for Production of Documents on February 21, 2007.  Defendant AMTRAK served its responses
10 on March 23, 2007.
11   5.      Mr. CAMPBELL alleges that Defendant AMTRAK discriminated against him
12 based on race: (1)  by terminating him for alleged Rules violations and (2) failing to promote him.
13 Mr. CAMPBELL contends that Defendant AMTRAK intentionally excluded African-Americans
14 from the higher ranking job classification of engineer in the Pacific Division.  The documents he
15 seeks, namely the personnel files of Defendant Deely and four (4) of the Caucasian employees
16 who were promoted over him, information about the hiring and termination of conductors and
17 engineers, all potentially have discoverable evidence that Mr. CAMPBELL needs to prepare for
18 trial.
19   6.      Mr. CAMPBELL also has good cause to compel the production of Defendant
20 DEELY's financial records because he has the burden of proving Defendant DEELY's net worth
21 as a prerequisite to any award.  I took Defendant Deely's deposition on February 15, 2007 and
22 attempted to examine him regarding his financial condition.  He refused to answer my first
23 question, and counsel for the parties stipulated that Defendant Deely would refuse to answer any
24 questions about his financial information without requiring me to ask him all of the questions.
25 (True and correct copies of pages 1 and 91-94 of Defendant Deely's deposition transcript are
26 attached hereto as Attachment 3.)
27   7.      Prior to bringing the instant motion, I met and conferred with defense counsel,
28 Kathleen Maylin, regarding AMTRAK's discovery responses.  I informed Ms. Maylin that we had

1  just successfully litigated the discoverability of Defendant Deely's personnel file and financial
2  information in an unrelated action entitled *Howard v. Amtrak*, U.S. District Court Case No. C05-
3  4069 SI.  That action is pending before the Honorable Judge Susan Illston, and is being defended
4  by Ms. Maylin's law firm, Jackson Lewis, and her partner, Scott Oborne.  Mr. Oborne defended
5  Defendant Deely's deposition in this case.

6      8.    On March 13, 2007, Judge Illston ordered Defendant AMTRAK, *inter alia*, to
7  produce Defendant Deely's personnel file, and Defendant Deely to provide financial information
8  for our review.  I offered to stipulate that the information already ordered produced by Judge
9  Illston could also be produced in this action subject to a protective order in lieu of the instant
10 motion to compel.  Ms. Maylin declined to so stipulate.  (A true and correct copy of Judge
11 Illston's Order compelling discovery in the *Howard* case is attached hereto as Attachment 4.)

12     9.    With respect to Request Nos. 18, 19, 20 and 21, my associates, assistants and I
13 have spent hours poring over and organizing the 10,000 documents produced by AMTRAK and
14 we have not yet "discovered" the employment records of Messrs. Garmon, Poirier, Marty or
15 Caron.  Although AMTRAK's response to these requests suggests that some of the records
16 requested may have been produced, without bates numbers there is no way for us to determine
17 what records may have been produced.  In any event, AMTRAK's response clearly indicates that
18 it has not produced all of the records responsive to the request.

19     10.   With respect to Request No. 22, again although AMTRAK's response to this
20 request suggests that some of the records requested may have been produced, without bates
21 numbers there is no way for us to determine what records may have been produced.  AMTRAK's
22 response also clearly indicates that it has not produced all of the records responsive to the request.

23     11.   Ms. Maylin also acknowledged that Request Nos. 22, 23, 23, 25 and 27 of the
24 Third Request for Production of Documents seeks documents that support Defendant AMTRAK's
25 answers to Interrogatory Nos. 6, 7, 8, 10 and 11, which are the subject of another motion to
26 compel pending before the Court.  That motion is set for hearing on May 1, 2007.  Ms. Maylin
27 agreed that to the extent that the Court grants further answers to interrogatories that track or are
28 related to Request Nos. 22 - 28, Amtrak will be guided in producing documents responsive to

1 those requests to comport with the Court's ruling on the pending Motion to Compel Answers to
2 Interrogatories. Nonetheless, she indicated that we would have to file a motion to compel further
3 responses to the document requests.

4     12.    Request No. 30 seeks information, particularly disciplinary records and
5 investigation reports, regarding derailments in the Pacific Division. In its response to Mr.
6 Campbell's Second Request for Production of Documents, Request No. 16, Defendant AMTRAK
7 indicated that it only has records of one incident where the brakes were cut out and improper
8 coupling occurred. That was the incident which resulted in Mr. Campbell's termination. The
9 closest comparable incident would be a derailment, hence, Mr. Campbell believes that
10 information regarding derailments and Amtrak's disciplinary response (or not) to situations
11 involving derailments would be relevant and probative on the issue of whether the discipline
12 imposed on Mr. Campbell was racially-motived or retaliatory.

13     13.    Mr. CAMPBELL will suffer great prejudice to his case if Defendant AMTRAK is
14 not compelled to produce the requested records and Defendant Deely's financial information.
15 Good cause exists to compel further responses to this discovery in that the information is relevant
16 to the issues in this case, the requests are narrowly tailored and Mr. CAMPBELL has no other way
17 to discover the information. Mr. CAMPBELL needs the documents sought in order to complete
18 pretrial discovery and adequately prepare his case for trial.

19     I declare under penalty of perjury under the laws of the State of California and the United
20 States of America that the foregoing is true and correct. If called as a witness, I could and would
21 testify competently to the matters stated herein.

22     Executed this 3rd day of April 2007, at Oakland, California.

                                              /s/ *Pamela Y. Price*
                                              PAMELA Y. PRICE, Declarant



# Brotherhood of Locomotive Engineers and Trainmen
## Local Committee of Adjustment
### DIVISION 144 - AMTRAK

**Chad M. Skinner**
Vice Local Chairman

1390 Market Street – Suite 2228
San Francisco, CA 94102-5333
Telephone (415) 823-3564
Fax (415) 558-9509
E-Mail: ucms@sbcglobal.net

Mr. John E Campbell
2210 109th Avenue
Oakland, CA 94603

August 10, 2004

Dear Brother Campbell,

The Organization has received your grievance regarding your application to Engine Service with the National Railroad Passenger Corporation (Amtrak) and the subsequent denial of said application.

As you are aware, the Organization participates in the interview and hiring process for Amtrak Locomotive Engineers and was present at the time of your interview on July 7, 2004. The interview process has very strict guidelines for questioning potential applicants as to their abilities and qualifications which may not be deviated from in any way. Applicants are all asked a series of questions in which they may relate their past work experience and qualifications and how these qualifications relate to the position in which they are applying. Amtrak uses a scoring system in which a numerical value is assigned to the applicants answer based on how strongly the interviewer feels that the applicant answered the question. Questions are assigned a score between 1 and 3, one being the lowest score and 3 being the highest.

On July 7, 2004 I had the pleasure of participating in your interview for Engine Service with Amtrak. Your interview was conducted at Amtrak's Water Street offices where Larry Follis (Amtrak RFE) and Susan Venturelli (Amtrak HR) and myself were present. You were asked the same series of questions as all other applicants. We interviewed approximately 30 applicants for the seven positions in Oakland and Sacramento. Your interview was very enlightening and in my opinion ranked among the best. Your overall score ranked among the highest of all the applicants we interviewed over the three day period. It is unknown to the Organization why you were not selected however, it was later discovered that Mr Patrick Preusser had a meeting with Susan Venturelli (HR) on Monday July 11, 2004 to discuss the potential candidates that were to be selected. The Organization was never informed of this meeting nor asked to participate in any capacity despite our contractual right to partake.

Mr. John E Cambell
August 10, 2004
Page 2

I hope this answers some of the questions you may have had with regard to this process and the means by which engineers were selected for the August 2004 Engineer Trainee class.

If we can be of any additional assistance, please contact my self or Rich Barnes at your convenience.

Fraternally,


C.M. Skinner
Vice Local Chairman
BLET Division 144 – Amtrak
Oakland / Sacramento


Cc: R.E. Barnes
    D.H. Hansen
    R.G. Negrete
    D.A. Carroll

## ORGANIZATION MEMBER'S DISSENT
## TO AWARD NO. 120
## OF PUBLIC LAW BOARD NO. 6478

It is obvious that the Majority maintains an unrealistic view regarding the application of operating rules in connection with moving railroad equipment. It is also apparent that the Majority was unable to give the Claimant the benefit of the doubt. The Neutral member was duped into believing that "if it was not for the quick action of the Supervisor, the outcome of this event could have been far more serious." The Organization's Member of the Board views this statement by the Carrier's Member to be an exaggeration intended to create the illusion of danger where none existed. Unfortunately, for the Claimant, the Neutral Member was not able to clear the unrealistic image of suggestive danger from his mind.

The Claimant emphatically stated that for the past 5 years, he switched in the same manner, employing the same safety practices as every other crew that switched in that territory. The record reveals that the physical characteristic of the territory is flat. The record supports the fact that there was no accident, no derailment, no damage and no train delay. The Claimant was in control of the move and made the "joint" about 2 miles an hour. The engine in questioned rolled approximately a "half engine length". The record reveals that the engine was coming to a stop even before the brakes were cut in. These facts were ignored and dismissed by the Majority.

In light of the Claimant's record, the discipline is harsh, excessive and not consistent with discipline assessed in similar cases, not just on Amtrak, but in the entire industry.

_[signature]_
Organization's Member

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN EARL CAMPBELL,

      Plaintiff,

  vs.                            No. C05-05434 MJJ

NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK, JOE
DEELY and DOES 1 through 15,
inclusive,

      Defendants.
_____/



DEPOSITION OF JOE DEELY

February 15, 2007

PATRICIA CALLAHAN & ASSOCIATES, INC.
Certified Shorthand Reporters
Oakland, California   510-835-3993
San Francisco, California   415-788-3993
Castro Valley, California   510-885-2371

Facsimile 510-247-9775
WeReport@aol.com

Reported by:
LaRelle M. Fagundes
CSR No. 9762

1  Q.      What is your annual income?

2          MR. OBORNE:  Objection.  Calls for

3  information protected by right of privacy.

4          Do not answer the question.

5          MS. PRICE:  Certify the question, please.

6          Counsel, we currently have a dispute, which

7  you may not be aware of since you told us in

8  December that you weren't going to be involved in

9  this case anymore, but we do have a -- and it

10 involved -- when we were trying to resolve the

11 dispute about the documents.  So I don't know if

12 you're aware that we do have a dispute about the

13 financial information of Mr. Deely.

14         And I'm prepared at this time to ask him a

15 series of questions about his financial condition

16 subject to the court making a decision about the

17 objections to the production of documents.

18         If your position at this deposition is that

19 the witness is not required to disclose his

20 financial condition, then I won't go through the

21 questions.  If it's not -- if that's not your

22 position, then we'll go through this inquiry.

23         MR. OBORNE:  That is our position.

24         MS. PRICE:  Okay.  Well, then the record

25 should reflect again this information is -- I mean,

1   some of it is previously asked for in the request
2   for production of documents, which has been
3   objected to.  And the parties have not been able to
4   resolve it.  And we anticipate that it's an issue
5   that's going to be determined by the magistrate
6   judge.
7           And so at this time, I will defer -- in the
8   absence of the information that was previously
9   requested from Defendant Amtrak, I will defer my
10  examination of the witness on his financial
11  condition until such time as the magistrate has
12  determined whether the objection that has been
13  interposed by Amtrak is valid and should be
14  overruled.
15          And I guess, for the record, there's also
16  an ongoing dispute regarding Amtrak's refusal to
17  produce information in response to our request for
18  information about the prior EEO complaints as well.
19  And so I will also reserve my right to question
20  this witness about those complaints if and when the
21  magistrate determines that that information should
22  have been produced as well.
23          And I'm referring to the first request for
24  production of documents to Defendant Amtrak's
25  request number three, I believe is where it is.

1        Subject to those items, I'm done.  And that
2   means I'm recessing the deposition until such time
3   as these disputes have been resolved on behalf of
4   Mr. Campbell.
5        (Deposition concluded at 2:18 p.m.)
6
7                                    _____
8                                    Signature of witness
9
10                       ---oOo---

CERTIFICATE

I, the undersigned, a Certified Shorthand Reporter, State of California, hereby certify that the witness in the foregoing deposition was by me first duly sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of said witness was reported by me, a disinterested person, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said testimony; and that the witness was given an opportunity to read and, if necessary, correct said deposition and to subscribe the same.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing deposition and caption named, nor in any way interested in the outcome of the cause named in said caption.

Executed this 1st day of March, 2007.

*Larelle M. Fagundes*

LARELLE M. FAGUNDES, CSR 9762

PATRICIA CALLAHAN & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOYSE HOWARD,

        Plaintiff,

  v.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.,

        Defendants.

No. C 05-4069 SI

**ORDER RE: DISCOVERY DISPUTES**

## I. Plaintiff's motion to compel documents regarding individual defendants' financial condition (Docket Nos. 62 and 70)

Plaintiff moves to compel the production of documents relating to the individual defendants' financial condition. Plaintiff contends that this discovery is relevant to the punitive damages claims against these defendants. Defendants oppose the motion, arguing, *inter alia*, that as a matter of law individual defendants cannot be held liable for any damages under either Title VII or 42 U.S.C. § 1981.[1]

Defendants are correct that the individual defendants may not be held personally liable under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). However, although the Ninth Circuit has not addressed the issue of whether individual defendants may be liable under 42 U.S.C. § 1981, other circuits have allowed such claims. *See, e.g., Whidbee v. Gharzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000); *Al-Khazraji v. St. Francis College*, 784 F.2d 505, 518 (3d Cir. 1986), *aff'd on other grounds*, 481 U.S. 604 (1987); *Tillman v. Wheaton-Haven Recreation Ass'n*, 517 F.2d 1141, 1146 (4th Cir. 1975). Neither party addresses this authority.

---

[1] The individual defendants are named as defendants on plaintiff's § 1981 claim, but not on plaintiff's Title VII claim.

Because the parties have not fully briefed the issue, the Court does not at this time decide whether punitive damages are available against the individual defendants in this action. However, the Court will permit plaintiff's discovery relevant to this damages claim. Accordingly, the Court GRANTS plaintiff's motion to compel documents regarding the individual defendants' financial condition. Such discovery may be produced pursuant to a protective order.

## II.     Plaintiff's motion to compel depositions (Docket Nos. 63 and 69)

Plaintiff seeks to compel the depositions of two individual defendants and two percipient witnesses. Plaintiff states that at a recent deposition, counsel agreed on the record that plaintiff could take these depositions past the discovery cutoff, but that now defendants are refusing to abide by that agreement. Defendants, in contrast, state that they only agreed that plaintiff could take the individual defendants' depositions up to one week past the February 15, 2007 discovery cut-off – which plaintiff failed to do – and that they never agreed to allow depositions of percipient witnesses past the cut-off.

Inexplicably, neither party has provided the Court with an excerpt of the deposition transcript documenting the parties' agreement. Without a copy of that agreement, the Court is unable to determine whose version of events is correct. Accordingly, the Court DENIES plaintiff's motion to compel without prejudice to renewal. If plaintiff renews this motion, plaintiff shall submit a copy of the deposition excerpt documenting the parties' agreement.

## III.    Plaintiff's motion to compel documents and answers to interrogatories (Docket Nos. 61 and 68)[2]

Plaintiff moves to compel the following categories of documents: (1) employment records of the individual named defendants Deely, Hall and Shelton; non-party employees who allegedly complained about plaintiff; and "similarly-situated" employees (Document Requests 1-8); (2) statistical information regarding the employment of African-Americans in management positions (Requests 33-34); (3) EEO complaints and investigations involving race discrimination against Amtrak in the Pacific Division, and

---

[2] Neither party provided the Court with a copy of the document requests and interrogatories at issue, and thus this order relies on the parties' description of the discovery.

2

against named defendants Deely, Hall and Shelton (Requests 35-37, 48 and 53); and (4) Amtrak's documentation of plaintiff's protected activities (Requests 27, 44 and 47).

Plaintiff moves to compel further responses to interrogatories requesting the following information: (1) the identity of African-Americans who reported to the individual defendants Deely, Hall and Shelton (Interrogatory Nos. 2, 3 and 4); (2) Amtrak's documentation of plaintiff's protected activities (No. 8); (3) other similarly-situated managers terminated by Amtrak (Nos. 15-16); (4) the numbers of African-Americans hired and fired in the Pacific Division (Nos. 17-20); (5) the identity of persons suing Amtrak for racial discrimination (No. 21); and (6) the basis for defendant's denial of plaintiff's request for admissions (Nos. 22-25).

Defendant opposes this discovery on numerous grounds. First, defendant complains that plaintiff delayed in moving to compel until just before the deadline for such motions. Although the Court is sympathetic to defendants' concerns, the fact remains that plaintiff's motion is timely. However, certain of the document requests and interrogatories seek statistical information that would be appropriate only for expert analysis; the deadline for expert disclosures has passed, and the deadline for filing dispositive motions is imminent. Accordingly, the Court finds that plaintiff has waited too long to compel statistical information regarding the employment of African-Americans in management positions (document requests 33-34), and information about the numbers of African-Americans hired and fired in the Pacific Division.

However, the Court finds that plaintiff is entitled to the balance of the discovery sought, with certain limitations. Defendant objects that certain of the interrogatories, such as interrogatory numbers 15 and 16, are burdensome because they seek information on a nationwide basis. The Court agrees, and limits the geographic scope of the discovery to the Pacific Division. Defendants' remaining objections are not well-founded, and the Court finds that the discovery sought is relevant to plaintiff's claims of discrimination and retaliation.

**IT IS SO ORDERED.**

Dated: March 13, 2007

SUSAN ILLSTON
United States District Judge