Kathleen Maylin (SBN 155371)
Cara Ching-Senaha (SBN 209467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>　　　　Defendants. | Case No. C05-05434 MJJ (EDL)<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATINO'S SEPARATE STATEMENT OF INTERROGATORIES IN DISPUTE**<br><br>Complaint Filed:　12/30/05<br>FAC Filed:　　　　2/23/06<br>Trial:　　　　　　7/23/2007<br><br>Hearing Date: May 1, 2007<br>Hearing Time: 9:00 a.m.<br>Dept.: Courtroom E, 15th Floor<br><br>Magistrate Judge Elizabeth D. Laporte |

**DISCOVERY MATTER**

---

1
DEF. AMTRAK'S SEP STMT OF IOGS IN DISPUTE RE PL'S MTN TO COMPEL ANSWERS TO IOGS
Case No. C05-05434 MJJ (EDL)

Pursuant to Local Rule 37-2, Defendant NATIONAL RAILROAD PASSENGER CORPORATION (aka AMTRAK) provides a listing of the interrogatories in dispute and the responses verbatim. The reasons to deny Plaintiff's Motion to Compel is included in Amtrak's Opposition memorandum and the accompanying Declaration of Cara Ching-Senaha filed and served concurrently herewith.

**INTERROGATORY NO. 1:**

State the total number of complaints of race discrimination by African-American employee(s) within the last seven (7) years in Defendant Amtrak's Oakland Yard, Sacramento Yard, and other Bay Area locations where Mr. CAMPBELL was assigned.

**RESPONSE TO INTERROGATORY NO. 1.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad in time and scope, lacking the requisite specificity, compound and violative of the rights of privacy. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, Amtrak responds as follows:

Within the last seven years, there have been four court cases filed in Northern California in which an African-American employee has alleged race discrimination.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Plaintiff's Interrogatory No. 1 asks that Amtrak list the total number of race discrimination complaints made by African-American employee(s) within the last seven (7) years within the Pacific Division. Amtrak's answer listed the number of publicly-filed lawsuits in which race discrimination has been alleged.

Amtrak rightfully objected to list the number of *internal* complaints in which race discrimination was alleged because such information necessarily involves private, state and federally-protected information that Amtrak has an obligation to protect. *Board of Trustees of Leland Stanford Junior University v. Superior Court*, 119 Cal.App.3d 516 (1981) (personnel

records subject to Constitutional right of privacy); *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975) (A party to an action may assert the privacy rights of third parties such as its employees); *Harding Lawson Assoc. v. Superior Court*, 10 Cal.App.4th 7, 10 (1992); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (7th Cir. D. Minn. 1997) (recognizing the privacy rights of third-parties to avoid the disclosure of their personal information).

California state and federal courts have recognized that employment records and personnel files fall within the constitutionally protected right to privacy. *See Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy). In this case, these privacy rights apply to non-parties who are not involved in the litigation. *See Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656.

In balancing the right of privacy against the interest in discovery, the party seeking disclosure must meet a high standard: even when discovery of private information is deemed directly relevant to the litigation, it will not be automatically allowed. The court must carefully balance the plaintiff's compelling public need for discovery against the fundamental right of privacy. *Board of Trustees*, 119 Cal.App.3d at 525. Indeed, "the initiation of a lawsuit does not, by itself, grant [a plaintiff] the right to rummage unnecessarily and unchecked through the private affairs of anyone he chooses." *Cook v. Yellow Freight Systems, Inc.* 132 F.R.D. 548, 551 (E.D. Cal. 1990).

As the party seeking the constitutionally protected information, Plaintiff has the burden of establishing that the information sought cannot be obtained through less intrusive means. *See Tylo v. Superior Court* (1997) 55 Cal.App.4th 1379, 1387; *Miller v. Federal Express Corp.*, 186 FRD 376, 384 (W.D. TN 1999); *Matter of Hawaii Corp.*, 88 FRD 518, 524 (D. Haw. 1980). Plaintiff has failed to demonstrate that the information he seeks cannot obtained through non-confidential sources or less obtrusive means. Tellingly, Plaintiff has attended at least seven depositions so far, including that of Amtrak's Human Resources Officer Susan Venturelli, and not once did Plaintiff's attorney ask about other race discrimination complaints – a less intrusive way to obtain the information that Plaintiff claims he so desperately needs.

3
DEF. AMTRAK'S SEP STMT RE PL'S MTC AND ENLARGE DISCOVERY   Case No. C05-05434 MJJ (EDL)

### 2. Moreover, Interrogatory No. 1 Is Overbroad and Irrelevant

Even if Plaintiff could meet the heightened burden that applies to constitutionally-protected information, Interrogatory No. 1 is overbroad. First, the interrogatory is not limited to the persons against whom complaints of race discrimination were made. Discovery of past complaints must be limited to those made against the specific persons who alleged harassed or discriminated against the plaintiff. Here, Mr. Campbell does not limit his interrogatory to internal complaints against Steve Shelton (the person who decided to terminate his employment) nor against the individuals who decided against his promotion to Engineer (e.g., Venturelli, Follis, Ho).

Courts have long ordered that such discovery should be limited and narrowly tailored to suit the facts in the particular case:

> [D]iscovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination.

*Suggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D. N.Y. 1988) (quoting *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 619 (D.D.C. 1983)).

In addition, Interrogatory No. 1 is overbroad because it asks for information about *all* internal complaints for the last seven years (including three years after Plaintiff's discharge) regardless of whether the complaint concerned a failed promotion to Engineer or discipline resulting from a serious safety violation of the same type and severity as those committed by Plaintiff.

The interrogatory is also overbroad as to location. All of the issues that Plaintiff raises concern his work and nonpromotion at Amtrak's Oakland location, not other locations (Sacramento, San Francisco, San Jose, etc.) within Amtrak's Pacific Division. The FAC focuses on *Plaintiff's* unsuccessful applications for promotion and discharge. He does not allege a claim

for disparate impact allegedly as a result of Amtrak's hiring policies and practices.[1]

Furthermore, the interrogatory is overbroad as to time. Plaintiff should not be permitted to discover complaints, if any, that were made after his termination in September 2004. Nor should he be permitted to discovery complaints, if any, that may have been made before the applicable statute of limitations (4 years or no earlier than December 30, 2001, *Jones v. R.R. Donnelly & Sons, Co.*, 124 S.Ct. 1836, 1845 (2004), 2004 U.S. LEXIS 3236 at *20). *Onwuka, supra*, 178 F.R.D. at 118 (narrowing scope of discovery to three years preceding plaintiff's discharge and to the location at which plaintiff worked).

* * * * *

**INTERROGATORY NO. 5**.

State the total number of assistant conductors hired in the Pacific Division by year between January 1998 to the present.

**RESPONSE TO INTERROGATORY NO. 5**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, and compound. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

1.   **The Interrogatories Are Irrelevant**

Plaintiff's Interrogatories 5, 6, and 9 through 11 concern certain information relating to Amtrak's hiring of conductors and assistant conductors. In his motion to compel, Plaintiff

---

[1] Even in disparate treatment cases, discovery should be limited to employees within certain work units and who have suffered similar treatment as the plaintiff. *Robbins v. Camden City Bd. of Education*, 105 F.R.D. 49 (D.N.J. 1985); *United States v. Concemi*, 957 F.2d 942, 949 (1st Cir. 1992).

contends that evidence of Amtrak's hiring and termination practices of conductors and assistant conductors are necessary to prove intentional discrimination against. Plaintiff callously omits the fact that the entire FAC concerns Amtrak's alleged hiring or promoting of African-American Engineers – *not* African-American Conductors. *See* FAC at ¶¶ 8-10. Therefore, the hiring and discharging of African-American conductors is patently irrelevant.[2]

### 2.   **Plaintiff Exceeded The Permissible Number of Interrogatories**

Fed.R.Civ.Proc. 33 limits written interrogatories to 25 in number "including all discrete subparts." (emphasis added) As such, interrogatories containing discrete subparts are counted as separate interrogatories towards the 25 interrogatory limit. In addition, the Court at the start of the litigation limited the number of interrogatories that a party may propound, absent a separate court order. (Order, attached to Ching-Senaha Decl. as Exh. F) Starting at Plaintiff's Interrogatory No. 9, Amtrak rightfully declined to provide a substantive response because Plaintiff had exceeded the limit on interrogatories set by the Court.

For example, in Interrogatory No. 7 (not at issue in this motion), Plaintiff asked Amtrak to list for each year starting from 1998 the number of Engineers that Amtrak hired to work in its Pacific Division. As such, Plaintiff's interrogatory counted as six separate interrogatories. Had Plaintiff asked for the number of Engineers hired in the Pacific Division between 1998 through the present, the interrogatory would have counted as one instead of seven. Plaintiff committed the same offense in Interrogatory No. 8 (also not at issue), in which Plaintiff asked Amtrak to list for each starting from 1998 the number of African-American Engineers hired to work in its Pacific Division. Defense counsel noted this fact in Amtrak's response. As explained above, rather than meet and confer in good faith about Plaintiff's excessive interrogatories, Plaintiff filed this motion to compel.

The court's order can only be modified upon a showing of good cause. Fed. R. Civ. P. 16(f). Rule 16(b)'s 'good cause' standard focuses on the diligence of the party seeking the amendment. Carelessness by Plaintiff to discretely select which interrogatories she would propound in light of the Court's limitation does not justify a grant of relief. *Engleson v.*

---

[2] Amtrak responded to Plaintiff's interrogatories as they relate to Engineers.

6

DEF. AMTRAK'S SEP STMT RE PL'S MTC AND ENLARGE DISCOVERY   Case No. C05-05434 MJJ (EDL)

1  *Burlington Northern R.R. Co.*, 972 F.2d 1038 (9th Cir. 1992) (carelessness not a ground for relief
2  under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union* 448 F.2d 729, 730 (9th Cir.
3  1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed. 2d 248 (1972); *Smith v. Stone*,
4  308 F.2d 15, 18 (9th Cir. 1962) (same). *Johnson v. Mammoth Recreations Inc.* (9th Cir. 1992)
5  975 F.2d 604, 609. If the party seeking the modification is not diligent, the inquiry regarding
6  good cause "should end." *Id.*

* * *

**INTERROGATORY NO. 6.**

State the total number of African-American assistant conductors hired in the Pacific Division by year between January 1998 to the present.

**RESPONSE TO INTERROGATORY NO. 6.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, and compound. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 5. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 9.**

State the total number of African-American assistant conductors employed in the

Pacific Division by year from January 1998 to the present.

**RESPONSE TO INTERROGATORY NO. 9.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendant hereby gives notice that this interrogatory sets forth six separate interrogatories and that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 5. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 10.**

IDENTIFY each African-American conductor who applied for a position as engineer in the Pacific Division from January 1998 to the present.

**RESPONSE TO INTERROGATORY NO. 10.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 5. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 11.**

List, by race only, all assistant conductors terminated in the Pacific Division from January 1, 1995 to the present, including involuntary terminations.

**RESPONSE TO INTERROGATORY NO. 11.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 5. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 12**

**IDENTIFY** all African-American engineers terminated in the Pacific Division from January 1998 to the present, including involuntary terminations.

**RESPONSE TO INTERROGATORY NO. 12**.

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 5. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 13**.

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2000:

E.A. Ohman

S.L. McLauchlin

D.A. Milburn

J.R. Kyles

G. B. Santos

B. Wilson

DEF. AMTRAK'S SEP STMT RE PL'S MTC AND ENLARGE DISCOVERY    Case No. C05-05434 MJJ (EDL)

**RESPONSE TO INTERROGATORY NO. 13.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Fed.R.Civ.Proc. 33 limits written interrogatories to 25 in number "including all discrete subparts." (emphasis added) As such, interrogatories containing discrete subparts are counted as separate interrogatories towards the interrogatory limit. In addition, the Court at the start of the litigation limited the number of interrogatories that a party may propound, absent a separate court order. (Order, attached to Ching-Senaha Decl. as Exh. G) Starting at Plaintiff's Interrogatory No. 9, Amtrak rightfully declined to provide a substantive response because Plaintiff had exceeded the limit on interrogatories set by the Court.

For example, in Interrogatory No. 7 (not at issue in this motion), Plaintiff asked Amtrak to list for each year starting from 1998 the number of Engineers that Amtrak hired to work in its Pacific Division. As such, Plaintiff's interrogatory counted as six separate interrogatories. Had Plaintiff asked for the number of Engineers hired in the Pacific Division between 1998 through the present, the interrogatory would have counted as one instead of seven. Plaintiff committed the same offense in Interrogatory No. 8 (also not at issue), in which Plaintiff asked Amtrak to list for each starting from 1998 the number of African-American Engineers hired to work in its Pacific Division. Defense counsel noted this fact in Amtrak's response. As explained above, rather than meet and confer in good faith about Plaintiff's excessive interrogatories, Plaintiff filed this motion to compel.

The court's order can only be modified upon a showing of good cause. Fed. R. Civ. P. 16(f). Rule 16(b)'s 'good cause' standard focuses on the diligence of the party seeking the amendment. Carelessness by Plaintiff to discretely select which interrogatories she would propound in light of the Court's limitation does not justify a grant of relief. *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union* 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed. 2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same). *Johnson v. Mammoth Recreations Inc.* (9th Cir. 1992) 975 F.2d 604, 609. If the party seeking the modification is not diligent, the inquiry regarding good cause "should end." *Id.*

Plaintiff's Interrogatories 13 – 17 ask Amtrak to identify the persons who decided the hire or promotion of 24 individuals to Engineer. Amtrak objected to the interrogatories on a variety of grounds. Assuming arguendo the Court finds that Plaintiff has not exceeded the permissible number of interrogatories, it would be unduly burdensome and oppressive to require Amtrak to provide specific responses. Amtrak has no computerized records to identify which person or persons made the decisions to hire or promote. (Ching-Senaha Decl.) Accordingly, Amtrak produced more than six months ago documents on every applicant for every Engineer position for which Plaintiff contends he applied, even when Amtrak's records show and Plaintiff's admissions prove that Plaintiff never applied for any position outside of Oakland. (Venturelli Decl., ¶¶ 11, 12; Pl. Depo., 45:5-13) These same records include applications, interview notes prepared by the persons who conducted the interviews, other supporting documentation, and papers signed by those who approved the final hire/promotion decision. (Ching-Senaha Decl.) The information that Plaintiff requests in Interrogatories 13 – 17 is contained in the paper records that Amtrak produced to Plaintiff in August of 2006 and is equally available to Plaintiff as to Amtrak. (Ching-Senaha Decl.)

As for Plaintiff's Interrogatory No. 18, Amtrak rightfully objected because Plaintiff has exceeded the number of interrogatories permitted by the Court. If, however, the Court sustains that part of Plaintiff's motion, Amtrak agrees to amend its response to list Steve Shelton as the

person who decided on the discipline given to Plaintiff as a result of the July 2004 incident, information that Plaintiff already has.

* * *

**INTERROGATORY NO. 14.**

**IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2001:

J. Waterhouse

R. Ward

C.M. Skinner

K. Powell

T. Evans

W. Giddings

**RESPONSE TO INTERROGATORY NO. 14.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 13. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 15.**

      **IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2002:

    D.W. Klitzing

    K. Hanson

    D.G. Sell

**RESPONSE TO INTERROGATORY NO. 15.**

      Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

    None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

    Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 13. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 16.**

      **IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2003:

    K. Marty

1         F. J. Caron

**RESPONSE TO INTERROGATORY NO. 16.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

    None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

    Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 13. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 17.**

    **IDENTIFY** all of the decision-makers involved in deciding to promote the following individuals to Engine Service in Oakland in the year 2004:

    Mike J. Yacovetti

    Patrick Duncan

    Than Ly

    John Hanson

    Wes M. Duvall

    Heidi J. Snyder

    Brice Carroll

**RESPONSE TO INTERROGATORY NO. 17.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 13. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**INTERROGATORY NO. 18.**

**IDENTIFY** all of the decision-makers involved in deciding the discipline imposed on each employee involved in the July 24, 2004 incident inside the Oakland Yard where Mr. CAMPBELL was accused of failing to properly secure the brakes on a locomotive.

**RESPONSE TO INTERROGATORY NO. 18.**

Objection. Defendant objects to the request as vague, ambiguous, overbroad, lacking the requisite specificity, compound, and unduly burdensome and oppressive. Moreover, Defendant objects to the request as calling for information that is neither relevant to the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this interrogatory as calling for private information that is guaranteed under the United States and California Constitutions. Defendant hereby gives notice that Plaintiff has exceeded the permissible number of interrogatories.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Defendant hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 13. In the interest of brevity, Amtrak does not repeat the same passages.

Respectfully submitted,

Date: April 10, 2007                                JACKSON LEWIS LLP

By: /s/ Cara Ching-Senaha
Kathleen Maylin
Cara Ching-Senaha
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and
JOE DEELY

H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Pleadings\Pltf 2d mtn to compel (re Amtrak IOG response)\SEPARATE STMT of IOGS in dispute.doc