PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
JOHN EARL CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL, <br><br>  Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION d.b.a. AMTRAK, JOE DEELY and DOES 1 through 15 inclusive, <br><br>  Defendants. | NO. C05-05434 MJJ (EDL) <br><br> **PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DUE DATE FOR OPPOSITION AND HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** <br><br> DATE:  April 13, 2007 |

I, PAMELA Y. PRICE, hereby apply on behalf of Plaintiff JOHN EARL CAMPBELL for an Order, pursuant to Civil Local Rules 6-3 and 7-10 and Rule 56(f) of the Federal Rules of Civil Procedure to enlarge the time to file Plaintiff's Opposition to Defendants' Motion for Summary Judgment from April 17, 2007 to May 1, 2007, and to continue the hearing on Defendants' Motion from May 8, 2007 to May 22, 2007, on the grounds that Plaintiff needs additional time to receive and review the additional discovery ordered by the Court on April 4, 2007 and complete the depositions of Timothy Sheridan and Ray Clark as ordered by the Court on

April 3, 2007, in order to file a meaningful opposition to the Motion.

Date: April 13, 2007                                                    PRICE AND ASSOCIATES

/s/ Pamela Y. Price

PAMELA Y. PRICE, Attorneys for
Plaintiff JOHN EARL CAMPBELL

### DECLARATION OF PAMELA Y. PRICE

I, PAMELA Y. PRICE, hereby declare that:

1. I am an attorney duly licensed to practice law in the State of California and before the United States District Court for the Northern District of California. I am lead attorney of record for the Plaintiff JOHN EARL CAMPBELL (Mr. CAMPBELL). I make this Declaration on personal knowledge in support of Plaintiff's Ex Parte Application for Order Enlarging the Time to Oppose Defendants' Motion for Summary Judgment and Continuing the Hearing on Defendants' Motion for Summary Judgment, Or In the Alternative, Partial Summary Judgment.

2. Commencing on March 2, 2007, I filed three Motions to Compel discovery from the Defendants in this action. On or about March 16, 2007, discovery matters were assigned to Magistrate Judge Elizabeth D. LaPorte. The first Motion is set to be heard on April 17, 2007 before Magistrate Judge LaPorte. The second and third Motions are set to be heard on May 1, 2007. These motions seek to compel employment records of Caucasian employees promoted over Mr. CAMPBELL, Caucasian employees retained in service despite committing similar or more serious rule violations than Mr. CAMPBELL, and certain other witnesses, including Defendant Deely's personnel file, information regarding the hiring and firing of African-Americans conductors and engineers, and Amtrak's disciplinary response to rule violations, and answers to interrogatories regarding Defendant AMTRAK's hiring practices, complaints of race discrimination, and the identity of the decision makers in the promotions where Mr. CAMPBELL was passed over.

3. On April 4, 2007, Magistrate LaPorte issued an Order requiring counsel to meet and confer regarding the pending Motions to Compel and in particular, Defendants' objections to the production of any personnel records for the Defendants and/or any similarly-situated

employees. We were able to obtain this Order in the course of a telephonic conference during the deposition of Steve Shelton, a high ranking Amtrak Manager, who was instructed by defense counsel to refuse to answer questions regarding personnel decisions involving similarly-situated Caucasian employees.

4. Based upon the Court's direction given in the Order filed April 4, 2007, defense counsel agreed to produce personnel records in response to our Request for Production of Documents Nos. 7 through 13 (served on July 14, 2006), and 17 through 21 (served on February 21, 2007). We received those records on April 12, 2007. To date, Defendant AMTRAK has refused to produce information regarding complaints of racial discrimination, including documents supporting its written response to Mr. CAMPBELL's Charge of Discrimination with the Equal Employment Opportunity Commission and/or its termination of Mr. CAMPBELL.

5. On March 28, 2007, counsel for the parties filed a Stipulation to enlarge discovery to allow me to take five (5) depositions after the non expert witness discovery cutoff date. I completed two of those depositions. Since that time, based upon the witnesses' availability, counsel have agreed that the deposition of Tim Sheridan will take place on Monday, April 23rd in Portland, and the deposition of Ray Clark will take place on Wednesday, April 25th in Modesto. I have advised defense counsel that I do not intend to depose the fifth witness who is located in Bakersfield, California.

6. Mr. Sheridan is the Amtrak Manager who was in charge of the Oakland Yard on July 24, 2004, the date that Mr. CAMPBELL allegedly committed a rule violation which Defendants contend supports his termination. I am informed and believe that Mr. Sheridan is the Amtrak Manager who instigated Mr. CAMPBELL's termination. We first noticed Mr. Sheridan's deposition on February 23, 2007. On April 2, 2007, counsel agreed that due to the schedules of counsel and the witness, the first mutually agreeable date for Mr. Sheridan's deposition in Portland, Oregon is April 23rd.

7. Ray Clark is a similarly-situated Amtrak employee. Defendants contend that after three (3) rule violations, Amtrak policy mandates the firing of an employee. I am informed and believe that Mr. Clark received numerous citations for rule violations and continues to be

employed. Mr. Clark is Caucasian. To date, Defendant AMTRAK has failed and refused to produce Mr. Clark's employment records. We first noticed Mr. Clark's deposition on January 5, 2007.

8. I met and conferred with defense counsel Kathleen Maylin regarding our proposed stipulation for a continuance or a modified briefing schedule for the Motion for Summary Judgment, or a modification of the remaining pretrial dates. Defense counsel has rejected our proposal. Accordingly, I am requesting that the Court enter an Order to modify the pretrial schedule as follows:

| ITEM/EVENT | CURRENT DATE | NEW DATE |
|---|---|---|
| Plaintiff's Opposition to Motion | April 17, 2007 | May 1, 2007 |
| Defendants' Reply Brief | April 24, 2007 | May 8, 2007 |
| Summary Judgment Hearing | May 8, 2007 | May 22, 2007 |

9. Our proposed schedule does not include any change in the trial date or the pretrial conference and filing of pretrial pleadings.

10. Good cause exists to enlarge the time for Plaintiff to file his opposition to the Motion for Summary Judgment for the following reasons:

(1) We have two pending Motions to Compel that are not set to be heard until April 17 and May 1, 2007, which may result in the production of additional evidence which may support Mr. CAMPBELL's opposition to the Motion for Summary Judgment, including but not limited to, the employment files of Ray Clark and Mike Cecconi.

(2) We need the depositions of the two remaining witnesses, Tim Sheridan and Ray Clark, to obtain additional evidence which may support Mr. CAMPBELL's opposition to the Motion for Summary Judgment.

(3) We received the production of approximately 1,091 pages of employment records from Defendant AMTRAK on April 12 and 13, 2007. I am the only attorney working on this case, and I have been out of the office on a pre-scheduled vacation with family visiting from out of state. I need additional time to return to work and organize and review this newly-produced evidence.

11. Additionally, on April 9, 2007, Judge Susan Illston granted in part and denied in part Plaintiff's Ex Parte Application to Enlarge the Time to Oppose Defendants' Motion for Summary Judgment and Continuing the Hearing on Defendants' Motion for Summary Judgment, Or In the Alternative, Partial Summary Judgment in an unrelated case against Amtrak pending before her (*Howard v. National Passenger Railroad Corporation, et al.,* U.S.D.C. Case No. C05-4069 SI), making our opposition to Defendant Amtrak's Motion for Summary Judgment in that case due on April 16, 2007. Both my secretary and I have been out of the office on pre-scheduled vacations the week of April 9th. My secretary is not scheduled to return to work until April 17th. My staff and I are working to complete the opposition to the Motion for Summary Judgment in the *Howard* case by Monday, April 16th. We are a small firm with limited resources and we simply cannot produce a second opposition to a motion for summary judgment of the size filed by Defendant AMTRAK in this case on April 17th.

12. We respectfully request an enlargement of time to oppose Defendants' Motion for Summary Judgment in order to receive and analyze the new discovery, and incorporate this information into our opposition to Defendants' motion for two (2) weeks, up to and including Tuesday, May 1st. We request that Defendants' motion be heard on May 22, 2007.

13. Mr. CAMPBELL has meritorious claims against each of the Defendants. In a series of recent depositions, Mr. CAMPBELL has received evidence that he was singled out by the Defendants for termination following his DFEH complaint, as well as compelling direct evidence of racial animus against him by Defendant DEELY and other supervisors. (True and correct copies of pages 1, 4, 36-40, 43-46, 63 and 64 from the deposition of former Amtrak Manager, Mark Carl Schulties, are attached hereto as Attachment 1.) Mr. CAMPBELL would suffer extreme prejudice if he were to lose his case on summary judgment because he was not given a meaningful opportunity to respond to Defendants' Motion.

14. Previous enlargements of time granted by the Court include an Order filed February 14, 2007, enlarging the time for non-expert discovery from February 16 to March 23, 2007, including a six-week extension of time for Defendants to respond to outstanding discovery, and additional time for Mr. CAMPBELL to bring a Motion to Compel, and an Order filed on April

1  April 3, 2007, enlarging the time for the parties to complete five depositions.

2  I declare under penalty of perjury under the laws of the State of California and the
3  United States that the foregoing is true and correct. If called as a witness in this matter, I could and
4  would testify competently to the facts stated herein.

5  Executed in Oakland, California, on April 13, 2007.

/s/ PAMELA Y. PRICE
_____
PAMELA Y. PRICE, Declarant