Kathleen Maylin (SBN 155371)
Cara Ching-Senaha (SBN 209467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>　　　　Defendants. | Case No. C05-05434 MJJ (EDL)<br><br>**SUPPLEMENTAL DECLARATION OF CARA CHING-SENAHA IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed: 12/30/05<br>FAC Filed: 2/23/06<br>Trial: 7/23/2007<br><br>Original<br>Hearing Date: May 8, 2007<br><br><u>Rescheduled</u><br>Hearing Date: May 1, 2007<br>Hearing Time: 9:00 a.m.<br>Dept.: Courtroom E, 15th Floor<br><br>Magistrate Judge Elizabeth D. Laporte |

**DISCOVERY MATTER**

---

1
SUPPLEMENTAL DECLARATION OF CARA CHING-SENAHA IN SUPPORT OF DEF. AMTRAK'S OPP TO
PL'S MTN TO COMPEL PRODUCTION OF DOCS.　　　　Case No. C05-05434 MJJ (EDL)

I, Cara Ching-Senaha, declare on the basis of personal knowledge:

1. I am an attorney with the law firm of Jackson Lewis LLP, counsel of record for Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK and JOE DEELY. I am licensed to practice law in the above-referenced district court. I make the following statements based on personal knowledge.

2. This declaration supplements my earlier declaration, filed April 10, 2007, in support of Amtrak's opposition to Plaintiff's second motion to compel (regarding interrogatory responses), which shall also be considered in connection with Amtrak's opposition to Plaintiff's third motion to compel (regarding Plaintiff's third request for documents).

**Plaintiff's Failure to Meet and Confer In Good Faith**

3. Before any motion to compel as a result of an alleged failure to provide or participate in discovery can be filed, the parties must make good faith attempts to resolve the matter informally. Fed.R.Civ.Proc. 37(B); Local Rule 37-1(a). As part of the good faith requirement, a party must meet and confer and allow sufficient time for the parties to discuss and explore informal resolution of their differences before any motion to compel is filed. *Obregon v. Superior Court*, 67 Cal.App.4th 424, 428 (1998); Local Rule 37-1(a).

4. In this case, Plaintiff's counsel waited more than three weeks after Amtrak served its responses to contact defense counsel in a so-called effort to "meet and confer." Attached hereto as Exhibit A is a true and correct copy of Plaintiff's counsel's March 30th letter, in which she demanded that defense counsel respond and supplement Amtrak's responses within three business days. Plaintiff's demand was per se unreasonable because Amtrak had so little time to consider Plaintiff's positions, few of which were explained in any detail. *Obregon v. Superior Court*, 67 Cal.App.4th 424, 428 (1998).

5. The unreasonableness of Plaintiff's counsel's position was compounded by the fact that Plaintiff's counsel *knew* that defense counsel was working on Defendants' motions for summary judgment and was fully dedicated to completing the motions for filing on April 3rd.

**Plaintiff's Requests for Statistical Information**

6. In his First Amended Complaint, Plaintiff refers only to his own failed promotion

attempts and his discharge. (He falsely alleges that Amtrak has hired nor promoted not one African-American to Engineer since 1998, an allegation that is demonstrably and undisputedly false, as Amtrak verified in its response to Plaintiff's First Set of Special Interrogatories.) Plaintiff does not allege a disparate impact theory of discrimination which must be specifically pled in the operative complaint. Therefore, disparate impact discovery is neither appropriate nor relevant in this case.

7. Statistical evidence to support a disparate impact claim can only be introduced through competent, admissible expert testimony.

8. *Assuming arguendo* Plaintiff had alleged a disparate impact theory of discrimination in his First Amended Complaint, the time to designate any statistical experts has passed. (The parties continued until no later than March 30th the date by which the parties must designate expert witnesses.) Plaintiff has not designated any expert witnesses.

9. Moreover, in August 2006, Amtrak produced all applications and related records that it received in response to each of the jobs/vacancies for which Plaintiff contends he applied. Therefore, Plaintiff already has every application that Amtrak received for every Engineer positions at issue, including applicant names, job history and experience, and other identifying information.

10. As for applications that Plaintiff never made, Amtrak produced on March 7th interrogatory responses that detail virtually all of information that Plaintiff now seeks through this motion to compel. For example, in response to Plaintiff's INTERROGATORY NO. 7 (not at issue in this motion), Plaintiff asked Amtrak to state the total number of engineers hired in the Pacific Division by year between January 1998 to the present, to which Amtrak responded: "1999 (first year for which the requested information is available): 16; 2000: 22; 2001: 10; 2002: 7; 2003: 6; 2004 (last year for which the requested information is available): 16."

11. Plaintiff's motion essentially boils down to documents requests on every hire of every Conductor and Engineer over a nine-year for Amtrak's entire Pacific Division (which includes San Jose, Sacramento, and numerous other locations through the Pacific Northwest, extending as far South as San Luis Obispo, as far West as Grand Junction, Colorado and as far

3
SUPPLEMENTAL DECLARATION OF CARA CHING-SENAHA IN SUPPORT OF DEF. AMTRAK'S OPP TO
PL'S MTN TO COMPEL DISCOVERY        Case No. C05-05434 MJJ (EDL)

Northeast as Minot, North Dakota) -- locations at which Plaintiff never worked and he admits he never wanted to work), including but not limited to applications, resumes, and offer letters – all of which have absolutely nothing to do with the allegations in the First Amended Complaint and are confidential records protected by the California and United States constitutional rights of privacy. Thus, these requests are not only unduly burdensome and oppressive, they are also overbroad in scope and constitutionally protected.

12. Moreover, Plaintiff inappropriately attempts to discover this information for the last nine years even though Joe Deely, the Superintendent of the Pacific Division, had no say in hiring and promotions at any time and did not oversee the Pacific Division prior to November 2002. *See e.g.* Follis Decl., Shelton Decl. and Deely Decl., which were attached to my original declaration filed April 10, 2007. Plaintiff contends that Deely influenced ever hire and promotion; however, Deely testified at his deposition, which I have reviewed, that he did not arrive to the Pacific Division until late 2002. Therefore, Plaintiff's attempt to discover information prior to November 2002 is improper.

**The Rest of Plaintiff's Motion Is Moot**

13. Plaintiff's document requests 18-21 and 29 are no longer before this Court because Amtrak has agreed to produce these documents, subject to the parties' protective order. For that reason, Amtrak does not address the factually and legally flawed points pertaining to Request Nos. 18-21 and 29, contained in pages 5:28—6:28 and 7:1-12 of Plaintiff's motion. The documents are projected to be produced to Plaintiff well before the hearing on May 1st.

14. In addition, Amtrak has agreed to produce select portions of Defendant Joe Deely's personnel file, to the extent such documentation, if any, exists, consistent with Judge LaPorte's ruling at the court hearing on April 17th, subject to the parties' protective order. With

//
//
//
//

1  this agreement, Plaintiff's Request No. 17 is no longer at issue.

2  Executed this 17th day of April, 2007 in San Francisco, California. I declare under penalty
3  of perjury under the laws of California and the United States of America that the foregoing is true
4  and correct.

*[signature]*
CARA CHING-SENAHA

# EXHIBIT A

**PRICE AND ASSOCIATES
A PROFESSIONAL LAW CORPORATION
THE LATHAM SQUARE BUILDING
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CA 94612
Phone: (510) 452-0292
Fax: (510) 452-5625**

# FAX TRANSMISSION COVER SHEET

*************************************************************************

DATE: March 30, 2007

TO: Kathy Maylin, Esq.
Jackson, Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

FAX NO: (415) 394-9401

PHONE NO: (415) 394-9400

FROM: PAMELA Y. PRICE, ESQ.

RE: Campbell v. National Railroad Passenger Corporation d/b/a Amtrak, et al.
U.S. District Court Case No. C05-5434 MJJ (MEJ)

**TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET: 2**

TIME SENT: 12:25 p.m.

ENCLOSED: Letter from Pamela Y. Price dated March 30, 2007

IF YOU DO NOT RECEIVE ALL PAGES OF THIS TRANSMISSION, PLEASE CONTACT US AT (510) 452-0292.

** CONFIDENTIALITY NOTICE **

The information contained in this facsimile communication may be protected by the attorney-client and/or the attorney work product privileges. The communication is intended only for the use of the individual or entity named above. The privileges are not waived by virtue of this communication having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, and return the original communication to us by mail.

N:RQS/1140/FAX.OPC.wpd

# PRICE AND ASSOCIATES
### A PROFESSIONAL LAW CORPORATION
RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES

LATHAM SQUARE BUILDING
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612

VOICE: (510) 452-0292
FAX: (510) 452-5625
E-MAIL: pypesq@aol.com

March 30, 2007

**VIA FAX TRANSMISSION**

Kathy Maylin, Esq.
Jackson Lewis, LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:   Campbell v. National Railroad Passenger Corporation d/b/a Amtrak, et al,
      U.S. District Court Case No. C05-5434 MJJ

Dear Ms. Maylin:

This letter will confirm that we have scheduled a telephone conference for Monday afternoon, April 2nd, to discuss the Defendant Amtrak's objections to Plaintiff's discovery. Our Motion to Compel is due no later than Tuesday, April 3, 2007.

As you may know, Judge Illston recently ordered the production of Defendant Deely's financial information in the *Howard* case, subject to a protective order. I propose that the information be produced in this case as well, thereby obviating the need for a motion to compel in this case. Judge Illston also ordered the production of employment records for the defendants and other Amtrak employees in the *Howard* case. In light of this ruling, I am hoping that you will reconsider your objections to our Request Nos. 17 through 21.

I am also interested in discussing your objections to Request Nos. 22 through 29 in hopes that we can resolve these issues without the necessity of a motion to compel.

With respect to the outstanding depositions, I wanted to determine if we could depose Ray Clark on April 6th in Modesto and Tim Sheridan in Portland on April 19th.

Thank you for your cooperation. Please call me if you have any questions or need additional information.

Very truly yours,

PRICE AND ASSOCIATES

*Pamela Y. Price*
PAMELA Y. PRICE

cc:   John Campbell

PYP\1143L206