1  Kathleen Maylin (SBN 155371)
   Cara Ching-Senaha (SBN 209467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,                    Case No. C05-05434 MJJ (EDL)

12              Plaintiff,                 **DEFENDANT NATIONAL RAILROAD
                                           PASSENGER CORPORATINO'S**
13        v.                               **SEPARATE STATEMENT OF
                                           DOCUMENT REQUESTS IN DISPUTE**
14  NATIONAL    RAILROAD    PASSENGER      **IN OPPOSITION TO PLAINTIFF'S**
    CORPORATION dba AMTRAK, JOE DEELY,     **MOTION TO COMPEL**
15  and DOES 1-15, inclusive,
                                           Complaint Filed:   12/30/05
16              Defendants.                FAC Filed:         2/23/06
                                           Trial:             7/23/2007
17
                                           Original Hearing Date: May 8, 2007
18
                                           Rescheduled
19                                         Hearing Date:  May 1, 2007
                                           Hearing Time: 9:00 a.m.
20                                         Dept.:  Courtroom E, 15th Floor

21                                         Magistrate Judge Elizabeth D. Laporte

22

23

24                           **DISCOVERY MATTER**

25

26

27

28
                                      1
DEF. AMTRAK'S SEP STMT OF DOCUMEN REQUESTS IN DISPUTE IN OPPOSITION TO PL'S MTN TO
COMPEL                                  Case No. C05-05434 MJJ (EDL)

1    Pursuant to Local Rule 37-2, Defendant NATIONAL RAILROAD PASSENGER

2    CORPORATION (aka AMTRAK) provides a listing of the document requests in dispute and the

3    responses verbatim.  The reasons to deny Plaintiff's Motion to Compel is included in Amtrak's

4    Opposition memorandum and the accompanying Supplemental Declaration of Cara Ching-Senaha

5    filed and served concurrently herewith.

6    **REQUEST NO. 22:**

7    All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the identification of

8    each African-American conductor who applied for an engineer position in the Pacific Division of

9    Defendant AMTRAK from January 1998 to the present.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

11    Defendant objects to this request on the basis it is overbroad, compound, and unduly

12    burdensome.  Defendant further objects to this request as seeking information neither relevant to

13    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

14    evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

15    materials protected from disclosure by the California Constitutional right of privacy and/or the

16    federally recognized right to privacy under the United States Constitution.  See Board of Trustees

17    of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel

18    records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court

19    (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such

20    as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party

21    seeking the constitutionally protected information has the burden of establishing that the

22    information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10[th]

23    Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376,

24    384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524.  Subject to and without waiving the

25    foregoing, Amtrak responds as follows:

26    Notwithstanding Amtrak's objections above, Amtrak previously produced applications and

27    related records that it received in response to the jobs/vacancies to which Plaintiff contends he

28    applied.  To the extent any African-American conductor applied for any such position, such

2

1  application and supporting documentation were produced.

2  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

3      None provided by Plaintiff.

4  **REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

5      **A.    Plaintiff Failed to Meet and Confer In Good Faith**

6      Before any motion to compel as a result of an alleged failure to provide or participate in

7  discovery can be filed, the parties must make good faith attempts to resolve the matter informally.

8  Fed.R.Civ.Proc. 37(B); Local Rule 37-1(a).  As part of the good faith requirement, a party must

9  meet and confer and allow sufficient time for the parties to discuss and explore informal

10  resolution of their differences <u>before any motion to compel is filed.</u>  *Obregon v. Superior Court*,

11  67 Cal.App.4th 424, 428 (1998); Local Rule 37-1(a).

12      In this case, Plaintiff's counsel waited more than three weeks after Amtrak served its

13  responses to contact defense counsel in a so-called effort to "meet and confer." (Ching-Senaha

14  Suppl. Decl. and Exh. A thereto) In her March 30th letter, Plaintiff's counsel demanded that

15  defense counsel respond and supplement Amtrak's responses within three business days.  (<u>Id.</u>)

16  Plaintiff's demand was per se unreasonable. *Obregon v. Superior Court*, 67 Cal.App.4th 424, 428

17  (1998).

18      Meeting and conferring in good faith is a mandatory prerequisite to bringing any motion

19  to compel.  The unreasonableness of Plaintiff's counsel's position was compounded by the fact

20  that Plaintiff's counsel *knew* that defense counsel was working on Defendants' motions for

21  summary judgment and was fully dedicated to completing the motions by April 3rd.  (Ching-

22  Senaha Suppl. Decl.)

23

24

25

26

27

28

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN
TO COMPEL DISCOVERY        Case No. C05-05434 MJJ (EDL)

1    **B.    Even if Plaintiff Had Met and Conferred in Good Faith, the Requests Should**
2         **Be Denied.**

3         **1.    Plaintiff Does Not Allege Disparate Impact Discrimination; Therefore,**
4              **Disparate Impact Discovery Is Not Appropriate**

5         There are two basic theories to proving intentional discrimination in employment.  The

6    first (and most common) is a disparate treatment theory, whereby a plaintiff alleges that his or her

7    employer intentionally discriminated against him or her because of a protected characteristic.  In

8    doing so, the plaintiff bears the burden of proving discriminatory intent.

9         The second theory of proving discrimination is known as "disparate impact," which does

10   not require proof of an intent to discriminate, but is based on a showing that an employer's

11   neutral employment practice has a statistically-significant adverse impact on particular members

12   of a protected class (without similarly adversely affecting other protected groups) for which no

13   legitimate business reason can be articulated or for which there exists no overriding legitimate

14   business purpose for the necessary and safe or efficient operation of the business.  Wards Cove

15   Packing Co., Inc. v. Atonio, 490 U.S. 642, 645-646, 109 S.Ct. 2115, 2118-19 (1989).

16        In his First Amended Complaint, Plaintiff refers only to his own failed promotion attempts

17   and his discharge.  (He falsely alleges that Amtrak has hired nor promoted not one African-

18   American to Engineer since 1998, an allegation that is demonstrably and undisputedly false.)

19   Plaintiff does not allege a disparate impact theory of discrimination which must be specifically

20   pled in the operative complaint.  Therefore, disparate impact discovery is neither appropriate nor

21   relevant in this case.

22        **2.    All of The Documents That Plaintiff Seeks Are Relevant to Expert**
23              **Witness Discovery Only, Which Plaintiff Has Elected Not to Pursue**

24        In disparate impact cases, the plaintiff has the burden of proving that a specific

25   employment policy or practice disparately impacts a protected group, e.g., African Americans. In

26   offering such evidence, the Court focuses on the "racial composition of the [at-issue jobs] and the

27   racial composition of the qualified ... population in the relevant labor market," or "the otherwise-

28   qualified applicants for at-issue jobs." Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642,

1  650-51, 109 S.Ct. 2115, 2121 (1989); <u>Dothard v. Rawlinson</u>, 433 U.S. 321 (1977).

2      In <u>Wards Cove Packing Co., Inc. v. Atonio</u> (1989) 490 U.S. 642, 650-51, 109 S.Ct. 2115,

3  2121, the United States Supreme Court rejected a plaintiff's attempt to establish a prima facie

4  case of disparate impact through statistics merely showing a low percentage of African American

5  employees versus Caucasian employees in the at-issue job:

6          The Court of Appeals' theory, at the very least, would mean that any
           employer who had a segment of his work force that was— for some
7          reason— racially imbalanced, could be haled into court and forced to
           engage in the expensive and time-consuming task of defending the
8          'business necessity' of the methods used to select the other members of his
           work force. The only practicable option for many employers would be to
9          adopt racial quotas, insuring that no portion of their work forces deviated
           in a racial composition from the other portions thereof; this is a result that
10         Congress expressly rejected in drafting Title VII.

11 <u>Id</u>., 409 U.S. at 652, 109 S.Ct. at 2115.

12     The Court further stated that even a statistically significant showing of under

13 representation is still insufficient to establish a prima facie case, absent a showing of causation:

14         [E]ven if . . . respondents can show that nonwhites are underrepresented in
           the at-issue jobs in a manner that is acceptable under the standards set
15         forth in Part II, supra , this alone will not sufficient to make out a prima
           facie case of disparate impact . Respondents will also have to demonstrate
16         that the disparity they complain of is the result of one or more of the
           employment practices that they are attacking here, specifically showing
17         that each challenged practice has a <u>significantly disparate impact</u> on
           employment opportunities for whites and nonwhites.
18
19 <u>Id</u>., 409 U.S. at 657, 109 S.Ct. at 2125 (emphasis added).

20     Statistical evidence to support a disparate impact claim can only be introduced through

21 competent, admissible expert testimony.

22     Therefore, even if Plaintiff had alleged a disparate impact theory of discrimination in his

23 First Amended Complaint, the time to designate any statistical experts has passed. (The parties

24 continued until no later than March 30th the date by which the parties must designate expert

25 witnesses. Plaintiff has not designated any expert witnesses. (Ching-Senaha Suppl. Decl.)

1  **3.    Moreover, Amtrak Already Provided The Information In**
2  **Interrogatory Responses and Prior Document Productions**

3       In August 2006, Amtrak produced all applications and related records that it received in
4  response to each of the jobs/vacancies for which Plaintiff contends he applied.   Therefore,
5  Plaintiff already has every application that Amtrak received for every Engineer positions at issue,
6  including applicant names, job history and experience, and other identifying information.

7       As for applications that Plaintiff never made, Amtrak produced on March 7th interrogatory
8  responses that detail virtually all of information that Plaintiff now seeks through this motion to
9  compel.  For example, in response to Plaintiff's INTERROGATORY NO. 7 (not at issue in this
10  motion), Plaintiff asked Amtrak to state the total number of engineers hired in the Pacific
11  Division by year between January 1998 to the present, to which Amtrak responded: "1999 (first
12  year for which the requested information is available): 16; 2000: 22; 2001: 10; 2002: 7; 2003: 6;
13  2004 (last year for which the requested information is available): 16."  Ching-Senaha Suppl. Decl.

14  **4.    The Requests Are Overbroad in Time and Scope, And Involve**
15  **Fundamental Rights to Privacy**

16       Plaintiff's motion essentially boils down to documents requests on every hire of every
17  Conductor and Engineer over a nine-year for Amtrak's entire Pacific Division (which includes
18  San Jose, Sacramento, and numerous other locations through the Pacific Northwest, extending as
19  far South as San Luis Obispo, as far West as Grand Junction, Colorado and as far Northeast as
20  Minot, North Dakota) -- locations at which Plaintiff never worked and he admits he never wanted
21  to work), including but not limited to applications, resumes, and offer letters – all of which have
22  absolutely nothing to do with the allegations in the First Amended Complaint and are confidential
23  records protected by the California and United States constitutional rights of privacy.  Thus, these
24  requests are not only unduly burdensome and oppressive, they are also overbroad in scope and
25  constitutionally protected.[1]

26  ───────────────
27  [1] *Board of Trustees of Leland Stanford Junior University v. Superior Court*, 119 Cal.App.3d 516 (1981) (personnel records subject to Constitutional right of privacy); *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975) (A party to an action may assert the privacy rights of third parties such as its employees); *Harding Lawson Assoc. v. Superior Court*, 10 Cal.App.4th 7, 10 (1992); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (7th Cir. D.
28

1    Moreover, Plaintiff inappropriately attempts to discover this information for the last nine

2    years even though Joe Deely, the Superintendent of the Pacific Division, had no say in hiring and

3    promotions at any time and did not oversee the Pacific Division prior to November 2002. *See e.g.*

4    Follis Decl., Shelton Decl. and Deely Decl.  Plaintiff contends that Deely influenced ever hire and

5    promotion; however, Deely did not arrive to the Pacific Division until late 2002.  (Ching-Senaha

6    Suppl. Decl.)  Therefore, Plaintiff's attempt to discover information prior to November 2002 is

7    improper.

8                  **5.    Discovery Relating to Conductors Of Any Race Is Irrelevant**

9    The rate at which Amtrak hired, promoted and fired *Conductors* and African-American

10   *Conductors* within the Pacific Division is irrelevant because Plaintiff does not allege that Amtrak

11   failed to hire and promote *Conductors*.  The issue in this litigation is whether Amtrak singled

12   Plaintiff out because of his race when it failed to promote him to *Engineer* and when it terminated

13   his employment.  (Amtrak promoted Plaintiff at least twice during his employment.)  Therefore,

14   Plaintiff's motion to compel Requests 22, 23, 26, 27 and 28 (relating to Conductors) should be

15   denied.

16   For all of these reasons, Plaintiff's document requests should be denied, or at the very

17   least, narrowly tailored to the issues and evidence in this case.

18

19                                          * * * *

20   **REQUEST NO. 23:**

21   All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the race of all

22   conductors who were voluntarily or involuntarily terminated in the Pacific Division of Defendant

23   AMTRAK from January 1998 to the present.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

25   Defendant objects to this request on the basis it is overbroad, compound, and unduly

26   burdensome.  Defendant further objects to this request as seeking information neither relevant to

27

28   Minn. 1997) (recognizing the privacy rights of third-parties to avoid the disclosure of their
personal information).

1   the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

2   evidence.  Defendant also objects to this request to the extent it seeks to obtain information or

3   materials protected from disclosure by the California Constitutional right of privacy and/or the

4   federally recognized right to privacy under the United States Constitution.  See Board of Trustees

5   of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel

6   records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court

7   (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such

8   as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking

9   the constitutionally protected information has the burden of establishing that the information

10  sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971

11  F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of

12  Hawaii Corp. (D HI 1980) 88 FRD 518, 524.  In addition, Amtrak objects to this request to the

13  extent it calls for documents protected from disclosure by the attorney-client privilege and the

14  attorney work product doctrine.

15  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

16       None provided by Plaintiff.

17  **REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

18       Amtrak hereby incorporates by reference as though fully set forth herein the same reasons

19  stated with regard to Interrogatory No. 9.  In the interest of brevity, Amtrak does not repeat the

20  same passages.

21                                          * * *

22

23  **REQUEST NO. 24:**

24       All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of

25  African-American engineers hired in the Pacific Division of Defendant AMTRAK from January

26  1998 to the present.

27

28

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN
TO COMPEL DISCOVERY          Case No. C05-05434 MJJ (EDL)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

2    Defendant objects to this request on the basis it is overbroad, compound, and unduly

3    burdensome. Defendant further objects to this request as seeking information neither relevant to

4    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

5    evidence. Defendant also objects to this request to the extent it seeks to obtain information or

6    materials protected from disclosure by the California Constitutional right of privacy and/or the

7    federally recognized right to privacy under the United States Constitution. See Board of Trustees

8    of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel

9    records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court

10   (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such

11   as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party

12   seeking the constitutionally protected information has the burden of establishing that the

13   information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10[th]

14   Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376,

15   384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this

16   request to the extent it calls for documents protected from disclosure by the attorney-client

17   privilege and the attorney work product doctrine.

18   **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

19   None provided by Plaintiff.

20   **REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

21   Amtrak hereby incorporates by reference as though fully set forth herein the same reasons

22   stated with regard to Interrogatory No. 9. In the interest of brevity, Amtrak does not repeat the

23   same passages.

24                                        * * *

25

26

27

28

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN
TO COMPEL DISCOVERY              Case No. C05-05434 MJJ (EDL)

**REQUEST NO. 25:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of engineers hired in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Amtrak hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 9. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN TO COMPEL DISCOVERY    Case No. C05-05434 MJJ (EDL)

1    **REQUEST NO. 26:**

2        All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of

3    conductors employed in the Pacific Division of Defendant AMTRAK from January 1998 to the

4    present.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

6        Defendant objects to this request on the basis it is overbroad, compound, and unduly

7    burdensome. Defendant further objects to this request as seeking information neither relevant to

8    the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

9    evidence. Defendant also objects to this request to the extent it seeks to obtain information or

10   materials protected from disclosure by the California Constitutional right of privacy and/or the

11   federally recognized right to privacy under the United States Constitution. See Board of Trustees

12   of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel

13   records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court

14   (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such

15   as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking

16   the constitutionally protected information has the burden of establishing that the information

17   sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971

18   F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of

19   Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the

20   extent it calls for documents protected from disclosure by the attorney-client privilege and the

21   attorney work product doctrine.

22   **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

23       None provided by Plaintiff.

24   **REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

25       Amtrak hereby incorporates by reference as though fully set forth herein the same reasons

26   stated with regard to Interrogatory No. 9. In the interest of brevity, Amtrak does not repeat the

27   same passages.

28

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN
TO COMPEL DISCOVERY          Case No. C05-05434 MJJ (EDL)

* * *

**REQUEST NO. 27:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of African-American conductors employed in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided by Plaintiff.

**REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

Amtrak hereby incorporates by reference as though fully set forth herein the same reasons stated with regard to Interrogatory No. 9. In the interest of brevity, Amtrak does not repeat the same passages.

* * *

**REQUEST NO. 28:**

All **DOCUMENTS THAT REFLECT, REFER** or **RELATE TO** the total number of African-American conductors who applied for engineer position(s) in the Pacific Division of Defendant AMTRAK from January 1998 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this request on the basis it is overbroad, compound, and unduly burdensome. Defendant further objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent it seeks to obtain information or materials protected from disclosure by the California Constitutional right of privacy and/or the federally recognized right to privacy under the United States Constitution. See Board of Trustees of Leland Stanford Junior University v. Superior Court (1981) 119 Cal.App.3d 516 (personnel records subject to Constitutional right of privacy); Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 (A party to an action may assert the privacy rights of third parties such as its employees.); Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387 ("[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims."); Johnson by Johnson v. Thompson (10th Cir. 1992) 971 F.2d 1487, 1497; Miller v. Federal Express Corp. (WD TN 1999) 186 FRD 376, 384; Matter of Hawaii Corp. (D HI 1980) 88 FRD 518, 524. In addition, Amtrak objects to this request to the extent it calls for documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing, Amtrak responds as follows:

Amtrak previously produced applications and related records that it received in response to the jobs/vacancies to which Plaintiff contends he applied. To the extent any Amtrak conductor applied for any such position, such application and supporting documentation have been

1  produced.

2  **REASONS WHY FURTHER RESPONSE SHOULD BE COMPELLED:**

3      None provided by Plaintiff.

4  **REASONS WHY NO FURTHER RESPONSE SHOULD BE COMPELLED:**

5      Amtrak hereby incorporates by reference as though fully set forth herein the same reasons

6  stated with regard to Interrogatory No. 9.  In the interest of brevity, Amtrak does not repeat the

7  same passages.

8

9                                      Respectfully submitted,

10

11  Date:  April 10, 2007                JACKSON LEWIS LLP

12

13                                      By:  /s/ Cara Ching-Senaha
                                            Kathleen Maylin
14                                          Cara Ching-Senaha
                                            Attorneys for Defendants
15                                          NATIONAL RAILROAD PASSENGER
                                            CORPORATION dba AMTRAK and
16                                          JOE DEELY

17
     H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Pleadings\Pltf 3d motion to compel (re Amtrak resp to 3rd
18   RFP)\SEPARATE STMT of IOGS in dispute CMC 041707.doc

19

20

21

22

23

24

25

26

27

28

DEF. AMTRAK'S SEP STMT OF DOCUMENT REQUESTS IN DISPUTE IN OPPOSITION TO PLTF'S MTN
TO COMPEL DISCOVERY        Case No. C05-05434 MJJ (EDL)