IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, DOES 1 -15 inclusive,<br><br>    Defendants.<br>_____/ | No. C05-5434 MJJ (EDL)<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART AS MODIFIED PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENLARGE TIME FOR NON EXPERT WITNESS DISCOVERY** |

On April 17, 2007, at 9:00 a.m., Plaintiff JOHN EARL CAMPBELL ("Plaintiff") moved to compel Defendant NATIONAL RAILROAD PASSENGER CORPORATION aka Amtrak ("Defendant" or "Amtrak") the further production of documents in response to Plaintiff's First Request for Production of Documents and to extend the cut off date for non expert discovery. The hearing was held before The Honorable Elizabeth D. Laporte. Pamela Price appeared telephonically, on behalf of Plaintiff. Cara Ching-Senaha appeared on behalf of Amtrak.

The COURT having read and considered the parties' papers and oral argument, and GOOD CAUSE appearing therefore,

**IT IS HEREBY ORDERED THAT**

    (1)    Plaintiff's motion to compel further documents responsive to Request for

Production of Documents No. 3 is GRANTED in part and DENIED in part, as follows:  Amtrak shall produce within ten (10) business days of this signed Order complaints of alleged racial discrimination made within the past seven (7) years by African-American employees working within the Bay Area locations where Plaintiff was assigned (see Motion (Doc. No. 22) at 12:17-20 (requesting such relief)), subject as appropriate to the parties' protective order;

(2) Plaintiff's motion to compel further documents responsive to Request for Production of Documents No. 4 is GRANTED in part and DENIED in part, as follows:  Amtrak shall produce within ten (10) business days of this signed Order select documents from Steve Shelton's personnel file, to consist of: Shelton's performance reviews, Shelton's discipline records, and any other record within Shelton's personnel file, provided that each such record pertains to Shelton's role to promote racial diversity within Amtrak, Amtrak's commitment to affirmative action and to equal employment opportunity, or any complaint and/or disciplinary action taken against Shelton for racial discrimination, subject as appropriate to the parties' protective order;

(3) Plaintiff's motion to compel further documents responsive to Request for Production of Documents No. 15 is DENIED in its entirety, without prejudice to a later motion Plaintiff may bring to compel Amtrak to produce records described in Plaintiff's Request No. 15, provided one or more claims for which punitive damages are available against Amtrak survive the summary judgment stage;

(4) Following production in accordance with this Order, Defendant shall produce a declaration stating that it has searched for and produced all relevant documents responding to Plaintiff's Requests for Production of Documents, as

modified by the Court and the parties' agreements;

(5) Defendant shall produce a privilege log in accordance with the Court's standing order and its Order Re Discovery Procedures (Doc. No. 27); and

(6) The remainder of relief requested in Plaintiff's Motion to Compel is DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

3