IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMPBELL,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION ET AL,<br><br>        Defendant.<br>_____ / | No. C-05-05434 MJJ (EDL)<br><br>**ORDER RE MOTIONS TO COMPEL** |

On May 1, 2007, Plaintiff's Motion to Compel Further Answers to Interrogatories (Doc. No. 28) and Plaintiff's Third Motion to Compel Discovery (Doc. No. 58) came on for hearing. Pamela Price appeared for Plaintiff by telephone, and Cara Ching-Senaha appeared in person for Defendant National Passenger Railroad Corporation ("Amtrak").

The COURT having read and considered the parties' papers and oral argument, and GOOD CAUSE appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Court overrules Defendant's objection that Plaintiff has exceeded the permissible number of interrogatories. Accordingly, the Court GRANTS in part Plaintiff's motion to compel further answers to Interrogatory Nos. 9-12, as limited in time and geographic scope as set forth below.

2. The Court overrules Defendant's objection that "assistant conductor" and "conductor" discovery is not relevant. The Court also overrules Defendant's objections that privacy concerns are implicated by Defendant's discovery of such statistics. Accordingly, the Court

GRANTS in part Plaintiff's motion to compel further answers to Interrogatory Nos. 5, 6, 9, 10, 11, 12, as limited in time and geographic scope as set forth below.

3. The Court sustains Defendant's objection that Interrogatory Nos. 13-18 are unduly burdensome. The burden of compiling the information from documents already produced is the same for Plaintiff as it is for Defendant. Accordingly, Plaintiff's motion to compel further responses to Interrogatories Nos. 13-18 is DENIED.

4. The Court sustains Defendant's objection that Interrogatory No. 11 is overbroad as to time in that it seeks documents and information from January 1995 to the present. Accordingly, the Court limits the relevant time period to January 1998 to the present.

5. The Court sustains Defendant's objection that Interrogatory Nos. 5, 6, 9, 10, 11, and 12 are overbroad as to geographic scope in that they seek documents and information from the entire Pacific Division. Accordingly, the Court limits the relevant geographic scope to the Bay Area and Sacramento.

6. The Court overrules Defendant's objections to Plaintiff's Request for Production Nos. 22-28 to the extent objections are based on the relevance of "assistant conductor" or "conductor" discovery.

7. The Court sustains in part Defendant's objection that Plaintiff's Request for Production Nos. 22-28, which call for documents from the entire Pacific Division, are overbroad in geographic scope. Accordingly, the Court limits the relevant geographic scope to the Bay Area and Sacramento.

8. The Court sustains in part Defendant's objection that Plaintiff's Request for Production Nos. 22-28 are overbroad in that they call for "all documents that reflect, refer or relate to" a specified category of information. The parties are ordered to meet and confer to narrow these requests to a more targeted set of documents.

9. Defendant shall supplement its responses to Plaintiff's Interrogatories and Plaintiff's Requests for Production in accordance with this Order by May 30, 2007. Defendant's production shall be in accordance with Rule 34 of the Federal Rules of Civil Procedure,

either "as they are kept in the usual course of business or [Defendant] shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b).

**IT IS SO ORDERED.**

Dated: May 1, 2007

_Elizabeth D. Laporte_

ELIZABETH D. LAPORTE

United States Magistrate Judge