1  KATHLEEN MAYLIN (SBN (SBN 155371)
   CARA CHING-SENAHA (SBN  298467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,                │ Case No. C05-05434 MJJ

12             Plaintiff,              │ **DEFENDANTS' OBJECTIONS TO**
                                       │ **PLAINTIFF'S EVIDENCE IN**
13         v.                          │ **SUPPORT OF OPPOSITION TO**
                                       │ **MOTION FOR SUMMARY**
14  NATIONAL RAILROAD PASSENGER        │ **JUDGMENT, OR IN THE**
    CORPORATION dba AMTRAK, JOE DEELY, │ **ALTERNATIVE, PARTIAL**
15  and DOES 1-15, inclusive,          │ **SUMMARY JUDGMENT**

16             Defendants.            │ Date:      May 22, 2007
                                       │ Time:      9:30 a.m.
17                                     │ Courtroom: 11
                                       │ Floor:    19
18                                     │ Judge:    The Hon. Martin J. Jenkins

19                                     │ Complaint Filed:    12/30/05
                                       │ FAC Filed:          2/23/06
20                                     │ Trial Date:         7/23/07

21                                     │ **[Fed.R.Civ.Proc. 56; JUDGE JENKINS'**
                                       │ **STANDING ORDER]**
22

23        Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

24  and JOE DEELY ("Defendants") hereby object to the following evidence presented by Plaintiff

25  JOHN EARL CAMPBELL ("Plaintiff") in opposition to Defendants' motion for summary

26  judgment, or in the alternative, partial summary judgment set for hearing on May 22, 2007 before

27  this Court:

28

                                1                    Case No. C05-05434 MJJ

1       1.     <u>Declaration of John Earl Campbell in Opposition to Defendants' Joseph Deely and</u>

2 <u>National Railroad Passenger Corporation's Motions for Summary Judgment or in the Alternative,</u>

3 <u>Partial Summary Judgment</u>

4       (a)     ¶ 7 - Assumes facts not in evidence (Fed.R.Evid. 611(a)).

5       (b)     ¶ 9 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); speculation

6 ((Fed.R.Evid. 602).

7       (c)     ¶ 10 – Plaintiff testified at his deposition that the first violation with

8 which he was charged resulted in a derailment. (Plaintiff's deposition ("Pl. Depo."), 113:10—

9 115:4, 116:14—118:4, 122:2—123:6 and Pl. Depo. Exh. 13, filed with Defendants' moving

10 papers) A paty cannot cannot oppose summary judgment purposes by submitting an affidavit or

11 declaration that contradicts his previous testimony without sufficient explanation for the

12 contradiction. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

13 Campbell provides no explanation for his contradictory declaration. Therefore, the only evidence

14 before the court is the testimony Plaintiff gave during his deposition.

15       (d)     ¶ 11 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

16 ((Fed.R.Evid. 611(a)). Plaintiff admitted that he was responsible for the incident in 2000 and that

17 he agreed to accept a letter of reprimand. (Pl. Depo., 119:13-15.)

18       (e)     ¶ 12 - Assumes facts not in evidence (Fed.R.Evid. 611(a)).

19       (f)     ¶ 13 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay

20 (Fed.R.Evid. 802). In addition, Plaintiff's declaration makes no sense. Plaintiff did not waive (or

21 accept responsibility) for the 2002 incident -- a hearing officer found him guilty after a formal

22 hearing was held and based in large part on Plaintiff's own admissions. (Declaration of Gregg

23 Baxter, ¶ 3, Ex. B; Pl. Depo., 120:4—121:7, 123:12—124:1 and Pl. Depo. Ex. 14, filed with

24 Defendants' moving papers.)

25       (g)     ¶ 14 – Plaintiff misstates the actual penalty. Although he did not serve

26 20 days suspension, he was charged with serving ten days suspension and with ten additional

27 days to be held in abeyance, assuming no further violation within six months time.

28

(h)       ¶ 16 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); lacks personal knowledge (Fed.R.Evid. 602); lacks foundation. Plaintiff admitted during his deposition that he had not seen other employees cut out the brakes. (Pl. Depo., 145:4-13) Therefore, his declaration that now purports to identify others who cut out brakes should be ignored. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). Moreover, disarming the brakes of a parked train that is undergoing maintenance is not comparable to Plaintiff's offense on July 24, 2004. *Supplemental Declaration of Steven Shelton*, filed May 8, 2007.

(i)       ¶ 18 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802); misleadingly miscasts and mischaracterizes Gillard's deposition testimony. Gillard testified that he had not witnessed Plaintiff cut out the brakes and he initially thought he could have been responsible somehow for the incident (i.e., "hard" coupling). Gillard's belief does not mitigate the severity of Plaintiff's act. Plaintiff admitted at the hearing in 2004 that he in fact cut out the brakes. (Deposition of John Campbell, 288:23 – 289:9, filed with Defendant's moving papers.)

(j)       ¶ 21 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402). Seniority is not considered for promotion to Engineer. (Deposition of John Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9, both filed with Defendants' moving papers.)

(k)       ¶ 22 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402). Seniority is not considered for promotion to Engineer. (Deposition of John Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9, both filed with Defendants' moving papers.)

(l)       ¶ 23 -- Assumes facts not in evidence (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003). Plaintiff has no record of his applications for positions outside of Oakland. Moreover, Plaintiff admitted at deposition that *throughout* his employment, he was interested in working as an engineer in Oakland only and that he never applied for engineer openings located in other parts of the Bay Area. *See* Plaintiff's deposition ("Pl. Depo.") at 45:5-13 (Exhibit A to the supplemental declaration of Cara Ching-Senaha, filed May 8, 2007).

1    In an-about face, Plaintiff states in his opposition declaration that he was interested in any

2    engineer opening within the Bay Area after November 2002.)  A paty cannot cannot oppose

3    summary judgment purposes by submitting an affidavit or declaration that contradicts his

4    previous testimony without sufficient explanation for the contradiction. *Radobenko v. Automated*

5    *Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).  In this case, Campbell provides no explanation

6    for his contradictory declaration.  Therefore, the only evidence before the court is the testimony

7    Plaintiff gave during his deposition.

8            (m)      ¶ 24 - Hearsay (Fed.R.Evid. 802); lacks personal knowledge

9    (Fed.R.Evid. 602); assumes facts not in evidence (Fed.R.Evid. 611(a)).

10           (n)      ¶ 25 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); best evidence

11   (Fed.R.Evid. 1002-1003); irrelevant (Fed.R.Evid. 401-402).  Seniority is not considered for

12   promotion to Engineer.  (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

13   Venturelli, ¶ 9, both filed with Defendants' moving papers.)

14           (o)      ¶ 26 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); best evidence

15   (Fed.R.Evid. 1002-1003); irrelevant (Fed.R.Evid. 401-402).  Seniority is not considered for

16   promotion to Engineer.  (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

17   Venturelli, ¶ 9, both filed with Defendants' moving papers.)

18           (p)      ¶ 27 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant

19   (Fed.R.Evid. 401-402).  Seniority is not considered for promotion to Engineer.  (Deposition of

20   John Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9, both filed with

21   Defendants' moving papers.)

22           (q)      ¶ 28 - Best evidence (Fed.R.Evid. 1002-1003); speculation (Fed.R.Evid.

23   602); irrelevant (Fed.R.Evid. 401-402).  Plaintiff has not produced a copy of his 2003 Job

24   Opportunity Application.

25           (r)      ¶ 29 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

26   (Fed.R.Evid. 611(a)); best evidence rule (Fed.R.Evid. 1002-1003).  Plaintiff has not produced

27   copies of his applications, in which he allegedly made his interest known.  Moreover, Plaintiff

28   admitted at deposition that *throughout* his employment, he was interested in working as an

1   engineer in Oakland only and that he never applied for engineer openings located in other parts of

2   the Bay Area. *See* Plaintiff's deposition ("Pl. Depo.") at 45:5-13 (Exhibit A to the supplemental

3   declaration of Cara Ching-Senaha, filed May 8, 2007). In an-about face, Plaintiff states in his

4   opposition declaration that he was interested in any engineer opening within the Bay Area after

5   November 2002.) A paty cannot oppose summary judgment purposes by submitting an affidavit

6   or declaration that contradicts his previous testimony without sufficient explanation for the

7   contradiction. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). In this

8   case, Campbell provides no explanation for his contradictory declaration. Therefore, the only

9   evidence before the court is the testimony Plaintiff gave during his deposition.

10              (s)         ¶ 30 – Best evidence (Fed.R.Evid. 1002-1003).

11              (t)         ¶ 31 – Irrelevant (Fed.R.Evid. 401-402). *Guz v. Bechtel National, Inc.*

12   (2000) 24 Cal.4th 317, 358 (accuracy of reason is irrelevant, employer merely must honestly

13   believe in nondiscriminatory reason); *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)**Error!**

14   **Bookmark not defined.**; *Sheridan v. E.I. DuPont de Nemours and Co.* 100 F.3d 1061, 1072 (3d

15   Cir. 1996); *Hersant v. Dept. of Social Services* (1997) 57 Cal.App.4th 997, 1005.

16              (u)         ¶ 32 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

17   (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802); lacks personal knowledge (Fed.R.Evid. 602).

18              (v)         ¶ 33 -- Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

19   (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802). Seniority is not considered for promotion to

20   Engineer. (Deposition of John Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9,

21   both filed with Defendants' moving papers.)

22              (w)         ¶ 35 — Improper opinion (Fed.R.Evid. 701); lack of personal knowledge

23   (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403);

24   improper legal conclusion; assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay

25   (Fed.R.Evid. 802); improper character evidence (Fed.R.Evid. 404(a), 404(b)). Moreover,

26   Plaintiff's belief that Amtrak did not promote African-Americans to Engineer is undisputedly

27   false. *See Supplemental Declaration of Susan Venturelli; Supplemental Declaration of Steve*

28   *Shelton*, filed May 8, 2007.

1    (x)    ¶ 36 -- Improper opinion (Fed.R.Evid. 701); improper legal conclusion.

2    (y)    ¶ 37 – Improper opinion (Fed.R.Evid. 701); improper legal conclusion.

3    (z)    ¶ 38 -- Improper opinion (Fed.R.Evid. 701); improper legal conclusion.

4    (aa)    ¶ 39 – Best evidence (Fed.R.Evid. 1002-1003).

5    (bb)    ¶ 40 – Irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative

6    and confuses the issues (Fed.R.Evid. 403).  Plaintiff admitted that he was responsible for the 2000

7    incident, for which he was issued a letter of reprimand.  (Pl. Depo., 119:13-15.)

8    (cc)    Exhibits:  Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

9    exhibit B to Campbell's declaration in particular was improperly withheld from Plaintiff's initial

10   disclosures and from Plaintiff's production of documents; lacks foundation; improper

11   authentication.

12   2.    Declaration of Mary J. Fontaine in Opposition to Defendant's Motion for

13   Summary Judgment, in *Hardeman v. Amtrak*, U.S. District Court Case No. C04 3360 SI

14   (Attachment – Exhibit 1 to Plaintiff's Request for Judicial Notice in Opposition to Defendants

15   Joseph Deely and National Railroad Passenger Corporation's Motions for Summary Judgment or

16   in the Alternative, Partial Summary Judgment ("Request for Judicial Notice"), filed May 1,

17   2007):

18   (a)    Entire declaration – A declaration of a witness in another case may not

19   be submitted to the Court as evidence for consideration through a Request for Judicial Notice.

20   *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36   (1st Cir. 2005) ("plaintiffs [opposing

21   Defendants' motion for summary judgment in an employment discrimination case] made no

22   attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of Evidence 201.

23   Not only do pleadings, parties, issues, and facts differ in different cases, but plaintiffs cannot

24   sidestep their neglect to offer evidence in this case by asking the court to rule on the basis of the

25   record in another case .... Refusal to take judicial notice was amply justified.")

26   (b)    Entire declaration – irrelevant (Fed.R.Evid. 401-402); more prejudicial

27   than probative and confuses the issues (Fed.R.Evid. 403); lacks foundation.  Declarant has not

28

worked with Defendant Joseph Deely for fifteen years.  Moreover, declarant has never worked with Plaintiff John Campbell.

        (c)      ¶ 7 - Hearsay (Fed.R.Evid. 802); improper opinion (Fed.R.Evid. 701); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper legal conclusion; improper character evidence (Fed.R.Evid. 404(a), 404(b)).

        (d)      ¶ 8 - Hearsay (Fed.R.Evid. 802); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper character evidence (Fed.R.Evid. 404(a), 404(b)); improper opinion (Fed.R.Evid. 701).

        (e)      ¶ 12 - Hearsay (Fed.R.Evid. 802); improper opinion (Fed.R.Evid. 701); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper legal conclusion; improper character evidence (Fed.R.Evid. 404(a), 404(b)).

        (f)      ¶ 13 - Hearsay (Fed.R.Evid. 802); improper opinion (Fed.R.Evid. 701); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

        (g)      ¶ 14 - Improper opinion (Fed.R.Evid. 701); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403).

        (h)      ¶ 15 – Irrelevant (Fed.R.Evid. 401-402); lack of personal knowledge (Fed.R.Evid. 602); hearsay (Fed.R.Evid. 802); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403).

        (i)      ¶ 16 – Irrelevant (Fed.R.Evid. 401-402); lack of personal knowledge (Fed.R.Evid. 602); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper opinion (Fed.R.Evid. 701).

        (j)      ¶ 17 – Speculation (Fed.R.Evid. 602); irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403).

        (k)      ¶ 18 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); speculation (Fed.R.Evid. 602); irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative and

confuses the issues (Fed.R.Evid. 403); improper opinion (Fed.R.Evid. 701); speculation (Fed.R.Evid. 602).

(l)    ¶ 19 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402).

(m)    ¶ 20 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper opinion (Fed.R.Evid. 701); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

(n)    ¶ 21 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); improper opinion (Fed.R.Evid. 701).

3.    Declaration of Debrice Gallo in Opposition to Defendant's Motion for Summary Judgment, in *Hardeman v. Amtrak*, U.S. District Court Case No. C04 3360 SI (Exhibit 2 to Plaintiff's Request for Judicial Notice, filed May 1, 2007):

(a)    Entire declaration – A declaration of a witness in another case may not be submitted to the Court as evidence for consideration through a Request for Judicial Notice. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an employment discrimination case] made no attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case by asking the court to rule on the basis of the record in another case .... Refusal to take judicial notice was amply justified.")

(b)    Entire declaration – irrelevant (Fed.R.Evid. 401-402); more prejudicial than probative and confuses the issues (Fed.R.Evid. 403); lacks foundation. Declarant did not work with Plaintiff John Campbell during any of the three major safety violations for which he either admitted responsiblity, or was found by a neutral hearing officer to be responsible, for.

(c)    ¶ 3 – Irrelevant (Fed.R.Evid. 401-402). Seniority is not considered for promotion to Engineer. (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

8                                    Case No. C05-05434 MJJ

1   Venturelli, ¶ 9, both filed with Defendants' moving papers.)  If anything, Gallo's declaration

2   shows that Amtrak promotes African-American employees to Engineer.

3           (d)       ¶ 4 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

4   (Fed.R.Evid. 611(a)).  Seniority is not considered for promotion to Engineer.  (Deposition of John

5   Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9, both filed with Defendants' moving

6   papers.)

7           (e)       ¶ 5 – Best evidence (Fed.R.Evid. 1002-1003); irrelevant (Fed.R.Evid.

8   401-402); assumes facts not in evidence (Fed.R.Evid. 611(a)).  Seniority is not considered for

9   promotion to Engineer.   (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

10   Venturelli, ¶ 9, both filed with Defendants' moving papers.)

11           (f)       ¶ 6 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

12   (Fed.R.Evid. 611(a)).  Seniority is not considered for promotion to Engineer.  (Deposition of John

13   Campbell, 202:11—203:10; Declaration of Susan Venturelli, ¶ 9, both filed with Defendants' moving

14   papers.)

15           (g)       ¶ 7 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

16   (Fed.R.Evid. 611(a)).

17           (h)       ¶ 10 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

18   assumes facts not in evidence (Fed.R.Evid. 611(a)).

19           (i)       ¶ 12 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

20   (Fed.R.Evid. 611(a)).

21           (j)       ¶ 13 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

22   (Fed.R.Evid. 611(a)).

23           (k)       ¶ 14 - Irrelevant (Fed.R.Evid. 401-402).

24           (l)       ¶ 15 - Irrelevant (Fed.R.Evid. 401-402).

25           (m)       ¶ 16 - Irrelevant (Fed.R.Evid. 401-402).

26           (n)       ¶ 17 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

27   (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

28

1    (o)    ¶ 20 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
2    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

3    (p)    ¶ 21 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
4    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

5    (q)    ¶ 22 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
6    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

7    (r)    ¶ 23 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
8    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701); lack of personal knowledge
9    (Fed.R.Evid. 602).

10    (s)    ¶ 24 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
11    (Fed.R.Evid. 611(a)); lack of personal knowledge (Fed.R.Evid. 602).

12    (t)    ¶ 25 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
13    (Fed.R.Evid. 611(a)); lack of personal knowledge (Fed.R.Evid. 602).

14    (u)    ¶ 26 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence
15    (Fed.R.Evid. 611(a)).

16    4.    Declaration of Faheem Hardeman in Opposition to Defendant's Motion for
17    Summary Judgment, in *Hardeman v. Amtrak*, U.S. District Court Case No. C04 3360 SI (Exhibit
18    3 to Plaintiff's Request for Judicial Notice):

19    (a)    Entire declaration – A declaration of a witness in another case may not
20    be submitted to the Court as evidence for consideration through a Request for Judicial Notice.
21    *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36    (1st Cir. 2005) ("plaintiffs [opposing
22    Defendants' motion for summary judgment in an employment discrimination case] made no
23    attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of Evidence 201.
24    Not only do pleadings, parties, issues, and facts differ in different cases, but plaintiffs cannot
25    sidestep their neglect to offer evidence in this case by asking the court to rule on the basis of the
26    record in another case …. Refusal to take judicial notice was amply justified.")

27    (b)    Entire declaration - irrelevant (Fed.R.Evid. 401-402); lacks foundation;
28    more prejudicial than probative and confuses the issues (Fed.R.Evid. 403).  Declarant did not

1   work with Plaintiff John Campbell.    If anything, Hardeman's declaration shows that Amtrak

2   promotes African-American employees to Engineer.

3           (c)        ¶ 6 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

4   Seniority is not considered for promotion to Engineer. (Deposition of John Campbell, 202:11—

5   203:10; Declaration of Susan Venturelli, ¶ 9, both filed with Defendants' moving papers.)

6           (d)        ¶ 7 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant

7   (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid. 701).  Seniority is not considered for

8   promotion to Engineer.   (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

9   Venturelli, ¶ 9, both filed with Defendants' moving papers.)

10          (e)        ¶ 8 – Irrelevant (Fed.R.Evid. 401-402).  Seniority is not considered for

11  promotion to Engineer. (Deposition of John Campbell, 202:11—203:10; Declaration of Susan

12  Venturelli, ¶ 9, both filed with Defendants' moving papers.)

13          (f)        ¶ 9 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); speculation

14  (Fed.R.Evid. 602); irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid. 701).

15  "Where special qualifications are necessary [for the job], the relevant statistical pool for purposes

16  of demonstrating discriminatory exclusion must [include] the number of minorities qualified to

17  undertake the particular task." *People v. Bell* (1989) 49 Cal.3d 502, 555, quoting *Hazelwood*

18  *School Dist. v. United States* (1977) 433 U.S. 299, 308, 53 L.Ed.2d 768, 97 S.Ct. 2736. Without

19  such evidence, it is impossible to evaluate overall minority representation or draw a negative

20  inference of discrimination. *See also* Supplemental Declaration of Susan Venturelli, filed May 8,

21  2007.

22          (g)        ¶ 10 – Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

23  (Fed.R.Evid. 611(a)); best evidence rule (Fed.R.Evid. 1002-1003).

24          (h)        ¶ 11 - Best evidence rule (Fed.R.Evid. 1002-1003); irrelevant

25  (Fed.R.Evid. 401-402).

26          (i)        ¶ 12 - Best evidence rule (Fed.R.Evid. 1002-1003); irrelevant

27  (Fed.R.Evid. 401-402).

28

1  (j)    ¶ 13 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); speculation
2  (Fed.R.Evid. 602); irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid. 701).

3  (k)    ¶ 14 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay
4  (Fed.R.Evid. 802); speculation (Fed.R.Evid. 602).

5  (l)    ¶ 15 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
6  (Fed.R.Evid. 401-402).

7  (m)    ¶ 16 - Best evidence rule (Fed.R.Evid. 1002-1003); irrelevant
8  (Fed.R.Evid. 401-402).

9  (n)    ¶ 17 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
10  (Fed.R.Evid. 401-402).

11  (o)    ¶ 18 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
12  (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

13  (p)    ¶ 19 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
14  (Fed.R.Evid. 401-402).

15  (q)    ¶ 20 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
16  (Fed.R.Evid. 401-402).

17  (r)    ¶ 21 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
18  (Fed.R.Evid. 401-402).

19  (s)    ¶ 22 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
20  (Fed.R.Evid. 401-402); speculation (Fed.R.Evid. 602).

21  (t)    ¶ 26 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

22  (u)    ¶ 32 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
23  (Fed.R.Evid. 401-402); speculation (Fed.R.Evid. 602).

24  (v)    ¶ 33 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant
25  (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid. 701); lack of personal knowledge
26  (Fed.R.Evid. 602). improper character evidence (Fed.R.Evid. 404(a), 404(b)).

27

28

1    (w)    ¶ 34 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant

2  (Fed.R.Evid. 401-402); speculation (Fed.R.Evid. 602); lack of personal knowledge (Fed.R.Evid.

3  602). improper character evidence (Fed.R.Evid. 404(a), 404(b)).

4    (x)    ¶ 35 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant

5  (Fed.R.Evid. 401-402).

6    (y)    ¶ 36 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

7    (z)    ¶ 37 - Irrelevant (Fed.R.Evid. 401-402).

8    (aa)    ¶ 38 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

9    (bb)    ¶ 39 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

10    (cc)    ¶ 40 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

11  speculation (Fed.R.Evid. 602).

12    (dd)    ¶ 42 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

13    (ee)    ¶ 43 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

14  assumes facts not in evidence (Fed.R.Evid. 611(a)).

15    (ff)    ¶ 44 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

16  (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

17    (gg)    ¶ 45 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

18  (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802); lacks personal knowledge (Fed.R.Evid. 602).

19    (hh)    ¶ 46 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

20    (ii)    ¶ 47 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

21  assumes facts not in evidence (Fed.R.Evid. 611(a)).

22    (jj)    ¶ 48 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

23  assumes facts not in evidence (Fed.R.Evid. 611(a)).

24    (kk)    ¶ 49 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

25  assumes facts not in evidence (Fed.R.Evid. 611(a)).

26    (ll)    ¶ 50 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

27  assumes facts not in evidence (Fed.R.Evid. 611(a)); lack of personal knowledge (Fed.R.Evid.

28  602).

(mm)    ¶ 51 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802); assumes facts not in evidence (Fed.R.Evid. 611(a)); lack of personal knowledge (Fed.R.Evid. 602).

(nn)    ¶ 52 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802); assumes facts not in evidence (Fed.R.Evid. 611(a)).

(oo)    ¶ 53 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence (Fed.R.Evid. 611(a)); speculation (Fed.R.Evid. 602); lack of personal knowledge (Fed.R.Evid. 602).

(pp)    ¶ 54 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid. 701); lack of personal knowledge (Fed.R.Evid. 602).

(qq)    ¶ 55 - Irrelevant (Fed.R.Evid. 401-402).

(rr)    Declaration exhibits: Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

5.    <u>Declaration of Meriola Gotthardt in Opposition to Defendant's Motion for Summary Judgment, in *Morgan v. Amtrak*, U.S. District Court Case No. C96-03585 SI (Exhibit 4 to Plaintiff's Request for Judicial Notice):</u>

(a)    Entire declaration – A declaration of a witness in another case may not be submitted to the Court as evidence for consideration through a Request for Judicial Notice. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an employment discrimination case] made no attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case by asking the court to rule on the basis of the record in another case .... Refusal to take judicial notice was amply justified.")

(b)    Entire declaration – Plaintiff did not disclose Meriola Gotthardt as a witness in Plaintiff's initial disclosures. Fed.R.Civ.P. Rule 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is

1  harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or

2  information not so disclosed.")

3              (c)      Entire declaration – irrelevant ((Fed.R.Evid. 401-402); improper

4  character evidence (Fed.R.Evid. 404(a), 404(b)); lacks foundation; more prejudicial than

5  probative and confuses the issues (Fed.R.Evid. 403).

6              (d)      ¶ 2 - Hearsay (Fed.R.Evid. 802); assumes facts not in evidence

7  (Fed.R.Evid. 611(a)); – irrelevant ((Fed.R.Evid. 401-402).

8              (e)      ¶ 3 - Hearsay (Fed.R.Evid. 802); irrelevant ((Fed.R.Evid. 401-402);

9  improper character evidence (Fed.R.Evid. 404(a), 404(b)).

10              (f)      ¶ 4 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

11  improper character evidence (Fed.R.Evid. 404(a), 404(b)).

12              (g)      ¶ 5 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

13  (Fed.R.Evid. 611(a)).

14              (h)      ¶ 6 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

15              (i)      ¶ 7 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

16      6.     Declaration of Michael Williams in Opposition to Defendant's Motion for

17  Summary Judgment, in *Morgan v. Amtrak*, U.S. District Court Case No. C96-03585 SI (Exhibit 5

18  to Plaintiff's Request for Judicial Notice):

19              (a)      Entire declaration – A declaration of a witness in another case may not

20  be submitted to the Court as evidence for consideration through a Request for Judicial Notice. A

21  declaration of a witness in another case may not be submitted to the Court as evidence for

22  consideration through a Request for Judicial Notice. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d

23  31, 36 (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an

24  employment discrimination case] made no attempt to specify what 'adjudicable facts' met the

25  requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts

26  differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case

27  by asking the court to rule on the basis of the record in another case …. Refusal to take judicial

28  notice was amply justified.")

1    (b)    Entire declaration - Irrelevant (Fed.R.Evid. 401-402); improper character

2  evidence (Fed.R.Evid. 404(a), 404(b)); lacks foundation; more prejudicial than probative and

3  confuses the issues (Fed.R.Evid. 403).    Declarant does not claim to have ever worked with

4  Plaintiff Campbell, Joe Deely or Steven Shelton.

5    (c)    ¶ 2 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

6    (d)    ¶ 3 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

7    (e)    ¶ 4 - Best evidence rule (Fed.R.Evid. 1002-1003); more prejudicial than

8  probative and confuses the issues (Fed.R.Evid. 403); irrelevant (Fed.R.Evid. 401-402); improper

9  character evidence (Fed.R.Evid. 404(a), 404(b)).

10    7.    Declaration of Joe George in Opposition to Defendant's Motion for Summary

11  Judgment, in *Morgan v. Amtrak*, U.S. District Court Case No. C96-03585 SI (Exhibit 6 to

12  Plaintiff's Request for Judicial Notice):

13    (a)    Entire declaration – A declaration of a witness in another case may not

14  be submitted to the Court as evidence for consideration through a Request for Judicial Notice.  A

15  declaration of a witness in another case may not be submitted to the Court as evidence for

16  consideration through a Request for Judicial Notice. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d

17  31, 36  (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an

18  employment discrimination case] made no attempt to specify what 'adjudicable facts' met the

19  requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts

20  differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case

21  by asking the court to rule on the basis of the record in another case …. Refusal to take judicial

22  notice was amply justified.")

23    (b)    Entire declaration: irrelevant (Fed.R.Evid. 401-402); improper character

24  evidence (Fed.R.Evid. 404(a), 404(b)); lacks foundation; more prejudicial than probative and

25  confuses the issues (Fed.R.Evid. 403).    Declarant does not claim to have ever worked with

26  Plaintiff Campbell, Joe Deely or Steven Shelton.

27    (c)    ¶ 4 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

28

1     (d)  ¶ 5 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

2 assumes facts not in evidence (Fed.R.Evid. 611(a)); improper character evidence (Fed.R.Evid.

3 404(a), 404(b)).

4     (e)  ¶ 6 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

5 improper character evidence (Fed.R.Evid. 404(a), 404(b)).

6     (f)  ¶ 7 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

7 assumes facts not in evidence (Fed.R.Evid. 611(a)); lacks personal knowledge (Fed.R.Evid. 602).

8    8.  Declaration of Arthur Elwood Conley in Opposition to Defendant's Motion for

9 Summary Judgment, in *Morgan v. Amtrak*, U.S. District Court Case No. C96-03585 SI (Exhibit 7

10 to Plaintiff's Request for Judicial Notice):

11     (a)  Entire declaration – A declaration of a witness in another case may not

12 be submitted to the Court as evidence for consideration through a Request for Judicial Notice. A

13 declaration of a witness in another case may not be submitted to the Court as evidence for

14 consideration through a Request for Judicial Notice. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d

15 31, 36 (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an

16 employment discrimination case] made no attempt to specify what 'adjudicable facts' met the

17 requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts

18 differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case

19 by asking the court to rule on the basis of the record in another case …. Refusal to take judicial

20 notice was amply justified.")

21     (b)  Entire declaration – Plaintiff did not disclose Arthur Elwood Conley as a

22 witness in Plaintiff's initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Fed.R.Civ.P. Rule

23 37(c)(1) ("A party that without substantial justification fails to disclose information required by

24 Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is

25 not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a

26 motion any witness or information not so disclosed.")

27     (c)  Entire declaration – irrelevant (Fed.R.Civ.Proc. 401-402); improper

28 character evidence (Fed.R.Evid. 404(a), 404(b)); lacks foundation; more prejudicial than

1    probative and confuses the issues (Fed.R.Evid. 403).  Declarant does not claim to have worked

2    with Plaintiff, Joe Deely or Steve Shelton.

3                    (d)         ¶ 3 - Irrelevant (Fed.R.Evid. 401-402)

4                    (e)         ¶ 4 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

5    assumes facts not in evidence (Fed.R.Evid. 611(a)).

6                    (f)         ¶ 5 - Irrelevant (Fed.R.Evid. 401-402).

7                    (g)         ¶ 6 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

8    improper character evidence (Fed.R.Evid. 404(a), 404(b)).

9            9.       Amended Declaration of Abner J. Morgan, Jr. in Opposition to Defendant's

10   Motion for Summary Judgment, in *Morgan v. Amtrak*, U.S. District Court Case No. C96-03585

11   SI (Exhibit 8 to Plaintiff's Request for Judicial Notice):

12                   (a)         Entire declaration – A declaration of a witness in another case may not

13   be submitted to the Court as evidence for consideration through a Request for Judicial Notice.  A

14   declaration of a witness in another case may not be submitted to the Court as evidence for

15   consideration through a Request for Judicial Notice.  *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d

16   31, 36  (1st Cir. 2005) ("plaintiffs [opposing Defendants' motion for summary judgment in an

17   employment discrimination case] made no attempt to specify what 'adjudicable facts' met the

18   requirements of Federal Rule of Evidence 201. Not only do pleadings, parties, issues, and facts

19   differ in different cases, but plaintiffs cannot sidestep their neglect to offer evidence in this case

20   by asking the court to rule on the basis of the record in another case …. Refusal to take judicial

21   notice was amply justified.")

22                   (b)         Entire declaration – Plaintiff did not disclose Abner J. Morgan as a

23   witness in Plaintiff's initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1).  Fed.R.Civ.P. Rule

24   37(c)(1) ("A party that without substantial justification fails to disclose information required by

25   Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is

26   not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a

27   motion any witness or information not so disclosed.")

28

1    (c)    Entire declaration – irrelevant (Fed.R.Evid. 401-402); lacks foundation;

2 more prejudicial than probative and confuses the issues (Fed.R.Evid. 403).  Declarant makes no

3 representations about Plaintiff Campbell, Joe Deely or Steven Shelton.  In addition, declarant

4 makes no statements about any of the incidents to which Plaintiff either admitted guilt or was

5 found guilty by a neutral hearing officer.

6    (d)    ¶ 3 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

7 (Fed.R.Evid. 611(a)).

8    (e)    ¶ 4 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

9 (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802); improper opinion (Fed.R.Evid. 701).

10    (f)    ¶ 5 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

11 (Fed.R.Evid. 611(a)).

12    (g)    ¶ 6 - Irrelevant (Fed.R.Evid. 401-402); improper character evidence

13 (Fed.R.Evid. 404(a), 404(b)).

14    (h)    ¶ 7 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

15 (Fed.R.Evid. 611(a)); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

16    (i)    ¶ 8 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

17 (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802).

18    (j)    ¶ 9 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

19 (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003).

20    (k)    ¶ 10 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

21 (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003); hearsay (Fed.R.Evid. 802).

22    (l)    ¶ 11 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid.

23 701); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

24    (m)    ¶ 12 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

25 (Fed.R.Evid. 611(a)); best evidence rule (Fed.R.Evid. 1002-1003); improper opinion (Fed.R.Evid.

26 701); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

27    (n)    ¶ 13 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

28 (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003).

1          (o)      ¶ 14 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

2    (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003).

3          (p)      ¶ 15 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

4    (Fed.R.Evid. 611(a)).

5          (q)      ¶ 16 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

6    (Fed.R.Evid. 611(a)); speculation (Fed.R.Evid. 602); improper opinion (Fed.R.Evid. 701);

7    improper character evidence (Fed.R.Evid. 404(a), 404(b)).

8          (r)      ¶ 17 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

9    (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003).

10          (s)      ¶ 18 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

11    assumes facts not in evidence (Fed.R.Evid. 611(a)).

12          (t)      ¶ 19 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

13    assumes facts not in evidence (Fed.R.Evid. 611(a)).

14          (u)      ¶ 20 - Irrelevant (Fed.R.Evid. 401-402); best evidence (Fed.R.Evid.

15    1002-1003).

16          (v)      ¶ 21 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

17    (Fed.R.Evid. 611(a)).

18          (w)      ¶ 22 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

19    assumes facts not in evidence (Fed.R.Evid. 611(a)).

20          (x)      ¶ 24 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

21    (Fed.R.Evid. 611(a)).

22          (y)      ¶ 25 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

23    (Fed.R.Evid. 611(a)).

24          (z)      ¶ 26 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

25    (Fed.R.Evid. 611(a)); lacks personal knowledge (Fed.R.Evid. 602).

26          (aa)      ¶ 27 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

27    (Fed.R.Evid. 611(a)).

28

1                  (bb)      ¶ 28 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

2    (Fed.R.Evid. 611(a)).

3                  (cc)      ¶ 29 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

4    (Fed.R.Evid. 611(a)).

5                  (dd)      ¶ 30 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

6    (Fed.R.Evid. 611(a)).

7                  (ee)      ¶ 31 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

8    (Fed.R.Evid. 611(a)); best evidence (Fed.R.Evid. 1002-1003); improper legal conclusion.

9                  (ff)      ¶ 32 - Irrelevant (Fed.R.Evid. 401-402); best evidence (Fed.R.Evid.

10    1002-1003).

11                  (gg)      ¶ 33 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

12    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

13                  (hh)      ¶ 34 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

14    (Fed.R.Evid. 611(a)).

15                  (ii)      ¶ 35-37 - Irrelevant (Fed.R.Evid. 401-402).

16                  (jj)      ¶ 38 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802)

17                  (kk)      ¶ 39 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802);

18    assumes facts not in evidence (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

19                  (ll)      ¶ 40 - Irrelevant (Fed.R.Evid. 401-402).

20                  (mm)      ¶ 41 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

21    (Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701).

22                  (nn)      ¶ 42 - Irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence

23    (Fed.R.Evid. 611(a)); hearsay (Fed.R.Evid. 802)

24                  (oo)      ¶ 43 - Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802).

25                  (pp)      ¶ 44 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid.

26    701); improper conclusion.

27                  (qq)      ¶ 45 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid.

28    701); improper conclusion.

DEFS.' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1          (rr)      ¶ 46 - Irrelevant (Fed.R.Evid. 401-402).

2          (ss)      ¶ 47 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid.

3    701).

4          (tt)      (ss) Exhibits: Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid.

5    802).

6    10.    Declaration of Chad M. Skinner in Opposition to Defendants' Joseph Deely and

7    National Railroad Passenger Corporation's Motions for Summary Judgment or in the Alternative,

8    Partial Summary Judgment:

9          (a)      ¶ 3 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay

10    (Fed.R.Evid. 802); lacks personal knowledge (Fed.R.Evid. 602); lacks foundation.

11          (b)      ¶ 4 - Hearsay (Fed.R.Evid. 802); assumes facts not in evidence

12    (Fed.R.Evid. 611(a)); lacks personal knowledge (Fed.R.Evid. 602).

13          (c)      ¶ 6 - Hearsay (Fed.R.Evid. 802); assumes facts not in evidence

14    (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402).

15          (d)      ¶ 7 – Assumes facts not in evidence (Fed.R.Evid. 611(a)); hearsay

16    (Fed.R.Evid. 802); lacks personal knowledge (Fed.R.Evid. 602); irrelevant (Fed.R.Evid. 401-

17    402).

18          (e)      ¶ 8 - Hearsay (Fed.R.Evid. 802); assumes facts not in evidence

19    (Fed.R.Evid. 611(a)); irrelevant (Fed.R.Evid. 401-402); lacks foundation.  Splitting switches is

20    not the same as cutting out the brakes during a move.

21          (f)      ¶ 9 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); irrelevant

22    (Fed.R.Evid. 401-402).  Moreover, disarming the brakes of a parked train that is undergoing

23    maintenance is not comparable to Plaintiff's offense on July 24, 2004. *Supplemental Declaration*

24    *of Steven Shelton*, filed May 8, 2007.

25          (g)      ¶ 10 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).  At

26    most, this statement tends to show that there was favoritism towards members of the BLET union,

27    without respect to race.

28          (h)      ¶ 11 - Hearsay (Fed.R.Evid. 802); lacks foundation.

1         (i)     ¶ 12 - Hearsay (Fed.R.Evid. 802); speculation (Fed.R.Evid. 602).

2         (j)     ¶ 13 - Hearsay (Fed.R.Evid. 802).

3         (i)     Exhibits: Hearsay (Fed.R.Evid. 802); best evidence rule (Fed.R.Evid.

4 1002-1003); irrelevant (Fed.R.Evid. 401-402); assumes facts not in evidence (Fed.R.Evid.

5 611(a)).

6     11.     <u>Declaration of Richard Barnes in Opposition to Defendants' Joseph Deely and</u>

7 <u>National Railroad Passenger Corporation's Motions for Summary Judgment or in the Alternative,</u>

8 <u>Partial Summary Judgment</u>

9         (a)     ¶ 6 - Hearsay (Fed.R.Evid. 802); lacks foundation; assumes facts not in

10 evidence (Fed.R.Evid. 611(a)).

11         (b)     ¶ 7 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

12 improper opinion (Fed.R.Evid. 701).

13         (c)     ¶ 8 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

14         (d)     ¶ 9 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); improper

15 opinion (Fed.R.Evid. 701); irrelevant (Fed.R.Evid. 401-402). Splitting switches is not the same

16 as cutting out the brakes during a move.

17         (e)     ¶ 10 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); improper

18 opinion (Fed.R.Evid. 701); irrelevant (Fed.R.Evid. 401-402). Disarming the brakes of a parked

19 train that is undergoing maintenance is not comparable to Plaintiff's offense on July 24, 2004.

20 *Supplemental Declaration of Steven Shelton*, filed May 8, 2007.

21         (f)     ¶ 11 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); improper

22 opinion (Fed.R.Evid. 701); hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

23         (g)     ¶ 12 - Irrelevant (Fed.R.Evid. 401-402); improper opinion (Fed.R.Evid.

24 701); assumes facts not in evidence (Fed.R.Evid. 611(a)).

25     12.     <u>Transcript of Deposition of Joe Deely</u>, dated February 15, 2007 (Exhibit A to the

26 Declaration of Pamela Price in Opposition to Defendants Joseph Deely and National Railroad

27 Passenger Corporation's Motions for Summary Judgment, or in the Alternative, Partial Summary

28 Judgment ("Price Decl.")):

1        (a)     10:3-5 - Best evidence (Fed.R.Evid. 1002-1003)

2        (b)     25:2-4, 6, 9, 13-18 - Best evidence (Fed.R.Evid. 1002-1003); irrelevant
(Fed.R.Evid. 401-402); hearsay (Fed.R.Evid. 802); more prejudicial than probative and confuses
the issues (Fed.R.Evid. 403); improper character evidence (Fed.R.Evid. 404(a), 404(b)).

(c)     60:22-61:4 - Assumes facts not in evidence (Fed.R.Evid. 611(a));
improper opinion (Fed.R.Evid. 701).

(d)     61:19-24 - Assumes facts not in evidence (Fed.R.Evid. 611(a));
improper opinion (Fed.R.Evid. 701).

(e)     65:4-7 - Assumes facts not in evidence (Fed.R.Evid. 611(a)); more
prejudicial than probative and confuses the issues (Fed.R.Evid. 403).

(f)     Exhibits: Assumes facts not in evidence (Fed.R.Evid. 611(a)); improper
opinion (Fed.R.Evid. 701); hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402).

13.     Transcript of Deposition of Joe Deely, dated February 15, 2007, taken in the case
of *Howard v. National Railroad Passenger Corporation, et al.*, U.S. Dist. Court Case No. C05-4069 SI

(a)     Deposition testimony of a witness in another case may not be submitted
to the Court as evidence for consideration in opposition to Defendants' motion for summary
judgment.  *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36  (1st Cir. 2005) ("plaintiffs
[opposing Defendants' motion for summary judgment in an employment discrimination case]
made no attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of
Evidence 201. Not only do pleadings, parties, issues, and facts differ in different cases, but
plaintiffs cannot sidestep their neglect to offer evidence in this case by asking the court to rule on
the basis of the record in another case .... Refusal to take judicial notice was amply justified.")

(b)     151-152 - Irrelevant (Fed.R.Evid. 401-402).

14.     Transcript of Deposition of Richard Barrow, dated March 26, 2007:

(a)     18:9-20:6, 23:7-24:4 – Hearsay (Fed.R.Evid. 802); assumes facts not in
evidence ((Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701); hearsay (Fed.R.Evid. 802);
irrelevant (Fed.R.Evid. 401-402); lacks foundation. Disarming the brakes of a parked train that is

1   undergoing maintenance is not comparable to Plaintiff's offense on July 24, 2004. *Supplemental*

2   *Declaration of Steven Shelton*, filed May 8, 2007.

3           (b)       20:7-21:2 – Irrelevant (Fed.R.Evid. 401-402).    Whether declarant

4   thought cutting out the trucks during a move was a big deal or not is irrelevant.  The issue is not

5   whether others may have committed the same exact offense as Plaintiff because even if they had,

6   Steve Shelton, the person who charged Plaintiff with the July 2004 incident and who made the

7   decision to terminate his employment, *honestly believed* that it was appropriate for Amtrak to fire

8   Plaintiff based on Plaintiff's disciplinary history and admission that he knowingly and willfully

9   cut out the brakes of a locomotive prior to coupling it with another train.  Shelton previously

10  testified that he knew of no one else who had committed the same offense, under the same

11  circumstances, as Plaintiff. *Guz v. Bechtel  National, Inc.* (2000) 24 Cal.4th 317, 358 (accuracy of

12  reason is irrelevant, employer merely must honestly believe in nondiscriminatory reason);

13  *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994); *Sheridan v. E.I. DuPont de Nemours and Co.*

14  100 F.3d 1061, 1072 (3d Cir. 1996); *Hersant v. Dept. of Social Services* (1997) 57 Cal.App.4th

15  997, 1005.

16          (c)       24:6-16 - Hearsay (Fed.R.Evid. 802)

17          (d)       37:8-25 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

18  assumes facts not in evidence ((Fed.R.Evid. 611(a)); improper opinion (Fed.R.Evid. 701); hearsay

19  (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402); lacks foundation.  Disarming the brakes of a

20  parked train that is undergoing maintenance is not comparable to Plaintiff's offense on July 24,

21  2004. *Supplemental Declaration of Steven Shelton*, filed May 8, 2007.

22          (e)       39:4 – 41:5 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-

23  402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; improper opinion

24  (Fed.R.Evid. 701); hearsay (Fed.R.Evid. 802); lacks foundation.   Disarming the brakes of a

25  parked train that is undergoing maintenance is not comparable to Plaintiff's offense on July 24,

26  2004. *Supplemental Declaration of Steven Shelton*, filed May 8, 2007.

27          (f)       41:21—42:17 - Hearsay (Fed.R.Evid. 802); lacks personal knowledge

28  (Fed.R.Evid. 602).

1    (g)    47:21-48:1 - Hearsay (Fed.R.Evid. 802)

2    15.    Transcript of Deposition of Anthony Gillard, dated March 7, 2007:

3    (a)    18:6—21:13, 46:13—48:1 - Hearsay (Fed.R.Evid. 802); irrelevant

4    (Fed.R.Evid. 401-402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation;

5    improper opinion (Fed.R.Evid. 701); lacks foundation.    That Assistant Conductor Anthony

6    Gillard, who had not witnessed Plaintiff cut out the brakes and therefore did not why the

7    locomotive rolled uncontrollably, initially thought he could have been responsible somehow for

8    the hard coupling that occurred does not mitigate the severity of Plaintiff's admitted cutting of the

9    brakes.

10    (b)    21:14—24:16 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-

11    402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; improper opinion

12    (Fed.R.Evid. 701); lacks foundation.    Plaintiff had the ability to call any witness he desired to

13    testify at the investigative hearing.    Why Plaintiff and his union representative did not call other

14    witnesses to testify on Plaintiff's behalf is irrelevant.    Plaintiff appealed the Hearing Officer's

15    decision to the Labor Relations officer, and the Public Law Board, each of which upheld

16    Amtrak's decision to terminate Plaintiff's employment. *Declaration of Steven Shelton, ¶ 5*, filed

17    with Defendants' moving papers.)

18    (c)    26:3—30:15 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-

19    402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; improper opinion

20    (Fed.R.Evid. 701); lacks foundation.    Splitting switches is not the same as cutting out the brakes

21    during a move. Moreover, disarming the brakes of a parked train that is undergoing maintenance

22    is not comparable to Plaintiff's offense on July 24, 2004. *Supplemental Declaration of Steven*

23    *Shelton*, filed May 8, 2007.

24    16.    Transcript of Deposition of Steven Edward Shelton, dated April 4, 2007:

25    (a)    43:14-- 45:10, 87:11—88:11 - Irrelevant (Fed.R.Evid. 401-402).    It is

26    undisputed that Plaintiff had three violations, two of which were proven, and one of which

27    Plaintiff admitted to. The first violation occurred in early 2000, for which Campbell

28    acknowledged he was responsible.    As a result of his admitted misconduct, he was issued a

1    formal letter of reprimand. (Pl. Depo., 119:13-15.) The second incident occurred in January

2    2002, for which Plaintiff was charged with four serious rules infractions. Amtrak conducted a

3    formal investigation hearing on March 15, 2002. Based in large part on Plaintiff's own

4    admissions, a neutral hearing officer assessed him a 20-day suspension, with 10-days held in

5    abeyance. (Baxter Dec., ¶ 3, Ex. B; Pl. Depo., 120:4—121:7, 123:12—124:1 and Pl. Depo. Ex.

6    14, submitted with Defendants' moving papers.) The third and final incident leading to his

7    termination took place on July 24, 2004 when he improperly cut out the brakes on a locomotive.

8    As part of Amtrak's investigative process, a formal hearing was conducted in September of 2004.

9    Hearing officer Patrick Gallagher issued a Decision to Campbell which stated in pertinent part

10    that it was "evident on the record by the testimony of the Corporation's witnesses and your own

11    testimony that you clearly violated the rules and instructions regarding the movement and

12    coupling of cars and engines." (Shelton Dec., ¶ 11, Ex. D; Pl. Depo., 154:17—155:4 and Pl.

13    Depo. Exh. 19, submitted with Defendants' moving papers.)

14        17.    Transcript of Deposition of Susan Venturelli, dated March 23, 2007:

15        (a)      116:10—119:8 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid.

16    401-402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; lacks foundation.

17        (b)      Exhibits: Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

18    assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; lacks foundation.

19        18.    Transcript of Deposition of Donald Bruce Shelton, taken in the case of *Hardeman*

20    *v. Amtrak et al.*, dated June 28, 2006, U.S. Dist. Court Case No. C 04-3360 SI:

21        (a)      Deposition testimony of a witness in another case may not be submitted

22    to the Court as evidence for consideration in opposition to Defendants' motion for summary

23    judgment. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36 (1st Cir. 2005) ("plaintiffs

24    [opposing Defendants' motion for summary judgment in an employment discrimination case]

25    made no attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of

26    Evidence 201. Not only do pleadings, parties, issues, and facts differ in different cases, but

27    plaintiffs cannot sidestep their neglect to offer evidence in this case by asking the court to rule on

28    the basis of the record in another case .... Refusal to take judicial notice was amply justified."

1        (b)      Entire transcript - Irrelevant (Fed.R.Evid. 401-402). Derailments can

2 arise from a number of different situations. In general, a derailment occurs when any portion of a

3 train or car separates from the track. A derailment is not necessarily the result of negligence or

4 misconduct. As detailed above, none of the offenses allegedly committed by others can compare

5 to Plaintiff's July 24, 2004 incident on the most basic level, let alone "in all material respects."

6 Because Plaintiff has failed to demonstrate he is similarly situated in all material respects to the

7 Caucasian employees he claims received more favorable treatment, he has not established a *prima*

8 *facie* case of discrimination under Title VII or 42 U.S.C. 1981. The Ninth Circuit Court of

9 Appeals has long held that "comparable evidence" necessarily requires that the employees with

10 whom the plaintiff seeks to make a comparison are "similarly situated in *all* material respects."

11 *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)**Error!**

12 **Bookmark not defined.** (citing with approval, *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54

13 (2d Cir. 2001) (emphasis added); *Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006)**Error! Bookmark**

14 **not defined.**, following *Aragon, supra. See also Ercegovich v. Goodyear Tire & Rubber Co.*,

15 154 F.3d 344, 352 (6th Cir. 1998) (holding "plaintiff must show that the "comparables" are

16 similarly-situated in all respects")); *Lynn v. Deaconess Med. Center-West Campus*, 160 F.3d 484,

17 487 (8th Cir. 1998) (requiring employees be "similarly situated in all relevant respects"). In

18 order to qualify as "similarly situated" in all material respects, each person with whom the

19 plaintiff seeks to compare his treatment must have dealt with the same supervisor, must have been

20 subjected to the same standards, and must have engaged in the same conduct as the plaintiff

21 "without any differentiating or mitigating circumstances that would explain distinguish their

22 conduct or the employer's treatment of them for it." *Machado v. Johnson*, 191 Fed. Appx. 531

23 (9th Cir. 2006).

24        (c)      36:1—45:5 - Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-

25 402); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; lacks foundation.

26        (d)      49:6-15 -- Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-402);

27 speculation; lacks foundation.

28

1    (e)    (e)    Exhibits: Hearsay (Fed.R.Evid. 802); irrelevant (Fed.R.Evid. 401-
2  402); lacks foundation.

3

4    19.    Transcript of Deposition of Denver Jay Payne, taken in the case of *Hardeman v.*
5  *Amtrak et al.*, dated April 17, 2006, U.S. Dist. Court Case No. C 04-3360 SI:

6    (a)    Entire transcript - Irrelevant (Fed.R.Evid. 401-402); more prejudicial
7  than probative and confuses the issues (Fed.R.Evid. 403). Deponent was not present at any of the
8  incidents for which Plaintiff was disciplined. The events about which deponent testified concern
9  switching. Splitting switches is not the same as the offense Plaintiff committed (cutting out the
10  brakes during a move). Moreover, Plaintiff either admitted guilt, or was adjudicated responsible,
11  for the three violations that led to his discharge.

12    (b)    Deposition testimony of a witness in another case may not be submitted
13  to the Court as evidence for consideration in opposition to Defendants' motion for summary
14  judgment. *Guzman-Ruiz v. Hernandez-Colon*, 406 F.3d 31, 36  (1st Cir. 2005) ("plaintiffs
15  [opposing Defendants' motion for summary judgment in an employment discrimination case]
16  made no attempt to specify what 'adjudicable facts' met the requirements of Federal Rule of
17  Evidence 201. Not only do pleadings, parties, issues, and facts differ in different cases, but
18  plaintiffs cannot sidestep their neglect to offer evidence in this case by asking the court to rule on
19  the basis of the record in another case .... Refusal to take judicial notice was amply justified.")

20    20.    Confidential Declaration of Pamela Price in Opposition to Defendants' Joseph
21  Deely and National Railroad Passenger Corporation's Motions for Summary Judgment, or in the
22  Alternative, Partial Summary Judgment:

23    (a)    Confidential Portion of Ray Clarke's deposition, taken April 25, 2007:

24    (i)    Entire transcript – Irrelevant (Fed.R.Evid. 401-402); hearsay
25  (Fed.R.Evid. 802); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; lacks
26  foundation; more prejudicial than probative and confuses the issues (Fed.R.Evid. 403). None of
27  Clarke's violations was comparable to Plaintiff's. *Supplemental Declaration of Steven Shelton*,
28  filed May 8, 2007. The Ninth Circuit Court of Appeals has long held that "comparable evidence"

1    necessarily requires that the employees with whom the plaintiff seeks to make a comparison are

2    "similarly situated in *all* material respects." *Aragon v. Republic Silver State Disposal, Inc.*, 292

3    F.3d 654, 660 (9th Cir. 2002)**Error! Bookmark not defined.** (citing with approval, *McGuinness*

4    *v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001)  (emphasis added); *Moran v. Selig*, 447 F.3d

5    748 (9th Cir. 2006)**Error! Bookmark not defined.**, following *Aragon*, *supra*.    *See also*

6    *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)  (holding

7    "plaintiff must show that the "comparables" are similarly-situated in all respects")); *Lynn v.*

8    *Deaconess Med. Center-West Campus*, 160 F.3d 484, 487 (8th Cir. 1998)  (requiring employees

9    be "similarly situated in all relevant respects").  In order to qualify as "similarly situated" in all

10   material respects, each person with whom the plaintiff seeks to compare his treatment must have

11   dealt with the same supervisor, must have been subjected to the same standards, and must have

12   engaged in the same conduct as the plaintiff "without any differentiating or mitigating

13   circumstances that would explain distinguish their conduct or the employer's treatment of them

14   for it." *Machado v. Johnson*, 191 Fed. Appx. 531 (9th Cir. 2006).

15               (ii)      Exhibits: Irrelevant (Fed.R.Evid. 401-402); hearsay (Fed.R.Evid.

16   802); assumes facts not in evidence ((Fed.R.Evid. 611(a)); speculation; lacks foundation; more

17   prejudicial than probative and confuses the issues (Fed.R.Evid. 403).

18                                    Respectfully Submitted,

19   Date: May 15, 2007                  JACKSON LEWIS LLP

20

21                                    By:_____/S/_____
                                         KATHLEEN MAYLIN
22                                       CARA CHING-SENAHA
                                         Attorneys for Defendants
23                                       NATIONAL RAILROAD PASSENGER
                                         CORPORATION dba AMTRAK and JOE
24                                       DEELY

25

26

27

28

DEFS.' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT