1  Kathleen Maylin (SBN 155371)
   Cara Ching-Senaha (SBN 209467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,                    Case No. C05-05434 MJJ (EDL)

12              Plaintiff,
                                           **REQUEST FOR JUDICIAL NOTICE**
13      v.                                 **IN SUPPORT OF DEFENDANT**
                                           **NATIONAL RAILROAD PASSENGER**
14  NATIONAL    RAILROAD    PASSENGER      **CORPORATION'S REQUEST FOR**
    CORPORATION dba AMTRAK, JOE DEELY,     **LEAVE TO FILE MOTION FOR**
15  and DOES 1-15, inclusive,              **RECONSIDERATION OF ORDER RE**
                                           **MOTIONS TO COMPEL**
16              Defendants.
                                           [CONCURRENTLY FILED HEREWITH:
17                                         REQUEST FOR LEAVE TO FILE
                                           MOTION FOR RECONSIDERATION RE
18                                         MOTIONS TO COMPEL;
                                           DECLARATION OF CARA CHING-
19                                         SENAHA; PROPOSED ORDER
                                           INCLUDING BRIEFING SCHEDULE]
20
                                           Complaint Filed:    12/30/05
21                                         FAC Filed:          2/23/06
                                           Trial:              7/23/2007
22
                                           Hearing Date: May 1, 2007
23                                         Hearing Time: 9:00 a.m.
                                           Dept.: Courtroom E, 15th Floor
24                                         Magistrate Judge Elizabeth D. Laporte

25

26                                         [L.R. 7-9(a), (b)]

27

28

1    TO PLAINTIFF JOHN EARL CAMPBELL AND HIS ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that Defendant National Railroad Passenger Corporation (aka

3    Amtrak) by and through its attorneys, hereby request the Court to take judicial notice pursuant to

4    Federal Rule of Evidence 201 of the following documents in support of their Request for Leave to

5    File Motion for Reconsideration of the court's May 1, 2007 discovery order:

6            A. *"Order Re Discovery Disputes,"* in *Howard v. National Railroad Passenger*

7                *Corporation*, United States District Court, District of Northern California, Case C05-

8                04069 SI, at 3:12-18.

9

10                                    Respectfully submitted,

11

12    Date: May 31, 2007                          JACKSON LEWIS LLP

13

14                                    By:    /s/
                                        _____
                                        Kathleen Maylin
15                                        Cara Ching-Senaha
                                        Attorneys for Defendants
16                                        NATIONAL RAILROAD PASSENGER
                                        CORPORATION dba AMTRAK and
17                                        JOE DEELY

18

19

20    H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Pleadings\Motion for Reconsideration\reqeust for judicial notice
21    CMC 053107.doc

22

23

24

25

26

27

28
_____
                                    2
DFDT. AMTRAK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REQUEST FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION    Case No. C05-05434 MJJ (EDL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DFDT. AMTRAK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REQUEST FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION    Case No. C05-05434 MJJ (EDL)

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   MOYSE HOWARD,                          No. C 05-4069 SI
9          Plaintiff,                      **ORDER RE: DISCOVERY DISPUTES**
10   v.
11   NATIONAL RAILROAD PASSENGER
    CORPORATION, et al.,
12          Defendants.
                                    /
13
14   **I.    Plaintiff's motion to compel documents regarding individual defendants' financial
            condition** (Docket Nos. 62 and 70)
15
16          Plaintiff moves to compel the production of documents relating to the individual defendants'

17   financial condition. Plaintiff contends that this discovery is relevant to the punitive damages claims

18   against these defendants. Defendants oppose the motion, arguing, *inter alia*, that as a matter of law

19   individual defendants cannot be held liable for any damages under either Title VII or 42 U.S.C. § 1981.[1]

20          Defendants are correct that the individual defendants may not be held personally liable under

21   Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). However, although the

22   Ninth Circuit has not addressed the issue of whether individual defendants may be liable under 42

23   U.S.C. § 1981, other circuits have allowed such claims. *See, e.g., Whidbee v. Gharzarelli Food

24   Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000); *Al-Khazraji v. St. Francis College*, 784 F.2d 505, 518

25   (3d Cir. 1986), *aff'd on other grounds*, 481 U.S. 604 (1987); *Tillman v. Wheaton-Haven Recreation

26   Ass'n*, 517 F.2d 1141, 1146 (4th Cir. 1975). Neither party addresses this authority.

27   _____

28   [1] The individual defendants are named as defendants on plaintiff's § 1981 claim, but not on
    plaintiff's Title VII claim.

*United States District Court*
*For the Northern District of California*

1    Because the parties have not fully briefed the issue, the Court does not at this time decide
2    whether punitive damages are available against the individual defendants in this action. However, the
3    Court will permit plaintiff's discovery relevant to this damages claim. Accordingly, the Court GRANTS
4    plaintiff's motion to compel documents regarding the individual defendants' financial condition. Such
5    discovery may be produced pursuant to a protective order.

6

7    **II.    Plaintiff's motion to compel depositions** (Docket Nos. 63 and 69)

8    Plaintiff seeks to compel the depositions of two individual defendants and two percipient
9    witnesses. Plaintiff states that at a recent deposition, counsel agreed on the record that plaintiff could
10   take these depositions past the discovery cutoff, but that now defendants are refusing to abide by that
11   agreement. Defendants, in contrast, state that they only agreed that plaintiff could take the individual
12   defendants' depositions up to one week past the February 15, 2007 discovery cut-off – which plaintiff
13   failed to do – and that they never agreed to allow depositions of percipient witnesses past the cut-off.
14   Inexplicably, neither party has provided the Court with an excerpt of the deposition transcript
15   documenting the parties' agreement. Without a copy of that agreement, the Court is unable to determine
16   whose version of events is correct. Accordingly, the Court DENIES plaintiff's motion to compel
17   without prejudice to renewal. If plaintiff renews this motion, plaintiff shall submit a copy of the
18   deposition excerpt documenting the parties' agreement.

19

20   **III.   Plaintiff's motion to compel documents and answers to interrogatories** (Docket Nos. 61 and
21   68)[2]

22   Plaintiff moves to compel the following categories of documents: (1) employment records of the
23   individual named defendants Deely, Hall and Shelton; non-party employees who allegedly complained
24   about plaintiff; and "similarly-situated" employees (Document Requests 1-8); (2) statistical information
25   regarding the employment of African-Americans in management positions (Requests 33-34); (3) EEO
26   complaints and investigations involving race discrimination against Amtrak in the Pacific Division, and

27   _____

28   [2] Neither party provided the Court with a copy of the document requests and interrogatories at issue, and thus this order relies on the parties' description of the discovery.

2

*left margin:* United States District Court  For the Northern District of California

1    against named defendants Deely, Hall and Shelton (Requests 35-37, 48 and 53); and (4) Amtrak's
2    documentation of plaintiff's protected activities (Requests 27, 44 and 47).

3        Plaintiff moves to compel further responses to interrogatories requesting the following
4    information: (1) the identity of African-Americans who reported to the individual defendants Deely,
5    Hall and Shelton (Interrogatory Nos. 2, 3 and 4); (2) Amtrak's documentation of plaintiff's protected
6    activities (No. 8); (3) other similarly-situated managers terminated by Amtrak (Nos. 15-16); (4) the
7    numbers of African-Americans hired and fired in the Pacific Division (Nos. 17-20); (5) the identity of
8    persons suing Amtrak for racial discrimination (No. 21); and (6) the basis for defendant's denial of
9    plaintiff's request for admissions (Nos. 22-25).

10       Defendant opposes this discovery on numerous grounds. First, defendant complains that plaintiff
11   delayed in moving to compel until just before the deadline for such motions. Although the Court is
12   sympathetic to defendants' concerns, the fact remains that plaintiff's motion is timely. However, certain
13   of the document requests and interrogatories seek statistical information that would be appropriate only
14   for expert analysis; the deadline for expert disclosures has passed, and the deadline for filing dispositive
15   motions is imminent. Accordingly, the Court finds that plaintiff has waited too long to compel
16   statistical information regarding the employment of African-Americans in management positions
17   (document requests 33-34), and information about the numbers of African-Americans hired and fired
18   in the Pacific Division.

19       However, the Court finds that plaintiff is entitled to the balance of the discovery sought, with
20   certain limitations. Defendant objects that certain of the interrogatories, such as interrogatory numbers
21   15 and 16, are burdensome because they seek information on a nationwide basis. The Court agrees, and
22   limits the geographic scope of the discovery to the Pacific Division. Defendants' remaining objections
23   are not well-founded, and the Court finds that the discovery sought is relevant to plaintiff's claims of
24   discrimination and retaliation.

25

26   **IT IS SO ORDERED.**

27   Dated: March 13, 2007

                                                        SUSAN ILLSTON
28                                                      United States District Judge

3

**Vega, Belinda (S.F.)**

**From:**    ECFHELPDESK@cand.uscourts.gov
**Sent:**    Tuesday, March 13, 2007 6:08 PM
**To:**    efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:05-cv-04069-SI Howard v. National Railroad Passenger Corporation et al "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from SI, COURT STAFF entered on 3/13/2007 at 6:07 PM and filed on 3/13/2007
**Case Name:**    Howard v. National Railroad Passenger Corporation et al
**Case Number:**    3:05-cv-4069
**Filer:**
**Document Number:** 76

**Docket Text:**
ORDER re: Discovery Disputes. Signed by Judge Illston on 3/13/07. (SI, COURT STAFF) (Filed on 3/13/2007)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\usdc\My Documents\Adobe\05-4069.03.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=3/13/2007] [FileNumber=3296705-0]
[6dbb5ea21a870a9b6780f0a7c81a466b04e422a236210ca6559a202bb040e5c649556
cf3311f5e861fa5eeff73d86a8d6fb59ee6a51e48befcc091df18cfb69f]]

3/13/2007

**3:05-cv-4069 Notice will be electronically mailed to:**

Erika M. Barbara    embarbara@hotmail.com

Janine R. Hudson    hudsonj@jacksonlewis.com, vegab@jacksonlewis.com

Scott W. Oborne    obornes@jacksonlewis.com, meadej@jacksonlewis.com

Pamela Y. Price    pypesq@aol.com

Ok-Hee Shim    pypesq@aol.com

**3:05-cv-4069 Notice will be delivered by other means to:**

Douglas Ethan Lumish
Weil Gotshal & Manges LLP
201 Redwood Shores Pkwy
Redwood Shores, CA 94065-1175

Kojo Moore
Law Offices of Moore & Moore
445 Bellevue Avenue
Second Floor
Oakland, CA 94610

P. Bobby Shukla
Price & Associates
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612