1  Kathleen Maylin (SBN 155371)
   Cara Ching-Senaha (SBN 209467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,              Case No. C05-05434 MJJ (EDL)

12          Plaintiff,
                                     **DEFENDANT NATIONAL RAILROAD**
13      v.                           **PASSENGER CORPORATION'S**
                                     **REQUEST FOR LEAVE TO FILE**
14  NATIONAL    RAILROAD    PASSENGER **MOTION FOR RECONSIDERATION**
    CORPORATION dba AMTRAK, JOE DEELY, **OF ORDER RE MOTIONS TO**
15  and DOES 1-15, inclusive,        **COMPEL**

16          Defendants.             [CONCURRENTLY FILED HEREWITH:
                                     DECLARATION OF CARA CHING-
17                                   SENAHA; REQUEST FOR JUDICIAL
                                     NOTICE; PROPOSED ORDER
18                                   INCLUDING BRIEFING SCHEDULE]

19
                                     Complaint Filed:   12/30/05
20                                   FAC Filed:         2/23/06
                                     Trial:             7/23/2007
21
                                     Hearing Date: May 1, 2007
22                                   Hearing Time: 9:00 a.m.
                                     Dept.: Courtroom E, 15th Floor
23                                   Magistrate Judge Elizabeth D. Laporte

24
                                     [L.R. 7-9(a), (b)]
25

26

27

28

1   Pursuant to Local Rule 7-9(a), Defendant NATIONAL RAILROAD PASSENGER

2   CORPORATION dba AMTRAK moves this Court for leave to file a motion for this court to

3   reconsider its "Order Re Motions to Compel" ("Order").

4   **I.    SUMMARY OF BASIS OF REQUEST FOR LEAVE**

5   This is a race discrimination case in which Plaintiff, a former Amtrak conductor who

6   worked in Oakland and San Francisco, alleges that he was repeatedly denied promotion to an

7   Engineer position in Oakland, California because of his race. He also alleges that Amtrak

8   retaliated and discriminated against him when it fired him for his poor safety record.

9   Plaintiff filed two discovery motions that came on for hearing on May 1, 2007. At the

10  oral argument, Plaintiff's counsel made certain statements to the court which materially affected

11  the court's evaluation of and ruling on Plaintiff's motions to compel discovery. These

12  representations did not accurately reflect the record and therefore, were an improper basis for the

13  court's order that allowed discovery into: (1) job positions that are not at issue (conductor and

14  assistant conductor), and (2) firing decisions made by persons other than the decision-maker in

15  this case (Steven Shelton).

16  In addition, Defendant respectfully suggests the court's order rests on a misapplication of

17  the "similarly situated" standard, against which the scope of relevant discovery should be

18  construed. The Ninth Circuit Court of Appeals has long held that a plaintiff's "comparable

19  evidence" must be limited to other employees who were "similarly situated in *all* material

20  respects" respects. "Similarly situated" in "all material respects" has been defined by the Ninth

21  Circuit as others who held the same job and performed the same job responsibilities, reported to

22  the same supervisor, and worked in the same department or unit during the relevant period as the

23  plaintiff. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)

24  (citing with approval, *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001) (emphasis

25  added); *Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006), following *Aragon, supra. See also*

26  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (holding

27  "plaintiff must show that the "comparables" are similarly-situated in all respects")); *Lynn v.*

28  *Deaconess Med. Center-West Campus*, 160 F.3d 484, 487 (8th Cir. 1998) (requiring employees

1  be "similarly situated in all relevant respects"). The Court's Order is erroneous in its failure to

2  follow the case authority that severely limits the scope of "similarly situated" evidence in an

3  employment discrimination case such as this one.

4      The court's order on May 1st should be also be reconsidered because it is inconsistent with

5  another discovery ruling (issued by the same judge) on April 17th. On April 17th, Judge Laporte

6  limited discovery to those Bay Area locations where Plaintiff actually worked (San Francisco and

7  Oakland only). However, on May 1st, the court significantly expanded the scope of discovery to

8  all Bay Area locations (irrespective of whether Plaintiff actually worked there) and Sacramento.

9  The court's consideration of counsel's mis-statements are the only logical explanation for the

10  gross expansion in scope of the court's May 1st discovery ruling.

11  **II.     ISSUES TO BE ADDRESSED IN MOTION FOR RECONSIDERATION**

12      Amtrak petitions the Court to reconsider four issues:

13      (1)     Whether the court erred when it considered as a basis for its order certain statements

14              made by counsel during oral argument on May 1, 2007;

15      (2)     Whether the court erroneously ordered pattern and practice type discovery, including

16              discovery on conductors and assistant conductors, neither of which is at issue in this

17              case;

18      (3)     Whether the court erred when it ordered discovery into the firings of African-

19              American engineers who worked anywhere within the Bay Area or Sacramento for the

20              past nine years, irrespective of who the decision maker was, where the employee

21              worked, or why the employee was fired; and

22      (4)     Whether the court erred when it ordered discovery for all Bay Area and Sacramento

23              locations – including numerous locations at which Plaintiff never worked, he admits

24              he never wanted to work, and he never applied for work.

25  **III.    STANDARD OF REVIEW**

26      Reconsideration is appropriate in the event of mistake, inadvertence, surprise, excusable

27  neglect, new evidence, an intervening change in the law, or as necessary to prevent manifest

28  injustice. L.R. 7-9(b)(3); *Navajo Nation v. Morris,* 331 F.3d 1041 (9th Cir. 2003); *Nunes v.*

3

1 | *Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d

2 | 1169, 1178-79 (9th Cir. 1998); *Bogart v. Moldo,* 48 Fed. Appx. 681 (9th Cir. 2002).  In addition, a

3 | district judge may reconsider a magistrate's order in a pretrial matter if that order is "clearly

4 | erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *Patelco Credit Union v. Sahni*, 262

5 | F.3d 897 (9th Cir. 2001).  *See also* <u>Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th</u>

6 | <u>Cir. 1985)</u> (noting court applies the "clearly erroneous" standard of review on appeal of a

7 | "nondispositive pretrial motion such as a discovery motion").

8 | **IV.    FACTUAL BACKGROUND**

9 | **A.    Plaintiff's Discovery**

10 | Plaintiff served various written discovery on Amtrak, including interrogatories and

11 | requests for production of documents.

12 | **1.    Plaintiff's First Set of Interrogatories to Defendant Amtrak**

13 | **a.    Discovery on Conductors and Assistant Conductors is Irrelevant**

14 |

15 | Of particular concern were interrogatories in which Plaintiff asked for Amtrak to calculate

16 | the number of conductors and assistant conductors Amtrak hired throughout the Pacific Division

17 | for each year from 1998 through the present.  Amtrak timely objected to these interrogatories on

18 | relevance and overbreadth grounds.  Notably, Amtrak objected that it was Plaintiff's contention

19 | that he had been wrongfully denied promotion to <u>Engineer</u>, not to Conductor or Assistant

20 | Conductor.  (Indeed, in his First Amended Complaint, Plaintiff alleges that Amtrak did not want

21 | to promote African-Americans to Engineer.  Plaintiff makes no allegation in his First Amended

22 | Complaint about Amtrak's alleged failure to hire African-Americans as conductors and assistant

23 | conductors.)  Further, Plaintiff stated (in a declaration filed after the discovery hearing) that no

24 | person controlled his advancement from assistant conductor to assistant yard conductor to yard

25 | conductor because under Amtrak's seniority rules, he was entitled to advancement.  Moreover,

26 | Plaintiff admits that his advancement from assistant conductor to conductor was neither

27 | discriminatory nor objectionable.  Therefore, discovery into the conductor and assistant conductor

28 | positions are plainly irrelevant.

1

2

                  **b.**     **Discovery into decisions to fire that were not made by any decision-maker in this case are also irrelevant.**

3

Plaintiff's interrogatories also asked Amtrak to identify all assistant conductors and

4 engineers who were fired from their employment in Amtrak's Pacific Division during the years

5 1998 through the present.  Amtrak objected because Plaintiff did not limit his interrogatories to

6 firing decisions that were made by either Steve Shelton (the decision-maker in Plaintiff's case) or

7 Joseph Deely (the person whom Plaintiff contends was behind his termination; however, even

8 Plaintiff admits that he has only "word of mouth," (Deposition of John Earl Campbell, 212:16-

9 19)).

10 In addition, Defendant objected to discovery that pre-dated Mr. Deely's tenure as Amtrak

11 General Superintendent (which began in November 2002) and pre-dated Steve Shelton's service

12 as District Superintendent (which began in March 2004), because such matters were irrelevant.

13 Also irrelevant are decisions to fire employees who held different positions (such as engineer and

14 assistant conductor) and worked in different job locales than Plaintiff.  Amtrak already notified

15 Plaintiff through verified discovery responses that no one else had been fired for the same reason

16 (cutting out the trucks during an active move, etc.) as Plaintiff.

17                   **c.**     **Plaintiff's pseudo-statistical discovery cannot lead to admissible evidence**

18 Furthermore, the statistical information Plaintiff seeks requires a sponsoring expert

19 witness to testify at trial.  The time to declare experts has long passed and no experts have been

20 declared by either side.

21 The law on the usability of statistical evidence in disparate treatment discrimination

22 claims is quite clear: in order to be relevant, the statistical data must be based on a statistically

23 valid sampling that includes the "relevant population" -- those persons having the essential

24 qualifications of the class claimed to have been excluded – <u>and</u> the evidence must be sponsored

25 by a competent expert who testifies at trial.  *City of Richmond v. J.A. Croson Co.* (1989) 488 U.S.

26 469, 102 L.Ed.2d 854, 109 S.Ct. 706; *People v. Bell* (1989) 49 Cal.3d 502, 555, quoting

27 *Hazelwood School Dist. v. United States* (1977) 433 U.S. 299, 308, 53 L.Ed.2d 768, 97 S.Ct.

28 2736.  Without such evidence and without a sponsoring expert, it is impossible for the jury to

understand the import of statistical evidence, let alone evaluate overall minority representation or

draw a negative inference of discrimination. *People*, *supra*, 49 Cal.3d at 555-556.

In another case that is also handled by Ms. Price's office, this court denied to compel statistical discovery because the date to declare experts had passed. *Howard v. National Railroad Passenger Corporation*, United States District Court, District of Northern California, Case C05-04069 SI. *See "Order Re Discovery Disputes,"* of which Amtrak would ask this court to take judicial notice, at 3:12-18. Amtrak's request for judicial notice is concurrently filed herewith.

### 2. Plaintiff's Third Request for Production of Documents to Defendant Amtrak

In addition to interrogatories, Plaintiff served requests for documents. By and large, these requests asked for documentation on the racial composition of Amtrak's conductor and engineer workforces throughout the Pacific Division for the last nine years.

For the same reasons outlined above, Plaintiff's document requests are irrelevant, overbroad and improper.

### B. Oral Argument on May 1, 2007

Plaintiff filed two discovery motions to compel responses to his interrogatories and requests for documents. Both motions came on for hearing on May 1, 2007 before Magistrate Judge Elizabeth D. Laporte.

At the hearing on May 1st, counsel for Plaintiff, Pamela Y. Price, Esq., argued a pattern and practice theory to justify Plaintiff's over reaching and irrelevant discovery requests. However, nowhere in her moving papers nor at the discovery hearing did Plaintiff's counsel provide any legal authority that authorizes an individual, disparate treatment plaintiff to obtain pattern and practice discovery.

Moreover, Plaintiff's counsel made two false fact statements to the court during oral argument. First, Plaintiff's counsel stated that Plaintiff had once applied unsuccessfully for promotion to Engineer position while he worked in San Francisco. (Plaintiff worked as an Amtrak Conductor in San Francisco for nine months in 2003. He requested return to Oakland in early 2004. Amtrak granted his request.) Plaintiff's counsel's statement directly contradicted her

1  client's sworn testimony.  Notably, Plaintiff testified at his deposition that he was aware of all

2  open positions throughout Amtrak - not just Oakland, California, and that he *never* applied for an

3  Engineer opening in any location outside of Amtrak's Oakland site, to wit:

4       Q.    Okay.  During your time at Amtrak, did you generally have information about

5  other Amtrak sites, other than the Oakland site?

6       A.    Yes.

7       Q.    And how did you gain that information?

8       A:    They post it on the bulletin boards.

9       Q.    Okay.  So you would see job opportunities for other sites?

10      A.    Correct.

11      *Q.    What other sites did you see job opportunities for?*

12      *A:    Basically, the whole system.  You know, the whole Amtrak system.*

13      *Q.    Well, throughout California or just California or --*

14      *A.    Every state they served they put the bulletin up, you know.*

15      Q.    Okay.  So as far as you understood -- and by the way, where was this bulletin

16  posted?

17      A.    In the crew room.

18      Q.    Okay.  So there's a bulletin board in the crew room?

19      A.    Correct.

20      Q.    Okay.  And it was your understanding that they would post open positions

21  nationally on that board?

22      A.    Correct.

23      Q.    And was it your understanding that they would post all open positions?

24      A.    Correct.

25      Q.    And did you routinely look at that board?

26      A.    Yes.

27      Q.    Okay.  Were you -- did you -- well, let me ask this*:  Did you ever apply for a*

28  *position, Mr. Campbell, outside of the Oakland site?*

1    *A.    No.*

2    *Q.    Is it fair to say that you weren't interested in a position outside of the Oakland*

3    *site?*

4    *A:    Correct.*

5    Deposition of John Earl Campbell, 43:18—45:13 (testimony only) (emphasis added), attached to

6    the Declaration of Cara Ching-Senaha (Decl. Ching-Senaha), concurrently filed herewith, as

7    Exhibit A.[1]

8        Even assuming *arguendo* that Plaintiff had testified that he had applied once for a

9    promotion in San Francisco in 2003, discovery so broad as to encompass 1998 through the

10    present and positions throughout the Bay Area and Sacramento is unwarranted.

11        In a second mis-statement to the court, Plaintiff's counsel said that Amtrak's Human

12    Resources manager, Susan Venturelli, testified at her deposition that Amtrak did not consider the

13    particular location for which an applicant applied because all applicants were automatically

14    considered for all locations. Again, Plaintiff's counsel's statement is really a misstatement and

15    directly contradicts witness testimony in this case. Plaintiff's counsel never asked Venturelli

16    whether an applicant who applies for a position at one location is considered for the same position

17    at other locations. (If Plaintiff's counsel had, Venturelli would have said no, because Amtrak

18    only considers those who have applied for a specific location.)

19        Further, none of Venturelli's responses could be reasonably interpreted as support for

20    Plaintiff's counsel's mis-statement. Venturelli testified at deposition:

21        Q.    Who [was selected]?

22

23    [1] As an officer of the court, defense counsel notes plaintiff submitted a contradictory declaration that in opposition to defendants' motions for summary judgment. In a declaration that directly

24    contradicts his deposition testimony, Plaintiff declared that he was interested in any engineer opening within the Bay Area after November 2002. This court has recognized that such sleight of

25    hand is improper and should not defeat a motion for summary judgment without sufficient explanation for the contradiction. Similarly, Amtrak submits that this court should disregard

26    Plaintiff's self-serving declaration as a basis to radically expand the scope of discovery in this case.

27

28    A party cannot oppose summary judgment purposes by submitting an affidavit or declaration that contradicts his previous testimony without sufficient explanation for the contradiction. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

1    A.    I remember the initial recommendations were Debrice Gallo.  There was another

2    candidate, Diana Booker.

3        MS. MAYLIN:        Wasn't the question Oakland?

4        THE WITNESS:        Oh.

5        MS. PRICE:        Q.  Yes, ma'am.

6    A.    Let me amend my answer, then.  Debrice Gallo [who had been selected had]

7    applied for both locations.

8        Q.    Yes, ma'am.  Was she recommended for Oakland?

9    A.    She was recommended for either, Oakland and San Jose, *the two places she'd*

10   *applied*.

11   Deposition of Susan Venturelli, 108:1-12 (emphasis added).

12   ...

13       Q:    If the name comes up [on the computer system], what information will the system

14   give you about that person?

15   A.    The person's current address -- this is a new system -- jobs that person has applied

16   for, *location of the jobs the person has applied for*, the phone number, the recruiter associated, I

17   believe, with previous vacancies.  That pretty much covers it.

18   Deposition of Susan Venturelli at 126:3-9 (emphasis added), attached to Decl. Ching-Senaha as

19   Exhibit B.

20       Plaintiff's counsel then argued that the court should not limit discovery to Amtrak's

21   Oakland facility because Amtrak allegedly considers an engineer applicant for promotion to any

22   engineer opening in a nearby location.  Plaintiff's counsel's argument (based on her erroneous

23   understanding of Plaintiff and Venturelli's testimony) directly impacted the court's evaluation of

24   the proper scope of discovery.

25   //

26   //

27   //

28   //

DEF. AMTRAK'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. C05-05434 MJJ (EDL)

1    **V.    CONCLUSION**

2        For the forgoing reasons, Amtrak requests the Court grant its REQUEST FOR LEAVE

3    TO FILE MOTION FOR RECONSIDERATION OF ORDER RE MOTIONS TO COMPEL.

4                                 Respectfully submitted,

5

6    Date:  May 30, 2007                    JACKSON LEWIS LLP

7

8                                 By:    /s/
                                        _____
                                        Kathleen Maylin
9                                        Cara Ching-Senaha
                                        Attorneys for Defendants
10                                       NATIONAL RAILROAD PASSENGER
                                        CORPORATION dba AMTRAK and
11                                       JOE DEELY

12
     H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Pleadings\Motion for Reconsideration\reconsideration request for
13   leave to file CMC 052207--FINAL.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                10