# PRICE AND ASSOCIATES
*A PROFESSIONAL LAW CORPORATION*

RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES

LATHAM SQUARE BUILDING  
1611 TELEGRAPH AVENUE, SUITE 1450  
OAKLAND, CALIFORNIA 94612-1426

VOICE: (510) 452-0292  
FAX: (510) 452-5625  
WEB ADDRESS: www.pypesq.com

June 15, 2007

**VIA ELECTRONIC MAIL**

Hon. Magistrate Judge Elizabeth D. LaPorte  
United States District Court  
450 Golden Gate Avenue, Courtroom E, 15th Floor  
San Francisco, CA 94102

    Re:    Campbell v. National Railroad Passenger Corporation dba Amtrak, et al.  
            U.S. District Court Case No. C05-5434 MJJ  
            **Letter Brief Re: Defendants' Request for Leave to File Motion For Reconsideration of Order Re Motions to Compel**

Dear Judge LaPorte:

    My Firm represents Plaintiff John Campbell.  I am writing at the instruction of your clerk, in response to Defendant National Railroad Passenger Corporation dba Amtrak's Request for Leave to File Motion For Reconsideration of Order Re Motions to Compel filed two days after the date of compliance with the Court's Order of May 1, 2007.

    As a procedural matter, we strenuously object to Defendant Amtrak's filing of this motion on ***four separate grounds***: (1) it utterly fails to meet the rigorous standards which limit the grounds for a motion for reconsideration; (2) it was filed after the date of compliance (June 1, 2007) without any effort to comply with the Court's Orders prior to its filing; (3) counsel did not meet and confer prior to filing the request and refused to timely respond to multiple attempts to meet and confer prior to the filing of this response; and (4) counsel waited to file the request until after my Firm started a trial in another case where Jackson Lewis is also counsel at a time that they knew we were otherwise occupied with another case against Amtrak.

    Stripped of its extreme hyperbole, Defendant's motion rests upon the basic premise that (a) "Discovery on Conductors and Assistant Conductors is Irrelevant" (*see* p. 4:13); (b) "Discovery into decisions to fire that were not made by any decision-maker in this case are also irrelevant" (*see* p.5:1); (c) "Plaintiff's pseudo-statistical discovery cannot lead to admissible evidence" (*see* p. 5:17); and (d) Plaintiff's counsel mislead the Court by arguing a particular theory and making "false fact statements" (*see* p. 6:15-9:24).

Hon. Magistrate Judge Elizabeth D. LaPorte
June 15, 2007
Page -2–

  Rule 7-9(b) sets forth the standards for reconsideration in this District of this Court's May 1st Order. Defendant's motion does not even mention which ground it is based upon. Subsection (1) requires the moving party to show "[T]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order . . . [and that] in the exercise of reasonable diligence [it] did not know such fact or law at the time of the interlocutory order . . ." Defendant's motion clearly acknowledges the facts which were presented to the Court without establishing or arguing that there now exists a material difference in fact or law, or that Defendant "in the exercise of reasonable diligence" did not know of the fact or law. The transcript of the hearing presented by Defendant clearly shows that the parties argued the same facts (and law) argued in Defendant's motion for reconsideration.

  Subsection (2) of Rule 7-9 requires "the emergence of new material facts or a change of law occurring after the time of such order." Defendant does not argue or demonstrate there has been an "emergence of new material facts or a change of law." It does appear that Defendant makes a new argument that the Court misapplied the "similarly-situated" standard. (*See* p. 2:16-3:3.) It is well settled, however, that a district court does not abuse its discretion by refusing "to consider an argument raised for the first time on reconsideration without a good excuse." (*Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995).)

  Moreover, contrary to Defendant's suggestion, the law "does not require that the employees be *identically* situated. (*Josephs v. Pacific Bell*, 443 F.3d 1050, 1065 (9th Cir. 2006); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).) The employees need not necessarily have the same supervisor, be subject to the same standards, and engage in the same conduct - the standard is not sameness but similarity. (*Id*.) **The <u>relevance</u> of such factors depends on the circumstances and the nature of the case . . . The issue of similarly situated status is therefore fact specific and defies a mechanical or formulaic approach**." (*Bowden v. Potter*, 308 F.Supp.2d 1108, 1117 (N.D.Cal. 2004) (emphasis added).)

  Subsection (3) of Rule 7-9 requires "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Defendant does not argue or demonstrate there has been any such "manifest failure." Indeed as noted above, the hearing transcript reflects that the Court considered and rejected each of Defendant's renewed arguments regarding relevancy, scope and admissibility. (*See* pp. 3:6-6:10 regarding admissibility of statistical evidence and relevancy of assistant conductors; pp. 6:13-10:9 regarding discovery of Bay area locations and conductors); pp. 10:25-12:1 regarding Amtrak's objection regarding time).

  Last but certainly not least, Rule 7-9(c) specifically forbids this type of motion. It specifically says that:

Hon. Magistrate Judge Elizabeth D. LaPorte
June 15, 2007
Page -3–

> No motion for leave to file a motion for reconsideration may *repeat any oral or written argument* made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.  ***Any party who violates this restriction shall be subject to appropriate sanctions.***  (Emphasis added.)

Defendant has clearly and blatantly disregarded this rule.  Its own evidence (the hearing transcript) establishes its culpability.  Sanctions should be imposed against defense counsel Cara Ching-Senaha, Kathy Maylin and Jackson Lewis based upon the rule and the circumstances under which this motion was brought.

First, defense counsel requested four (4) weeks to comply with the Court's Order or until May 29, 2007.  (*See* Hearing Transcript at p. 18:5-15.)  Defendant then failed to comply, did not request more time to comply and waited until after the compliance date to bring this motion on May 31, 2007.

Second, the Court specifically ordered counsel to meet and confer and reach agreement regarding Defendant's responses to Request Nos. 22 through 28.  (*See* pp. 15:8-17:13.)  Counsel made no effort whatsoever to meet and confer prior to filing the motion.  Commencing on Thursday, June 7th, I called defense counsel on three separate occasions to meet and confer, and on Monday, June 11, 2007, I specifically requested information regarding the alleged burden in complying with the Court's Order.  Both Ms. Ching Senaha and Ms. Maylin promised to consider my request and failed to provide the information prior to Friday, June 15th.  Once again, they chose to intentionally disregard this Court's Orders.

Third, I started the trial of Moyse Howard v. Amtrak before Judge Illston on May 29, 2007.  Defense counsel in that case is also the Jackson Lewis San Francisco office.  Ms. Ching-Senaha told me today that trial counsel in the *Howard* case will be trial counsel in this case.  Thus, defense counsel was well aware of my unavailability in trial when they filed this motion and appear to be seeking to gain an unfair advantage during my time of unavailability.

This motion should be denied.  The Defendant and its counsel should be sanctioned.  We served the Interrogatories which are the subject of the Court's Order on December 21, 2006.  In January 2007, defense counsel insisted upon a six-week extension of time to answer the Interrogatories.  We were compelled to grant this request under duress in exchange for concessions in discovery in the unrelated *Howard* case.  On March 7, 2007, Defendant asserted frivolous objections that the number of interrogatories exceeded twenty-five and required us to bring a motion to compel to get the information.  (*See* Hearing Transcript @ 6:19-7:1.)

Hon. Magistrate Judge Elizabeth D. LaPorte
June 15, 2007
Page -4–

      Defendant and defense counsels' persistent refusal to comply in good faith with their discovery obligations under the Federal Rules of Civil Procedure has fundamentally interfered with the Court's pretrial schedule and unfairly impinged upon Mr. Campbell's right to a fair trial. Defendant will now obviously need more time in excess of the four weeks to comply with the Court's order, and Mr. Campbell will be compelled to request a continuance of the trial or proceed to trial on July 23, 2007, without the benefit of relevant discovery.

      I have spent more approximately three hours reviewing the file, the original pleadings for these motions, the Court's Order, Defendant's request and supporting papers and the hearing transcript, researching the law on Defendant's new argument and preparing this response as requested by the Court. As noted above, defense counsel did not respond to my multiple requests for information to try to resolve their concerns and ameliorate the need for a response or further involvement by the Court. Defense counsel is well aware of the impending trial date (July 23rd) and the deadline for pretrial submissions (June 20th). This motion and their dilatory tactics were obviously designed to deny Mr. Campbell his day in Court. My current hourly rate is $500 an hour. I respectfully request that the Court issue an Order to show cause why Defendant counsel should not be required to pay sanctions in the amount of at least $1,500 to Price And Associates for their bad faith tactics and blatant violations of Rule 7-9.

      Very truly yours,

      PRICE AND ASSOCIATES

      /s/ *Pamela Y. Price*
      PAMELA Y. PRICE

cc:    Hon. Martin J. Jenkins

PYP:drh\1141L210