1  KATHLEEN MAYLIN (SBN  (SBN 155371)
   CARA CHING-SENAHA (SBN  298467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
6  CORPORATION dba AMTRAK and JOE DEELY

7

8  PAMELA Y. PRICE, ESQ. (SBN 107713)
   PRICE AND ASSOCIATES
9  The Latham Square Building
   1611 Telegraph Avenue, Suite 1450
10 Oakland, CA 94612
   Telephone: (510) 452-0292
11 Facsimile: (510) 452-5625

12 Attorneys for Plaintiff
   JOHN CAMPBELL

13

14

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

18 JOHN EARL CAMPBELL,                    Case No. C05-05434 MJJ

19          Plaintiff,                    **STIPULATED CONFIDENTIALITY
                                          AND PROTECTIVE ORDER**
20     v.

21 NATIONAL RAILROAD PASSENGER
   CORPORATION dba AMTRAK, JOE DEELY
22 and DOES 1 through 15 inclusive,

23          Defendants.

24

25      The PARTIES, by and through their respective counsel, hereby stipulate to the terms

26 contained in the attached protective order in the matter of Howard v. National Railroad Passenger

27 Corporation, et al., which is Exhibit A hereto, which shall apply in fully force and effect to this

28 litigation, with the proviso that documents produced in one or the other case shall not be deemed

---

1   produced in the other.    Documents must separately be produced in the case to which the

2   documents pertain.

3                                                    Respectfully submitted,

4   Dated: ~~July~~ 16, 2007                         PRICE AND ASSOCIATES
        NOVEMBER

5

6                                                    By: *Pamela Y. J. Price*

7                                                        PAMELA Y. PRICE
                                                         Attorneys for Plaintiff
8                                                        JOHN EARL CAMPBELL

9

10

11  Date: July 6, 2007                               JACKSON LEWIS LLP

12

13                                                   By:___/s/_____
                                                         KATHLEEN MAYLIN
14                                                       CARA CHING-SENAHA
                                                         Attorneys for Defendants
15                                                       NATIONAL RAILROAD PASSENGER
                                                         CORPORATION dba AMTRAK and JOE
16                                                       DEELY

17

18                                    **ORDER**

19  Pursuant to the foregoing Stipulation of the parties, and good cause appearing therefore,

20  IT IS SO ORDERED.

21

22  Dated: _____

23                                                   _____
                                                     HON. MARTIN J. JENKINS
24                                                   UNITED STATES DISTRICT COURT

25

26

27

28

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER; AND ORDER  Case No. C05-05434 MJJ

1

2

## CERTIFICATE OF SERVICE

3

**CASE:**    *John Earl Campbell v. National Railroad Passenger Corporation*

**CASE NO.:**    USDC-NDCA   C 05-05434 MJJ

4

5

I, Cheryl K. Baltru, declare that I am employed with the law firm of Jackson,

Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am

6

7

over the age of eighteen (18) years and am not a party to this action.

On November 29, 2007, I served the attached **STIPULATED**

8

9

**CONFIDENTIALITY AND PROTECTIVE ORDER** in this action by placing true and correct

10

copies thereof, enclosed in sealed envelope(s) addressed as follows:

11

12

Pamela Y. Price, Esq.                                 Telephone: (510) 452-0292
Price and Associates                                  Fax: (510) 452-5625
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

13

14

15

[ X ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
         thereon fully prepaid, placed for collection and mailing on this date, following ordinary
         business practices, in the United States mail at San Francisco, California.

16

17

[  ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
        address.

18

[  ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
        address within 24 hours by overnight delivery service.

19

20

[  ]    BY FACSIMILE:   I caused such documents to be transmitted by facsimile to the
        telephone number(s) indicated above.

21

I declare that I am employed in the office of a member of the bar of this Court at

22

whose direction the service was made.

23

Executed on November 29, 2007, at San Francisco, California.

24

25

_____
Cheryl K. Baltru

26

27

28

# EXHIBIT A

1  Michael J. Christian (State Bar No. 173727)
   Scott W. Oborne (State Bar No. 191257)
2  Janine R. Hudson (State Bar No. 206671)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5
   Attorneys for Defendants
6  NATIONAL RAILROAD PASSENGER
   CORPORATION dba AMTRAK, STEVE SHELTON,
7  PATSY HALL, and JOE DEELY

8  Pamela Y. Price (State Bar No. 107713)
   PRICE AND ASSOCIATES
9  The Latham Square Building
   1611 Telegraph Avenue, Suite 1450
10 Oakland, California 94612
   Telephone: (510) 452-0292
11 Facsimile: (510) 452-5625

12
   Howard Moore (State Bar No. 55228)
13 MOORE AND MOORE
   445 Bellevue Avenue, Suite 200
14 Oakland, California 94610
   Telephone: (510) 451-0104
15 Facsimile: (510) 451-5056

16                 UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18

19 MOYSE HOWARD, JR.                      Case No. C-05-04069 SI

20               Plaintiff,              **[PROPOSED] STIPULATED
                                         PROTECTIVE ORDER**
21       v.

22 NATIONAL RAILROAD PASSENGER
   CORPORATION dba AMTRAK, STEVE
23 SHELTON, PATSY HALL, JOE DEELY and DOES
   1-15, inclusive,                      **Trial: May 29, 2007**
24

25

26

27

28

---

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

1    The parties to this action, through their respective attorneys of record, stipulate and agree

2  as follows:

3    1.    PURPOSES AND LIMITATIONS

4    Disclosure and discovery activity in this action are likely to involve production of

5  confidential, proprietary, or private information for which special protection from public

6  disclosure and from use any purpose other than prosecuting this litigation would be warranted.

7  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

8  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

9  all disclosures or responses to discovery and that the protection it affords extends only to the

10  limited information or items that are entitled under the applicable legal principles to treatment as

11  confidential.    The parties further acknowledge, as set forth in Section 10, below, that this

12  Stipulated Protective Order creates entitlement to file confidential information under seal; Civil

13  Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that

14  will be applied when a party seeks permission from the court to file material under seal.

15    2.    DEFINITIONS

16    2.1    Party: any party to this action, including all of its officers, directors, employees,

17  consultants, retained experts, and outside counsel (and their support staff).

18    2.2    Disclosure or Discovery Material: all items or information, regardless of the

19  medium or manner generated, stored, or maintained (including, among other things, testimony,

20  transcripts, or tangible things) that are produced or generated in disclosures or responses to

21  discovery in this matter.

22    2.3    "Confidential" Information or Items:  information (regardless of how generated,

23  stored or maintained) or tangible things that qualify for protection under standards developed

24  under F.R.Civ.P. 26(c).

25    2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely

26  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

27  would create a substantial risk of serious injury that could not be avoided by less restrictive

28  means.

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

2.5    Receiving Party: a party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material,

2

1    documents, items, or oral or written communications that qualify – so that other portions of the

2    material, documents, items, or communications for which protection is not warranted are not

3    swept unjustifiably within the ambit of this Order.

4          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

6    unnecessarily encumber or retard the case development process, or to impose unnecessary

7    expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to

8    a Party's or a non-party's attention that information or items that it designated for protection do

9    not qualify for protection at all, or do not qualify for the level of protection initially asserted, that

10    Party or non-party must promptly notify all other parties that it is withdrawing the mistaken

11    designation.

12          5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

13    (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14    material that qualifies for protection under this Order must be clearly so designated before the

15    material is disclosed or produced. Designation in conformity with this Order requires:

16          (a) for information in documentary form (apart from transcripts of depositions or other

17    pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

18    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that

19    contains protected material. If only a portion or portions of the material on a page qualifies for

20    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

21    appropriate markings in the margins) and must specify, for each portion, the level of protection

22    being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23    EYES ONLY"). A Party or non-party that makes original documents or materials available for

24    inspection need not designate them for protection until after the inspecting Party has indicated

25    which material it would like copied and produced. During the inspection and before the

26    designation, all of the material made available for inspection shall be deemed "HIGHLY

27    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

28    documents it wants copied and produced, the Producing Party must determine which documents,

[PROPOSED] STIPULATED PROTECTIVE ORDER             Case No. C-05-04069 SI

1   or portions thereof, qualify for protection under this Order, then, before producing the specified

2   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

3   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

4   contains Protected Material. If only a portion or portions of the material on a page qualifies for

5   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

6   appropriate markings in the margins) and must specify, for each portion, the level of protection

7   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY");

9        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party

10   or non-party offering or sponsoring the testimony identify on the record, before the close of the

11   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions

12   of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13   When it is impractical to identify separately each portion of testimony that is entitled to

14   protection, and when it appears that substantial portions of the testimony may qualify for

15   protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

16   record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

17   the specific portions of the testimony as to which protection is sought and to specify the level of

18   protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

19   EYES ONLY").

20        Only those portions of the testimony that are appropriately designated for protection

21   within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

22   Transcript pages containing Protected Material must be separately bound by the court reporter,

23   who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty

25   offering or sponsoring the witness or presenting the testimony; and,

26        (c) for information produced in some form other than documentary, and for any other

27   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

28   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

[PROPOSED] STIPULATED PROTECTIVE ORDER          Case No. C-05-04069 SI

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

2  information or item warrant protection, the Producing Party, to the extent practicable, shall

3  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

4  Confidential – Attorneys' Eyes Only."

5      5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

6  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

7  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

8  under this Order for such material. If material is appropriately designated as "Confidential" or

9  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

10 Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

11 that the material is treated in accordance with the provisions of this Order.

12     6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

13     6.1   Meet and Confer. A Party that elects to initiate a challenge to a Designating

14 Party's confidentiality designation must do so in good faith and must begin the process by

15 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

16 with counsel for the Designating Party.  In conferring, the challenging Party must explain the

17 basis for its belief that the confidentiality designation was not proper and must give the

18 Designating Party an opportunity to review the designated material, to reconsider the

19 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

20 designation. A challenging Party may proceed to the next stage of the challenge process only if it

21 has engaged in this meet and confer process first.

22     6.2   Judicial Intervention. A Party that elects to press a challenge to a confidentiality

23 designation after considering the justification offered by the Designating Party may file and serve

24 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

25 that identifies the challenged material and sets forth in detail the basis for the challenge. Each

26 such motion must be accompanied by a competent declaration that affirms that the moving party

27 has complied with the meet and confer requirements imposed in the preceding paragraph and that

28 sets forth with specificity the justification for the confidentiality designation that was given by the

---

5

1  Designating Party in the meet and confer dialogue. The burden of persuasion in any such

2  challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all

3  parties shall continue to afford the material in question the level of protection to which it is

4  entitled under the Producing Party's designation.

5         7.    ACCESS TO AND USE OF PROTECTED MATERIAL

6         7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

7  produced by another Party or by a non-party in connection with this case only for prosecuting,

8  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

9  the categories of persons and under the conditions described in this Order. When the litigation has

10  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

11  DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons authorized under

13  this Order.

14         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

15  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

16  information or item designated CONFIDENTIAL only to:

17         (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of

18  said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

19  who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as

20  Exhibit A;

21         (b) the officers, directors, and employees (including House Counsel) of the Receiving

22  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

23  "Agreement to Be Bound by Protective Order" (Exhibit A);

24         (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

25  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

26  Protective Order" (Exhibit A);

27         (d) the Court and its personnel;

28         (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

1    necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

2    Order" (Exhibit A);

3    (f) during their depositions, witnesses in the action to whom disclosure is reasonably

4    necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

5    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

6    must be separately bound by the court reporter and may not be disclosed to anyone except as

7    permitted under this Stipulated Protective Order; and,

8    (g) the author of the document or the original source of the information.

9    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

11   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of

14   said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

15   who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as

16   Exhibit A;

17   (b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for

18   this litigation, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

19   (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for

20   this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order"

21   (Exhibit A);

22   (d) the Court and its personnel;

23   (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

24   necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

25   Order" (Exhibit A); and,

26   (f) the author of the document or the original source of the information.

27   ///

28   ///

7

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

///

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

1    10.    FILING PROTECTED MATERIAL Without written permission from the

2    Designating Party or a court order secured after appropriate notice to all interested persons, a

3    Party may not file in the public record in this action any Protected Material. A Party that seeks to

4    file under seal any Protected Material must comply with Civil Local Rule 79-5.

5    11.    FINAL DISPOSITION Unless otherwise ordered or agreed in writing by the

6    Producing Party, within sixty days after the final termination of this action, each Receiving Party

7    must return all Protected Material to the Producing Party. As used in this subdivision, "all

8    Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

9    reproducing or capturing any of the Protected Material. With permission in writing from the

10    Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

11    of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

12    submit a written certification to the Producing Party (and, if not the same person or entity, to the

13    Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

14    the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

15    not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

16    capturing any of the Protected Material.

17    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

18    pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

19    product, even if such materials contain Protected Material. Any such archival copies that contain

20    or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

21    (DURATION), above.

22    12.    MISCELLANEOUS

23    12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

24    seek its modification by the Court in the future.

25    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

26    Order no Party waives any right it otherwise would have to object to disclosing or producing any

27    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

28    Party waives any right to object on any ground to use in evidence of any of the material covered

9

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

1    by this Protective Order.

2        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3    Date:  April 4, 2007              JACKSON LEWIS LLP

4

5                                By: _/s/ Janine R. Hudson_____

6                                  Michael J. Christian
                                   Scott W. Oborne

7                                  Janine R. Hudson
                                 Attorneys for Defendant

8                                  NATIONAL RAILROAD PASSENGER
                                 CORPORATION ("AMTRAK"), STEVE

9                                  SHELTON, PATSY HALL AND JOE DEELY

10    Dated: April 4, 2007              PRICE AND ASSOCIATES

11

12                                  By: _/s/_____

13                                  Pamela Y. Price
                                 Attorneys for Plaintiff

14                                  MOYSE HOWARD

15    PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17    Dated: _____, 2007

18                            HONORABLE SUSAN ILLSTON
                           UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. C-05-04069 SI

# EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern District of

California on [            ] in the case of _____

_____. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

---

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND                    Case No. C-05-04069 SI

## Vega, Belinda (S.F.)

**From:**    ECFHELPDESK@cand.uscourts.gov
**Sent:**    Thursday, April 05, 2007 2:32 PM
**To:**    efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:05-cv-04069-SI Howard v. National Railroad Passenger Corporation et al
"Protective Order"

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from ts, COURT STAFF entered on 4/5/2007 at 2:31 PM and filed on 4/5/2007
**Case Name:**    Howard v. National Railroad Passenger Corporation et al
**Case Number:**    3:05-cv-4069
**Filer:**
**Document Number:** 97

**Docket Text:**
PROTECTIVE ORDER. Signed by Judge Illston on 4/5/07. (ts, COURT STAFF) (Filed on 4/5/2007)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**T:\Howard.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/5/2007] [FileNumber=3351593-0] [
99b1265f8b28393575785df8890eff0cce39a8c27e923788f8bd06fe860574eb108fd1
baad8c5e04367e4b068f7c24241c699c7abcd2bd9252b6fa7d3219fe44]]

4/5/2007

**3:05-cv-4069 Notice will be electronically mailed to:**

Erika M. Barbara    embarbara@hotmail.com

Janine R. Hudson    hudsonj@jacksonlewis.com, vegab@jacksonlewis.com

Scott W. Oborne    obornes@jacksonlewis.com, meadej@jacksonlewis.com

Pamela Y. Price    pypesq@aol.com

Ok-Hee Shim    pypesq@aol.com

**3:05-cv-4069 Notice will be delivered by other means to:**

Douglas Ethan Lumish
Weil Gotshal & Manges LLP
201 Redwood Shores Pkwy
Redwood Shores, CA 94065-1175

Kojo Moore
Law Offices of Moore & Moore
445 Bellevue Avenue
Second Floor
Oakland, CA 94610

P. Bobby Shukla
Price & Associates
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

4/5/2007