1   Patrick C. Mullin (SBN 72041)
    Cara Ching-Senaha (State Bar No. 298467)
2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
3   San Francisco, California 94105
    Telephone: (415) 394-9400
4   Facsimile: (415) 394-9401

5   Attorneys for Defendants
    NATIONAL RAILROAD PASSENGER
6   CORPORATION dba AMTRAK and JOE DEELY

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN EARL CAMPBELL,                      Case No. C-05-05434 MJJ

12              Plaintiff,                   **DEFENDANTS NATIONAL
                                             RAILROAD PASSENGER
13      v.                                   CORPORATION AND JOE DEELY'S
                                             PRE-TRIAL CONFERENCE
14  NATIONAL RAILROAD PASSENGER             STATEMENT**
    CORPORATION dba AMTRAK, JOE DEELY,
15  and DOES 1-15, inclusive,
                                             Pre-Trial Conference
16              Defendants.                  Date:        January 7, 2008
                                             Time:        9:30 a.m.
17                                           Judge:       United District Court Judge
                                                          Martin J. Jenkins
18

19                                           Trial Date:  January 9, 2008
                                             Time:        8:30 a.m.
20                                           Judge:       United District Court Judge
                                                          Martin J. Jenkins
21

22

23

24

25

26

27

28

---

DFDTS' PRE-TRIAL CONFERENCE STATEMENT        Case No. -C05-05434 MJJ

1    Defendants NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK

2    and JOSEPH DEELY hereby submit their pre-trial conference statement, in accordance with the

3    Court's Amended Pre-Trial Order dated July 12, 2007.

4        Trial is scheduled for January 9, 2008 before the Honorable Martin J. Jenkins.

5    **I.    DEFENDANTS' STATEMENT OF THE CASE**

6        Working on a railroad crew is an inherently dangerous line of work. Every year we hear

7    of too many injuries and deaths of employees, passengers, and the public from railroad accidents

8    around the world. Some of these accidents are just that – unavoidable accidents. However,

9    some injuries and deaths may result from the poor safety practices of an individual employee

10   who works for a railroad company that has the highest safety standards. It is that railroad

11   company's obligation and responsibility to have policies and practices in place to identify and

12   remove that safety-challenged employee from service before a serious accident occurs.

13   AMTRAK is just such a company and Plaintiff John Campbell is that employee who a neutral

14   accurately described as an "accident waiting to happen."

15       Defendant National Passenger Railroad Corporation dba AMTRAK hired John Campbell

16   as an Assistant Conductor on September 30, 1998. During Mr. Campbell's first two years of

17   employment, he was promoted twice - first to Assistant Yard Conductor and then to Yard

18   Conductor. During the next few years of Mr. Campbell's employment, he committed a series of

19   serious safety and operating rules violations for which he was repeatedly disciplined. During the

20   same period of time he was being disciplined for various rules infractions, Mr. Campbell applied

21   several times, and was logically rejected, for promotion to AMTRAK's Locomotive Engineer

22   Trainee - a position with even greater safety responsibilities than Mr. Campbell's conductor

23   position.

24       Despite his earlier promotions when his performance was acceptable, and his series of

25   serious safety violations thereafter, Mr. Campbell alleges AMTRAK's failure to promote him to

26   the position of Engineer trainee was motivated by racial bias. Mr. Campbell alleges he applied

27   for and was denied the position several times while other employees Mr. Campbell believed to

28   be less qualified, or who Mr. Campbell believed had less seniority, were selected for the

1    position. Mr. Campbell, however, was not eligible for promotion to the Engineer trainee position

2    the first two times he allegedly applied because he had not worked the requisite one-year period

3    pursuant to AMTRAK's policy. Thereafter, his applications were rejected either because of his

4    record of safety violations or because he did not properly apply for the position.

5          AMTRAK finally discharged Mr. Campbell for his third serious rules infraction,

6    consistent with AMTRAK's progressive discipline guidelines. Every instance of Mr.

7    Campbell's rules violation was for his failure to follow basic but critical operating rules relating

8    to passenger or employee safety. Mr. Campbell's repeated violations of AMTRAK's safety

9    rules, not his race, disqualified him for promotion to the position of Engineer trainee and

10    eventually lead to his termination from employment on September 17, 2004. It is of great

11    important that the Public Law Board, the highest and final level of appeal available to Mr.

12    Campbell's union to challenge AMTRAK's decision to terminate his employment (which is

13    chaired by a neutral, non-railroad affiliated member), determined the termination decision was

14    just and upheld it.

15    **II.    DEFENDANTS' STATEMENT OF UNDISPUTED FACTS[1]**

16          1.    AMTRAK hired Mr. Campbell as an Assistant Conductor at its Oakland,

17    California crew base on September 25, 1998.

18          2.    As an Assistant Conductor at AMTRAK, Plaintiff was responsible for taking

19    passenger tickets, assisting passengers on and off the train, and insuring the safe movement and

20    operation of the trains.

21          3.    At, or shortly following, the start of Plaintiff's employment, he received

22    AMTRAK's polices prohibiting racial discrimination and retaliation and describing formal

23    internal procedure for reporting EEO Complaints.

24          4.    Specific to Conductors, Engineers, and other crew employees, AMTRAK has

25    adopted a series of safety and operating rules, along with training materials and instructions,

26    including: the General Code of Operating Rules (aka "GCOR"); Service Standards for Train

27

---

[1] These undisputed facts derive from the parties' joint statement of undisputed facts, filed in

28    connection with Defendants' motions for summary judgment, and Plaintiff's deposition testimony.

1    Service Employees; AMT-3, AMTRAK's Air Brake and Train Handling Rules and Instructions;

2    and, AMT- 5, AMTRAK's Safety Instruction for Transportation Employees (collectively,

3    "AMTRAK safety and operating rules").

4        5.    All AMTRAK conductors and engineers are charged with knowing and following

5    AMTRAK's safety and operating rules as a condition of employment.

6        6.    Mr. Campbell received the AMTRAK safety and operating rules these and

7    admits that he knew AMTRAK expected him to know and follow these as a condition of his

8    employment.

9        7.    About three months after his hire, in September 1999, Mr. Campbell applied for

10    a position as Yard Conductor.  He was not accepted into the position because someone else with

11    more seniority than he had applied.

12        8.    Mr. Campbell agrees that the Yard Conductor position was properly awarded to

13    someone else in or around September 1999, because the selectee had greater seniority than he.

14        9.    Mr. Campbell was subsequently accepted into the position of Assistant Yard

15    Conductor in 1999.  As Assistant Yard Conductor, he had increased authority and increased

16    responsibility.

17        10.    In the latter part of 2000, about a year after his move to Assistant Yard

18    Conductor, Mr. Campbell applied for and received the position of Yard Conductor.

19        11.    A Yard Conductor is primarily responsible for switching equipment for train

20    make up to stage trains for departure and arrival.  Adherence to safety and operation rules and

21    policies is a critical job function given the high frequency that a Yard Conductor switches

22    equipment.

23        12.    On April 5, 2000, AMTRAK advised Plaintiff that he was charged with

24    responsibility for an incident that occurred on March 24, 2000 and it would formally investigate.

25        13.    The charges involved damage that Mr. Campbell allegedly caused on March 24,

26    2000 when trucks (railroad cars) were moved improperly in the yard, a boxcar derailed,

27    equipment was damaged, and he failed to report the incident.

28        14.    AMTRAK employs conductors pursuant to a collective bargaining agreement with

1   the United Transportation Union (UTU). That agreement provides that a conductor will not be

2   disciplined without the benefit of a hearing, unless the conductor agrees to waive the charge(s)

3   against him, and includes a right of appeal. Mr. Campbell was a member of the UTU.

4        15.    After an employee is charged with a disciplinary violation, a formal investigatory

5   hearing is convened in which the employee, the employee's union representative, and a company

6   representative (referred to as the Charging Officer) attend the hearing and present evidence to a

7   Hearing Officer. The Hearing Officer is a full-time management employee who objectively hears

8   and decides the charges before him. At the investigation hearing, the employee has the ability to

9   call any witness desired. The hearing is recorded and transcribed. The decision of the Hearing

10  Officer may be appealed to the Labor Relations officer, and that decision may be appealed to the

11  Public Law Board where the claim is finally decided by a panel of three: an Organization

12  Member (union), a Carrier Member (company), and a Neutral Member (non-railroad affiliated)

13  who is the Chairman of the Board.

14       16.    Also part of the disciplinary process is the waiver option, which is a plea bargain

15  negotiated between the union and management, where the employee admits guilt to a rule or

16  rules violation and waives his right to an investigative hearing in exchange for a negotiated

17  specified discipline.

18       17.    Mr. Campbell acknowledged his misconduct and waived his right to a formal

19  investigation. As a result of his admitted misconduct and responsibility for the March 24, 2000

20  incident, he also agreed to receive a formal letter of reprimand.

21       18.    In January 2002, Mr. Campbell was charged with four serious rules infractions

22  relating to a boxcar derailment on January 10, 2002. The charges included moving a train at an

23  unsafe speed (Charge 1), failing to work safely and to avoid damage to equipment (Charge 2),

24  failing to verify cars were properly secured before coupling or moving cars (Charge 3), and

25  failing to control train movement while moving cars into a spur track (Charge 4).

26       19.    AMTRAK conducted a formal investigative hearing on March 15, 2002, which

27  included a transcribed hearing. As a result of the formal investigation, at which he and others

28  testified, Mr. Campbell was assessed a 10-day suspension, with 10 days held in abeyance. His

1   union bargaining representative appealed the suspension up both tiers of the appeal process to the

2   Public Law Board.  On August 12, 2004, the Public Law Board upheld the suspension assessed

3   against Mr. Campbell.

4        20.    The incident that led to Mr. Campbell's discharge took place on July 24, 2004,

5   when he was alleged to have improperly disabling the brakes on a locomotive during a move,

6   after which the locomotive began to roll away on its own volition following a hard coupling.  As

7   a result of incident, Mr. Campbell was charged with five rules violations of the General Code of

8   Operating Rules, Service Standards for Train Service Employees, and AMT-3, AMTRAK Air

9   Brake and Train Handling Rules and Instructions.

10      21.    AMTRAK's safety rules which Mr. Campbell received expressly prohibit

11   disabling the brakes on a locomotive during an active move, aka "cutting out the brakes."

12      22.    As part of AMTRAK's investigative process, a formal investigative hearing was

13   conducted on September 9, 2004, at which testimony was taken and exhibits submitted.  Mr.

14   Campbell was advised in writing that he could call any witness he wanted and submit

15   documentation in his defense.  Mr. Campbell along with other witnesses testified at the formal

16   hearing.  Mr. West testified that he witnessed Mr. Campbell cut out the brakes.  In addition, Mr.

17   Campbell admitted that he cut out the brakes and that his conduct on July 24, 2004 violated

18   Amtrak's safety rules.

19      23.    On September 17, 2004, Hearing Officer Patrick Gallagher issued a Decision.  In

20   that Decision, Officer Gallagher found four of the five charges against Mr. Campbell had been

21   proven or were undisputed.  Officer Patrick Gallagher stated in the Decision, it was "evident on

22   the record by the testimony of the Corporation's witnesses and your own testimony that you

23   clearly violated the rules and instructions regarding the movement and coupling of cars and

24   engines."

25      24.    AMTRAK determined that the appropriate disciplinary response to Hearing

26   Office Gallagher's Decision, in light of testimony received at the investigative hearing and Mr.

27   Campbell's record of discipline, was termination of Mr. Campbell's employment.  Mr. Campbell

28   was discharged on or about September 17, 2004.

1    25.    On September 28, 2004, Mr. Campbell's union appealed his termination to

2    AMTRAK's Director of Labor Relations. On November 9, 2004, the Director denied the appeal,

3    noting, "[Mr. Campbell's] approach to operating rule compliance is the proverbial 'accident

4    waiting to happen'" and AMTRAK "should not be required to retain [Mr. Campbell] until there

5    is a serious incident where injuries, damage or delays occur because of [Mr. Campbell's]

6    misguided decision to short cut operating rules."

7    26.    The union then appealed the Director of Labor Relations' decision to the Public

8    Law Board on November 10, 2004. The Board denied the appeal on February 24, 2006.

9    27.    Mr. Campbell testified at his deposition that he submitted two applications for

10   promotion to Engineer position within the first year of his employment. AMTRAK has no

11   record of these applications.

12   28.    AMTRAK has a one-year policy, by which AMTRAK would have declined to

13   consider Mr. Campbell for promotion in October 1998 and in June 1999 to Engineer because he

14   had worked within his craft (assistant conductor/conductor) for less than one year.

15   29.    Mr. Campbell knew about AMTRAK's one-year policy because Tom Oughton

16   informed him of it when he was hired.

17   30.    Mr. Campbell believes application of AMTRAK's one year policy in October

18   1998 and June 1999 was discriminatory because he believes AMTRAK promoted three other

19   employees (Jason Garman, Moyse Howard and Brice Carroll) to Engineer before they had

20   worked a year. In each instance cited by Mr. Campbell, the individuals either were never

21   promoted to Engineer or had worked in their respective crafts at AMTRAK for one year or

22   more prior to promotion to Engineer.

23   31.    The Locomotive Engineer position is the most safety-sensitive position at

24   AMTRAK. As the Locomotive Engineer requisition profile states: Engineers are responsible

25   for the safe operation of diesel electric locomotives, complying with train orders, bulletin

26   orders, wayside signals, railroad regulations, railroad operating rules, special instructions, and

27   federal, state, and local regulations to transport passengers and equipment safely and efficiently.

28   32.    It is the Engineer's responsibility to safeguard life and property in stressful

6

1    situations.

2    33.    Applicants for promotion to the Locomotive Engineer Trainee position from the

3    Conductor position cannot take advantage of any bid or seniority rights. An applicant's

4    seniority in other crafts is not considered. Engineers and conductors work in different crafts,

5    belong to different unions, and hold no bid or seniority rights to the other's positions.

6    34.    AMTRAK records reflect that on August 14, 2001, Plaintiff applied for an

7    Engineer Trainee position out of AMTRAK's San Jose, California facility. This job was

8    assigned a posting number of 50131788. Plaintiff was interviewed for the position on October

9    12, 2001. He received a three out of five interview score.

10    35.    On January 25, 2002, AMTRAK sent Mr. Campbell a letter that stated he had not

11    been selected for the Engineer Trainee position, job posting no. 50131788.

12    36.    Five job offers were extended for Engineer Trainee positions in 2002 in

13    connection with job posting no. 50131788. Three candidates received a score of 2 on the

14    interview, with 1 being the highest possible score. Two other candidates given offers received a

15    score of 3, the same score as Mr. Campbell's. No candidate who received a job offer for

16    Engineer Trainee received an interview score worse than Mr. Campbell.

17    37.    AMTRAK has no record that Mr. Campbell ever applied for any Engineer

18    Trainee position in 2002.

19    38.    The only opening for Engineer Trainee in Oakland in 2002, was posted on

20    October 16, 2002 and was open to a currently qualified Class I Engineer (aka "Reentry

21    Engineer"). Mr. Campbell was not a qualified Class I Engineer and therefore, would not have

22    been considered for a Reentry Engineer position.

23    39.    Mr. Campbell applied for an Engineer Trainee position in November 2003. This

24    position was posted as job no. 50173583. In the posted job position description, AMTRAK

25    stated that it would only consider internal applicants. Mr. Campbell's resume stated that his

26    current employment was as a County of Alameda, In-Home Care Giver. At his deposition, Mr.

27    Campbell testified that he also submitted a job application that correctly identified AMTRAK as

28    his employer. AMTRAK has no record of any such application; Mr. Campbell has not provided

---

7

1    proof that he submitted such an application to AMTRAK in response to job posting 50173583.

2      40.    The next application that Mr. Campbell submitted was on May 17, 2004, for an

3    Engineer Trainee position located in Oakland, California, posting no. 50178956.

4      41.    Personnel issues forced AMTRAK to schedule a series of interviews for several

5    Engineer Trainee positions before background checks on current employees had been completed

6    – including, namely, for each employee-applicant whether he or she had a record of past

7    discipline. Normally, a review of past discipline is conducted before interviews are scheduled.

8      42.    Mr. Campbell was subsequently interviewed by Sue Venturelli, Larry Follis, and

9    union representative Chad Skinner in connection with his May 2004 application for job posting

10    50178956.

11      43.    Mr. Campbell likely would not have received an interview in connection with job

12    posting no. 50178956, had his disciplinary history been received and reviewed by Human

13    Resources before interviews were scheduled.

14      44.    Mr. Campbell did not submit another application for promotion to Engineer after

15    his application in May 2004.

16      45.    Mr. Campbell filed a Charge of Discrimination with the EEOC and DFEH against

17    AMTRAK on February 9, 2004 alleging race discrimination after he was not interviewed for the

18    Engineer position posted in November 2003, job posting no. 50173583.

19      46.    Mr. Campbell filed a Complaint of Discrimination with the DFEH on August 17,

20    2005 alleging that his September 17, 2004 termination was a result of race discrimination and

21    retaliation by AMTRAK for his previous complaint to the EEOC in February 2004.

22      47.    None of the decision makers or alleged decision-makers who were involved in

23    Plaintiff's discharge knew that he had filed a charge with any governmental agency at the time

24    the challenged decisions were made.

25      48.    Steven Shelton started as District Superintendent of the Pacific Division in

26    March 2004.

27      49.    Joseph Deely began as General Superintendent of the Pacific Division in

28    November 2002.

1    50.    Mr. Campbell filed his lawsuit in December 2005.

2    51.    Mr. Campbell does not allege race discrimination under the FEHA or Title VII
3    in his lawsuit.

4    52.    Mr. Campbell has withdrawn his claims for intentional and negligent infliction
5    of emotional distress (fifth and sixth causes of action, respectively) against all Defendants.

6    **III.    DISPUTED FACTS**

7    **Defendants' Statement of Disputed Facts**

8    1.    Whether any person promoted to Engineer in 1998 or 1999 had less than one year
9    of service at AMTRAK prior to their promotion, and if so, whether their situations were
10    distinguishable from Mr. Campbell's.

11    2.    Whether it was AMTRAK's practice not to interview applicants for Engineer
12    Trainee who had a history of discipline for serious operating rules or serious safety violations.

13    3.    Whether any of the candidates who were offered an Engineer position in 2001 had
14    serious operating rules or serious safety rules violations comparable to Mr. Campbell's.

15    4.    Whether Mr. Campbell submitted an application (in addition to his erroneous
16    resume that stated he was an external candidate for a position that was open solely to internal
17    candidates) in November 2003, in connection with job posting no. 50173583.

18    5.    Whether Mr. Campbell was not offered promotion to Engineer Trainee in or
19    around May 2004 (in connection with job posting no. 50178956) because of his prior serious
20    operating rules and/or prior serious safety rules violations and discipline record.

21    6.    Whether other candidates who had similar (identical in all materials respects)
22    serious operating rules and/or serious safety rules violations as Mr. Campbell were disqualified
23    from consideration for promotion to Engineer Trainee.

24    7.    Whether Steve Shelton, AMTRAK's District Superintendent in the Pacific
25    Division, concluded and recommended based on Hearing Officer Patrick Gallagher's Decision
26    that in light of the current violations and Campbell's prior discipline record, the just and
27    necessary action was the termination of Mr. Campbell's employment.

28    9.    Whether Joseph Deely played any role in Shelton's decision to terminate Mr.

9

1    Campbell's employment.

2    **IV.    AGREED STATEMENT OF THE CASE**

3    Defendants do not believe that this case, or any part of it, is appropriate for presentation

4    by an agreed statement of facts.

5    **V.    STIPULATIONS**

6    The Parties have stipulated that Plaintiff shall number his trial exhibits between 1 – 499,

7    and Defendants shall number their trial exhibits starting at 500.

8    Defendants have served on Plaintiff an advance copy of Defendants' proposed jury

9    instructions and list of Defendants' trial exhibits for the purpose of reaching agreement on jury

10    instructions and joint trial exhibits. As of this writing, the parties have not reached agreement on

11    these matters.

12    As of this writing, Plaintiff has served one version of Plaintiff's proposed juror

13    questionnaire, and Defendants are awaiting receipt of a second version from Plaintiff. Defendants

14    anticipate the parties will reach agreement on one or both versions of the juror questionnaire.

15    **VI.    DISPUTED LEGAL ISSUES**

16    Defendants present their statement of disputed legal issues based on issues that have

17    surfaced during the litigation to date. Defendants reserve the right to supplement their statement

18    of disputed legal issues in response to Plaintiff's lists of trial witnesses and exhibits, Plaintiff's

19    motions in limine or responses to motions *in limine*, and/or other pre-trial motions/filings.

20    Some of the anticipated motions *in limine* Defendants will be filing include:

21    1.    Whether allegedly racial slurs and racially-related remarks made by Defendant

22    Deely are admissible, if any there are, when not made directly to or about Mr. Campbell.

23    Plaintiff admitted at his deposition that no racially-related statement or remark was

24    directed towards him nor made about by any defendant. Nonetheless, Defendants anticipate that

25    Plaintiff and his attorneys will attempt to admit unreliable and stale rumors many years old that

26    Deely allegedly referred to African-Americans and other minorities in a racially derogatory

27    manner. Such "evidence" is neither admissible nor reliable.

28    Defendants will move *in limine* to exclude such evidence as irrelevant under FRE 402,

1    Beyda v. City of Los Angeles, 65 Cal. App. 4th 511, 516-522 (1998), and Fisher v. San Pedro

2    Peninsula Hospital (1989) 214 Cal.App.3d 590, 609.  In addition, such testimony and argument

3    constitutes improper character evidence under FRE 404.  Obviously Plaintiff wishes to argue that

4    Deely allegedly engaged in prior bad acts which somehow suggests he discriminated or retaliated

5    against Plaintiff.  Any attempt by Plaintiff to introduce such collateral evidence would necessarily

6    involve an attempt to show that Mr. Deely and/or AMTRAK acted in conformity with the prior

7    bad act – thus, amounting to improper character evidence.

8          In addition, Defendants will urge the Court to exclude such collateral evidence because it

9    would be unduly prejudicial, waste time, and mislead the jury under FRE 403.

10          For these reasons, Defendants submit that Plaintiff's claims should stand or fall on their

11    own merit.  Any evidence of the unsubstantiated concerns against Deely should not be admitted

12    to prove how *Plaintiff* was treated in this case.

13          2.    To what extent "comparative" evidence on how AMTRAK treated Caucasian

14    employees is admissible as circumstantial evidence of racial discrimination or retaliation against

15    Plaintiff.

16          Plaintiff has stated in past pleadings filed with this Court that he intends to present

17    evidence that he was treated less favorably than others who were "similarly situated."  Plaintiff's

18    so-called evidence submitted in opposition to Defendants' motions for summary judgment

19    focused on safety offenses allegedly committed by others that were neither relevant nor

20    comparable to those committed by Plaintiff.  The Ninth Circuit Court of Appeals has long held

21    that "comparable evidence" necessarily requires that the employees with whom the plaintiff seeks

22    to make a comparison are "similarly situated in *all* material respects."  Aragon v. Republic Silver

23    State Disposal, Inc., 292 F.3d 654, 660 (9th Cir. 2002) (citing with approval, McGuinness v.

24    Lincoln Hall, 263 F.3d 49, 53-54 (2d Cir. 2001)  (emphasis added); Moran v. Selig, 447 F.3d 748

25    (9th Cir. 2006), following *Aragon, supra*.  *See also* Ercegovich v. Goodyear Tire & Rubber Co.,

26    154 F.3d 344, 352 (6th Cir. 1998)  (holding "plaintiff must show that the "comparables" are

27    similarly-situated in all respects")); Lynn v. Deaconess Med. Center-West Campus, 160 F.3d 484,

28    487 (8th Cir. 1998) (requiring employees be "similarly situated in all relevant respects").

1    In order to qualify as "similarly situated" in all material respects, each person with whom

2    the plaintiff seeks to compare his treatment must have dealt with the same supervisor, must have

3    been subjected to the same standards, and must have engaged in the same conduct as the plaintiff

4    "without any differentiating or mitigating circumstances that would explain distinguish their

5    conduct or the employer's treatment of them for it." Machado v. Johnson, 191 Fed. Appx. 531

6    (9th Cir. 2006).

7    At the summary judgment stage, Plaintiff relied on faulty "comparable evidence" to

8    bolster his allegation that AMTRAK allowed Caucasian conductors to routinely disable or cut out

9    the brakes while it fired him for committing the same act. Plaintiff indiscriminately assumed that

10   all disabling of brakes are the same. Therefore, Defendants will move in limine to exclude such

11   argument and evidence because they do not meet the threshold requirement of "comparable

12   evidence" that is substantially similar "in all material respects." Aragon v. Republic Silver State

13   Disposal, Inc., 292 F.3d 654, 660 (9th Cir. 2002).

14   3.    To what extent Plaintiff may refer to or introduce verdicts or rulings from other

15   lawsuits filed against Defendants as proof that he was discriminated against in this case.

16   Defendants will move *in limine* for an order excluding any and all mention or evidence

17   proffered by Plaintiff on the subject of the *Campbell v. Amtrak* class action filed in the United

18   States District Court for the District of Columbia, the subject of the *Morgan v. Amtrak* action,

19   previously tried in this court, and any other lawsuit, claim, charges, verdict, settlement, consent

20   decree or legal judgment against or involving Amtrak (collectively, "unrelated legal

21   proceedings"), on the basis that such evidence is appropriate because none has no bearing

22   whatsoever to this case. (Despite their surnames, James Earl Campbell in this case bears no

23   relation to the named plaintiffs in the *Campbell* class action and did not participate in any way in

24   that case). In addition, any mention of such matters to the jury is likely to be highly prejudicial to

25   Defendants.

26   4.    To what extent Plaintiff may rely on so-called statistical evidence regarding

27   AMTRAK's workforce and hiring patterns to support Plaintiff's claim that he was discriminated

28   against based on race.

1    In opposition to Defendants' motions for summary judgment, Plaintiff offered bogus

2    anecdotal evidence masquerading as "statistical evidence" on Amtrak's so-called hiring patterns.

3    Plaintiff's bogus evidence included his undisputedly false belief that AMTRAK never hired nor

4    promoted any African-American to Engineer or Engineer Trainee since 1998, to his knowledge,

5    despite his admission at his deposition that he knew of at least two African-American Engineers

6    promoted or hired during that same time frame.    Plaintiff has also sent considerable effort

7    requesting discovery on the composition of AMTRAK's Engineer and Conductor workforces.

8    The undisputed truth is that Plaintiff's myopic view that AMTRAK has not hired any

9    African American Engineers is false.  If required to refute Plaintiff's false claim, AMTRAK will

10    present undisputable evidence that it has hired or promoted at African-Americans to Engine

11    Service in Oakland.  Rather than engage in this unnecessary exercise, Defendants submit that the

12    Court should refuse to admit such evidence, argument, etc.

13    5.    To what extent Plaintiff may rely on his own calculations to support his claim for

14    damages and lost wages.

15    Defendants will move *in limine* to exclude Plaintiff's nonexpert calculations of his alleged

16    wage loss and loss of benefits on the ground that employee pay at Amtrak is governed by the

17    terms of the applicable union contract and subject to a series of complicated calculations.  In this

18    case, Plaintiff was a member of the UTU, which represented conductors/assistant conductors.  To

19    the extent that Plaintiff claims that Amtrak should have promoted him to Engine Service, his pay

20    would have been governed by a separate union contract between Amtrak and the BLE, which

21    represents engineers/engineer trainees.    Defendants submit that the wage loss calculations

22    applicable under either a failure-to-promote or wrongful-discharge theory of the case would

23    necessarily require a forensic accountant or expert economist.  Plaintiff has not declared any

24    expert witness in this case.

25    **VII.    TRIAL PREPARATION**

26    The parties have stipulated to extend by seven (7) days the dates by which their pre-trial

27    filings and exchanges are due.  Accordingly, the parties jointly applied to the Court on December

28    17th for an extension of time accordingly.

1    Under this stipulated schedule, the parties' respective pre-trial statements (with exhibit

2 and witness lists) are due to the Court by no later than December 24, 2007.

3    **(A)    Witnesses To Be Called**

4    Defendants' trial witness listing, as required by Court's Pre-Trial Order, is attached hereto

5 as Exhibit A.

6    No expert witness has been designated by either side.

7    **(B)    Trial Exhibits, Schedules and Summaries**

8    Defendants provided Plaintiff with a courtesy advance copy of their trial exhibit listing on

9 December 19, 2008.  Thereafter, the parties stipulated that Defendants' trial exhibits shall start at

10 number 500.  Defendants served their amended trial exhibit list and a corresponding set of tabbed

11 trial exhibits to Plaintiff on December 21, 2007.  Defendants have proposed that the parties meet

12 and confer to identify joint or common exhibits.  In addition, Defendants have proposed that the

13 parties agree to narrow the issues and events presented at trial, for the purpose of reducing the

14 number of exhibits in Defendants' exhibit listing.

15    Defendants' list of trial exhibit is attached hereto as Exhibit B.

16    **(C)    Voir Dire, Jury Verdict Forms, Etc.**

17    The parties have stipulated to extend by seven (7) days the date by which their pre-trial

18 filings and exchanges are due.  Under the parties' stipulation, voir dire and jury verdict forms are

19 to be filed by no later than December 27th.

20    As of this writing, the parties continue to meet and confer on a proposed jury

21 questionnaire.

22    **(D)    Estimate of Trial Time**

23    The Court's Amended Pretrial Order dated July 12, 2007 estimates that it will take the

24 parties three weeks to present all evidence at trial.  Defendants intend to adhere as close to the

25 Court's 3-week estimate for trial as possible.

26    **(E)    Use of Discovery Responses**

27    Defendants have included in their trial exhibits the following discovery responses

28 provided by Plaintiff at trial, other than for the purpose of impeachment or rebuttal:

14

1    Plaintiff's Response to Request for Production of Document Set One, which is
2    Defendants' trial exhibit 1286.

3    **(F)    Further Discovery or Motions**

4    All discovery is completed and closed.

5    With the exceptions of Defendants' pending motions for summary judgment and
6    Defendants' anticipated motions in limine and an anticipated motion to bifurcate the trial into
7    liability and damages phases, Defendants do not contemplate bringing any other motions before
8    the Court prior to trial.

9    **V.    TRIAL ALTERNATIVES AND OPTIONS**

10    **(A)    Settlement Discussions**

11    Prior to the filing of Defendants' Motion for Summary Judgment, the parties participated
12    in an early neutral evaluation, without result.  Nevertheless, Defendants have invited Plaintiff to
13    engage in further settlement negotiations, as required under the Court's Amended Pre-Trial
14    Order.

15    **(B)    Consent to Trial Before a Magistrate Judge**

16    Defendants do not consent to the trial of any part of this action before a Magistrate Judge.

17    **(C)    Amendments, Dismissals**

18    Defendants do not anticipate any amendment to the pleadings at this time, nor any
19    stipulated dismissal of any parties, claims, or defenses, beyond Plaintiff's admission in his
20    opposition brief to Defendants' motions for summary judgment that he has withdrawn his Fifth
21    (Intentional Infliction of Emotional Distress) and Sixth (Negligent Infliction of Emotional
22    Distress) claims as preempted.  *See* Pltf's Opp. Brief at 1, fn. 1.

23
24
25
26
27
28

DFDTS' PRE-TRIAL CONFERENCE STATEMENT        Case No. C05-05434 MJJ

1    **(D)    Bifucation, Separate Trial of Issues**

2    As noted above, Defendants seek bifurcation of the compensatory and punitive damages

3    issues in this case.

4

5                                              Respectfully Submitted,

6                                              JACKSON LEWIS LLP

7

8    Dated:  December 21, 2007          By: _____

9                                              Patrick C. Mullin
                                               Cara Ching-Senaha
10                                             Attorneys for Defendants
                                               NATIONAL RAILROAD PASSENGER
11                                             CORPORATION dba AMTRAK and JOE
                                               DEELY
12

13   H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Trial Prep\Pretrial Statement\FINAL Pretrial stmt CMC 122107.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DFDTS' PRE-TRIAL CONFERENCE STATEMENT        Case No. C05-05434 MJJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

DFDTS' PRE-TRIAL CONFERENCE STATEMENT     Case No. C05-05434 MJJ

Patrick C. Mullin (State Bar No. 72041)
Cara Ching-Senaha (State Bar No. 298467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK and JOE DEELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, JOE DEELY, and DOES 1-15, inclusive,<br><br>Defendants. | Case No. C-05-05434 MJJ (EDL)<br><br>**DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION AND JOSEPH DEELY'S WITNESS LIST**<br><br>Pre-Trial Conference<br>Date:    January 7, 2008<br>Time:    9:30 a.m.<br>Judge:    United District Court Judge<br>    Martin J. Jenkins<br><br>Date of Trial: January 9, 2008<br>Time:    8:30 a.m.<br>Judge:    United District Court Judge<br>    Martin J. Jenkins |

1     Case No. C-05-05434 MJJ (EDL)

| Name | Anticipated Scope of Testimony |
|------|-------------------------------|
| **Baxter, Gregg** | Mr. Baxter worked as Amtrak's Assistant Superintendent/Assistant General Manager during the relevant period, and also served for a time as Plaintiff's supervisor. He is expected to testify about the January 2002 incident for which an investigative hearing was held in March 2002. Mr. Baxter served as the Charging Officer. Plaintiff was found guilty of the charges against him and assessed a 20-day suspension. Mr. Baxter is also expected to testify about the basis for Plaintiff's suspension in 2002, including the rules and procedures that Plaintiff violated and the appropriateness of the punishment given to Plaintiff. |
| | In addition to the March 2002 investigative hearing, Mr. Baxter will testify about Plaintiff's employment with Amtrak, Plaintiff's work performance, issues regarding Plaintiff's employment including Plaintiff's disciplinary history, Plaintiff's termination from employment and the events leading to his termination. |
| | Mr. Baxter is also expected to testify about complaints that were made about Plaintiff, complaints made by Plaintiff during his employment, claims Plaintiff makes in his complaint including Amtrak's alleged failure to promote him, and Defendants' defenses. |
| | Furthermore, Mr. Baxter will deny that defendants engaged in any racially discriminatory, racially harassing, or retaliatory conduct towards Plaintiff. |
| | Assuming *arguendo* Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is denied, Mr. Baxter is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |
| **Belotti, Lou** | Mr. Belotti is expected to testify about his employment experience and his performance as an Amtrak manager, as well as Plaintiff's job performance and misconduct. Mr. Belotti is also expected to testify about complaints he received about Plaintiff's job performance. Mr. Belotti will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Birckett, Sid** | Mr. Birckett served as Amtrak's Assistant General Manager, California Corridor in March 2002. He is expected to testify about Plaintiff's failure to comply with Amtrak's safety and operating rules and procedures, his investigation into the January 2002 incident, and his participation in an investigative hearing in March 2002 (Case No. 019.02) involving Plaintiff. He is also expected to testify about the roles and responsibilities of conductors, assistant conductors and engineers; and the responsibility of the Conductor to secure cars prior to coupling. Mr. Birckett is also expected to testify about the suspension assessed against Plaintiff as a result of the January 2002 incident. |
| | Mr. Birckett will also deny that Defendants engaged in any racially discriminatory, racially harassing, or retaliatory conduct towards Plaintiff. |
| | Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Birckett is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |
| **Burkett, William** | Mr. Burkett worked as an Amtrak Engineer during the relevant period. He will deny Plaintiff's anticipated testimony that he had a comparable or worse safety record than Plaintiff prior to his hire or promotion to Engineer. Mr. Burkett is also expected to testify about Plaintiff's work performance, his working relationship with Plaintiff, and in particular, Plaintiff's practice of cutting out of the brakes. Mr. Burkett is also expected to testify about Amtrak's safety and airbrake policies and procedures, the dangers of disabling the air brakes, hard coupling, and the respective roles of Engineer and Conductor. He will also testify about Amtrak's commitment to safety, safety training, and disciplinary actions for serious safety violations including but not limited to disqualification from promotion and termination from employment, misconduct by Plaintiff, and Amtrak's defenses. |
| | Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Burkett is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |

| | |
|---|---|
| **Butler, Roger** | Mr. Butler was employed by Amtrak as a management employee during the relevant period.  He also served as hearing officer overseeing O.D.I. File No. 0.161 in 2000 and Case Number 019.02 in March 2002. Mr. Butler is expected to testify about the discipline and waiver procedure and process, the outcome of the 2002 hearing which resulted in Plaintiff's suspension, the underlying events that led to the 2000 and 2002 charges, and Plaintiff's admission/waiver in 2000 to the charges against him.  Mr. Butler will deny that O.D.I. File No. 0.161 and Case Number 019.02 were handled any differently or less favorably to Plaintiff because of Plaintiff's race, and he will confirm that Plaintiff was expressly advised of his right to call witnesses in advance of the 2002 hearing.  Mr. Butler will also deny that defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff in connection with O.D.I. File No. 0.161 and Case No. 019.02 or the resulting outcomes. |
| **Carroll, Brice** | Mr. Carroll was promoted to Engineer Trainee in 2005.  He is expected to refute Plaintiff's allegation that Amtrak did not have a disqualification rule or policy whereby employees were generally required to serve one year in their respective craft before they were considered for promotion to another craft, absent certain exceptions as well as Plaintiff's allegation that Plaintiff was more qualified for promotion to Engineer Trainee than Mr. Carroll. |
| **Carroll, Denny** | Mr. Carroll served as Amtrak Engineer in 2000.  He is expected to testify about the incident for which Plaintiff admitted fault (waiver) and was disciplined in 2000.  In particular, Mr. Carroll is expected to refute Plaintiff's allegation that Mr. Carroll was equally if not more responsible than Plaintiff for the 2000 incident. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Collins, Mark** | Mr. Collins served as Amtrak's Assistant Superintendent during the relevant period, and most recently, as Amtrak's Director of Operations. He participated in an interview of Plaintiff in late 2001 in consideration of Plaintiff's 2001 application for promotion to Engineer Trainee. Mr. Collins is expected to testify about the interview and selection process, his participation in the process, qualifications for promotion to Engineer Trainee, and Plaintiff's participation in the interview process. He is also expected to testify about Amtrak's rules, policies and procedures on safety, Amtrak's rules/policies on disqualification for promotion, and Plaintiff's nonselection for Engineer Trainee. In addition, Mr. Collins is expected to testify about Plaintiff's job performance including his adherence to safety and operating rules during the period that Mr. Collins supervised Plaintiff.<br><br>Mr. Collins will also deny that defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Collins is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |
| **Commer, Jay** | Mr. Commer worked as Amtrak's District Superintendent before Steven Shelton's ascension to that position in Spring 2004. Mr. Commer is expected to testify about the discipline he assessed Plaintiff in 2002 after the investigative hearing in which Plaintiff was determined guilty of the offenses with which he was charged. Mr. Commer is also expected to testify about the process by which discipline is assessed and factors that he considered. He will also testify about Plaintiff's job performance, including in particular Plaintiff's lack of compliance with safety and operating rules compliance, and Plaintiff's lack of professionalism.<br><br>Mr. Commer will also deny that defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Commer is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Custodian of Records, County of Alameda** | Defendants anticipate that they may call to testify the Custodian of Records ("COR") for the County of Alameda, for which Plaintiff provided in-home care services prior to his hire by Amtrak.   In particular, Defendants anticipate the COR will authenticate various pay and other records relating to Plaintiff's in-home care services provided to or on behalf of the County of Alameda. |
| **Custodian of Records and/or Personnel Department Representative, Southern Pacific/Union Pacific Railroad** | Defendants anticipate that they may call to testify the Custodian of Records ("COR") and/or a department representative for Personnel for Southern Pacific/Union Pacific Railroad ("SP/UP").    Plaintiff was employed by SP/UP prior to his hire by Amtrak in 1998.   In particular, Defendants anticipate the COR and/or personnel department representative will authenticate Plaintiff's personnel, discipline and other employment records relating to Plaintiff's employment at SP/UP, and testify about the job duties and responsibilities of Track Laborer, the position Plaintiff held prior to his hire by Amtrak. |
| **Deely, Joseph** | Mr. Deely is an individual defendant in this case, and Superintendent of Amtrak's Pacific Division.   He is expected to testify about Amtrak's commitment to safety, Amtrak's safety rules and procedures, Amtrak's   expectation that employees comply with safety and operating rules and procedures, and measures he and Amtrak took to improve railway safety.  Mr. Deely is also expected to testify about his role as Superintendent, and the extent of his participation (if any) in hiring, promotion and firing decisions.   In particular, Mr. Deely will deny that he had a role in Plaintiff's unsuccessful applications for promotion to Engineer Trainee and in Plaintiff's discharge.   He will also deny that he engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff or anyone, and affirm that he had no knowledge of Plaintiff's alleged participation in protected activity. |

DEFENDANTS' WITNESS LIST

1

2

| Donofrio, Rickie | Ms. Donofrio served as the Case Intake Coordinator for Amtrak's Dispute Resolution Office from early 2000 through February 2006. She is expected to testify about Amtrak's investigation into and response to Plaintiff's allegations about purported promotion applications he made for Engineer Trainee. She is also expected to testify about the inappropriateness of an April 2004 email Plaintiff sent to Susan Venturelli. She will also testify about an April 21, 2004 letter she wrote to Plaintiff, and Amtrak's personnel, human resources and EEO policies, including but not limited to policies on racial discrimination, retaliation, and workplace diversity. In addition, Ms. Donofrio is expected to testify about Amtrak's policies and procedures for handling and responding to employee complaints. She is also expected to testify about Plaintiff's employment with Amtrak including DRO complaints made against Plaintiff, Amtrak's commitment to deter discrimination and retaliation in the workplace, and Amtrak's efforts to increase levels of diversity in both craft and management positions. She is expected to authenticate documents produced or used by Amtrak's Dispute Resolution Office.<br><br>Ms. Donofrio will deny that defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. She will also deny that she informed Joe Deely or Steven Shelton about Plaintiff's complaint to the DRO in April 2004.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Ms. Donofrio is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present, and Amtrak's efforts to increase levels of diversity in both craft and management positions. |
| --- | --- |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Duffy, Tim** | Mr. Duffy served as Amtrak's Director of Human Resources during the relevant period. He is expected to testify about Amtrak's process for investigating and responding to complaints made by Amtrak employees, Amtrak's recruitment and hiring policies and procedures, Amtrak's personnel, human resources and EEO policies, including but not limited to policies prohibiting racial discrimination and retaliation, and enhancing workplace diversity. In addition, Mr. Duffy is expected to testify about training of conductors and engineers, and the qualification of conductors and engineers. He is also expected to authenticate documents produced or used by Amtrak's Human Resources and Training departments. Mr. Duffy is expected to testify about Amtrak's commitment to improve workplace safety, Amtrak's commitment to eliminate discrimination and retaliation in the workplace, and Amtrak's efforts to increase levels of diversity in both craft and management positions.<br><br>Mr. Duffy will deny that defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Duffy is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998. |
| **Follis, Larry** | Mr. Follis worked as Amtrak's Road Foreman during the relevant period. He also interviewed Plaintiff in 2004 for possible promotion to Engineer Trainee. Mr. Follis is expected to testify about the requirements of and qualifications for the Engineer Trainee position, Amtrak's hiring and promotion policies and procedures, the interview and selection process, Plaintiff's interview in mid-2004, the interview panel's deliberation in mid-2004, and the 2004 selection decisions. He is also expected to testify about Plaintiff's record of failing to follow Amtrak's safety rules and procedures, and the panel's consideration of that fact. Mr. Follis is also expected to testify about Amtrak's EEO policies prohibiting racial discrimination and retaliation. Mr. Folls will deny that Amtrak was contractually required to include the UTU in the selection deliberation process. He will also deny that Plaintiff received the highest interview score in mid-2004.<br><br>Mr. Follis will deny that defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Follis is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Gallagher, Patrick** | Mr. Gallagher served as Hearing Officer in the Western Region during the relevant period. He is expected to testify about the investigative hearing process, his role and responsibility as Hearing Officer, the investigative hearing held in No. 386.04 which he oversaw in September 2004, the process and role of ODI (Office of Disciplinary Investigations) vis-à-vis the investigative process and promotion/hiring process. In addition, he is expected to testify about the decision he reached that Plaintiff had committed the offenses with which he was charged. Mr. Gallagher is also expected to testify about information developed in and surrounding the September 2004 investigative hearing (Case No. 386.04), at which Plaintiff and others testified. Mr. Gallagher will also testify about the fairness of the 2004 investigative hearing and process, along with Plaintiff's admission and other undisputed testimony at the September 2004 investigative hearing that Plaintiff cut out (disabled) the brakes as charged. Mr. Gallagher will deny that he conducted Case Number 386.04 any differently or less favorably to Plaintiff because of Plaintiff's race or because Plaintiff engaged in any protected activity.

Mr. Gallagher will also deny that Defendants engaged in any racially discriminatory, racially hostile or retaliatory conduct towards Plaintiff in connection with Case No. 386.04 or the resulting decision, and confirm that Plaintiff and the UTU were advised that Plaintiff could produce any witnesses he desired. |
| **Goosetree, Thomas** | Mr. Goosetree served as Trainmaster during the relevant period. He also participated on the panel that interviewed Plaintiff in 2001. Mr. Goosetree is expected to testify about the requirements of and qualifications for the Engineer Trainee position, Amtrak's hiring and promotion policies and procedures, Amtrak's safety training, rules and procedures, the interview and selection process, Plaintiff's interview in 2001, and the qualification of conductors and engineers.

Mr. Goosetree will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. |
| **Gunther, Jim** | Mr. Gunther served as Trainmaster in San Francisco during the relevant period. Plaintiff reported to Mr. Gunther for a time. Mr. Gunther is expected to testify about Amtrak's safety rules and procedures, and Plaintiff's work performance including in particular his compliance with safety and operating rules while Plaintiff served on the work train from San Francisco to Redwood City. In addition, he is expected to testify about reports and complaints that he received about Plaintiff, including a workplace violence incident involving Mr. Terry Province and Plaintiff. Mr. Gunther will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Hanna, Barbara** | Ms. Hanna served as Amtrak's Manager of Human Resources in Oakland, California in 2004. She is expected to testify about an April 2004 email that Plaintiff sent to Susan Venturelli, Amtrak's investigation into and response to Plaintiff's April 2004 email, which included among other things a review of various files and postings and review of the racial composition of Amtrak Engineers within Northern California. Ms. Hanna is also expected to testify about the inappropriateness of Plaintiff's April 2004 email to Susan Venturelli, Amtrak's personnel, human resources and EEO policies, including but not limited to those related to hiring, posting, promotions, racial discrimination, retaliation, and workplace diversity, and Amtrak's policies and procedures for handling and responding to employee complaints. She is also expected to testify about job postings and minimum stated qualifications for Engineer Trainee beginning on or about October 1998 through 2000. She is expected to authenticate documents produced or used by Amtrak's Human Resources department. Ms. Hanna is also expected to testify about Amtrak's commitment to deter discrimination and retaliation in the workplace, and Amtrak's efforts to increase levels of diversity in both craft and management positions. She will deny Plaintiff's assertion that Amtrak failed to hire or promote any African-American to Engineer since 1998 on the basis of race. Further, she will deny that defendants engaged in any racially discriminatory, racially harassing, or retaliatory conduct towards Plaintiff. Ms. Hanna will deny that she informed Joe Deely, Steven Shelton or Tim Sheridan about Plaintiff's complaint(s) to EEO, HR, DRO or any other administrative agency.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Ms. Hanna is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Ho, Paul** | Mr. Ho served as Human Relations Officer during the relevant time period. He is expected to testify about Amtrak's personnel, human resources and EEO policies, including but not limited to those related to hiring, posting, promotions, racial discrimination, retaliation, workplace diversity, and Amtrak's policies and procedures for handling and responding to employee complaints. In addition, he is expected to testify about the process and procedure for Engineer recruitment, including but not limited to posting, screening, background checks, disqualification from consideration due to safety violations and/or rule offenses, disqualification based on insufficient service in the employee's present craft, and interviewing and hiring. He is also expected to testify about the qualifications and requirements for hiring or promotion to Engineer Trainee, and his role in recruitment for Engine Service, including in particular two postings for which Plaintiff applied: (1) Posting #50131788 in August 2001; and (2) Posting #50173583 in November 2003. In addition, Mr. Ho is expected to testify about his service on the interview panel for Posting #50131788. He will testify about the panel's deliberation and the fact that the panel disqualified Plaintiff from consideration because he had a previous serious operating rules violation. Mr. Ho will also testify about the process by which applications are received, processed and rejected or advanced in the process. He is also expected to testify about a resume he received from Plaintiff in on or about November 19, 2003, in which Plaintiff stated that he worked for the County of Alameda as an In-Home Caregiver since April 1997. Mr. Ho will deny that Plaintiff submitted any application form or other document in which Plaintiff identified himself as a current Amtrak employee. Mr. Ho is also expected to testify about other Engineer postings for which Mr. Ho recruited and Plaintiff did not apply.<br><br>Mr. Ho will also deny that defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Ho is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions since 1998. |
| **Hriczak, Larry** | Mr. Hriczak served as Amtrak's Director of Labor Relations during the relevant period. He is expected to testify about application and interpretation of relevant terms of the UTU collective bargaining agreement, including but not limited to hiring, promotion, discipline, and precedential disciplinary and investigative decisions. In addition, he is expected testify as to the calculation of Plaintiff's alleged damages, should evidence relevant to Plaintiff's claim for damages be necessary. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Humes, John** | Mr. Humes, current Amtrak employee, will testify as to the calculation of Plaintiff's alleged damages, should evidence relevant to Plaintiff's claim for damages be necessary. |
| **Iannone, C.A.** | Mr. Iannone was the union's member of the panel convened to hear Case No. 37 involving Plaintiff in Summer/Fall 2004. He is expected to testify about the investigative hearing in 2004 and underlying events, as well as the appeal and review process. He will deny that the panel engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. He will also deny that the panel conducted itself any differently or less favorably towards Plaintiff because of Plaintiff's race or alleged participation in protected activity. |
| **Leininger, Pat** | Mr. Pat Leininger, a senior officer from Washington DC, will testify as to the financial condition of Amtrak, should evidence relevant to punitive damages be necessary. |
| **Madden, Billy** | Mr. Madden witnessed a workplace violence incident involving Mr. Terry Province and Plaintiff. Mr. Madden will deny that Mr. Province instigated the incident. He will also deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Madden is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions since 1998. |
| **Magazin, Michael** | Mr. Magazin served as Manager of Operating Rules during the relevant period. In particular, Plaintiff reported to Mr. Magazin for his second and third Conductor Promotion Exams, in about March 2000 and July 2000, respectively. Mr. Magazin is expected to testify about his responsibilities as Manager of Operating Rules, the importance of the Conductor Promotion examination, the process for qualification of Conductors, and the nature of Amtrak's operating rules and safety procedures. In addition, Mr. Magazin is expected to testify about Plaintiff's performance on the job, especially related to workplace safety and compliance with operating rules. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Magers, Don** | Mr. Magers worked as a Conductor at Amtrak during the relevant period. He is expected to testify about Amtrak's safety and operating rules and procedures, and to deny that he cut out brakes during an active move. He is also expected to testify about his participation on Amtrak's Safety Committee for Conductors, Amtrak's commitment to safety, Amtrak's safety training, rules and procedures including those that prohibit the cutting out (disabling) of brakes and require proper coupling. Mr. Magers is also expected to testify about the role and responsibility of Conductor during car movement. |
| **McGrath, Rich** | Mr. McGrath served as Amtrak Service Manager in 2000. In addition, Mr. McGrath supervised Plaintiff for a time. He is expected to testify about Plaintiff's early training, training of conductors, Plaintiff's job performance when Plaintiff reported to him, the Conductor Promotion exam, the importance of the examination, the process for qualification of conductors, and the nature of Amtrak's operating rules and safety procedures, and the dangers of cutting out the brakes or trucks. He is also expected to testify that it took Plaintiff three tries to pass the Conductor Promotion Exam. Mr. McGrath will also deny that Defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Munoz, Elias** | Mr. Munoz served as Officer of EEO Compliance in Amtrak's legal department during the relevant period. He is expected to testify about Plaintiff's complaint of discrimination to the EEOC (Charge No. 376-2004-00295, filed on 2/9/04), Amtrak's response thereto submitted in June 2004, and Amtrak's personnel, human resources and EEO policies. He is also expected to testify regarding Amtrak's EEO training, policies and procedures, prevention of discrimination in the workplace, and efforts to recruit minorities and increase levels of diversity in both craft and management positions. Mr. Munoz will also testify about Plaintiff's communications with Amtrak's DRO office, Plaintiff's communications with Amtrak's EEO office, Plaintiff's administrative charge(s), and steps that he took to investigate and respond to allegations in Plaintiff's administrative charge(s). He is expected to authenticate certain Amtrak business records including, but not limited to EEO, DRO and HR documents relating to employee complaints and personnel records. He will testify about Amtrak's commitment and efforts to deter discrimination and retaliation in the workplace.

Mr. Munoz will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. He will also deny that he informed Joe Deely or Steven Shelton about Plaintiff's DRO and administrative complaint(s).

Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Munoz is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998 through the present. |
| **Oughton, Tom** | Mr. Oughton previously worked as a Road Foreman. He is expected to testify about Plaintiff's hire and his role in Plaintiff's hire as an Assistant Conductor at Amtrak. In addition, Mr. Oughton is expected to testify about the role and responsibilities of assistant conductors and conductors, the substance and application of Amtrak's one-year qualification policy, and discussions he had with Plaintiff about the one-year qualification policy. He will deny Plaintiff allegation that he threw away Plaintiff's application(s) for promotion. Mr. Oughton will also deny that he made racially derogatory or discriminatory statements about or against Plaintiff at any time. He is also expected to testify about Plaintiff's job performance. Mr. Oughton will deny that Defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff in any way, in particular in connection with Plaintiff's employment and Plaintiff's alleged applications for promotion to Engine Service. |

| | |
|---|---|
| **Phelps, Richard** | Mr. Phelps is a Vice-President at Amtrak and an African American male. He is expected to testify about his working relationship with and supervision of Joseph Deely, as well as Amtrak's commitment to racial equality, racial diversity and recruitment, and elimination of racial discrimination and retaliation. He will deny that Defendants engaged in any racially discriminatory, racially harassing, or retaliatory conduct towards Plaintiff. |
| **Preusser, Patrick** | Mr. Preusser worked as Amtrak's Assistant Superintendent during the relevant period. He was the decision-maker for Engineer Trainee job posting 50178956, for which Plaintiff applied and was not selected. In addition, Mr. Preusser approved Plaintiff's discharge and processed Plaintiff's exit from Amtrak on or about September 17, 2004. Mr. Pressuer is also expected to testify about his role and responsibilities as Assistant Superintendent, the interview and selection process for Engine Service, the basis for his selection decision Engineer Trainee job posting 50178956 and his decision to not promote Plaintiff, the qualifications for and requirements of Engineer Trainee, Amtrak's safety rules and procedures, and Plaintiff's allegations surrounding his purported applications for promotion to Engineer. In addition, Mr. Preusser is expected to testify about Amtrak's hiring and promotion policies and procedures, and Amtrak's EEO policies prohibiting racial discrimination and retaliation. He will deny that Amtrak was contractually required to include the UTU in the interview panel's decision-making. He will also deny that Plaintiff received the highest interview score for job posting 50178956, and he will deny Plaintiff's allegation that he was the most qualified for the job.

In addition, Mr. Preusser will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.

Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Pressuer is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Province, Terry** | Mr. Province worked for Amtrak in San Francisco during the relevant time period. He is expected to testify about an incident involving Plaintiff, which led him to make a workplace violence complaint against Plaintiff. Mr. Province is also expected to testify about the handling and resolution of the complaint he made against Plaintiff. He will also testify about Plaintiff's job performance, and how Amtrak's safety rules and procedures. He will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. He will also deny that his complaint against Plaintiff was motivated by Plaintiff's race or Plaintiff's alleged protected activity. |
| | Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Province is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions since 1998. |
| **Robinson Jr., William** | Mr. Robinson served as the carrier's member of the panel convened to hear Case No. 37 in or around the Summer/Fall 2004. He is expected to testify about the hearing and underlying events involving Mr. Campbell and the investigative hearing, as well as the appeal and review process. Mr. Robinson will deny that the panel engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. He will also deny that the panel conducted itself any differently or in a manner less favorable to Plaintiff because of Plaintiff's race or because Plaintiff allegedly engaged in protected activity. |
| **Schmidt, Bob** | Mr. Schmidt, current Amtrak employee, will testify as to the calculation of Plaintiff's alleged damages, should evidence relevant to Plaintiff's claim for damages be necessary. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Shelton, Steve** | Mr. Shelton was Amtrak's District Superintendent during the relevant period. He is expected to testify about Plaintiff's employment with Amtrak, including Plaintiff's work and safety performance, Plaintiff's failure to comply with operating and safety rules and procedures, Plaintiff's disciplinary history, and Plaintiff's termination from employment, including factors and events that led to Plaintiff's discharge. In addition, Mr. Shelton will testify about complaints against Plaintiff, complaints that Plaintiff made during his employment, and Plaintiff's alleged qualifications for promotion to Engine Service. Mr. Shelton will refute Plaintiff's allegation that Amtrak failed to promote him to Engineer Trainee for discriminatory or retaliatory reasons. Mr. Shelton is expected to testify about Amtrak's commitment to safety, safety training and operating rules and procedures. He will also testify about qualifications and requirements for Engineer Trainee and rules/procedures/policies on disqualification from promotion and/or termination from employment. He will also testify about the basis for discipline against Plaintiff in 2004 following the investigation hearing.

Mr. Shelton will also deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff.

Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Shelton is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions since 1998. |
| **Sheridan, Timothy** | Mr. Sheridan was Train Master and Plaintiff's direct supervisor in 2004. He also served as Amtrak's Charging Officer for the July 24, 2004 incident. Mr. Sheridan is expected to testify about the investigative hearing, the decision, and the underlying facts in Case No. 386.04, including Amtrak's safety, operating and airbrake rules, Amtrak's commitment to safety, safety training and disciplinary actions for safety violations including but not limited to disqualification from promotion and termination from employment. He will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. He will also deny that he had any knowledge about allegations Plaintiff made in April 2004, or any of Plaintiff's administrative, EEO or DRO complaint(s).

Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdotal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. Sheridan is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions since 1998. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Sturken, Al** | Mr. Sturken served as Trainmaster in San Francisco when Plaintiff worked at the San Francisco location. Mr. Sturken is expected to testify about Plaintiff's job performance especially with regard to workplace safety, and compliance with safety and operating rules. Mr. Sturken will deny that Defendants engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. |
| **Venturelli, Susan** | Ms. Venturelli has served as Amtrak's Human Resources Officer in Oakland since Spring 2004. She is expected to testify about Amtrak's commitment to diversity. She is also expected to testify about misconduct by Plaintiff, Amtrak's investigation into and response to concerns Plaintiff raised in an email she received in April 2004, Amtrak's selection process and procedure for Engineer Trainee in general and for Engine Service postings since and including 2004. She will also testify about Amtrak's rules, policies and practices for consideration of and disqualification for promotion to Engine Service and for discharge. She is also expected to testify about Amtrak's human resources and EEO policies, including but not limited to policies prohibiting racial discrimination, and policies and procedures for handling and responding to employee complaints. Ms. Venturelli is also expected to authenticate documents produced or used by Amtrak's Human Resources department.<br><br>Ms. Venturelli will deny Plaintiff's allegation that Amtrak failed to hire or promote any African-American to Engineer since 1998. Further, she will deny that Defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. She will also deny that she informed Joe Deely, Steven Shelton or Tim Sheridan about complaint(s) Plaintiff made to Amtrak's EEO, HR, DRO or any state or federal agency.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Ms. Venturelli is also expected to testify about the diversity of Amtrak's engineers including African-American hires and promotions. |

DEFENDANTS' WITNESS LIST

| | |
|---|---|
| **Walker, Ed** | Mr. Walker served as Amtrak's former Vice President of Transportation during the relevant period, and Joe Deely's supervisor. He is expected to testify about his working relationship with and supervision of Mr. Deely, as well as Amtrak's commitment to racial equality, racial diversity and recruitment, and to elimination of racial discrimination and retaliation. He is also expected to testify about Amtrak's safety rules and procedures, Amtrak's commitment to safety, safety training and development, and Amtrak's implementation of rules, policies and practices affecting employees who committed repeated serious safety violations, including those affecting promotion and/or disqualification from promotion to Engine Service and discharge. Mr. Walker will also deny that Defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff. |
| **West, Dave** | Mr. West worked as Amtrak's Mechanical Superior at the time of the incident on or about July 24, 2004 involving Plaintiff. Mr. West is expected to testify that he witnessed Plaintiff cut out (disable) the brakes on a locomotive, in violation of SOFA and Amtrak's safety rules and procedures. Mr. West is also expected to testify about his participation in the September 2004 investigative hearing, the result of which Plaintiff was adjudicated guilty of cutting out the brakes and failing to secure equipment prior to coupling. Mr. West is also expected to testify about Amtrak's commitment to safety, safety training, safety procedures and policies, and disciplinary actions for safety violations including but not limited to disqualification from promotion to Engine Service and termination from employment. Mr. West will deny that Defendants engaged in any racially discriminatory or retaliatory conduct towards Plaintiff.<br><br>Assuming *arguendo* that Defendants' motion in limine to preclude sham statistical and anecdoctal evidence about the racial composition of Amtrak's workforce or Amtrak's engineers is unsuccessful, Mr. West is also expected to testify about the diversity of Amtrak's engineers including African American hires and promotions since 1998. |
| **Zusman, Marty** | Mr. Zusman served on the panel that considered System Docket OC –UTU-SD-829D/NMB No. 106 (the appeal of Plaintiff's 2002 incident and discipline). He was also the neutral member of the panel convened to hear Case No. 37 involving Plaintiff in August 2004. He is expected to testify about the hearing and underlying events, as well as the appeal and review process. He will deny that the panel engaged in any racially discriminatory, or retaliatory conduct towards Plaintiff. He will also deny that the panel conducted itself any differently or less favorably to Plaintiff because of Plaintiff's race or because Plaintiff allegedly engaged in protected activity. |

DEFENDANTS' WITNESS LIST

1

Respectfully Submitted,

2

Dated:  December 21, 2007        JACKSON LEWIS LLP

3

By:    /s/ Cara Ching-Senaha

4

PATRICK C. MULLIN
CARA CHING-SENAHA

5

Attorneys for Defendants

6

NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK, and JOE DEELY

7

H:\N\National Railroad Passenger Corp (40707)\Campbell (89560)\Trial Prep\Witness List\FINAL DFDT WITNESS LIST.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' WITNESS LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

DFDTS' PRE-TRIAL CONFERENCE STATEMENT     Case No. C05-05434 MJJ

## DEFENDANTS' TRIAL EXHIBIT LISTING

| Exhibit No. | Date (if stated) | Bates No. | Brief Description/Title | Offered/ Sponsoring Witness | Marked for Identification | Admitted (A)/ Not Admitted (NA) |
|---|---|---|---|---|---|---|
| 500. | 10/10/01 | D02116 | Background Check for Internal Candidates | | | |
| 501. | 09/25/10 | D02117 | Background Check for Internal Candidates | | | |
| 502. | 10/10/01 | D02118 | Background Check for Internal Candidates | | | |
| 503. | 09/25/01 | D02119 | Background Check for Internal Candidates | | | |
| 504. | | D02120-D02121 | Interview Rating Notes | | | |
| 505. | 10/10/01 | D02122-D0214 | Rating Scale form | | | |
| 506. | 01/25/02 | D02125 | Letter: from HR to Ruiz | | | |
| 507. | 08/13/01 | D02126-D02127 | Job Opportunity Application: Engineer Trainee | | | |
| 508. | | D02128 | Ruiz Resume | | | |
| 509. | 08/13/01 | D02129 | CA DMV Information Request | | | |
| 510. | 09/17/01 | D02130 | Background Check for Internal Candidates | | | |
| 511. | 08/23/01 | D02131 | Letter: from HR to Manuel Ruiz | | | |
| 512. | 10/16/01 | D02132 | Background Check for Internal Candidates | | | |
| 513. | 09/25/01 | D02133 | Background Check for Internal Candidates | | | |
| 514. | 09/25/01 | D02134 | Background Check for Internal Candidates | | | |
| 515. | 10/17/01 | D02135 | Background Check for Internal Candidates | | | |

2

| | | | |
|---|---|---|---|
| 516. | 10/17/01 | D02136-D02143 | Interview Rating Notes |
| 517. | 10/17/01 | D02144-D02146 | Rating Scale form |
| 518. | 08/03/01 | D02147-D02148 | Job Opportunity Application: Locomotive Engineer Trainee |
| 519. | 07/30/01 | D02149 | Letter: from Buchanan to Collins |
| 520. | | D02150 | Buchanan Resume |
| 521. | | D02151 | Buchanan identification copies |
| 522. | 09/17/01 | D02152 | Background Check for Internal Candidates |
| 523. | 08/23/01 | D02153 | Letter: from HR to Mark Buchanan |
| 524. | 10/03/01 | D02154-D02163 | Interview Rating Notes |
| 525. | 10/03/01 | D02164 | Background Check for Internal Candidates |
| 526. | 09/24/01 | D02165 | Background Check for Internal Candidates |
| 527. | 09/25/01 | D02166 | Background Check for Internal Candidates |
| 528. | 10/03/01 | D02167 | Background Check for Internal Candidates |
| 529. | 10/03/01 | D02168-D02169 | Rating Scale form |
| 530. | 01/26/02 | D02170 | Letter: from HR to Axel Mahlmann |
| 531. | 08/03/01 | D02171-D02172 | Job Opportunity Application: Locomotive Engineer Trainee |
| 532. | 10/02/01 | D02173-D02180 | Interview Rating Notes |
| 533. | 10/03/01 | D02181-D02182 | Background Check for Internal Candidates |
| 534. | 09/25/01 | D02183 | Background Check for Internal |

3

| 535. | 09/25/01 | D02184 | Candidates Background Check for Internal Candidates |
|---|---|---|---|
| 536. | 10/03/01 | D02185 | Background Check for Internal Candidates |
| 537. | 09/17/01 | D02186 | Background Check for Internal Candidates |
| 538. | 08/23/01 | D02187-D02188 | Rating Scale form |
| 539. | 10/02/01 | D02189 | Letter: from HR to Haggerty |
| 540. | 01/26/02 | D02190-D02191 | Job Opportunity Application: Locomotive Engineer Trainee |
| 541. | 08/14/01 | D02192-D02193 | Rating Scale form |
| 542. | 10/02/01 | D02194 | Letter: from Brown re Haggerty |
| 543. | 09/21/01 | D02195 | Background Check for Internal Candidates |
| 544. | 09/17/01 | D02196 | Letter: from HR to Haggerty |
| 545. | 08/23/01 | D02197-D02204 | Interview Rating Notes |
| 546. | 10/03/01 | D02205 | Background Check for Internal Candidates |
| 547. | 10/03/01 | D02206 | Background Check for Internal Candidates |
| 548. | 09/25/01 | D02207 | Background Check for Internal Candidates |
| 549. | 10/03/01 | D02208 | Background Check for Internal Candidates |
| 550. | 09/24/01 | D02209 | Letter: from HR to Jeff Ward |
| 551. | 01/26/02 | D02210-D02211 | Job Opportunity Application: Engineer |
| 552. | 08/13/01 | D02212 | Ward Resume |
| 553. | | D02213 | Letter: from Ward re interview |
| 554. | | D02214 | Background Check for Internal |

4

| | | | |
|---|---|---|---|
| | | Candidates | |
| 555. | 09/17/01 | D02215 | Letter: from HR to Ward |
| 556. | 08/23/01 | D02216 | Letter from Ward re interview |
| 557. | | D02217-D02224 | Interview Rating Notes |
| 558. | 10/05/01 | D02225 | Background Check for Internal Candidates |
| 559. | 09/25/01 | D02226 | Background Check for Internal Candidates |
| 560. | 10/05/01 | D02227 | Background Check for Internal Candidates |
| 561. | 10/04/01 | D02228 | Background Check for Internal Candidates |
| 562. | 09/25/01 | D02229-D02230 | Rating Scale form |
| 563. | 10/05/01 | D02231 | Letter: from HR to Caron |
| 564. | 01/26/02 | D02232-D02239 | Interview Rating Notes |
| 565. | 10/05/01 | D02240-D02241 | Rating Scale form |
| 566. | 10/05/01 | D02242-D02243 | Job Opportunity Application: Engineer Trainee |
| 567. | 08/14/01 | D02244 | Letter: from HR Sullivan |
| 568. | 02/01/02 | D02245 | Letter: from HR to Daniel Klitzing |
| 569. | 02/01/02 | D02246 | Personnel Action Request |
| 570. | 01/29/02 | D02247-D02248 | Job Opportunity Application: Locomotive Engineer Trainee |
| 571. | 10/10/01 | D02257 | Interview rating notes |
| 572. | 10/10/01 | D02258 | Interview rating notes |
| 573. | 09/17/01 | D02259 | Klitzing interview rating notes |
| 574. | 08/23/01 | D02260 | Interview rating notes |
| 575. | 10/10/01 | D02261 | Interview rating notes - page 1 |
| 576. | 10/10/01 | D02262 | Interview rating notes - page 2 |

5

| 577. | 10/10/01 | D02263 | Interview rating notes – page 1 | | |
|---|---|---|---|---|---|
| 578. | 10/10/01 | D02264 | Interview rating ntoes – page 2 | | |
| 579. | | D02249 | Klitzing Resume | | |
| 580. | 09/17/01 | D02250 | Background Check for Internal Candidates | | |
| 581. | 08/23/01 | D02251 | Letter: from HR to Klitzing | | |
| 582. | 09/21/01 | D02252 | Letter: from Brown re Klitzing | | |
| 583. | 09/25/01 | D02253 | Background Check for Internal Candidates | | |
| 584. | 10/10/01 | D02254 | Background Check for Internal Candidates | | |
| 585. | 09/25/01 | D02255 | Background Check for Internal Candidates | | |
| 586. | 10/10/01 | D02256 | Background Check for Internal Candidates | | |
| 587. | 10/10/01 | D02265-D02266 | Rating Scale form | | |
| 588. | | D02267 | "Not Selected, In Pool" | | |
| 589. | 01/25/02 | D02268 | Letter: from HR to Terry Province | | |
| 590. | 08/13/01 | D02269-D02270 | Job Opportunity Application | | |
| 591. | 08/09/01 | D02271 | Letter: from Terry Province | | |
| 592. | | D02272 | Province Resume | | |
| 593. | 08/02/01 | D02273 | CA DMV Information Request | | |
| 594. | 09/17/01 | D02274 | Background Check for Internal Candidates | | |
| 595. | 08/23/01 | D02275 | Letter: from HR to Province | | |
| 596. | 09/26/01 | D02276-D02281 | Interview Rating Notes | | |
| 597. | 09/25/01 | D02282 | Background Check for Internal Candidates | | |
| 598. | 09/26/01 | D02283 | Background Check for Internal Candidates | | |

6

| 599. | 09/25/01 | D02284 | Background Check for Internal Candidates | |
| 600. | 09/25/01 | D02285 | Background Check for Internal Candidates | |
| 601. | 09/26/01 | D02286-D02287 | Interview Rating Notes | |
| 602. | 09/26/01 | D02288-D02289 | Rating Scale form | |
| 603. | 01/26/02 | D02290 | Letter: from HR to Diana Booker | |
| 604. | 08/06/10 | D02291-D02292 | Job Opportunity Application: Engineer | |
| 605. | 08/06/01 | D02293 | Booker Resume Interview Rating Notes | |
| 606. | 10/12/01 | D02302 | Background Check for Internal Candidates | |
| 607. | 09/25/01 | D02303 | Background Check for Internal Candidates | |
| 608. | 10/12/01 | D02304 | Background Check for Internal Candidates | |
| 609. | 09/25/01 | D02305 | Background Check for Internal Candidates | |
| 610. | 09/17/01 | D02306 | Background Check for Internal Candidates | |
| 611. | 08/23/01 | D02307 | Letter: from HR to Diana Booker | |
| 612. | 10/12/01 | D02308-D02309 | Rating Scale form | |
| 613. | 08/01/01 | D02310 | Job Description | |
| 614. | 08/07/01 | D02311 | Letter: from Hobart to Amtrak | |
| 615. | 01/29/02 | D02313 | Personnel Action Request | |
| 616. | | D02313 | "OK" note | |
| 617. | 08/15/01 | D02314- | Job Opportunity Application: | |

7

| 618. | | D02315 | Locomotive Engineer Trainee | |
|------|---|--------|-----------------------------|---|
| 619. | 08/07/01 | D02316 | Letter: from Hobart to Amtrak | |
| | | D02317 | Hobart Resume | |
| 620. | 08/07/01 | D02318-D02319 | CA DMV Information Request | |
| 621. | 08/07/01 | D02320 | Medical Record for Vance Hobart | |
| 622. | 08/03/01 | D02321 | Letter: from Brown re Hobart | |
| 623. | 08/06/01 | D02322 | Letter from Keller re Hobart | |
| 624. | 08/08/01 | D02323 | Letter from Breed re Hobart | |
| 625. | 08/06/01 | D02324 | Letter from Keller re Hobart | |
| 626. | | D02325 | Hobart Resume | |
| 627. | 08/07/01 | D02326 | CA DMV Information Request | |
| 628. | 08/07/01 | D02327 | Medical Record for Vance Hobart | |
| 629. | | D02328 | Letter from Howard re Hobart | |
| 630. | 08/03/01 | D02329 | Letter from Brown re Hobart | |
| 631. | 08/06/01 | D02330 | Letter from Keller re Hobart | |
| 632. | 08/08/01 | D02331 | Letter: from Breed re Hobart | |
| 633. | 09/17/01 | D02332 | Background Check for Internal Candidates | |
| 634. | 08/23/01 | D02333 | Letter: from HR to Hobart | |
| 635. | 10/12/01 | D02334 | Background Check for Internal Candidates | |
| 636. | 09/25/01 | D02335 | Background Check for Internal Candidates | |
| 637. | 10/12/01 | D02336 | Background Check for Internal Candidates | |
| 638. | 09/25/01 | D02337 | Background Check for Internal Candidates | |
| 639. | 10/12/01 | D02338-D02345 | Interview Rating Notes | |
| 640. | 10/12/01 | D02346-D02347 | Rating Scale form | |

8

| 641. | 01/25/02 | D02348 | Letter: from HR to Amy Collier |
| 642. | 08/03/01 | D02349-D02350 | Job Opportunity Application: Locomotive Engineer Trainee |
| 643. | 08/07/01 | D02351 | Collier Resume |
| 644. | 09/17/01 | D02352 | Background Check for Internal Candidates Background Check for Internal Candidates |
| 645. | 08/23/01 | D02353 | Letter: from HR to Amy Collier |
| 646. | 10/17/01 | D02354-D02357 | Interview Rating Notes |
| 647. | 09/25/01 | D02358 | Background Check for Internal Candidates |
| 648. | 09/25/01 | D02359 | Background Check for Internal Candidates |
| 649. | 10/17/01 | D02360 | Background Check for Internal Candidates |
| 650. | 10/16/01 | D02361 | Background Check for Internal Candidates |
| 651. | 10/17/01 | D02362-D02365 | Interview Rating Notes |
| 652. | 10/17/01 | D02366-D02367 | Rating Scale form |
| 653. | 02/01/02 | D02368 | Letter: from HR to Hobart |
| 654. | 01/25/02 | D02369 | Letter: from HR to Donald Shelton |
| 655. | 08/15/01 | D02370-D02371 | Job Opportunity Application: Locomotive Engineer Trainee |
| 656. | 09/17/01 | D02372 | Background Check for Internal Candidates |
| 657. | | D02373-D02375 | Shelton Resume |
| 658. | 08/23/01 | D02376 | Letter: from HR to Shelton |
| 659. | 10/05/01 | D02377-D02382 | Interview Rating Notes |

9

| 660. | 10/05/01 | D02383 | Background Check for Internal Candidates | |
| 661. | 10/05/01 | D02384 | Background Check for Internal Candidates | |
| 662. | 09/25/01 | D02385 | Background Check for Internal Candidates | |
| 663. | 10/05/01 | D02386 | Background Check for Internal Candidates | |
| 664. | 10/05/01 | D02387-D02388 | Interview Rating Notes | |
| 665. | 10/05/01 | D02389-D02390 | Rating Scale form | |
| 666. | 01/25/02 | D02391 | Letter: from HR to Cindy Loeak | |
| 667. | 08/15/01 | D02392-D02393 | Job Opportunity Application: Locomotive Engineer | |
| 668. | | D02394 | Loeak Resume | |
| 669. | 09/17/01 | D02395 | Background Check for Internal Candidates | |
| 670. | 08/23/01 | D02396 | Letter: from HR to Cindy Loeak | |
| 671. | 10/12/01 | D02397-D02404 | Interview Rating Notesw | |
| 672. | 10/12/01 | D02405 | Background Check for Internal Candidates | |
| 673. | 09/25/01 | D02406 | Background Check for Internal Candidates | |
| 674. | 09/25/01 | D02407 | Background Check for Internal Candidates | |
| 675. | 10/12/01 | D02408 | Background Check for Internal Candidates | |
| 676. | 10/12/01 | D02409-D02410 | Rating Scale form | |
| 677. | 01/25/02 | D02411 | Letter: from HR to Fuentez | |
| 678. | 08/15/01 | D02412-D02413 | Job Opportunity Application | |

10

| | | | | |
|---|---|---|---|---|
| 679. | 09/26/01 | D02414 | Background Check for Internal Candidates | |
| 680. | 09/25/01 | D02415 | Background Check for Internal Candidates | |
| 681. | 09/25/01 | D02416 | Background Check for Internal Candidates | |
| 682. | 09/24/01 | D02417 | Background Check for Internal Candidates | |
| 683. | 09/26/01 | D02418-D02425 | Interview Rating Notes | |
| 684. | 09/17/01 | D02426 | Background Check for Internal Candidates | |
| 685. | 08/23/01 | D02427 | Letter: from HR to Fuentez | |
| 686. | 09/26/01 | D02428-D02429 | Rating Scale form | |
| 687. | 01/25/02 | D02430 | Letter: from HR to Coutinho | |
| 688. | 08/13/01 | D02431-D02342 | Job Opportunity Application: Locomotive Engineer | |
| 689. | 08/15/01 | D02433 | Letter: from Coutinho to Amtrak Personnel Dept. | |
| 690. | | D02434-D02435 | Coutinho Resume | |
| 691. | 12/16/99 | D02436 | Certificate of Achievement of Couinho | |
| 692. | 09/17/01 | D02437 | Background Check for Internal Candidates | |
| 693. | 08/23/01 | D02438 | Letter: from HR to Coutinho | |
| 694. | 09/25/01 | D02439 | Background Check for Internal Candidates | |
| 695. | 09/25/01 | D02440 | Background Check for Internal Candidates | |
| 696. | 09/26/01 | D02441 | Background Check for Internal Candidates | |
| 697. | 09/24/01 | D02442 | Background Check for Internal | |

11

| | | | | | Candidates | |
|---|---|---|---|---|---|---|
| 698. | 09/26/01 | D02443-D02450 | | | Interview Rating Notes | |
| 699. | 09/26/01 | D02451-D02452 | | | Rating Scale form | |
| 700. | 01/25/02 | D02453 | | | Letter: from HR to Latraverse | |
| 701. | 01/13/01 | D02454-D02455 | | | Job Opportunity Application: Locomotive Engineer Trainee | |
| 702. | | D02456-D02465 | | | Latraverse Resume Interview Rating Notes | |
| 703. | 05/15/01 | D02466 | | | Background Check for Internal Candidates | |
| 704. | 05/15/01 | D02467 | | | Waiver | |
| 705. | 09/17/01 | D02468 | | | Background Check for Internal Candidates | |
| 706. | 08/23/01 | D02469 | | | Letter: from HR to Latraverse | |
| 707. | 10/02/01 | D02470-D02471 | | | Rating Scale form | |
| 708. | 01/25/02 | D02472 | | | Letter: from HR to Campbell | |
| 709. | 08/14/01 | D02473-D02474 | | | Job Opportunity Application: Engineer | |
| 710. | 10/12/01 | D02476-D02483 | | | Interview Rating Notes | |
| 711. | 10/09/01 | D02484 | | | Email: from Peseau to Ho0 | |
| 712. | 09/24/01 | D02485 | | | Background Check for Internal Candidates | |
| 713. | 08/23/01 | D02486 | | | Letter: from HR to Campbell | |
| 714. | 10/12/01 | D02487-D02488 | | | Rating Scale form | |
| 715. | 01/25/02 | D02489 | | | Letter: from HR to Swanson | |
| 716. | 08/15/01 | D02490 | | | Job Opportunity Application: Locomotive Engineert | |
| 717. | 10/08/01 | D02491 | | | Background Check for Internal Candidates | |

12

| | | | |
|---|---|---|---|
| 718. | 09/17/01 | D02492 | Background Check for Internal Candidates |
| 719. | 08/23/01 | D02493 | Letter: from HR to Swanson |
| 720. | 09/17/01 | D02494 | Background Check for Internal Candidates |
| 721. | 10/17/01 | D02495-D02502 | Interview Rating Notes |
| 722. | 10/17/01 | D02503 | Rating Scale fomr |
| 723. | 08/01/01 | D02505 | Job Posting |
| 724. | 07/26/01 | D06818 | Letter: from HR to Duvall |
| 725. | 05/14/04 | D06819-D06821 | Job Opportunity Application: Passenger Engineer |
| 726. | 07/15/04 | D06822 | Personnel Action Request |
| 727. | | D06823-D06824 | Job Opportunity Application |
| 728. | 07/09/04 | D06825-D06833 | Locomotive Engineer Realistic Job Preview |
| 729. | 07/09/04 | D06834-D06853 | Locomotive Engineer Interview Booklet: Friend |
| 730. | 07/09/04 | D06854-D06873 | Locomotive Engineer Interview Booklet: Skinner |
| 731. | 07/08/04 | D06874-D06893 | Locomotive Engineer Interview Booklet: Venturelli |
| 732. | 07/08/04 | D06894-D06913 | Locomotive Engineer Interview Booklet: Prensser |
| 733. | 07/08/03 | D07011-D07030 | Locomotive Engineer Interview Booklet: Venturelli |
| 734. | 07/16/04 | D07264-D07265 | Letter: from HR to Rankin / State Driving Record Request |
| 735. | 07/13/04 | D07266 | State Driver Registry Check |
| 736. | | D07267-D07269 | Job Opportunity Application: Passenger Engineer-Trainee |
| 737. | | D07270-D07272 | Job Opportunity Application: Passenger Engineer Trainee |

13

| 738. | | D07273-D07274 | Rankin Resume | |
|------|------------|----------------|---------------|--|
| 739. | 07/08/04 | D07275-D07276 | Request/Consent for Information from Previous Employer on Alcohol & Controlled Substances Testing | |
| 740. | 07/08/04 | D07277-D07296 | Locomotive Engineer Interview Booklet: Follis | |
| 741. | 07/08/04 | D07297-D07316 | Locomotive Engineer Interview Booklet: Jaeger | |
| 742. | 07/08/04 | D07317-D07336 | Locomotive Engineer Interview Booklet: Skinner | |
| 743. | 07/08/04 | D07337-D07356 | Locomotive Engineer Interview Booklet: Rogers | |
| 744. | 07/08/04 | D07357-D07376 | Locomotive Engineer Interview Booklet: Venturelli | |
| 745. | 07/08/04 | D07377-D07385 | Locomotive Engineer Realistic Job Preview | |
| 746. | 01/25/02 | UTU 028 | Letter: from HR to Campbell | |
| 747. | | | **BLANK** | |
| 748. | 11/13/03 | D02947-D02948 | Plaintiff's Application # 2 (Job Requisition and Qualification Profile | |
| 749. | 11/13/03 | D02949 | Email: From Commer to Hanna | |
| 750. | 01/07/04 | D02950 | Offer Letter: from HR to Jason Garman | |
| 751. | 11/19/03 | D02951-D02952 | Garman Job Application for Passenger Engineer | |
| 752. | 12/23/03 | D02953-D02954 | Personnel Action Request | |
| 753. | 12/26/03 | D02955 | Authorization for Examination or Treatment | |
| 754. | 12/23/03 | D02956-D02957 | Transmission Verification Report | |

14

| | | | |
|---|---|---|---|
| 755. | | | Garman Resume |
| 756. | 12/26/03 | D02958-D02959 | |
| 757. | 12/18/03 | D02960 | Authorization for Examination or Treatment |
| 758. | 12/18/03 | D02961-D02969 | Locomotive Engineer Realistic Job Preview |
| 759. | 12/18/03 | D02970 | Email: from Hogan Assessment Systems to Amtrak |
| 760. | 12/16 | D02971-D02972 | Hogan Personality Inventory – Suitability Report: Garman |
| 761. | 12/15/03 | D02973 | "OK" note |
| 762. | 12/19/03 | D02974 | Background Check for Internal Candidates |
| 763. | 12/19/03 | D02975-D02994 | Locomotive Engineer Interview Booklet ; Shelton |
| 764. | 12/19/03 | D02995-D03014 | Locomotive Engineer Interview Booklet; Barnes |
| 765. | 12/19/03 | D03015-D03034 | Locomotive Engineer Interview Booklet; Collins |
| 766. | 01/07/03 | D03035-D03054 | Locomotive Engineer Interview Booklet; Ho |
| 767. | | D03055 | Offer Letter: from HR to Michael Poirier |
| 768. | 11/19/03 | D03056 | "OK" note |
| 769. | 11/17/03 | D03057-D03059 | Poirier Job Application: Passenger Engineer (2) |
| 770. | 12/23/03 | D03060 | Certified Mail Receipt (to Amtrak HR) |
| 771. | 01/06/04 | D03061-D03062 | Personnel Action Request |
| 772. | 12/24/03 | D03063 | Email: from Freeman to Ho |
| 773. | 12/23/07 | D03064 | Authorization for Examination or Treatment |
| | | D03065- | Transmission Verification |

15

| | | | Report | | |
|---|---|---|---|---|---|
| 774. | 12/16/03 | D03066 D03067 | Background Check for Internal Candidates | | |
| 775. | | D03068 | Job Application: Passenger Engineer (2) | | |
| 776. | | D03071- D03072 | Poirier Resume | | |
| 777. | 12/18/03 | D03074- D03076 | Hogan Personality Inventory – Suitability Report: Poirier | | |
| 778. | 12/18/03 | D03077- D03085 | Locomotive Engineer Realistic Job Preview | | |
| 779. | 12/19/03 | D03086- D03105 | Locomotive Engineer Interview Booklet; Barnes | | |
| 780. | 12/19/03 | D03106- D03125 | Locomotive Engineer Interview Booklet; Collins | | |
| 781. | 12/19/03 | D03126- D03145 | Locomotive Engineer Interview Booklet ; Shelton | | |
| 782. | 12/19/03 | D03146- D03165 | Locomotive Engineer Interview Booklet ; Ho | | |
| 783. | 01/29/04 | D03166 | Vacancy Assignments | | |
| 784. | 01/29/04 | D03167 | Closed Union Vacancies | | |
| 785. | 11/14/03 | D03168- D03169 | Passenger Engineer Posting | | |
| 786. | | D03170- D03172 | Lopez Resume | | |
| 787. | | D03173- D03181 | Remsen Resume | | |
| 788. | 11/19/03 | D03182- D03185 | Campbell Resume | | |
| 789. | | D03186 | Cassity Resume | | |
| 790. | | D03187- D03188 | Watson Resume | | |
| 791. | 11/18/03 | D03189- D03191 | Email: from Bass to Ho; Thomas Resume | | |

16

| 792. | | D03192-D03193 | Camp Resume |
|------|------|------|------|
| 793. | | D03194-D03196 | Castenada Resume |
| 794. | | D03197-D03198 | Putnam Resume |
| 795. | | D03199-D03200 | Knudsen Resume |
| 796. | 01/13/04 | D03203 | Letter: from HR to Christopher Clipper |
| 797. | 12/18/03 | D03204 | Clipper Job Application: Locomotive Engineer |
| 798. | 12/19/03 | D03206-D03207 | Request/Consent for Information from Previous Employer on Alcohol & Controlled Substances Testing |
| 799. | 11/18/03 | D03208 | Letter: from Clipper to Amtrak |
| 800. | | D03209 | Clipper Resume |
| 801. | | D03210 | "On Hold – OK" Note |
| 802. | 12/15/03 | D03211 | Background Check for Internal Candidates |
| 803. | 11/18/03 | D03212 | Letter: from Clipper to Amtrak |
| 804. | | D03213-D03214 | Clipper Resume |
| 805. | 11/19/03 | D03215 | Fax Cover Sheet from Clipper to Amtrak |
| 806. | 12/18/03 | D03216 | Email: from Hogan Assessment Systems to Amtrak |
| 807. | 12/18/03 | D03217-D03227 | Hogan Personality Inventory – Suitability Report: Clipper |
| 808. | 12/19/03 | D03228-D03247 | Locomotive Engineer Interview Booklet ; Ho |
| 809. | 12/19/03 | D03248-D03267 | Locomotive Engineer Interview Booklet ; Shelton |

17

| No. | Date | Bates | Description |
|---|---|---|---|
| 810. | 12/19/03 | D03268-D03287 | Locomotive Engineer Interview Booklet ; Barnes |
| 811. | 12/19/03 | D03288-D03307 | Locomotive Engineer Interview Booklet ; Collins |
| 812. | 01/13/04 | D03308 | Letter: From HR to Debrice Gallo |
| 813. | 11/21/03 | D03309-D03310 | Job Application: Passenger Engineer |
| 814. | | D03311 | "D/Q Rules Violation" note |
| 815. | 12/19/03 | D03312-D03313 | Request/Consent for Information from Previous Employer on Alcohol & Controlled Substances Testing |
| 816. | 12/16/03 | D03314 | Background Check for Internal Candidates |
| 817. | 12/18/03 | D03315-D03323 | Job Preview |
| 818. | 12/18/03 | D03324 | Email: from Hogan Assessment Systems to Amtrak |
| 819. | 12/18/03 | D03325-D03326 | Hogan Personality Inventory – Suitability Report: Gallo |
| 820. | 12/19/03 | D03327-D03346 | Locomotive Engineer Interview Booklet ; Barnes |
| 821. | 12/19/03 | D03347-D03366 | Locomotive Engineer Interview Booklet ; Collins |
| 822. | 12/19/03 | D03367-D03386 | Locomotive Engineer Interview Booklet ; Shelton |
| 823. | 12/19/03 | D03387-D03406 | Locomotive Engineer Interview Booklet ; |
| 824. | 01/13/07 | D03407 | Letter: from HR to Wesley Duvall |
| 825. | | D03408- | Withdrew |
| 826. | 11/20/03 | D03409-D03411 | Job Application: Passenger Engineer |

18

| | | |
|---|---|---|
| 827. | 11/20/03 | D03412 | Duvall Resume |
| 828. | 11/20/03 | D03413 | Letter: from Duvall |
| 829. | 11/20/03 | D03414 | Letter: From Duvall to Ho |
| 830. | | D03415 | "OK" note |
| 831. | 12/15/03 | D03416 | Background Check for Internal Candidates |
| 832. | | D03417-D03418 | Duvall Resume |
| 833. | | D03419-D03421 | Job Application: Passenger Engineer |
| 834. | 12/18/03 | D03422-D03424 | Email: from Hogan Assessment Systems to Amtrak; Hogan Personality Inventory – Suitability Report:Duvall |
| 835. | 12/18/03 | D03425-D03433 | Job Preview |
| 836. | 12/19/03 | D03434-D03453 | Locomotive Engineer Interview Booklet ; Shelton |
| 837. | 12/19/03 | D03454-D03473 | Locomotive Engineer Interview Booklet ; Collins |
| 838. | 12/19/03 | D03474-D03493 | Locomotive Engineer Interview Booklet ; Banres |
| 839. | 12/19/03 | D03494-D03513 | Locomotive Engineer Interview Booklet ; Ho |
| 840. | 01/13/04 | D03514-D03415 | Letter: from HR to Frank Latraverse |
| 841. | 11/21/03 | D03516-D03517 | Job Application: Locomotive Engineer |
| 842. | 12/19/03 | D03518 | Request/Consent for Information from Previous Employer on Alcohol & Controlled Substances Testing |
| 843. | 12/18/03 | D03520-D03522 | Email: from Hogan Assessment Systems to Amtrak; Hogan |

19

| | | | Personality Inventory – Suitability Report: Latraverse | | |
|---|---|---|---|---|---|
| 844. | 12/18/03 | D03523-D03531 | Job Preview | | |
| 845. | | D03532 | "OK" note | | |
| 846. | 12/15/03 | D03533 | Background Check for Internal Candidates | | |
| 847. | | D03534 | Latraverse Resume | | |
| 848. | 12/19/03 | D03535-D03554 | Locomotive Engineer Interview Booklet ; Shelton | | |
| 849. | 12/19/03 | D03555-D03574 | Locomotive Engineer Interview Booklet ; Barnes | | |
| 850. | 12/19/03 | D03575-D03594 | Locomotive Engineer Interview Booklet ; Collins | | |
| 851. | 12/19/03 | D03595-D03614 | Locomotive Engineer Interview Booklet ; Ho | | |
| 852. | 01/13/04 | D03615 | Letter: From HR to Douglas Webb | | |
| 853. | | D03616 | "No JOA" Note | | |
| 854. | | D03617-D03618 | Webb Resume with cover letter | | |
| 855. | 01/13/04 | D03619 | Letter: from HR to Tom McGrath | | |
| 856. | | D03620 | "D/Q " Note | | |
| 857. | 11/17/03 | D03621-D03322 | Job Application: Passenger Engineer | | |
| 858. | 12/15/03 | D03623 | Background Check for Internal Candidates | | |
| 859. | 12/04/03 | D03624-D03625 | Job Application: Passenger Engineer | | |
| 860. | | D03626 | McGrath Engineer | | |
| 861. | 01/13/04 | D03627 | Letter: from HR to Collier | | |
| 862. | | D03628 | Job Application: Passenger Engineer | | |

20

| | | | |
|---|---|---|---|
| 863. | | D03630-D03631 | Collier Resume |
| 864. | | D03632 | "D/Q" note |
| 865. | 12/16/03 | D03633 | Background Check for Internal Candidates |
| 866. | 01/13/04 | D03634 | Letter: from HR to Michael Yacovetti |
| 867. | 11/20/03 | D03635-D03636 | Job Application: Passenger Engineer |
| 868. | | D03637D03638 | Yacovetti Resume |
| 869. | 11/20/03 | D03639-D03643 | Fax Transmit Sheet with application, cover letter and resume |
| 870. | 11/20/03 | D03644 | Facsimile Transmittal Sheet |
| 871. | | D03645 | "D/Q" note |
| 872. | 12/15/03 | D03646 | Background Check for Internal Candidates |
| 873. | 01/13/04 | D03647 | Letter: from HR to Manuel Lucero |
| 874. | | D03648 | "1 Yr Conductor?" note |
| 875. | 11/24/03 | D03649-D03650 | Job Application: Locomotive Engineer |
| 876. | | D03651 | Lucero Resume |
| 877. | 11/20/03 | D03652-D03653 | Job Application: Locomotive Engineer |
| 878. | 01/13/04 | D03654-D03655 | Letter: from HR to Michael Garrett |
| 879. | 11/18/03 | D03656-D03657 | Job Application: Passenger Engineer |
| 880. | 11/18/03 | D03658-D03659 | Job Application: Passenger Engineer |
| 881. | 01/13/04 | D03360 | Letter: from HR to George Solomine |
| 882. | | D03661 | "OK" note |

21

| No. | Date | Bates | Description |
|---|---|---|---|
| 883. | 11/24/03 | D03662-D03663 | Job Application: Engineer |
| 884. | 12/18/03 | D03665-D03676 | Job Preview |
| 885. | | D03664 | Solimine Resume |
| 886. | 12/18/03 | D03674-D03676 | Email: from Hogan Assessment Systems to Amtrak; Hogan Personality Inventory – Suitability Report: Solimine |
| 887. | 12/16/03 | D03677 | Background Check for Internal Candidates |
| 888. | 01/13/04 | D03678 | Letter: from HR to Mark Holdridge |
| 889. | | D03679 | "No JOA" note |
| 890. | | D03680-D03681 | Holdridge Resume |
| 891. | 01/13/04 | D03682 | Letter: from HR to John Darvey |
| 892. | 11/20/03 | D03683-D03684 | Job Application: Engineer |
| 893. | | D03685 | Darey Resume |
| 894. | 07/16/03 | D03686 | Letter: from Bradley re Darey |
| 895. | 08/25/03 | D03687 | Letter: from Darey |
| 896. | 01/13/04 | D03688 | Letter: from HR to Akilah Burris |
| 897. | 11/19/03 | D03689-D03690 | Job Application: Passenger Engineer |
| 898. | | D03691-D03692 | Burris Resume |
| 899. | 11/19/03 | D03693-D03694 | Job Application: Passenger Engineer |
| 900. | 12/02/03 | D03695-D03696 | Job Application: Passenger Engineer |
| 901. | 12/02/031 | D03697-D03698 | Job Application: Passenger Engineer |
| 902. | 12/17/03 | D03699- | Background Check for Internal |

22

| | | | | |
|---|---|---|---|---|
| 903. | 11/21/03 | D03701 | Candidates | |
| | | D03702-D03705 | Job Application: Engineer | |
| 904. | 12/16/03 | D03706D03707 | Transmission Verification Report | |
| 905. | 12/12/03 | D03708-D03711 | Background Check for Internal Candidates | |
| 906. | 12/18/03 | D03712 | Amtrak HPI Test Processing Sheet – Locomotive Engineers | |
| 907. | | D03713-D03714 | Hogan Personality Inventory: Chris Clipper | |
| 908. | | D03715-D03716 | Hogan Personality Inventory: Jason Garman | |
| 909. | | D03717-D03718 | Hogan Personality Inventory: Debrice Gallo | |
| 910. | | D03719-D03720 | Hogan Personality Inventory: Wesley Duvall | |
| 911. | | D03721-D03722 | Hogan Personality Inventory: George Solimine | |
| 912. | | D03723-D03724 | Hogan Personality Inventory: Michael Poirier | |
| 913. | | D03725-D03726 | Hogan Personality Inventory: Frank Latraverse | |
| 914. | 12/18/03 | D03727 | Transmission Verification Report | |
| 915. | 5/10/04 | D08847 | Job Requisition and Qualification Profile Job 50178956 | |
| 916. | 7/26/04 | D09014 | Letter of Promotion from HR to Brice Carroll | |
| 917. | 7/09/04 | D09020-D09028 | Job Preview Introduction for B. Carroll | |
| 918. | 7/09/04 | D09029-D09048 | Locomotive Engineer Interview Booklet for Carroll:  Skinner | |

23

| 919. | 7/09/04 | D09049-D09068 | Locomotive Engineer Interview Booklet for Carroll: Preusser | | |
| 920. | 7/09/04 | D09069-D09088 | Locomotive Engineer Interview Booklet for Carroll: Venturelli | | |
| 921. | 7/09/04 | D09109-D09128 | Locomotive Engineer Interview Booklet for Carroll: Rogers | | |
| 922. | 7/09/04 | D09129-D09148 | Locomotive Engineer Interview Booklet for Carroll: Friend | | |
| 923. | 7/07/04 | D08892-D08911 | Locomotive Engineer Interview Booklet for Hansen: Skinner | | |
| 924. | 6/08/04 | D08839 | Background Check for Internal Candidates | | |
| 925. | 7/26/04 | D08855 | Letter of Promotion from HR to John Hansen | | |
| 926. | | D08932 | Locomotive Engineer Interview Booklet for Hansen | | |
| 927. | 7/07/04 | D08992-D09011 | Locomotive Engineer Interview Booklet for P. Duncan | | |
| 928. | 7/07/04 | D08972-D08991 | Locomotive Engineer Interview Booklet for P. Duncan: Venturelli | | |
| 929. | 7/07/04 | D08952-D08971 | Locomotive Engineer Interview Booklet for P. Duncan: Skinner | | |
| 930. | 7/26/04 | D07416 | Letter of Promotion from HR to P. Duncan | | |
| 931. | 6/08/04 | D08837 | Background Check for Internal Candidates for P. Duncan | | |
| 932. | 07/16/04 | D07433 | Letter: from HR to Debrice Gallo | | |
| 933. | 05/14/04 | D07435-D07436 | Job Opportunity Application | | |
| 934. | 05/14/04 | D07437 | Note from Debrice Gallo | | |
| 935. | 07/07/04 | D07440-D07448 | Locomotive Engineer Realistic Job Preview | | |

24

| 936. | 07/07/04 | D07449-D07468 | Locomotive Engineer Interview Booklet 2003: Preusser |  |
| 937. | 07/07/04 | D07469-D07488 | Locomotive Engineer Interview Booklet 2003: Rogers |  |
| 938. | 07/07/04 | D07489-D07508 | Locomotive Engineer Interview Booklet 2003: Jaeger |  |
| 939. | 07/7/04 | D07509-D07528 | Locomotive Engineer Interview Booklet 2003: Skinner |  |
| 940. | 07/07/04 | D07529-D07548 | Locomotive Engineer Interview Booklet 2003 |  |
| 941. | 07/07/04 | D07549-D05775 | Locomotive Engineer Realistic Job Preview |  |
| 942. | 05/16/04 | D07630-D07631 | Job Opportunity Application |  |
| 943. | 7/16/04 | D07634 | Letter of Denial to Shawn Teller re: application |  |
| 944. | 12/08/07 | D07635 | State Driving Record Request for Shawn A. Teller |  |
| 945. | 12/08/07 | D07636 | National Driver Registry Check for Shawn A. Teller |  |
| 946. | | D07637-307638 | Resume of Shawn Teller |  |
| 947. | 5/16/04 | D07639-D07640 | Job Application for Shaw A. Teller |  |
| 948. | 7/07/04 | D07641-D07660 | Locomotive Engineer Interview Booklet for Shawn Teller: Martin Jaeger |  |
| 949. | 7/07/04 | D07661-D07680 | Locomotive Engineer Interview Booklet: Chad Skinner |  |
| 950. | 7/07/04 | D07681-D07700 | Locomotive Engineer Interview Booklet: Susan Venturelli |  |
| 951. | 7/07/04 | D07701 | Locomotive Engineer Interview Booklet: Preusser |  |
| 952. | 7/07/04 | D07721- | Locomotive Engineer Interview |  |

25

| | | | |
|---|---|---|---|
| 953. | | D07720 | Booklet: Billy Rogers |
| | | D07741-D07749 | Job Preview Introduction |
| 954. | | D07750-D07758 | Job Preview Introduction for S. Teller |
| 955. | 5/13/04 | D07759-D07760 | Job Application for Chad M. Scanlon |
| 956. | | D07761 | Cover Letter of Resume for Chad Scanlon |
| 957. | 7/09/? | D08152 | Interview Appointment Sheet for Engineer Trainees: S. Venturelli |
| 958. | | D08153 | Job Application for Michael Steven Hand |
| 959. | | D08155-D08157 | Cover Letter of Resume for Michael S. Hand |
| 960. | | D08158-D08159 | Request for Information from Previous Employer on Alcohol & Controlled Substances Testing for Michael S. Hand |
| 961. | | D08160 | State Driving Record Request for Steven M. Hand |
| 962. | | D08161 | National Driver Registry Check for Steven M. Hand |
| 963. | 7/09/04 | D08162-D08181 | Locomotive Engineer Interview Booklet for Hand: Earl Friend III |
| 964. | 7/09/04 | D08182-D08190 | Job Preview Introduction for Hand |
| 965. | 7/09/04 | D08191-D08210 | Locomotive Engineer Interview Booklet for Hand: Chad Skinner |
| 966. | | D08211-D08230 | Locomotive Engineer Interview Booklet for Hand |
| 967. | | D08231-D08250 | Locomotive Engineer Interview Booklet for Hand: Preusser |
| 968. | 7/16/04 | D08325 | Letter of Denial from HR to |

26

| | | | John Manley (vacancy # 50178956) | | |
|---|---|---|---|---|---|
| 969. | 7/16/04 | D08326 | Letter of Denial from HR to John Manley (vacancy # 50178952) | | |
| 970. | 7/16/04 | D08327 | Letter of Denial from HR to John Manley (vacancy # 50178959) | | |
| 971. | 5/13/04 | D08328-D08329 | Job Application for John Manley | | |
| 972. | | D08330-D08333 | Request/Consent for Information from Previous Employer on Alcohol & Controlled Substances Testing / Resume of John Lawrence Manley | | |
| 973. | | D08334 | Work History of John Lawrence Manley | | |
| 974. | 7/09/04 | D08335-D08343 | Job Preview Introduction for J. Manley | | |
| 975. | 7/09/04 | D08344-D08363 | Locomotive Engineer Interview Booklet for J. Manley: Chad Skinner | | |
| 976. | 7/09/04 | D08364-D08383 | Locomotive Engineer Interview Booklet for J. Manley: Billy P. Rogers | | |
| 977. | 7/9/04 | D08384-D08403 | Locomotive Engineer Interview Booklet for J. Manley: Bill Rogers | | |
| 978. | 7/09/04 | D08404-D08423 | Locomotive Engineer Interview Booklet for J. Manley: Earl Friend | | |
| 979. | 7/09/04 | D08424-D08443 | Locomotive Engineer Interview Booklet for J. Manley: Preusser | | |
| 980. | 7/09/04 | D08444- | Locomotive Engineer Interview | | |

| No. | Date | Bates | Description |
|---|---|---|---|
| 981. | | D08463 | Booklet for J. Manley: Susan Venturelli |
| 982. | 5/16/04 | D08464 | Letter of Denial from HR to McGrath |
| 983. | 7/09/04 | D08465-D08466 | Job Application for Tom McGrath |
| 984. | 7/09/04 | D08467-D08475 | Job Preview Introduction for McGrath |
| 985. | 7/09/04 | D08476-D08495 | Locomotive Engineer Interview Booklet for McGrath: Earl Friend |
| 986. | 7/09/04 | D08496-D08515 | Locomotive Engineer Interview Booklet: Preusser |
| 987. | 7/09/04 | D08516-D08535 | Locomotive Engineer Interview Booklet: Skinner |
| 988. | 7/09/04 | D08536-D08555 | Locomotive Engineer Interview Booklet: Venturelli |
| 989. | 5/17/04 | D08556-D08658 | Letter of Denial from HR to Michael Garrett |
| 990. | 7/09/04 | D08557-D08557 | Job Application for Michael Garrett |
| 991. | 7/09/04 | D08559-D08578 | Locomotive Engineer Interview Booklet for Garrett: Skinner |
| 992. | 7/08/04 | D08579-D08598 | Locomotive Engineer Interview Booklet for Garrett: Venturelli |
| 993. | 7/09/04 | D08599-D08618 | Locomotive Engineer Interview Booklet for Garrett: Preusser |
| 994. | 7/09/04 | D08619-D08638 | Locomotive Engineer Interview Booklet for Garrett |
| 995. | 7/16/04 | D08639-D08658 | Locomotive Engineer Interview Booklet for Garrett: Friend |
| 996. | 5/17/04 | D08659 | Letter of Denial from HR to John Campbell |
| | | D08660- | Job Application for John |

28

| | | | | |
|---|---|---|---|---|
| 997. | 7/09/04 | D08661 | Campbell | |
| | | D08662-<br>D08664 | National Driver Registry Check<br>for John Campbell | |
| 998. | 7/07/04 | D08665-<br>D08666 | Request/Consent for Information<br>from Previous Employer on<br>Alcohol & Controlled<br>Substances Testing for John<br>Campbell | |
| 999. | 7/07/04 | D08667-<br>D08675 | Job Preview Introduction for J.<br>Campbell | |
| 1000. | 7/08/04 | D08676-<br>D08695 | Locomotive Engineer Interview<br>Booklet for J. Campbell:  Larry<br>C. Follis | |
| 1001. | 7/08/04 | D08696-<br>D08715 | Locomotive Engineer Interview<br>Booklet for J. Campbell:<br>Skinner | |
| 1002. | 7/08/04 | D08716-<br>D08735 | Locomotive Engineer Interview<br>Booklet for J. Campbell:<br>Venturelli | |
| 1003. | 7/16/04 | D08736 | Letter of Denial from HR to<br>Bryan Tavares | |
| 1004. | 7/08/04 | D08737 | Interview Appointment Sheet: S.<br>Venturelli | |
| 1005. | 5/17/04 | D08738-<br>D08739 | Job Application for Bryan<br>Tavares | |
| 1006. | | D08740 | Request/Consent for Information<br>from Previous Employer on<br>alcohol & Controlled Substances<br>Testing | |
| 1007. | 7/08/04 | D08742-<br>D08750 | Job Preview Introduction for B.<br>Tavares | |
| 1008. | 7/08/04 | D08751-<br>D08770 | Locomotive Engineer Interview<br>Booklet for B. Tavares:  Skinner | |
| 1009. | 7/08/04 | D08771- | Locomotive Engineer Interview | |

29

|  |  | D08790 | Booklet for B. Tavares: Venturelli |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|
| 1010. | 7/08/04 | D08791-D08810 | Locomotive Engineer Interview Booklet for B. Tavares: Follis |  |  |  |  |  |  |
| 1011. | 7/26/04 | D07416 | Letter of Promotion from HR to Patrick Duncan |  |  |  |  |  |  |
| 1012. | 7/14/04 | D07417 | Personnel Action Request for Patrick Duncan |  |  |  |  |  |  |
| 1013. |  | D07418-D07420 | Job Application for Patrick Duncan |  |  |  |  |  |  |
| 1014. |  | D07424-D07432 | Job Preview Introduction for P. Duncan |  |  |  |  |  |  |
| 1015. |  |  |  |  |  |  |  |  |  |
| 1016. | 7/07/04 | D08892-D08911 | Locomotive Engineer Interview Booklet for Hansen: Skinner |  |  |  |  |  |  |
| 1017. | 07/26/04 | D08855 | Letter: from HR to John Hansen |  |  |  |  |  |  |
| 1018. |  | D08932-D08950 | Locomotive Engineer Interview Booklet |  |  |  |  |  |  |
| 1019. | 07/07/04 | D08992-D09011 | Locomotive Engineer Interview Booklet: Preusser |  |  |  |  |  |  |
| 1020. | 07/07/04 | D08972-D08991 | Locomotive Engineer Interview Booklet: Venturelli |  |  |  |  |  |  |
| 1021. | 07/07/04 | D08952-D08971 | Locomotive Engineer Interview Booklet: Skinner |  |  |  |  |  |  |
| 1022. | 07/26/04 | D07416 | Letter: from HR to Duncan |  |  |  |  |  |  |
| 1023. | 06/08/04 | D08837 | Background Check for Internal Candidates |  |  |  |  |  |  |
| 1024. | 07/26/04 | D09014 | Letter: from HR to Brice Carroll |  |  |  |  |  |  |
| 1025. | 07/09/07 | D09020-D09028 | Locomotive Engineer Realistic Job Preview |  |  |  |  |  |  |
| 1026. | 07/09/04 | D09029-D09048 | Locomotive Engineer Interview Booklet: Skinner |  |  |  |  |  |  |
| 1027. | 07/07/04 | D09049-D09068 | Locomotive Engineer Interview Booklet: Preusser |  |  |  |  |  |  |

30

| | | | |
|---|---|---|---|
| 1028. | 07/09/04 | D09069-D09088 | Locomotive Engineer Interview Booklet: Venturelli |
| 1029. | 07/09/04 | D09089-D09108 | Locomotive Engineer Interview Booklet: Jaeger |
| 1030. | 07/09/04 | D09109-D09128 | Locomotive Engineer Interview Booklet: Rogers |
| 1031. | 07/09/04 | D09129-D09148 | Locomotive Engineer Interview Booklet: Friend |
| 1032. | | | Photographs of location where 2004 "brake cutout" incident took place |
| 1033. | | | Track diagram(s) of old switching yard layout |
| 1034. | | | Chart/compilation depicting Applicants, Applicants Interviewed, and Applicants Selected – job posting #50131788 |
| 1035. | | | Chart/compilation depicting Applicants, Applicants Interviewed, and Applicants Selected – job posting #50173583 |
| 1036. | | | Chart/compilation depicting Applicants, Applicants Interviewed, and Applicants Selected – job posting #50178956 |
| 1037. | | | Specification sheets of F59 Locomotive Engine |
| 1038. | 01/15/07 | D021246 – D021388 | National Railroad Passenger Corporation AMT-3 "Air Brake and Train Handling Rules and Instructions" |

31

| | | | |
|---|---|---|---|
| 1039. | 12/10/2007 | D021389 – D021420 | SOFA Report |
| 1040. | 06/16/1984 | D10322 | Employee Profile |
| 1041. | 08/27/1984 | UP 014 | Application Employment |
| 1042. | 11/16/1984 | UP 013 | Letter |
| 1043. | 05/05/1985 | UP 012 | Signature Page |
| 1044. | 09/03/1985 | UP 011 | Employee Released Account Reduction in Force |
| 1045. | 10/16/1986 | UP 010 | Personal Record Memorandum |
| 1046. | 12/15/1987 | UP 008 – UP 009 | SPTC Safety Reports |
| 1047. | 02/04/1988 | UP 007 | SPTC Safety Reports |
| 1048. | 04/09/1991 | UP 006 | SPTC Safety Reports |
| 1049. | 08/29/1991 | UP 004 | Service Record |
| 1050. | 10/17/1991 | UP 005 | SPTC Safety Reports |
| 1051. | 06/13/2007 | | Background Check Information and Documentation |
| 1052. | 08/06/1998 | D10286 | Job History |
| 1053. | 09/01/1998 | D10282 – D10285 | Application for Employment |
| 1054. | 09/16/1998 | D10289 | Authorization for Examination or Treatment |
| 1055. | 09/25/1998 | D10276 – D10277 | Letter |
| 1056. | 09/30/1998 | D10317 – D10318 | Personnel Action Request |
| 1057. | 09/30/1998 | D10278 – D10281 | Employee Information Form |
| 1058. | 09/30/1998 | D10292 | Acknowledgment of Receipt of Amtrak Standards of Excellence |
| 1059. | 09/30/1998 | D10275 | New-Hire Checklist – Agreement-Covered Position |
| 1060. | 09/30/1998 | D10288 | W-4 |
| 1061. | 09/30/1998 | D10290 – | US Savings Bond Inscription |

32

| | | | | |
|---|---|---|---|---|
| 1062. | 05/26/1999 | D10291 D10315 – D10316 | Personnel Action Request | |
| 1063. | 07/19/1998 | UTU 019 | Memo | |
| 1064. | 08/06/1999 | UTU 063 | E-Mail | |
| 1065. | 08/09/1999 | UTU 064 | E-Mail | |
| 1066. | 08/20/1999 | D10313 – D10314 | Personnel Action Request | |
| 1067. | 09/15/1999 | UTU 018 | E-Mail | |
| 1068. | 12/24/1999 | UTU 001 | Letter | |
| 1069. | 12/24/1999 | UTU 053 – UTU 054 | Time Tickets | |
| 1070. | 12/24/1999 | UTU 052 | NRPC T & E Adjustment (Shortage) Form | |
| 1071. | 12/24/1999 | UTU 051 | Letter | |
| 1072. | 03/24/2000 | UTU 049 | Letter | |
| 1073. | 03/24/2000 | UTU 055 – UTU 056 | Joint Submission | |
| 1074. | 03/25/2000 | UTU 120 – UTU121 | E-Mail | |
| 1075. | 03/26/2000 | UTU 119 | E-Mail | |
| 1076. | 03/29/2000 | D10494 – D10495 | Letter | |
| 1077. | 04/05/2000 | UTU 117 – UTU 118 | Notice of Formal Investigation | |
| 1078. | 04/05/2000 | D10505 – D10507 | Notice of Formal Investigation | |
| 1079. | 04/08/2000 | UTU 046 – UTU 048 | Letter | |
| 1080. | 04/12/2000 | D10320 | Waiver of Right to Formal Investigation | |
| 1081. | 04/13/2000 | D10319 | NRPD Employee Discipline Input form | |
| 1082. | 06/26/2000 | UTU 061 | Letter | |

33

| | | | |
|---|---|---|---|
| 1083. | 07/06/2000 | UTU 022-<br>UTU 023 | Letter |
| 1084. | 09/23/2000 | UTU 024-<br>UTU 025 | E-Mail |
| 1085. | 01/14/2001 | UTU 104 | Letter |
| 1086. | 01/18/2001 | UTU 094 –<br>UTU 096 | Letter |
| 1087. | 01/19/2001 | UTU 098 –<br>UTU 099 | Letter |
| 1088. | 01/21/2001 | UTU 113 –<br>UTU 114 | Letter |
| 1089. | 02/02/2001 | UTU 115 | Letter |
| 1090. | 02/09/2001 | UTU 066 | Letter |
| 1091. | 02/09/2001 | UTU 068 –<br>UTU 071 | Letter |
| 1092. | 02/16/2001 | UTU 101 –<br>UTU 102 | Letter |
| 1093. | 02/22/2001 | UTU 041 –<br>UTU 043 | Letter |
| 1094. | 02/28/2001 | UTU 116 | Hand-written note |
| 1095. | 03/06/2001 | UTU 091 | Letter |
| 1096. | 04/06/2001 | UTU 080 &<br>UTU 082 | Letter |
| 1097. | 04/06/2001 | UTU 073 | Train & Engine Service Claim |
| 1098. | 04/11/2001 | UTU 037 –<br>UTU 038 | Letter |
| 1099. | 04/12/2001 | UTU 074 –<br>UTU 079 | Letter |
| 1100. | 04/15/2001 | UTU 083 –<br>UTU 087 | Letter |
| 1101. | 04/24/2001 | UTU 032 –<br>UTU 034 | Letter |
| 1102. | 05/17/2001 | D10818 | Attendance report |
| 1103. | 06/08/2001 | UTU 089 | NRPC T & E Time Adjustment |

34

| | | | |
|---|---|---|---|
| 1104. | 07/26/2001 | D10480 – D10483 | (Shortage) Form<br>Amtrak Employee Information Form |
| 1105. | 08/17/2001 | UTU 090 | NRPC T & E Time Adjustment (Shortage) Form |
| 1106. | 08/22/2001 | D10484 – D10486 | Amtrak Employee Efficiency and Safety Test Report – Form 1872 |
| 1107. | 08/26/2001 | UTU 015 | Letter |
| 1108. | 09/20/2001 | D10496 | Hand-written note |
| 1109. | 10/08/2001 | D10497 | Background Check for Internal Candidates |
| 1110. | 10/26/2001 | UTU 026 | Hand-Written note |
| 1111. | 12/29/2001 | UTU 027 | Application for UTU Optional Displacement |
| 1112. | 01/10/2002 | D09758 | Claim / Appeal |
| 1113. | 01/10/2002 | D09674 – D09675 | Hand-written note |
| 1114. | 01/10/2002 | D09723 – D09733 | Hand-written notes |
| 1115. | 01/10/2001 | UTU 166 | Hand-written note |
| 1116. | 01/10/2002 | UTU 167 | Hand-written note |
| 1117. | 01/10/2002 | UTU 168 | Hand-written note |
| 1118. | 01/11/2002 | UTU029 | Train & Engine Service Claim |
| 1119. | 01/12/2002 | UTU 030 | Train & Engine Service Claim |
| 1120. | 01/14/2001 | UTU 126 – UTU 128 | Letter with claim form |
| 1121. | 01/17/2002 | D09671 – D09673 | Notice of Formal Investigation |
| 1122. | 01/17/2002 | UTU 148 – UTU 149 | Notice of Formal Investigation |
| 1123. | 01/25/2002 | UTU 028 | Letter |
| 1124. | 02/12/2002 | UTU 175 | Letter |
| 1125. | 02/22/2002 | UTU 152 – | E-Mail |

35

| 1126. | 02/23/2002 | UTU 153 | Letter | |
| 1127. | 03/14/2002 | UTU 156 | Railroad track photographs | |
| 1128. | 03/15/2002 | UTU 178-183 | Photographs | |
| 1129. | 03/15/2002 | D09676 – D09681 | Transcript of Campbell Investigation | |
| 1130. | 03/28/2002 | D09567 – D09669 | Amtrak Decision Letter | |
| 1131. | 03/28/2002 | D10306 – D10307 | NRPC Employee Discipline Input Form | |
| 1132. | 04/01/2002 | D10305 | Letter | |
| 1133. | 04/01/2002 | D09734 & UTU 187 | Letter | |
| 1134. | 04/03/2002 | UTU 044 | Amtrak Personnel Action Request | |
| 1135. | 04/08/2002 | D10309 | Employee's Brief | |
| 1136. | 04/12/2002 | D09735 – D09757 | Amtrak Personnel Action Request | |
| 1137. | 04/12/2002 | D10304 | Letter | |
| 1138. | 04/17/2002 | D09688- - D09689 | Letter | |
| 1139. | 06/04/2002 | UTU 100 – D09690 – D09691 | Statement of Facts | |
| 1140. | 06/05/2002 | D10489 | Employee Deduction sheet | |
| 1141. | 07/30/2002 | D09720 | Claim / Decision | |
| 1142. | 07/30/2002 | D09722 | Claim / Decision | |
| 1143. | 07/30/2002 | D09692 – D09693 | Letter | |
| 1144. | 08/01/2002 | D09721 | E-Mail | |
| 1145. | 08/02/2002 | D09694 | Letter | |
| 1146. | 09/11/2002 | D09718 – D09719 | Letter | |

36

| | | | Claim / Decision / Appeal |
|---|---|---|---|
| 1147. | 09/11/2002 | D09557 | New Hire/Transfer Information Sheet |
| 1148. | 10/23/2002 | D10475 & D10477 | Amtrak T.E.S.T.S System Employee Information |
| 1149. | 10/23/2002 | D10472 | Amtrak West Rules Examination Answer Sheet |
| 1150. | 10/24/2002 | D10469 – D10471 | NRPC Interoffice Memorandum |
| 1151. | 11/05/2002 | UTU 106 | Incident Report |
| 1152. | 12/14/2002 | D10518 | Letter to file incident Dec 14 |
| 1153. | 12/14/2002 | D10473 | Hand-written notes |
| 1154. | 12/15/2002 | D10525 – D10526 | Hand-written notes |
| 1155. | 12/18/2002 | D10568 | "Never Opened" Cases |
| 1156. | 12/19/2002 | D10564 - | Matter Screen Report |
| 1157. | 12/19/2002 | | E-mail re 12/13/02 |
| 1158. | 01/07/2003 | D10516 – D10517 | Email |
| 1159. | 01/07/2003 | D10527 | Hand-written note |
| 1160. | 01/07/2003 | D10523 | Hand-written note |
| 1161. | 01/07/2003 ? | D10524 | Dispute Resolution Office Phone Log |
| 1162. | 01/07/2003 | D10528 – D10529 | Matter Screen Report |
| 1163. | 01/07/2003 | D10530 – D10532 | Display Address(es) |
| 1164. | | D10533 – D10536 | Case closeout Checklist |
| 1165. | | D10537 | Hand-written notes |
| 1166. | 01/09/2003 | D10519- D10522 | Memo |
| 1167. | 01/24/2003 | D10513 – D10515 | Letter |
| 1168. | 01/27/2003 | D10510 – D10512 | 'Never Opened' Cases |
| 1169. | 02/05/2003 | D10508 | |

37

| | | | |
|---|---|---|---|
| 1170. | 02/07/2003 | D10509 | Letter |
| 1171. | 05/02/2003 | UTU 088 | NRPC Interoffice Memorandum |
| 1172. | 12/11/2003 | D09717 | E-Mail |
| 1173. | 12/15/2003 | D09558 – D09566 | Carrier's Ex Parte Submission |
| 1174. | 01/16/2004 | D10554 – D10555 | Amtrak Authorization to Release Information |
| 1175. | 03/10/2004 | D10556 – D10557 | Amtrak Job Reference |
| 1176. | 04/01/2004 | D10209 | E-Mail |
| 1177. | | D10561 – D10562 | Display Address |
| 1178. | | D10545 | List Vacancy Assignment |
| 1179. | 04/02/2004 | D10553 | Letter |
| 1180. | 04/02/2004 | D10546 – D10549 | Hand-written notes |
| 1181. | | D10551 | Hand-written note |
| 1182. | 04/06/2004 | D10543 | E-Mail |
| 1183. | 04/10/2004 | D10541 | Memo |
| 1184. | 04/12/2004 | D10542 | E-Mail |
| 1185. | 04/21/2004 | D10538 | Memo |
| 1186. | 04/21/2004 | D10539 - D10540 | Letter |
| 1187. | 04/21/2004 | D10211 - D10213 | Matter Screen Report |
| 1188. | 05/14/2004 | D10498 | Receipt |
| 1189. | 07/08/2004 | D08676 - D08735; D07029; D08990; D07237; D07405; D06892; D07137; | Amtrak Locomotive Engineer interview Booklet 2003 |

38

| | | | | |
|---|---|---|---|---|
| 1190. | 07/20/2004 | D09087; D05672 | E-Mail | |
| 1191. | 07/21/2004 | 000102 | E-Mail | |
| | | 000108 | | |
| 1192. | 08/06/2004 | D10503 – D10504 | Notice of Formal Investigation | |
| 1193. | 08/10/2004 | 000019 – 000020 | Letter | |
| 1194. | 08/25/2004 | 000026 | Notice of Postponement of Investigation | |
| 1195. | 09/09/2004 | D09885- - D09911 | Transcript of Campbell Investigation | |
| 1196. | 09/13/2004 | D09790 | Discipline Assessment Worksheet | |
| 1197. | 09/16/2004 | D10300 | E-Mail | |
| 1198. | 09/17/2004 | D10412 | Personnel Action Request | |
| 1199. | 09/17/2004 | 000061 – 000094 | Decision | |
| 1200. | 09/17/2004 | D10301 | NRPC Employee Discipline Input Form | |
| 1201. | 09/17/2004 | D10298 – D10299 | Amtrak Employee's Check List for Property Retrieved | |
| 1202. | 09/23/2004 | 000124 | Status of Employment Application | |
| 1203. | 09/28/2004 | D09788 – D09789 | Letter | |
| 1204. | 10/05/2004 | 000096 | E-Mail | |
| 1205. | 10/05/2004 | 000095 | E-Mail | |
| 1206. | 10/10/2004 | 000105 | Hand-written note | |
| 1207. | 10/10/2004 | D09787 | E-Mail | |
| 1208. | 10/10/2004 | D09881 | E-Mail | |
| 1209. | 10/18/2004 | D09786 | Amtrak President's Office Correspondence Sheet | |
| 1210. | 10/20/2004 | D09783 – | E-Mail | |

39

| | | | | |
|---|---|---|---|---|
| 1211. | 10/27/2004 | D09784 D09779 – D09781 | Facsimile | |
| 1212. | 10/28/2004 | D09782 | Claim / Appeal | |
| 1213. | 11/09/2004 | D09795 – D9878 | Employee's Brief | |
| 1214. | 11/09/2004 | D09879 – D09880 | Hand-written notes | |
| 1215. | 11/09/2004 | D09775 – D09778 | E-Mail | |
| 1216. | 11/10/2004 | D09773 – D09774 | Letter | |
| 1217. | 11/29/2004 | D09772 | Letter | |
| 1218. | 11/29/2004 | D09771 | Claim / Appeal | |
| 1219. | 01/24/2005 | D10294 | Overview Actions with Hand-written notes | |
| 1220. | 01/25/2005 | D10293 | E-Mail | |
| 1221. | | D10465 | List Vacancy Assignment | |
| 1222. | 06/30/2005 | D09762 – D09770 | Carrier's Brief | |
| 1223. | 07/18/2005 | 000109 – 000110 | Letter | |
| 1224. | 08/03/2005 | 000126 | Status of Employment Application | |
| 1225. | 11/16/2005 | 000113-000129-000140; 000143; 000147- | Plaintiff's mitigation documents | |
| 1226. | 11/16/2005 | 000156 | 401K distribution (check stub) | |
| 1227. | | 000114 | Handwritten Summary of John Campbell financial lose | |
| 1228. | | 000155 | John E. Campbell Financial Statement | |

40

| | | | |
|---|---|---|---|
| 1229. | 2003 | 000154 | Campbell W-2 Wage and Tax Statement 2003 |
| 1230. | 2005 | 000153 | Campbell W-2 Wage and Tax Statement 2005 |
| 1231. | 07/23/04 | 000143 | Notification of Deposit |
| 1232. | 04/15/06 | 000129-137 | Campbell Prescreening Questionmaire & Application |
| 1233. | 09/23/04 | 000138 | Status of Employment Application |
| 1234. | 08/03/05 | 000139 | Status of Employment Application |
| 1235. | 02/12/06 | 000140 | Status of Employment Application |
| 1236. | 06/05/06 | 000147-000148 | Norfolk Southern Job Description |
| 1237. | 06/05/06 | 000149 | BNSE Railway Job Description |
| 1238. | 06/05/06 | 000150-000152 | Union Pacific Railroad Position Description |
| 1239. | 12/07/2005 | D10321 | Letter with response |
| 1240. | | D10552 | Re-Entry Engineer Recruiting sheet |
| 1241. | 02/01/2006 | D10325 – D10411 | Plaintiff's pay records |
| 1242. | 02/01/2006 | D10563 | ODI Case Report |
| 1243. | 02/10/2006 | D10462 – D10464 ; D10466 – D10468 | |
| 1244. | 02/12/2006 | 000126 | Status of Employment Application |
| 1245. | 02/24/2006 | D11479 – D11484 | Statement of Claim ; Award; Dissent |
| 1246. | 04/15/2006 | 000115 – 000123 | Online Application / Questionmaire |

41

| 1247. | 07/31/2006 | FE 017 –<br>FE 035 | Fed Ex Press Application for<br>Employment | |
| 1248. | 10/09/2006 | FE 036 –<br>FE 039 | Fed Ex – Signature Page for<br>Employee Handbook;<br>Employment Eligibility<br>Verification | |
| 1249. | 10/09/2006 | FE 040 | FedEx Express Offer Letter | |
| 1250. | 10/09/2006 | FE 041 | FedEx Express Reference Check | |
| 1251. | 10/10/2006 | FE 043 | Safety Handbook – Signature<br>Page | |
| 1252. | 11/16/2006 | FE 016 | Certification and Transmittal<br>Cover Sheet | |
| 1253. | 12/12/2006 | FE 015 | FedEx Express Security<br>Identification Display Area<br>Badge Applicant Certification<br>and Disclosure Statement | |
| 1254. | 10/09/2006 | FE016 | Certification of employment<br>reports | |
| 1255. | 03/08/2007 | UP 016 | Employee Personal Data | |
| 1256. | 03/08/2007 | UP 002 | OneStop Records Request | |
| 1257. | 03/14/2007 | UP 001 | Letter | |
| 1258. | 03/26/2007 | FE 001 | FedEx Express employee<br>records | |
| 1259. | 06/13/2007 | | Background Investigation | |
| 1260. | 6/12/2006 | | Plaintiff's Response to Request<br>for Production of Document Set<br>One | |
| 1261. | 09/29/1999 | D03739 | Letter from Larry C. Kenny,<br>Director Labor Relations to<br>Mark B. Kenny, General<br>Chairman regarding manpower<br>shortage at different location in<br>Amtrak system | |
| 1262. | 2/22/2006 | D013059 – | First Amended Complaint for | |

42

| 1263. | 3/30/2006 | D013069<br>N/A | Employment Discrimination<br>Defendants National Railroad Passenger Corporation and Joe Deely's Answer to Plaintiff's First Amended Complaint for Employment Discrimination |
|---|---|---|---|
| 1264. | 4/29/2004 | D10801 –<br>D10804 | Anti-Discrimination and Anti-Harassment policy |
| 1265. | 5/4/2004 | D11427 –<br>D11447 | Service Standards for Train Service and On-Board Service Employees |
| 1266. | 8/3/1980<br>Revised &<br>Reissued<br>8/19/2002 | D11425 –<br>D11426 | Air Brake and Train Handling Rules and Instructions |
| 1267. | Fourth Quarter 2006 | D11448 –<br>D11478 | Switching Fatality and Severe (aka SOFA) Injury Update: 2007 First Quarter |
| 1268. | | D09701 –<br>D09705 | Rule 25 - Discipline |
| 1269. | 4/4/1989 | D11366 –<br>D11370 | Discipline Procedures - Memorandum |
| 1270. | 5/1999 | D11371 | Progressive Discipline Guidelines |
| 1271. | | D11372 –<br>D11375 | Discipline Expungement Guidelines |
| 1272. | 8/27/2002 | D11376 –<br>D11382 | Memo – Handling Formal Discipline |
| 1273. | 1/1995 | D11383 –<br>D11395 | Standards of Excellence |
| 1274. | 5/1/1994 | D11396 –<br>D11411 | Employment/Promotion/Transfer |
| 1275. | 9/2000 | D11412 –<br>D11420 | Employment, Promotion and Transfer |

43

| 1276. | 2/27/2004 | D11421 – D11424 | Employment, Promotion & Transfer | | |
| 1277. | 1/29/1986 (revised 10/27/1999) | D10574 – D10791 | Agreement between Amtrak and Conductors and Assistant Conductors (OC) Represented by the United Transportation Union | | |
| 1278. | 4/10/1994 | D10820 – D11081 | General Code of Operating Rules Third Edition | | |
| 1279. | 4/2/2000 | D11082 – D11223 | General Code of Operating Rules Fourth Edition | | |
| 1280. | 4/3/2005 | D11224 – D11365 | General Code of Operating Rules Fifth Edition | | |
| 1281. | 8/29/1988 | D012954 | New Hire Checklist – Agreement Covered Position (for Steve Shelton) | | |
| 1282. | 8/20/1998 | D012946 | Acknowledgement of Receipt NRPC Rues of Conduct (for Steve Shelton) | | |
| 1283. | 12/19/1985 | D012900 | Acknowledgement of Receipt NRPC Rues of Conduct (for Joseph W. Deely) | | |
| 1284. | 12/18/2000 | D012848 | Acknowledgement of Receipt of Amtrak Standards of Excellence (for Joseph W. Deely) | | |
| 1285. | 11/16/2001 | D09706 – D09710 | Letter from Joseph M. Brees | | |
| 1286. | 6/12/2006 | | Plaintiff's Response to Defendant Amtrak's Request for Production of Documents, Set One | | |

44

| | | | |
|---|---|---|---|
| 1287. | 3/30/2007 | Declaration of Joe Deely in Support of Defendants MSJs | |
| 1288. | 3/30/2007 | Declaration of Steve Shelton in Support of Defendants MSJs | |
| 1289. | 4/3/2007 | Declaration of Paul Ho in Support of Defendants MSJs | |
| 1290. | 3/30/2007 | Declaration of Gregg Baxter in Support of Defendants MSJs | |
| 1291. | 4/3/2007 | Declaration of R. Scott Erlewine in Support of Defendants MSJs | |
| 1292. | 4/3/2007 | Declaration of Larry Follis in Support of Defendants MSJs | |
| 1293. | 4/3/2007 | Declaration of Susan Venturelli in Support of Defendants MSJs | |
| 1294. | 4/3/2007 | Declaration of Cara Ching-Senaha in Support of Defendants MSJs | |
| 1295. | | Joint Separate Statement of Undisputed Facts | |
| 1296. | 4/25/2007 | Deposition of Raymond Clarke (nonconfidential portion) | |
| 1297. | 4/25/2007 | Deposition of Raymond Clarke (confidential portion) | |
| 1298. | 3/7/2007 | Deposition of Anthony Gillard | |
| 1299. | 3/7/2007 | Deposition of David Leroy West | |
| 1300. | 4/23/2007 | Deposition of Timothy F. Sheridan | |
| 1301. | 3/26/2007 | Deposition of Richard Barrow | |
| 1302. | 3/22/2007 | Deposition of Mark Carl Schulthies | |
| 1303. | 3/9/2007 | Deposition of Don Magers | |
| 1304. | 2/15/2007 | Deposition of Joe Deely | |
| 1305. | 3/23/2007 | Deposition of Susan Venturelli | |
| 1306. | 2/26/2007 | Deposition of John Earl | |

45

| | | | | Campbell |
|---|---|---|---|---|
| 1307. | | | | Deposition of Steven Shelton |
| 1308. | | | | |
| 1309. | 05/08/07 | | | Supplemental Declaration of Susan Venturelli in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment |
| 1310. | 05/10/07 | | D013084-D013088 | T&E Awards Oakland, CA Crew Base Since April 1, 2006 |
| 1311. | 05/11/06 | | D013089-D013185 | Train Service Employees Working in Zone 12 - Oakland, Ca Crew Base Since Jan. 1, 1998 |
| 1312. | 05/10/07 | | D013186-D013188 | T&E Awards San Jose, CA Crew Base Since April 1, 2006 |
| 1313. | 05/11/06 | | D013189-D013252 | Train Service Employees Working in Zone CS2 – San Jose, Ca Crew Base Since Jan. 1, 1998 |
| 1314. | 05/10/07 | | D013253-D013255 | T&E Awards San Francisco, CA Crew Base Since April 1, 2006 |
| 1315. | 05/11/06 | | D013256-D013294 | Train Service Employees Working in Zone CS2-San Francisco, Ca Crew Base Since Jan.1, 1998 |
| 1316. | 05/10/07 | | D013295-D013298 | T&E Awards Sacramento, CA Crew Base Since April 1, 2006 |
| 1317. | 05/11/06 | | D013299-D013364 | Train Service Employees Working in Zone 12 – Sacramento, Ca Crew Base Since Jan. 1, 1998 |
| 1318. | 05/10/07 | | D013365 | T&E Awards Gilroy, Ca Crew |

46

| | | | | |
|---|---|---|---|---|
| 1319. | 05/11/06 | D013366-<br>D013371 | Base Since April 1, 2006<br>Train Services Employees<br>Working in Zone CS2-Gilroy,<br>Ca Crew Base Since Jan. 1, 1998 | |
| 1320. | | D013372-<br>D013375 | | |
| 1321. | | D013376-<br>D013391 | Personnel No. & P. Subarea Text | |
| 1322. | | D013391 | Operating Department Division<br>Boundaries Effective Oct. 1,<br>2002 | |
| 1323. | 11/17/97 | D013393-<br>D013394 | Air Brake and Train Handling<br>Rules and Instructions | |
| 1324. | 10/31/93 | D013395-<br>D013396 | Safety Instructions for<br>Transportation Employees | |
| 1325. | | D021244-<br>D021245 | Job Opportunity Application | |
| 1326. | 07/31/01 | D01794-1795 | Job Requisition and<br>Qualification Profile | |
| 1327. | 01/25/02 | D01796 | Letter: from HR to Campbell | |
| 1328. | 08/14/01 | D01797-<br>D01798 | Job Opportunity Application:<br>Engineer | |
| 1329. | | D01799 | Campbell Resume | |
| 1330. | 10/12/01 | D01800-<br>D01801 | Interview Rating Notes | |
| 1331. | 10/12/07 | D01802-<br>D01803 | Interview Rating Notes | |
| 1332. | 10/12/01 | D01804 | Interview Rating Notes | |
| 1333. | 10/12/01 | D01806-<br>D01807 | Interview Rating Notes | |
| 1334. | 10/09/01 | D01808 | Email: from Pesseau to Ho | |
| 1335. | 10/08/01 | D01809 | Background Check for Internal<br>Candidates | |
| 1336. | 08/23/01 | D01810 | Letter: from HR to Campbell | |

47

| 1337. | 10/12/01 | D01811 | Rating Scale form – page 1 | | | | |
| 1338. | 10/12/01 | D01812 | Rating Scale form – page 2 | | | | |
| 1339. | 07/23/01 | D01813 | Job Requisition and Qualification Profile | | | | |
| 1340. | 07/31/01 | D01814 | Job Requisition and Qualification Profile | | | | |
| 1341. | 01/25/02 | D01805 | Letter: from HR to Campbell | | | | |
| 1342. | 02/14/02 | D01815-D01816 | Closed Union Vacancies | | | | |
| 1343. | 09/26/01 | D01817-D01818 | Interview Rating Notes | | | | |
| 1344. | 09/26/01 | D01819-D01820 | Interview Rating Notes | | | | |
| 1345. | 09/26/01 | D01821-D01822 | Interview Rating Notes | | | | |
| 1346. | 09/26/01 | D01823-D01824 | Interview Rating Notes | | | | |
| 1347. | 09/25/01 | D01825 | Background Check for Internal Candidates | | | | |
| 1348. | 09/25/01 | D01826 | Background Check for Internal Candidates | | | | |
| 1349. | 09/26/01 | D01827 | Background Check for Internal Candidates | | | | |
| 1350. | 09/25/01 | D01828 | Background Check for Internal Candidates | | | | |
| 1351. | 09/17/01 | D01829 | Background Check for Internal Candidates | | | | |
| 1352. | 08/23/01 | D01830 | Letter: from HR to Patrick Sullivan | | | | |
| 1353. | 09/26/01 | D01831 | Letter: from Sullivan to Reviewers | | | | |
| 1354. | | D01832 | Sullivan Resume | | | | |
| 1355. | 08/14/01 | D01833-D01834 | Job Opportunity Application: Locomotive Engineer Trainee | | | | |

48

| | | | |
|---|---|---|---|
| 1356. | | D01835 | Sullivan Resume |
| 1357. | 09/26/01 | D01836-D01837 | Rating Scale form |
| 1358. | 01/26/02 | D01838 | Letter: from HR to Mike Jenecke |
| 1359. | 08/06/01 | D01839-D01840 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1360. | 08/17/01 | D01841- | Letter: from Gunther re Frank Caron |
| 1361. | 08/14/01 | D01842 | Letter: from Ward to Collins re Frank Caron |
| 1362. | 08/24/01 | D01843 | Letter: from Walker re Frank Caron |
| 1363. | 09/17/01 | D01844 | Background Check for Internal Candidates |
| 1364. | | D01845-D01846 | Jenecke Resume |
| 1365. | 09/17/01 | D01847 | Background Check for Internal Candidates |
| 1366. | 08/23/01 | D01848 | Letter: fro HR to Mike Jenecke |
| 1367. | 09/25/01 | D01849 | Background Check for Internal Candidates |
| 1368. | 09/25/01 | D01850 | Background Check for Internal Candidates |
| 1369. | 09/25/01 | D01851 | Background Check for Internal Candidates |
| 1370. | 09/26/01 | D01852 | Background Check for Internal Candidates |
| 1371. | 09/26/01 | D01853-D01860 | Interview Rating Notes |
| 1372. | 09/26/01 | D01861-D01862 | Rating Scale form |
| 1373. | 01/26/02 | D01863 | Letter: from HR to Marco Orellana |
| 1374. | 08/14/01 | D01864- | Job Opportunity Application: |

49

| | | | |
|---|---|---|---|
| 1375. | | D01865 | PCS Engineer |
| 1376. | 08/17/01 | D01866 | Orellana Resume |
| | | D01867 | Letter: from Gunther re Marco Orellana |
| 1377. | 10/12/01 | D01868-D01875 | Interview Rating Notes |
| 1378. | 08/28/01 | D01876 | Letter: from Walker re Marco Orellana |
| 1379. | 09/17/01 | D01877 | Background Check for Internal Candidates |
| 1380. | 08/23/01 | D01878 | Letter: from HR to Marco Orellana |
| 1381. | 09/17/01 | D01879 | Background Check for Internal Candidates |
| 1382. | 09/25/01 | D01880 | Background Check for Internal Candidates |
| 1383. | 10/12/01 | D01881 | Background Check for Internal Candidates |
| 1384. | 09/25/01 | D01882 | Background Check for Internal Candidates |
| 1385. | | D01883 | Orellana Resume |
| 1386. | 08/17/01 | D01884 | Letter: from Gunther re Marco Orellana |
| 1387. | 10/12/01 | D01885-D01886 | Rating Scale form |
| 1388. | 08/14/01 | D01888-D01889 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1389. | 01/26/02 | D01887 | Letter: from HR to Paul Arias |
| 1390. | 10/10/01 | D01890-D01897 | Interview Rating Notes |
| 1391. | | D01898 | Note re Arias |
| 1392. | 09/25/01 | D01899 | Background Check for Internal Candidates |
| 1393. | 09/17/01 | D01900 | Background Check for Internal |

50

| | | | | |
|---|---|---|---|---|
| | | | Candidates | |
| 1394. | 08/29/01 | D01901 | Letter: from HR to Paul Arias | |
| 1395. | 09/25/01 | D01902 | Background Check for Internal Candidates | |
| 1396. | 10/10/01 | D01903 | Background Check for Internal Candidates | |
| 1397. | 10/10/01 | D01904 | Background Check for Internal Candidates | |
| 1398. | 10/10/01 | D01905D01906 | Rating Scale form | |
| 1399. | 01/26/02 | D01907 | Letter: from HR to Thomas Morales | |
| 1400. | 08/15/01 | D01908-D01909 | Job Opportunity Application: Locomotive Engineer Trainee | |
| 1401. | | D01910 | Morales Resume | |
| 1402. | 09/17/01 | D01911 | Background Check for Internal Candidates | |
| 1403. | 08/23/01 | D01912 | Letter from HR to Morales | |
| 1404. | 10/10/01 | D01913-D01920 | Interview Rating Notes | |
| 1405. | 09/25/01 | D01921 | Background Check for Internal Candidates | |
| 1406. | 09/25/01 | D01922 | Background Check for Internal Candidates | |
| 1407. | 10/10/01 | D01923 | Background Check for Internal Candidates | |
| 1408. | 10/10/01 | D01924 | Background Check for Internal Candidates | |
| 1409. | 10/10/01 | D01925-D01926 | Rating Scale form | |
| 1410. | 08/23/01 | D01927 | Letter: from HR to Frank Caron | |
| 1411. | | D01928-D01929 | Caron Resume | |
| 1412. | 09/05/01 | | CA DMV Information | |
| 1413. | 10/04/01 | D01931 | Background Check for Internal | |

51

| | | | Candidates | |
|---|---|---|---|---|
| 1414. | 10/05/01 | D01932 | Background Check for Internal Candidates | |
| 1415. | 09/25/01 | D01933 | Background Check for Internal Candidates | |
| 1416. | 09/25/01 | D01934 | Background Check for Internal Candidates | |
| 1417. | | D01935 | "Note Qualified" note | |
| 1418. | 08/23/01 | D01936 | Letter: from HR to Eugene Wasylina | |
| 1419. | | D01937-D01940 | Wasylina Resume | |
| 1420. | 08/10/01 | D01941-D01942 | Letter: from Wasylina to Amtrak HR | |
| 1421. | 08/15/01 | D01943-D01944 | Job Opportunity Application: Locomotive Engineer Trainee | |
| 1422. | 08/23/01 | D01945 | Letter: from HR to Jason Garman | |
| 1423. | 08/29/01 | D01946 | Letter: from HR to Charles Sawyer | |
| 1424. | 08/06/01 | D01947 | Sawyer Resume | |
| 1425. | 08/23/01 | D01948 | Letter: from HR to Blair Bruffett | |
| 1426. | 08/10/01 | D01949 | Bruffett Resume | |
| 1427. | | D01950 | Bruffett Resume | |
| 1428. | 08/23/01 | D01951 | Letter from HR to Angel Servantes | |
| 1429. | 08/08/01 | D01952 | Transfer Request | |
| 1430. | 08/08/01 | D01953-D01954 | Job Opportunity Application: Locomotive Engineer Trainee | |
| 1431. | 08/23/01 | D01955 | Letter: from HR to Lee Guillory | |
| 1432. | 08/13/01 | D01956-D01957 | Job Opportunity Application: Engineer Trainee | |
| 1433. | 08/23/01 | D01958 | Letter: from HR to Theresa James | |

52

| 1434. | 08/22/01 | D01959-D01960 | Job Opportunity Application: Locomotive Engineer |
| 1435. | 08/23/01 | D01961 | Letter: from HR to Bradley Fick |
| 1436. | 08/15/01 | D01962-D01963 | Job Opportunity Application: Engineer |
| 1437. | 08/23/01 | D01965 | Letter: from HR to George Solimine |
| 1438. | | D01964 | Fick Resume |
| 1439. | 08/13/01 | D01966-D01967 | Job Opportunity Application: Engineer |
| 1440. | | D01968 | Solimine Resume |
| 1441. | 08/23/01 | D01969 | Letter: from HR to Debrice Gallo |
| 1442. | 08/15/01 | D01970-D01971 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1443. | | D01972 | Protopopov Resume |
| 1444. | 08/23/01 | D01973 | Letter: from HR to Protopopov |
| 1445. | 08/15/01 | D01974 | Letter: from Protopopov to HR |
| 1446. | | D01975-D01976 | Ruiz Resume |
| 1447. | | D01977 | Letter: from Ruiz to HR |
| 1448. | 02/12/02 | D01978 | Letter: from HR to Raul Rubio |
| 1449. | 08/23/01 | D01979 | Letter: from HR to Raul Rubio |
| 1450. | 08/07/01 | D01980-D01981 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1451. | | D01982 | Rubio Resume |
| 1452. | | D01983-D01992 | Rubio Certificates |
| 1453. | 02/12/02 | D01993 | Letter: from HR to Jerold Washington |
| 1454. | 08/29/01 | D01994 | Letter: from Ho to Jerold Washington |
| 1455. | 08/27/01 | D01995-D01996 | Job Opportunity Application: Engineer Trainee |

53

| 1456. | | D01997 | Transfer Request |
| 1457. | 08/16/01 | D01998 | Other Amtrak Human Resources Location |
| 1458. | | D01999 | "No Advertisement" note |
| 1459. | | D02000 | Washington Resume |
| 1460. | 02/12/02 | D02001 | Letter: from HR to Eric Price |
| 1461. | 08/23/01 | D02002 | Letter: from HR to Eric Price |
| 1462. | 08/16/01 | D02003-D02004 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1463. | 02/12/02 | D02005 | Letter: from HR to Edward Arratia |
| 1464. | 08/23/01 | D02006 | Letter: from HR to Edward Arratia |
| 1465. | 08/15/01 | D02007-D02008 | Job Opportunity Application: Engineer |
| 1466. | 02/12/02 | D02009 | Letter: from HR to Jason Kytle |
| 1467. | 08/23/01 | D02010 | Letter: from HR to Jason Kytle |
| 1468. | 08/07/01 | D02011-D02012 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1469. | 02/12/02 | D02013 | Letter: from HR to Broyles |
| 1470. | 08/23/01 | D02014 | Letter from HR to Stephen Broyles |
| 1471. | 08/15/01 | D02015-D02016 | Job Opportunity Application: Locomotive Engineer |
| 1472. | 02/12/02 | D02017 | Letter: from HR to Leonard McGraw |
| 1473. | 08/23/01 | D02018 | Letter: from HR to Leonard McGraw |
| 1474. | 08/08/01 | D02019-D02020 | Job Opportunity Application: Locomotive Engineer |
| 1475. | 02/12/02 | D02021 | Letter: from HR to Bruce Levin |
| 1476. | 08/23/01 | D02022 | Letter: from HR to Bruce Levin |
| 1477. | 08/15/01 | D02023-D02024 | Job Opportunity Application: Locomotive Engineer Trainee |

54

| 1478. | 02/01/02 | D02025 | Letter: from HR to Tony Rohrs |
|---|---|---|---|
| 1479. | 01/29/02 | D02026 | Personnel Action Request |
| 1480. | 08/14/01 | D02027-D02028 | Job Opportunity Application: Locomotive Engineer Trainee |
| 1481. | 02/11/00 | D02029 | Letter: from Rohrs to HR |
| 1482. | | D02030-D02032 | Rohrs Resume |
| 1483. | 10/04/01 | D02033 | Letter: from Rohrs to Caltrain |
| 1484. | | D02034-D02035 | Railroad Operations |
| 1485. | 09/17/01 | D02036 | Background Check for Internal Candidates |
| 1486. | 08/23/01 | D02037 | Letter: from HR to Tony Rohrs |
| 1487. | 10/03/01 | D02038 | Background Check for Internal Candidates |
| 1488. | 01/26/02 | D02039 | 'Return to Sender' postmark re Morales |
| 1489. | 09/25/01 | D02040 | Background Check for Internal Candidates |
| 1490. | 10/03/01 | D02041 | Background Check for Internal Candidates |
| 1491. | 09/25/01 | D02042 | Background Check for Internal Candidates |
| 1492. | 10/03/01 | D05043-D02048 | Interview Rating Notes |
| 1493. | 10/03/01 | D02049 | CA DMV Information Request |
| 1494. | | D02050 | Vehicle/Vessell Registration information |
| 1495. | 10/03/01 | D02051-D02052 | Interview Rating Notes |
| 1496. | | D02053 | Rohrs Work History/Experience |
| 1497. | 10/02/01 | D02056-D02057 | Rating Scale form |
| 1498. | | D02058 | "PE400" Note |

55

| 1499. | 08/29/01 | D02059 | "Return to Sender" postmark re Morales |
| 1500. | 08/23/01 | D02060 | Letter: from HR to Thomas Morales |
| 1501. | 01/29/02 | D02061 | Personnel Action Request |
| 1502. | | D02062 | "Selected" |
| 1503. | 11/08/02 | D02063-D02064 | Locomotive Engineer Trainee job posting |
| 1504. | | D02065 | "have not" note |
| 1505. | | D02066-D02068 | Hadley "interview/performance" memo |
| 1506. | | D02069 | "Selected" |
| 1507. | 02/01/02 | D02070 | Letter: from HR to Carolos Cano |
| 1508. | 08/14/01 | D02071-D02072 | Job Opportunity Application: Locomotive Engineer |
| 1509. | 10/10/01 | D02073-D02078 | Interview Rating Notes |
| 1510. | 10/10/01 | D02093-D02094 | Rating Scale form |
| 1511. | 10/05/01 | D02079 | Background Check for Internal Candidates |
| 1512. | 09/25/01 | D02080 | Background Check for Internal Candidates |
| 1513. | 09/25/01 | D02081 | Background Check for Internal Candidates |
| 1514. | 10/04/01 | D02082 | Background Check for Internal Candidates |
| 1515. | 08/29/01 | D02083 | Letter: from HR to Carlos Cano |
| 1516. | 09/17/01 | D02084 | Background Check for Internal Candidates |
| 1517. | 10/01/01 | D02085 | Letter: from Cano to Amtrak |
| 1518. | 09/04/01 | D02086 | Letter: from Walker to PCS/Amtrak |
| 1519. | 08/23/01 | D02087 | Letter from Amtrak re Cano |

56

| 1520. | 08/20/01 | D02088 | Letter from Amtrak re Cano |
|---|---|---|---|
| 1521. | 09/2001 | D02089 | Letter: from Amtrak re Cano |
| 1522. | 10/10/01 | D02090 | Interview Rating Notes |
| 1523. | 09/17/01 | D02091 | Background Check for Internal Candidates |
| 1524. | 01/29/02 | D02092 | Personnel Action Request |
| 1525. | 02/01/02 | D02095 | Letter from HR to David Holley |
| 1526. | 01/29/02 | D02096 | Personnel Action Request |
| 1527. | | D02097 | "OK" note |
| 1528. | 08/03/01 | D02098-D02099 | Job Opportunity Application: Locomotive Engineer |
| 1529. | 08/01/01 | D02100 | Holley Resume |
| 1530. | 08/01/01 | D02101-D02102 | Job Opportunity Application: Locomotive Engineer |
| 1531. | 08/01/01 | D02103 | Holley Resume |
| 1532. | 02/01/02 | D02104 | Letter: from HR to Holley |
| 1533. | | D02105 | Page 2 (only) of Interview Rating Notes |
| 1534. | | D02106 | "OK" note |
| 1535. | 08/23/01 | D02107 | Letter: from HR to Holley |
| 1536. | 07/18/01 | D02108 | Org. Unit/Position printout |
| 1537. | 08/01/01 | D02109 | Locomotive Engineer Trainee job posting |
| 1538. | 10/10/01 | D02110-D02115 | Interview Rating Notes |