**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN EARL CAMPBELL,

    Plaintiff,

    v.

NATIONAL PASSENGER RAILROAD CORPORATION, et al.,

    Defendants.
   /

No. C 05-5434 CW

ORDER ON MOTIONS IN LIMINE

As explained at the final pre-trial conference on January 13, 2009, the Court rules on the parties' motions in limine as follows.

Plaintiff's Motions in Limine:

| | |
|---|---|
| No. 1: Exclude evidence of Plaintiff's email address | Granted |
| No. 2: Exclude evidence of unrelated train accidents and derailments | Denied, except that accidents must have resulted from rule violations similar to Plaintiff's |
| No. 3: Exclude evidence of Plaintiff's prior misdemeanor | Granted |
| No. 4: Exclude evidence of Plaintiff's dispute with Terry Province | Granted |
| No. 5: Exclude "surprise witnesses" and testimony based on undisclosed documents or evidence | Granted |

| | |
|---|---|
| No. 6: Exclude lay opinion regarding Plaintiff's prior accidents | Denied, provided witnesses establish that their training and experience qualifies them to present opinion testimony on the matters in question |
| No. 7: Exclude Plaintiff's prior race complaints | Granted[1] |
| No. 8: Exclude evidence of promotions of African-American employees outside the Pacific Division | Granted |
| No. 9: Exclude evidence of promotions of African-American men for engineer training after August, 2004 | Granted with respect to promotions that took place after Plaintiff filed his complaint of race discrimination only |

Defendant's Motions in Limine:

| | |
|---|---|
| No. 1: Exclude evidence of racist comments | Granted with respect to comments (2), (4) and (6); denied with respect to comments (1), (3), (5) and (7); ruling deferred with respect to other comments Plaintiff may seek to introduce at trial |
| No. 2: Exclude evidence of the treatment of other Amtrak employees who committed rule violations | Denied; Defendant may attempt to persuade the jury that such employees were not similarly situated |

---

[1] The Court inadvertently failed to inform the parties at the hearing that this motion was granted.

2

| | |
|---|---|
| No. 3: Exclude "sham statistical evidence" | Granted, except that if Defendant introduces non-expert testimony on African-American employees promoted to or serving in certain positions, Plaintiff may rebut with similar evidence |
| No. 4: Exclude "time-barred events" | Granted with respect to Plaintiff's previous applications for engineer positions; denied with respect to Plaintiff's previous rule violations |
| No. 5:[2] Exclude surreptitious audiotape recording | Granted |

IT IS SO ORDERED.

Dated: 2/2/09

*Claudia Wilken*
_____
CLAUDIA WILKEN
United States District Judge

---

[2] Defendant's papers refer to this motion as "No. 6," but there are only five motions.

3