IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN EARL CAMPBELL,

    Plaintiff,

  v.

NATIONAL PASSENGER RAILROAD CORPORATION, et al.,

    Defendants.
                        /

No. C 05-5434 CW

ORDER DENYING DEFENDANT'S MOTION TO STAY REINSTATEMENT PENDING APPEAL
(Docket No. 293)

    Defendant National Railroad Passenger Corporation moves for a stay, pending appeal of the final judgment, of the Court's injunction requiring reinstatement of Plaintiff John Earl Campbell. Plaintiff opposes the motion.

    Rule 62(c) of the Federal Rules of Civil Procedure provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." A party seeking a stay must show either (1) a strong likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its

favor. See Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir. 2008). These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. at 1116 (citation and internal quotation marks omitted). A court must "consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." Id. (citation and internal quotation and alteration marks omitted).

Defendant has not shown a strong likelihood that it will succeed on the merits of its appeal, or even raised serious questions regarding the merits. Defendant challenges the Court's admission of evidence at trial. However, the cases cited in Defendant's motion were already considered and its arguments remain unpersuasive for the reasons set out in this Court's Order of August 21, 2009 denying Defendant's Motion for Judgment as a Matter of Law or a New Trial, and Granting in Part Plaintiff's Motion for Pre-Judgment Interest and Injunctive Relief (Docket No. 280).

Defendant cites NLRB v. Western Clinical Laboratory, Inc., 571 F.2d 457 (9th Cir. 1978). There, the National Labor Relations Board (NLRB) found that an employer had committed an unfair labor practice by firing an employee for his union activities and ordered him reinstated. Id. at 459. The court vacated the NLRB's order requiring the reinstatement of the employee and remanded the case to the Board to resolve conflicting evidence on the employee's competence. The court stated that "reinstatement is not warranted when that remedy would not effectuate the purposes of the National Labor Relations Act, and the policies of the Act do not require the

reinstatement of employees who are not fit to carry out the responsibilities of the jobs from which they were illegally discharged." Id. at 460. The case bears no similarities to this one on the facts or the law.

Here, the Court ordered Plaintiff's reinstatement pursuant to the jury's finding that his termination was based on racial discrimination. In Title VII cases, reinstatement is the "preferred remedy." Gotthardt v. Nat'l R.R. Passenger Corp., 191 F.3d 1148, 1156 (9th Cir. 1999) (editing marks omitted). Although "awards of front pay are appropriate when it is impossible to reinstate the plaintiff," id., Defendant does not argue here, nor did it argue in its papers opposing Plaintiff's request for equitable relief, that reinstatement is impossible. Thus, the Court's order to reinstate Plaintiff is proper.

Accordingly, Defendant must show a high degree of irreparable harm. It maintains that it will be harmed because "reinstating Mr. Campbell would send an adverse message to its employees that willful violation of safety rules will be tolerated, thus leaving it to each employee to determine whether to abide by Amtrak's safety rules." Def.'s Mot. at 5. Defendant cites two cases where the equities were found to justify a stay, neither of which offers support. In United States Postal Service v. National Association of Letter Carriers, Justice Rehnquist stayed an arbitrator's reinstatement order pending a petition for certiorari because the temporary reinstatement of "a convicted criminal" would impair the Postal Service's ability "to impress the seriousness" of its mission upon its workers. 481 U.S. 1301, 1302-03 (Rehnquist, Circuit Justice, D.C. Cir. 1987). In Exxon Corporation v. Esso

1 Worker's Union, Inc., the court stayed its order because an
2 arbitrator's reinstatement of an employee who tested positive for
3 cocaine while off duty "would send an adverse message to its
4 employees" that drug use is tolerated. 963 F. Supp. 58, 60 (D.
5 Mass. 1997). Neither case involved race discrimination.

6 Evaluating evidence of safety violations more serious than
7 Plaintiff's, by employees who were not terminated, the jury found
8 that Plaintiff was terminated, not because of his rule violation
9 but because of his race. Evidence of Plaintiff's competence was
10 also presented. Having heard all of the evidence, the Court found
11 it appropriate to reinstate Plaintiff to his position as a yard
12 conductor. The Court did decline to order Defendant to promote
13 Plaintiff to the position of engineer, even though the jury also
14 found race discrimination in the failure to promote. This was
15 because Plaintiff's rule violation was committed after he was
16 evaluated for promotion, and constituted a changed circumstance.
17 Plaintiff's reinstatement will not project the adverse message that
18 may be communicated when an arbitrator orders reinstatement of a
19 convicted criminal or suspected drug user. Indeed, the Court's
20 failure to reinstate Plaintiff, despite being found by a jury to be
21 a victim of race discrimination, could communicate to employees and
22 the public an adverse message that an employer can fire an employee
23 based on his race and the federal courts will not provide a
24 meaningful remedy. Accordingly, Defendant has not shown
25 irreparable harm, nor do the equities weigh in Defendant's favor.

26 Finally, the Court finds that the public's interest is best
27 served by Plaintiff's reinstatement. Defendant was held liable for
28 race discrimination, and the public has an interest in the

4

enforcement of the jury's verdict.

For these reasons, the Court DENIES Defendant's motion to stay Plaintiff's reinstatement pending appeal (Docket No. 293). Defendant must comply with the Court's injunction (Docket No. 280) within ten days of the date of this order. If Defendant intends to seek a stay from the Ninth Circuit, it must do so within this period of time.

IT IS SO ORDERED.

Dated: November 30, 2009

CLAUDIA WILKEN
United States District Judge