IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EARL CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-5434 CW<br><br>ORDER AWARDING DEFENDANT JOE DEELY $4,101.73 IN COSTS<br>(Docket No. 319) |

Plaintiff John Earl Campbell has filed a motion to tax costs, challenging the Clerk's award of costs to Defendant Joe Deely. (Docket No. 319). Deely opposes the motion in part. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's motion in part and DENIES it in part and awards Deely $4,101.73 in costs.

BACKGROUND

In this racial discrimination action, Plaintiff filed several claims against Deely for alleged violations of state and federal law. The Honorable Martin J. Jenkins, to whom this case was previously assigned, granted summary judgment in favor of Deely on all claims against him.

As a prevailing party, Deely filed a Bill of Costs for $22,585.37, claiming that he spent $8,013.54 on deposition transcripts and $14,571.83 on copies. The Clerk taxed $22,563.37 in costs for Deely, after striking a twenty-two dollar parking fee as not allowable under Civil Local Rule 54-3(c).

LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) authorizes the Court to grant the prevailing party its costs. The determination of taxable costs is governed by 28 U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which specifically enumerates the standards for costs recoverable in this District. This Court may only tax costs explicitly authorized by § 1920. See Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Section 1920 permits the taxing of costs for various items, such as deposition transcripts and copying of papers, if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920.

DISCUSSION

As an initial matter, Deely argues that Plaintiff's motion should be denied because Plaintiff's counsel failed to meet and confer concerning the objections. A party objecting to a bill of costs is required to file objections within fourteen days of being served and must, in good faith, meet and confer or attempt to meet and confer with opposing counsel regarding the objections. Civil L.R. 54-2. Having reviewed the parties' papers, the Court excuses Plaintiff's counsel's failure to abide by this requirement.

However, in the future, Plaintiff's counsel must fully comply with the Civil Local Rules.

I. Deposition Transcripts

Plaintiff asserts that the Clerk's award of $7,991.54 for deposition transcripts should be reduced by fifty percent because National Railroad Passenger Corporation (Amtrak), Deely's co-defendant, also used the transcripts to defend against Plaintiff's claims. Plaintiff argues that allowing Deely to recover all of these costs would allow him to recover costs on behalf of Amtrak, a losing party. Deely did not respond to this argument.

The Court presumes that Amtrak also relied on the deposition transcripts when it defended against Plaintiff's claims and finds it reasonable to require Amtrak to bear one-half of the transcripts' costs. Allowing Deely to recover the full cost of transcripts would reimburse him for an amount greater than his share and provide him with an unwarranted windfall. The Court therefore reduces the Clerk's award for the cost of deposition transcripts to $3,995.77 to reflect Deely's one-half share of the total.

II. Copying Charges

Under 28 U.S.C. § 1920, a court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Civil Local Rule 54-3(d) clarifies what are "necessarily obtained" copies. For example, the "cost of reproducing disclosure of formal discovery documents when used for any purpose in the case is allowable." Civil L.R. 54-3(d)(2). However, the "cost of reproducing copies of motions, pleadings,

notice, and other routine case papers is not allowable." Civil L.R. 54-3(d)(3).

The Clerk taxed $14,571.83 in copying costs. Plaintiff asserts that Deely should not recover any copying costs because these were "in-house photocopies made for the convenience of counsel." Reply at 2. Under this District's Civil Local Rules, this is incorrect; as noted above, the costs to reproduce formal discovery documents when used for any purpose may be taxed. However, the record is not clear on the purpose for many of the copies Deely seeks to tax. Although Deely provides over thirty pages of print and copy logs to support his Bill of Costs, a majority of the copies have no description as to their purpose.[1] Only seven transactions, totaling 883 pages and charged at $0.20 per page, are described as relating to discovery.[2] See Letter from Dylan Carp (Nov. 16, 2009), Ex. B. at 3-4, 14 (Docket No. 315).

Accordingly, Deely shall recover copying costs for only these seven discovery-related transactions. The Court disallows the costs of copies that lack explanation, because it cannot determine whether these copies are taxable, and copies made for a non-taxable purpose. The Court also reduces the $0.20 per page rate sought by Deely to $0.12 per page. The Court therefore awards

---

[1] The copy logs show that Deely's counsel could have entered information in a description field to explain whether the copy was made for a taxable purpose. In the majority of the instances, counsel failed to do so.

[2] Other transactions also provide cognizable descriptions. See, e.g., Letter from Dylan Carp (Nov. 16, 2009), Ex. B. at 1 (Docket No. 315). However, these descriptions do not suggest that the copies were made for a taxable purpose.

4

Deely $105.96 for the cost of duplicating 883 pages at $0.12 per page.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion in part and DENIES it in part. The Court taxes $4,101.73 in costs: $3,995.77 for deposition transcript costs and $105.96 for copying costs. Plaintiff shall remit this amount to Deely within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: February 18, 2010

CLAUDIA WILKEN
United States District Judge

5